

Kathryn Lee Boyd | Partner
P: (646) 502-9515
E: lboyd@hechtpartners.com

**VIA ECF**                                                            September 27, 2020

The Honorable John G. Koeltl, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

>        *Re:*      *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 20-cv-3699 (JGK)

Dear Judge Koeltl:

We represent Defendant Interamerican Consulting, Inc. ("Interamerican"). Pursuant to Your Honor's Individual Rule II(B), we request a pre-motion conference regarding our anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). PDV USA, Inc. ("Plaintiff") lacks standing and fails to state a claim for breach of contract that is plausible on its face.

### I.       PDV USA Lacks Standing to Enforce the Contract

Plaintiff and Interamerican were parties to a consulting agreement with a 92-day term (the "Agreement") effective March 21, 2017. On October 5, 2017, after the Agreement term ended, Plaintiff assigned, in writing, all its rights in the Agreement to Petróleos de Venezuela, S.A. ("PDVSA").[1] Accordingly, Plaintiff no longer has standing to bring this case, *see House of Europe Funding I, Ltd. v. Wells Fargo Bank, N.A.*, 2014 WL 1383703, at *16 (S.D.N.Y. 2014), as the assignee is the real party in interest. *See Fairchild Hiller Corp. v. McDonnell Douglas Corp.*, 28 N.Y.2d 325, 330 (1971).

### II.      The Complaint Fails to Plead the Elements of a Contract Claim

A claim for breach of contract requires facts sufficient to show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages resulting from the breach. The Complaint fails to adequately plead all four of the elements and instead recites bald, "conclusory statement[s] that the accused breached a contract" without setting out specific obligations agreed to or any facts showing those obligations were not met. *Schupak Grp., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 716 F. Supp. 2d 262, 267 (S.D.N.Y. 2010).

#### A.  The Complaint Fails to Plead the Terms of the Agreement

Plaintiff failed to provide the Agreement, itself grounds for dismissal given the conclusory and vague allegations. *See Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 327 (S.D.N.Y. 2011).[2]

At minimum, Plaintiff must "set forth the terms of the agreement upon which liability is predicated." *Bernstein v. Citibank, N.A.*, 2008 WL 11516014, at *3 (S.D.N.Y. 2008). Here, the Complaint is devoid of any obligatory terms defining what "services" Interamerican agreed to provide. It refers generally to "strategic consulting services." Compl. ¶¶ 15, 17, 20. But it does not state what those services entailed. It also refers to the provision of "support . . . in the planning and execution of a strategic plan." *Id*. ¶ 24. However, it provides no information about the nature of such "support" or any "strategic plan." The Complaint alleges that Interamerican failed to provide

---

[1] "As of the Assignment Effective Date, [PDV USA] hereby assigns, sells, transfers and delivers to [PDVSA] all of the rights . . . under the Agreement." Interamerican intends to attach the Assignment to its Motion to Dismiss.
[2] Interamerican intends to attach the Agreement to its Motion to Dismiss so that its actual terms can be reviewed in light of the inaccurate allegations set forth in the Complaint.

125 Park Avenue, 25th Floor, New York, NY 10017

September 27, 2020
Page 2

"meaningful work," *id.* ¶ 23, but does not define "work" or "meaningful" under the Agreement. *See id.* ¶¶ 5, 31. The Complaint further refers to "identify[ing] opportunities to build long-term relationships among key third-parties, opinion leaders and public officials," *id.* ¶ 18, without specifying any "opportunities" or identifying any "key third-parties, opinion leaders and public officials."

More egregious, however, is that the Complaint is replete with misstatements of the terms of the <u>actual</u> Agreement. It states—with no basis in the Agreement—that Plaintiff contracted for Interamerican to provide services not for the benefit of the signatory, Plaintiff, but for an entirely different entity: PDVSA. *See* Compl. ¶¶ 1, 3, 6, 13-19, 23, 29, 38. It falsely alleges that the purported "services" were "for the purpose of 'improving PDVSA's long-term reputation and standing' in the United States" and that "Interamerican was supposed to develop and implement . . . a strategic plan [for] PDVSA." *Id.* ¶¶ 1, 3. Yet, the plain language of the Agreement denotes as parties solely Plaintiff and Interamerican. The Agreement makes no mention of PDVSA at all. PDVSA is not a beneficiary of any services to be provided by Interamerican.[3] The attempt to refer to material extraneous to the Agreement (*i.e.*, "reports") to allege duties owed by Interamerican to PDVSA, *see* Compl. ¶ 17, fails, given the integration clause in the Agreement. *See Spinelli v. Nat'l Football League,* 96 F. Supp. 3d 81, 132 (S.D.N.Y. 2015). Accordingly, allegations of any relationship between Interamerican and PDVSA are unsupported and false.[4]

### B.  The Complaint Fails to Plead Plaintiff Performed Under the Agreement

"[F]ailure to plead the performance of its own contractual obligations is fatal to a breach of contract claim even if the other requisite elements are properly pleaded." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 451 (S.D.N.Y. 2014). A plaintiff must "allege . . . performanc[e] in *full compliance* with the contract terms." *Gregori v. 90 William St. Dev. Grp. LLC*, 2010 WL 3001979, at *4 (S.D.N.Y. 2010) (emphasis added). Plaintiff agreed to pay Interamerican $50,000,000: an initial deposit, installments, and a final payment. *See* Compl. ¶¶ 1, 33, 35. The payments were due during the term of the Agreement. *See id.* Plaintiff fails to plead that it made the required payments—it pleads just the opposite: that it *failed* to pay monies owed. *See id.* ¶ 37 ("$35 million *that was not paid*." (emphasis added)). That is grounds for dismissal. *See Jasper & Black, LLC v. Carolina Pad Co., LLC*, 2012 WL 413869, at *9 (S.D.N.Y. 2012).

### C.  The Complaint Fails to Plead any Breach

Breach of contract requires more than generic allegations of a failure to perform, *e.g.*, failure "to timely deliver the requisite [g]oods in accordance with the agreed upon quality," *Seduka, LLC v. Street Moda, LLC*, 2015 WL 1089575, at *4 (S.D.N.Y. 2015), failure to "share promptly relevant information," *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 502, 512-13 (S.D.N.Y. 2012), or failure "to properly account" to a plaintiff. *Arma v. Buyseasons*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008). Yet these are the types of allegations in the Complaint.

Specifically, the Complaint sets forth no facts that Interamerican failed to provide "strategic consulting" or "assistance developing strategies to inform policy makers and opinion leaders regarding CLIENT initiatives and achievements," an actual term in the Agreement. It fails

---

[3] The Complaint alleges, "Interamerican was required under the Agreement to provide detailed accounts of the work it would do to further PDVSA's interests in the United States." *Id.* ¶ 19. The Agreement contains no such language.

[4] PDVSA is a designated entity on the U.S. government's list of state-owned entities subject to sanctions. *See* Compl. ¶ 2. False allegations linking Interamerican with PDVSA are incendiary, and subject to striking under Fed. R. Civ. P. Rule 12(f). *See Corr. Officers Benevolent Ass'n of Rockland Cty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005).

September 27, 2020
Page 3

to plead any facts that Interamerican failed to assist in "planning and execution of a strategic plan directed at targeted stakeholders"—another actual contract term. Nor does the Complaint allege what strategies "client" would be developing for which Interamerican failed to assist. Further, the Complaint fails to allege Plaintiff's (*i.e.*, the client's) own "planning and execution of a strategic plan directed at targeted stakeholders" for which Interamerican failed to assist.

Instead, Plaintiff alleges that Interamerican in fact provided both services and reports related to those services. *See* Compl. ¶ 4 ("[Interamerican] provided . . . reports"), ¶ 17 ("progress reports provided by Interamerican"), ¶ 23 ("Rivera submitted . . . reports"). The Complaint makes conclusory statements that the reports included "generic" terminology, did not describe the components of a "plan," and were not "meaningful." *Id.* ¶¶ 23-25. However, there is no requirement in the Agreement that the reports use particular terminology, include a specific level of detail, describe "meaningful work," or even be written. Such allegations do not plausibly constitute any breach.

Further, the Agreement was for services to the "sole satisfaction" of Plaintiff. *Id.* ¶ 29. "Even when a contract confers decision-making power on a single party, the resulting discretion is nevertheless subject to an obligation that it be exercised in good faith," *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d Cir. 1994), and be "reasonable." *Schneider v. Vietor*, 208 A.D. 624, 627 (1st Dep't 1924). Plaintiff pleads that it "never expressed satisfaction with, and," over three years later, "is not satisfied with, Interamerican's services," Compl. ¶ 30, not that it withheld satisfaction. Plaintiff's naked assertion is conclusory, unreasonable, and in bad faith.

### D. The Complaint Fails to Plead Damages

Damages in a breach of contract action must be "attributable to the breach." *Excellent Home Care Services, LLC v. FGA, Inc.*, 2014 WL 4258992, at *2 (E.D.N.Y. 2014). "[A] plaintiff must prove that a defendant's breach [of contract] *directly and proximately caused* his or her damages . . . [which] must be such only as actually follow or may follow from the breach of the contract." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (alterations omitted) (emphasis in original). The Complaint is devoid of any facts setting forth the nature of the harm or how it was allegedly caused by Interamerican. *See* Compl. ¶ 44.

### III.   Plaintiff Waived any Contract Claim

"[W]hen one party performs under a contract and the other party accepts that performance without objection, there is an assumption that the performance was as contemplated by the agreement." *Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 208 (S.D.N.Y. 2003). Plaintiff concedes that it received "services," *see* Compl. ¶ 30, and nowhere alleges that it was dissatisfied with Interamerican's performance. It thus waived any claim that Interamerican breached the Agreement by failing to perform. "[U]nder New York law . . . [a] non-breaching party may choose to continue to perform the contract . . . [and if it does], it may not later renounce its election to continue and seek to terminate based on the prior breach." *Lazard Frères & Co. v. Crown Sterling Mgmt., Inc.*, 901 F. Supp. 133, 136 (S.D.N.Y. 1995) (alterations omitted).[5]

---

[5] Plaintiff also pleads "indemnity." *See* Compl. ¶¶ 46-49. Plaintiff cites paragraph 10 of the (unattached) Agreement as the basis. *See id.* ¶ 40. However, the Agreement's alleged "indemnity" clause does not hold Plaintiff harmless against third-party claims. Instead, the language cited in the Complaint is a simple fee-shifting provision. A claim for attorneys' fees is not a separate cause of action in New York. *See, e.g.*, *Burke v. Crosson*, 85 N.Y.2d 10, 17-18 (1995).

September 27, 2020
Page 4

      Accordingly, a Motion to Dismiss is warranted, and should be granted.


Respectfully,

 */s/ Kathryn Lee Boyd*
Kathryn Lee Boyd