# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PDV USA, Inc.

            Plaintiff,

    v.

Interamerican Consulting, Inc.

            Defendant.

No. 20-cv-03699-JGK

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

FACTS........................................................................................................................................2

ARGUMENT ..............................................................................................................................4

   I.   The Amended Complaint Fails to State a Claim ................................................................4

      A.   The Amended Complaint Fails to Plead Breach of Contract............................................5

         1.   The Amended Complaint Fails to Plead Performance by Plaintiff..............................5

         2.   The Amended Complaint's Allegations of Breach Are Barred by Waiver...................7

         3.   The Amended Complaint Fails to Plead that PDV USA Complied with Necessary Conditions Precedent ......................................................................................................7

         4.   The Amended Complaint Fails to Plead Lack of Performance by Defendant..............8

         5.   The Amended Complaint Fails to Plead Breach of Section 7 of the Agreement..........9

         6.   The Amended Complaint Fails to Plead any Damages...............................................11

      B.   The Amended Complaint Fails to Plead Indemnity.......................................................12

         1.   The Indemnity Claim is Duplicative of the Breach of Contract Claim......................13

         2.   The Indemnity Claim Is at Most a Fee-Shifting Provision and Thus Redundant .......14

      C.   The Amended Complaint Fails to Plead Unjust Enrichment..........................................14

         1.   The Amended Complaint Fails to Plead the Elements of Unjust Enrichment............14

         2.   The Unjust Enrichment Claim Is Duplicative of the Breach of Contract Claim.........16

         3.   The Unjust Enrichment Claim Sounds in Fraud and Is Not Pleaded with the Requisite Specificity .......................................................................................................................17

      D.   The Amended Complaint Fails to Plead Declaratory Judgment.....................................18

1.   The Claim Is Insufficiently Pleaded............................................................................18

2.   Rescission Is Not Appropriate ....................................................................................20

CONCLUSION ....................................................................................................................20

## TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) ......................................................................................9

*Amusement Indus., Inc. v. Stern*,
    693 F. Supp. 2d 301 (S.D.N.Y. 2010) ....................................................................19

*Apex Pool Equip. Corp. v. Lee*,
    419 F.2d 556 (2d Cir. 1969) ....................................................................................7

*Aretakis v. Caesars Ent.*,
    No. 16-cv-8751 (KPF), 2018 WL 1069450 (S.D.N.Y. Feb. 23, 2018) ...................17

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010) ..................................................................................11

*Arma v. Buyseasons*,
    591 F. Supp. 2d 637 (S.D.N.Y. 2008) ......................................................................9

*ARP Films, Inc. v. Marvel Ent. Grp., Inc.*,
    952 F.2d 643 (2d Cir. 1991) ....................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................4, 5, 8

*Automated Ticket Sys., Ltd. v. Quinn*,
    455 N.Y.S.2d 799 (1st Dep't 1982) ......................................................................19

*In re Beacon Assocs. Litig.*,
    745 F. Supp. 2d 386 (S.D.N.Y. 2010) ..................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................4, 11

*Bender v. Williamsport Area Sch. Dist.*,
    475 U.S. 534 (1986) ..............................................................................................12

*Benham v. eCommission Sols., LLC*,
    118 A.D.3d 605 (1st Dep't 2014) .........................................................................16

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
    98 F.3d 13 (2d Cir. 1996) ......................................................................................18

*Buonasera v. Honest Co., Inc.*,
    208 F. Supp. 3d 555 (S.D.N.Y. 2016) ..................................................................16

*Burke v. Crosson*,
   85 N.Y.2d 10 (1995) .............................................................................................. 14

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777 (2012) ............................................................................................ 16

*CSI Inv. Partners II, L.P. v. Cendant Corp.*,
   507 F. Supp. 2d 384 (S.D.N.Y. 2007) ................................................................... 14

*Dervan v. Gordian Grp. LLC*,
   No. 16-cv-1694 (AJN), 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017) ...................... 7

*Dragon Inv. Co. II LLC v. Shanahan*,
   49 A.D.3d 403 (1st Dep't 2008) ............................................................................ 15

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   411 F.3d 384 (2d Cir. 2005) ............................................................................. 18, 19

*Excellent Home Care Servs., LLC v. FGA, Inc.*,
   No. 13-cv-5390 (ILG)(CLP), 2014 WL 4258992 (E.D.N.Y. Aug. 27, 2014) .......... 11

*Fleisher v. Phx. Life Ins. Co.*,
   858 F. Supp. 2d 290 (S.D.N.Y. 2012) ............................................................... 19, 20

*Genesee/Wyoming YMCA v. Bovis Lend Lease LMB, Inc.*,
   951 N.Y.S.2d 768 (2012) ...................................................................................... 13

*Gregori v. 90 William St. Dev. Grp. LLC*,
   No. 09-cv-4753 (GBD), 2010 WL 3001979 (S.D.N.Y. July 20, 2010) ..................... 5

*Heinert v. Bank of Am. N.A.*,
   No. 20-0691, 2020 WL 6689287 (2d Cir. Nov. 13, 2020) ..................................... 18

*Hirsch v. City of New York*,
   300 F. Supp. 3d 501 (S.D.N.Y. 2018) ................................................................... 11

*Jafari v. Wally Findlay Galleries*,
   741 F. Supp. 64 (S.D.N.Y. 1990) ............................................................................ 5

*Jasper & Black, LLC v. Carolina Pad Co., LLC*,
   No. 10-cv-3562 (LTS), 2012 WL 413869 (S.D.N.Y. Feb. 9, 2012) ......................... 6

*Lazard Frères & Co. v. Crown Sterling Mgmt., Inc.*,
   901 F. Supp. 133 (S.D.N.Y. 1995) .......................................................................... 7

*Levey v. A. Leventhal & Sons, Inc.*,
   647 N.Y.S.2d 597 (4th Dep't 1996) ....................................................................... 19

*LiveIntent, Inc. v. Naples*,
    293 F. Supp. 3d 433 (S.D.N.Y. 2018) ........................................................17

*Marriott Int'l, Inc. v. Downtown Athletic Club of N.Y.C., Inc.*,
    No. 02-cv-3906 (MBM), 2003 WL 21314056 (S.D.N.Y. June 9, 2003) .........................17, 18

*Mtume v. Sony Music Ent.*,
    No. 18-cv-6037 (ER), 2020 WL 4895360 (S.D.N.Y. Aug. 19, 2020) ....................14

*N.Y. Cmty. Bank v. Estate of Paraskevaides*,
    No. 18-cv-3987 (PKC), 2019 WL 3024703 (S.D.N.Y. July 11, 2019) ...................6

*Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*,
    392 F.3d 520 (2d Cir. 2004) .......................................................11

*Nomura Secs. Int'l, Inc. v. E*Trade Secs., Inc.*,
    280 F. Supp. 2d 184 (S.D.N.Y. 2003) ..............................................7

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015) ...................................................5, 11

*Page v. Muze, Inc.*,
    705 N.Y.S.2d 383 (2d Dep't 2000) ................................................17

*Patel v. Baluchi's Indian Rest.*,
    No. 08-cv-9985 (RJS), 2009 WL 2358620 (S.D.N.Y. July 30, 2009) ....................8

*Payday Advance Plus, Inc. v. Findwhat.com, Inc.*,
    478 F. Supp. 2d 496 (S.D.N.Y. 2007) ..............................................14

*Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*,
    769 F. Supp. 2d 322 (S.D.N.Y. 2011) ..............................................13

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
    507 F.3d 117 (2d Cir. 2007) .......................................................9

*R.H. Damon & Co. v. Softkey Software Prod., Inc.*,
    811 F. Supp. 986 (S.D.N.Y. 1993) .................................................6

*Redwing Constr. Co., Inc. v. Sexton*,
    120 N.Y.S.3d 215 (3d Dep't 2020) ................................................16

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) .......................................................17

*Schneider v. Vietor*,
    208 A.D. 624 (1st Dep't 1924) ....................................................6

*Seduka, LLC v. Street Moda, LLC*,
   No. 14-cv-0271 (DAB), 2015 WL 1089575 (S.D.N.Y. Mar. 11, 2015) ................................8

*Septembertide Pub., B.V. v. Stein & Day, Inc.*,
   884 F.2d 675 (2d Cir. 1989) ...............................................................................................20

*Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*,
   842 F. Supp. 2d 502 (S.D.N.Y. 2012) .................................................................................8

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ......................................................................................................12

*Stone v. Trump*,
   No. 3:20-cv-537 (VAB), 2020 WL 3129232 (D. Conn. June 12, 2020) ..............................11

*Tasini v. AOL, Inc.*,
   851 F. Supp. 2d 734 (S.D.N.Y. 2012) (Koeltl, J.) ..............................................................15

*TN Metro Holdings I, LLC v. Commonwealth Ins. Co.*,
   51 F. Supp. 3d 405 (S.D.N.Y. 2014) .................................................................................17

*Trans-Pro Logistic Inc. v. Coby Elecs. Corp.*,
   No. 05-cv-1759 (CLP), 2012 WL 526764 (E.D.N.Y. Feb. 16, 2012) ....................................5

*Transcience Corp. v. Big Time Toys, LLC*,
   50 F. Supp. 3d 441 (S.D.N.Y. 2014) ...................................................................................5

*Travellers Int'l, A.G. v. Trans World Airlines, Inc.*,
   41 F.3d 1570 (2d Cir. 1994) .................................................................................................6

*Uni-World Cap., L.P. v. Preferred Fragrance, Inc.*,
   43 F. Supp. 3d 236 (S.D.N.Y. 2014) .................................................................................18

*V.S. Int'l, S.A. v Boyden World Corp.*,
   862 F. Supp. 1188 (S.D.N.Y. 1994) ....................................................................................7

*VTech Holdings Ltd. v. Lucent Techs., Inc.*,
   172 F. Supp. 2d 435 (S.D.N.Y. 2001) ...........................................................................17, 18

*State ex rel. Whiteman v. Aetna Health, Inc.*,
   105 N.Y.S.3d 283 (Sup. Ct. N.Y. Co. 2019) .....................................................................10

*Woodhams v. Allstate Fire & Cas. Co.*,
   748 F. Supp. 2d 211 (S.D.N.Y. 2010) ...............................................................................18

*Yamashita v. Scholastic Inc.*,
   936 F.3d 98 (2d Cir. 2019) ...............................................................................................11

**Statutes and Regulations**

28 U.S.C. § 2201, C.P.L.R. § 3001 ..................................................................20

84 F.R. 38843 (E.O. 13884) ............................................................................3

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(1)...........................................................................1

Fed. R. Civ. P. 12(f) ........................................................................................10

Fed. R. Civ. P. 9(b) ...................................................................................17, 18

Fed. R. Civ. P. 12(b)(6)....................................................................................4

Fed. R Civ. P. 57 .............................................................................................20

*Williston on Contracts* § 38:7 (4th ed. 2020) ...........................................7, 8

5 *Williston on Contracts* § 683 (3d ed. 1961) .............................................7

## PRELIMINARY STATEMENT

This is an action brought by a U.S. subsidiary on behalf of a U.S. government sanctioned Venezuelan oil company, Petróleos de Venezuela, S.A. ("PDVSA"), to claw back partial payment for services rendered by Defendant Interamerican Consulting, Inc. ("Interamerican") under a consulting agreement (the "Agreement"), *see* Dkt. No. 25-1, whose term ended over two years ago.

In addition to the serious foreign policy implications of adjudicating a sanctioned entity's request for monetary relief,[1] the Amended Complaint, Dkt. No. 25, fails to address any of the numerous pleading deficiencies set forth in the Pre-Motion Conference Letter.  *See* Dkt. No. 14. None of the elements for the claim of breach of contract is sufficiently alleged.  The Amended Complaint in fact concedes that Interamerican fully performed under the Agreement, while Plaintiff did not.  The spurious and unsupported allegations of illegality or "sham" do not add up to any breach.  And Plaintiff fails to allege any injury in fact or damages.  Moreover, the new claim for unjust enrichment and the indemnification claim are insufficiently pleaded, redundant, and/or duplicative of the breach of contract claim.  The new claim for declaratory relief fails for similar reasons.

Accordingly, the Amended Complaint should be dismissed in its entirety with prejudice.

---

[1] Plaintiff's insistence that the sanctioned PDVSA is the true party in interest under the Agreement raises serious concerns over whether this Court should entertain an action where Plaintiff's requested remedy risks running afoul of existing U.S. government sanctions and contradicting the conduct of foreign affairs by the Executive Branch. Interamerican raises these issues in full in its Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. Rule 12(b)(1), filed contemporaneously herewith.

**FACTS**

Interamerican Consulting, Inc. is a Florida entity operating in Miami that provides high-level strategic consulting services in the United States.  Its President, David Rivera, was a member of the U.S. House of Representatives between 2010 and 2012, representing Florida's 25th District.

Plaintiff PDV USA, Inc. ("PDV USA") is a Delaware entity with offices in New York City.  PDV USA is wholly owned by PDV Holding, Inc., which is wholly owned by PDVSA.  *See* Am. Compl. ¶ 2.  PDVSA is also the majority owner of CITGO, a United States-based refiner, transporter, and marketer of motor fuels, lubricants, petrochemicals, and other industrial products.[2]

On March 21, 2017, PDV USA and Interamerican entered into the Agreement, pursuant to which Interamerican would be paid $50 million to provide "strategic consulting and assistance [in] developing strategies to inform policy makers and opinion leaders," to "organize and implement a multi-faceted strategy to reinforce [PDV USA]'s standing among important public officials and opinion leaders," to "support [PDV USA] in the planning and execution of a strategic plan directed at targeted stakeholders to assist [PDV USA] with the development and implementation of a program to support efforts that will enhance the long-term reputation and standing" of PDV USA, and to "identify opportunities to build long-term relationships among key third-parties, opinion leaders and public officials."  Agreement at 6.  Interamerican was also required to provide evidence of these efforts through "updates," bi-weekly "reports," and a "final report."  *Id.*  Plaintiff agreed to pay Interamerican fortnightly in $5 million installments up to $25 million, including an initial deposit of $5 million, with a final payment of the remaining $25 million near the Agreement's expiration date.  *Id*. at 7.

Despite the fact that the Agreement makes no mention of PDVSA, a U.S. sanctioned entity,

---

[2] *See* https://www.citgo.com/, last accessed on December 17, 2020.

or "Specially Designated National" ("SDN"), *see* Am. Compl. ¶ 3, Plaintiff alleges that the Agreement was in fact "for the benefit of PDVSA." *Id.* ¶ 23. Plaintiff further alleges that after the term of the Agreement in which services were to be rendered, Plaintiff assigned all its rights and interests in the Agreement to PDVSA effective May 10, 2017. *See id.* ¶ 51; *id.*, Ex. 2.

The term of the Agreement was 92 days, during which Interamerican would provide services for the sole satisfaction of Plaintiff. The Agreement's term commenced on March 21, 2017 and ended on June 21, 2017. *See* Agreement ¶ 2. Payment was due for the services rendered "to [PDV USA]'s *sole satisfaction*." Agreement ¶ 3 (emphasis added).

At no point did Plaintiff express any dissatisfaction with the services provided by Interamerican, either during the term of the Agreement or at any time thereafter (until the initiation of this case). However, Plaintiff quickly became neglectful in its obligations under the Agreement; after paying $15 million, it failed to make required payments under the contract.

On January 28, 2019, the U.S. Treasury's Office of Foreign Assets Control ("OFAC") designated PDVSA a specially designated entity,[3] preventing it from accessing its U.S.-based assets or receiving profits. At the same time, the U.S. recognized Juan Guaidó, the President of Venezuela's National Assembly, as the Interim President of Venezuela. *See* Am. Compl. ¶ 3. And on August 5, 2019, OFAC designated the entire Venezuelan Government as an SDN under Executive Order 13884. *See* 84 F.R. 38843 (2019).[4] With that sanction, all Venezuelan government entities and state-owned enterprises—and their subsidiaries such as Plaintiff—became blocked entities, and U.S. persons are prohibited from transferring any money to them.

---

[3] *See* https://home.treasury.gov/news/press-releases/sm594, last accessed on December 17, 2020.

[4] https://www.treasury.gov/resource-center/sanctions/Programs/Documents/13884.pdf, last accessed on December 17, 2020.

As three years elapsed since the Agreement's term's end, Interamerican made repeated requests for payment of the outstanding $35 million, which were ignored.  On May 13, 2020—long after the term of the Agreement expired and when Interamerican no longer had any opportunity to cure any alleged defects in its performance—Plaintiff brought the instant suit.

## ARGUMENT

The Amended Complaint fails to plead any of the causes of action with the required level of plausibility, makes allegations that contradict the Agreement, and admits the absence of evidence to substantiate its assertions.  Accordingly, the Amended Complaint should be dismissed with prejudice.

## I.    The Amended Complaint Fails to State a Claim

For a claim to survive a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the party advancing it must have pleaded "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations omitted).  "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they

4

are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### A.  The Amended Complaint Fails to Plead Breach of Contract

Breach of contract requires: (1) the existence of a contract, (2) performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages suffered as a result of the breach. *See Orlander v. Staples, Inc*., 802 F.3d 289, 294 (2d Cir. 2015).

#### 1.  The Amended Complaint Fails to Plead Performance by Plaintiff

The Agreement required Plaintiff to pay Interamerican for its services during the term of the Agreement.  *See* Am. Compl. ¶ 29 ("The payment schedule further instructed that, starting on April 4, 2017, another $20 million be paid in $5 million 'Consecutive Payment Installments' every two weeks and that a 'Final Payment Installment' of $25 million be paid before June 15, 2017").  Plaintiff failed to make these required payments.  *See id*. ¶ 47.  In fact, Plaintiff alleges the opposite: that it made only partial payment.  *See id*. ¶ 10.  More specifically, Plaintiff fails to assert not just performance, but payment, which is a material breach of its obligation.  *See ARP Films, Inc. v. Marvel Ent. Grp.*, *Inc.*, 952 F.2d 643, 649 (2d Cir. 1991) ("Failure to tender payment is generally deemed a material breach of a contract"); *Trans-Pro Logistic Inc. v. Coby Elecs. Corp.*, No. 05-cv-1759 (CLP), 2012 WL 526764, at *10 (E.D.N.Y. Feb. 16, 2012); *Jafari v. Wally Findlay Galleries*, 741 F. Supp. 64 (S.D.N.Y. 1990).

"[F]ailure to plead the performance of [one's] own contractual obligations is fatal to a breach of contract claim even if the other requisite elements are properly pleaded." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 451 (S.D.N.Y. 2014).  A plaintiff must "allege . . . performanc[e] in full compliance with the contract terms." *Gregori v. 90 William St. Dev. Grp.*

*LLC*, No. 09-cv-4753 (GBD), 2010 WL 3001979, at *4 (S.D.N.Y. July 20, 2010); *see also R.H. Damon & Co. v. Softkey Software Prod., Inc.*, 811 F. Supp. 986, 991 (S.D.N.Y. 1993) (dismissing plaintiff's breach of personal services contract claim where complaint failed to alleged plaintiff actually performed its obligations under the contract); *N.Y. Cmty. Bank v. Estate of Paraskevaides*, No. 18-cv-3987 (PKC), 2019 WL 3024703, at *5 (S.D.N.Y. July 11, 2019); *Jasper & Black, LLC v. Carolina Pad Co., LLC*, No. 10-cv-3562 (LTS), 2012 WL 413869, at *9 (S.D.N.Y. Feb. 9, 2012).

Further, the Amended Complaint fails to allege a legally proper excuse for Plaintiff's non-performance. *See* Am. Compl. ¶ 30 ("the Agreement only required PDV USA to pay Interamerican as compensation for the 'completion' of the services to PDV USA's "sole satisfaction" (quoting the Agreement)). "Even when a contract confers decision-making power on a single party, the resulting discretion is nevertheless subject to an obligation that it be exercised in good faith," *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d Cir. 1994), and be "reasonable." *Schneider v. Vietor*, 208 A.D. 624, 627 (1st Dep't 1924). Here, Plaintiff pleads only that "PDV USA never expressed satisfaction with the services provided by Interamerican, and is not satisfied with Interamerican's services," Am. Compl. ¶ 41, and that "PDV USA was not and is not satisfied with any services purported to be rendered to PDV USA." *Id*. ¶ 47. Plaintiff does not plead that it withheld satisfaction or gave any notice of dissatisfaction during the term of the Agreement. Plaintiff's naked assertion that it is now "not satisfied" is conclusory, unreasonable, and in bad faith. *See id*. ¶¶ 41, 47.

Plaintiff has not pleaded that it performed under the Agreement; its claim for breach must therefore be dismissed.

## 2.   The Amended Complaint's Allegations of Breach Are Barred by Waiver

The Amended Complaint concedes that Plaintiff received services and fails to allege that

Plaintiff expressed dissatisfaction with Interamerican's performance during the term of the

Agreement.   Nor does Plaintiff allege that it ever invoked the termination provision in the

Agreement.  *See* Agreement § 2.  Plaintiff thus waived any claim that Interamerican breached the

Agreement.  "A non-breaching party[, upon a breach by the other party,] may choose to continue

to perform the contract . . . [and if it does], it may not later renounce its election to continue and

seek to terminate based on the prior breach."  *Lazard Frères & Co. v. Crown Sterling Mgmt., Inc.*,

901 F. Supp. 133, 136 (S.D.N.Y. 1995) (alterations omitted); *see also Apex Pool Equip. Corp. v.

Lee*, 419 F.2d 556, 562 (2d Cir. 1969) ("The power to terminate a continuing contract because of

a particular breach of that contract is a power of election"); *Nomura Secs. Int'l, Inc. v. E*Trade

Secs., Inc.*, 280 F. Supp. 2d 184, 193 (S.D.N.Y. 2003) ("[W]hen one party performs under [a]

contract and the other party accepts [that] performance without objection, it is assumed that this

was the performance [as] contemplated by the agreement"); *V.S. Int'l, S.A. v Boyden World Corp.*,

862 F. Supp. 1188, 1196 (S.D.N.Y. 1994); 5 *Williston on Contracts* § 683 at 270 (3d ed. 1961).

Plaintiff is simply too late to claim dissatisfaction.

## 3.   The Amended Complaint Fails to Plead that PDV USA Complied with Necessary Conditions Precedent

A "condition precedent is an act or event, other than a lapse of time, which, unless the

condition is excused, must occur before a duty to perform a promise in the agreement arises."

*Dervan v. Gordian Grp. LLC*, No. 16-cv-1694 (AJN), 2017 WL 819494, at *3 (S.D.N.Y. Feb. 28,

2017) (quoting *Oppenheimer & Co., Inc. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 690

(N.Y. 1995)); *Williston on Contracts* § 38:7 (4th ed. 2020) ("It is well settled law in New York,

that no action for breach of contract lies where the party seeking to enforce the contract has failed

to perform a specified condition precedent" (citations omitted)).

The Agreement contains a one-page "Exhibit A," which lists the parties' "scope of services and deliverables."   Agreement at 6.   Per the Agreement, it "shall be [Interamerican's] duty to provide strategic consulting services to the CLIENT as the CLIENT deems necessary and appropriate."  *Id.*  However, Plaintiff alleges nowhere that the "client" identified what it deemed "necessary and appropriate" or how those benchmarks would or could be met.

Furthermore, under the Agreement, "[Interamerican] will support CLIENT in the planning and execution of a strategic plan directed at targeted stakeholders to assist CLIENT with the development and implementation of a program to support efforts that will enhance the long-term reputation and standing of CLIENT."  *Id*.   Yet the Amended Complaint does not allege that Plaintiff provided a "strategic plan" of any sort that Interamerican could support, nor that there was "a program" with which Interamerican could help.  Failing such allegations, the claim must be dismissed.  *See Patel v. Baluchi's Indian Rest.*, No. 08-cv-9985 (RJS), 2009 WL 2358620, at *21 (S.D.N.Y. July 30, 2009) (dismissing the plaintiffs' breach of contract claim because the plaintiffs failed to allege satisfaction of the condition precedent).

### 4.   The Amended Complaint Fails to Plead Lack of Performance by Defendant

Breach of contract requires an averment that the defendant did not perform beyond conclusory and generic allegations of a failure to perform, which are "not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  This is hornbook law.  For example, an allegation of a failure "to timely deliver [ ] requisite [g]oods in accordance with [ ] agreed upon quality" is conclusory and subject to dismissal if made without specifics.  *Seduka, LLC v. Street Moda, LLC*, No. 14-cv-0271 (DAB), 2015 WL 1089575, at *4 (S.D.N.Y. Mar. 11, 2015); *see Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 512-13 (S.D.N.Y. 2012) (failure to "share promptly

relevant information" was too generic to support a claim for breach of contract); *Arma v. Buyseasons*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) (failure "to properly account" to the plaintiffs was, without more, insufficient to avoid dismissal).   Here, the Amended Complaint purports to list Interamerican's breaches, but only repeats the terms of the Agreement, quoting them *verbatim*. *See* Am. Compl. ¶¶ 40-43.   There are no specifics concerning any breach. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss."  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citations omitted).

The only specifics in the Amended Complaint show that Plaintiff in fact received reports during the term of the Agreement.  *See* Am. Compl. ¶¶ 34-40.   Since the Agreement nowhere requires the reports to be in writing, the allegation that only two written reports were received cannot constitute a breach.   In addition, those paragraphs merely reiterate terminology from the Agreement.   The Amended Complaint's averments amount to little more than a fig leaf argument attempting to cover a lacuna of substantive breaches.

### 5.   The Amended Complaint Fails to Plead Breach of Section 7 of the Agreement

PDV USA attempts, but fails, to allege that Interamerican breached Section 7 of the Agreement, which prohibits the use of any payment received under the Agreement as a "bribe, kickback, illegal political contribution, or in violation of applicable foreign exchange control regulations, tax laws or regulations, or other laws or regulations of any jurisdiction."  *See* Am. Compl. ¶ 43.  This unsubstantiated allegation is not supported by any pleaded facts; the Court should not accept it as true.  *See Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that

conclusion").

The Amended Complaint merely quotes from two newspaper articles and cursorily alleges that the Agreement was a "sham" and that Section 7 of the Agreement was violated, without any explanation of how such a "sham" violates Section 7. *See* Am. Compl. ¶¶ 57-62. The articles— offered for the truth of their content—consist of layers of hearsay, and do not support Plaintiff's claimed conclusion, *i.e.*, that Interamerican entered into the Agreement to deceive Plaintiff. Even if accepted as true, the articles' quotes do not demonstrate any breach of Section 7. *See* Am. Compl. ¶ 58. [5]

Salacious allegations intimating criminality are also irrelevant to the claim for breach of contract, since breach of contract does not require *scienter* or intent. *See In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 435 (S.D.N.Y. 2010) ("unlike fraud, breach of contract does not require proof of scienter") (quoting *Kassover v. UBS AG*, 619 F. Supp. 2d 28, 39 (S.D.N.Y. 2008)).

Section 7 of the Agreement only explicitly forbids the use of the funds for *illegal* activities such as bribery. *See* Agreement at 2. The Amended Complaint's allegations simply do not add up to illegal activity forbidden in the Agreement. *See State ex rel. Whiteman v. Aetna Health, Inc.*, 105 N.Y.S.3d 283, 289 (Sup. Ct. N.Y. Co. 2019) (conclusory allegations against the defendant found baseless where the "[p]laintiff's complaint and opposition papers are replete with words such as 'illegal,' 'fraudulent,' and/or 'unlawful'—however, merely parroting such language does not make it so").

Furthermore, the Amended Complaint itself alleges the absence of support for the claim of

---

[5] Bald allegations that merely suggest without basis are cavalier and frivolous; Interamerican has separately moved that they be stricken. *See* Def.'s Mot. to Strike Certain Allegations from the Am. Compl. Pursuant to Fed. R. Civ. P. 12(f) (filed contemporaneously herewith).

illegality, stating, "*to the extent that* . . . [the] press statements are true . . . then Interamerican also violated its representations and warranties under Section 7."  Am. Compl. ¶ 43 (emphasis added); *see also id.* ¶¶ 13, 61, 62, 75, 84.  In other words, Plaintiff does not know—and needs discovery to determine—whether there are facts to support its erroneous theory of breach.  Such allegations are insufficient to survive a motion to dismiss: "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the Amended Complaint's allegations are true."  *Twombly*, 550 U.S. at 545; *see Hirsch v. City of New York*, 300 F. Supp. 3d 501, 507-08 (S.D.N.Y. 2018) (a plaintiff must "adhere to Rule 8(a), which has been interpreted to require that the Amended Complaint contain enough factual matter for the claim to be plausible on its face . . .  [Rule 8(a)] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("the Amended Complaint's factual allegations must be enough to raise the right to relief above the speculative level, *i.e.*, enough to make the claim plausible"); *Stone v. Trump*, No. 3:20-cv-537 (VAB), 2020 WL 3129232, at *4-5 (D. Conn. June 12, 2020) (dismissing the plaintiff's complaint with prejudice where the plaintiff's contentions consisted "of rampant speculation and wholly unsupported conclusions insufficient to state a claim" and were "rife with vague and conclusory" assertions); *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 107 (2d Cir. 2019) (a plaintiff "must marshal more than unsubstantiated suspicions to gain entitlement to broad-ranging discovery").

### 6.  The Amended Complaint Fails to Plead any Damages

A claim for breach of contract requires an assertion of damages.  *See Orlander*, 802 F.3d at 294.  Damages in a breach of contract claim must be "attributable to the breach."  *Excellent Home Care Servs., LLC v. FGA, Inc.*, No. 13-cv-5390 (ILG)(CLP), 2014 WL 4258992, at *2 (E.D.N.Y. Aug. 27, 2014); *see Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525

(2d Cir. 2004) ("[A] plaintiff must prove that a defendant's breach [of contract] *directly and proximately caused* his or her damages . . . [which] must be such only as actually follow or may follow from the breach of the contract." (alterations omitted, emphasis in original)).  Here, the Amended Complaint is devoid of any facts setting forth the nature of the harm to Plaintiff or how it was allegedly caused by Interamerican, stating only in a cursory fashion that, "[a]s a direct and proximate result of Defendant's breach, Plaintiff has incurred substantial damages," Am. Compl. ¶ 67, and that "Plaintiff is entitled to recover the $15 million (plus interest) that it paid to Defendant and to be released from any further payment under the Agreement."  Am. Compl. ¶ 68.  Plaintiff's breach of contract claim fails to meet basic plausibility standards.

An implausible claim also raises standing concerns.  "[A] plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quotation marks omitted).  "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986) (quoting *Warth v. Seldin*, 422 U.S. 490 (1975)).

Accordingly, the breach of contract claim should be dismissed.

### B.  The Amended Complaint Fails to Plead Indemnity

Plaintiff claims that Interamerican breached Section 10 of the Agreement.  *See* Am. Compl. ¶¶ 63, 69-72.  However, this "indemnity" claim is duplicative of the breach of contract claim, or, at most, is a fee-shifting provision.  In either case, it must be dismissed.

Section 10 of the Agreement reads:

> Indemnity.  CONSULTANT  shall  protect,  defend  (at
> CONSULTANT's  expense  and  by  counsel  satisfactory  to  PDV

12

USA), indemnify, save and hold harmless PDV USA, its subsidiaries and affiliates and its and their agents, directors, officers, shareholders, employees, representatives, successors, and assigns, from and against any and all breaches of this Agreement by CONSULTANT, its Personnel, direct or indirect costs, damages, losses, obligations, lawsuits, claims, liabilities, fines, or penalties (whether or not ultimately defeated) in connection with, arising out of, relating to, incidental to, or resulting from any act or omission or any alleged act or omission by CONSULTANT or its Personnel, including in each instance, but not limited to, all costs and expenses of investigation and defending any claim at any time arising and any final judgments, compromises, settlements, court costs and attorneys' fees, whether foreseen or unforeseen (including all such expenses, court costs, and attorneys' fees in the enforcement of PDV USA's rights hereunder) incurred by PDV USA directly or indirectly.

### 1.  The Indemnity Claim is Duplicative of the Breach of Contract Claim

Section 10 does not expressly consider third party claims, and, more important, there is no third-party claim against Plaintiff in the instant case against which Interamerican could offer Plaintiff any indemnity.  There is simply nothing to indemnify.  Indemnification is "[t]he right of one party to shift the entire loss to another" and "may be based upon an express contract or an implied obligation."  *Genesee/Wyoming YMCA v. Bovis Lend Lease LMB, Inc.*, 951 N.Y.S.2d 768, 771 (2012).  "A cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty *to a third person*, and (2) some duty to indemnify exists between them. Thus, a third-party action for indemnity does not lie against one who has not violated a duty owed to [the] plaintiff in the primary action."  *Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*, 769 F. Supp. 2d 322, 329 (S.D.N.Y. 2011) (citations, quotation marks, and alterations omitted) (emphasis added).  There is no third-party action here, and therefore this purported indemnification claim only serves to reimburse Plaintiff for its alleged damages due to the alleged breach by Defendant—which is

entirely coterminous with the breach of contract claim.[6]

## 2. The Indemnity Claim Is at Most a Fee-Shifting Provision and Thus Redundant

To the extent the Court finds Section 10 applicable in this dispute, the only discernible distinction from the breach of contract claim is that Section 10 purports to shift Plaintiff's legal fees.  Even if such reading were plausible (and it is not), the claim is redundant, since a claim for attorneys' fees is not a separate cause of action in New York.  *See, e.g.*, *Burke v. Crosson*, 85 N.Y.2d 10, 17-18 (1995).  A claim for attorneys' fees is already included in the prayer for relief and can be considered when and if damages are assessed.

## C.  The Amended Complaint Fails to Plead Unjust Enrichment

### 1.  The Amended Complaint Fails to Plead the Elements of Unjust Enrichment

To establish unjust enrichment, a plaintiff must demonstrate that "(1) the other party was enriched, (2) at the other party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered."  *Payday Advance Plus, Inc. v. Findwhat.com, Inc.*, 478 F. Supp. 2d 496, 504 (S.D.N.Y. 2007) (citing *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).  New York courts have warned that unjust enrichment "is available only in unusual situations" and have noted that the typical such case is one "in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled."  *Mtume*

---

[6] To the extent that Plaintiff asserts contractual indemnification, the elements of contractual indemnification are identical to the elements for breach of contract: "(1) the existence of a contract; (2) that the [defendant] failed to perform his or her obligations thereunder; (3) that the [plaintiff] has performed his or her obligations under the contract; and (4) resulting damages to the [defendant]."  *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 429 (S.D.N.Y. 2007).  The conclusion is the same—absent a third-party claim against Plaintiff caused by an alleged breach by Defendant, there is nothing to indemnify and the claim is identical to the breach of contract claim.

*v. Sony Music Ent.*, No. 18-cv-6037 (ER), 2020 WL 4895360, at *6 (S.D.N.Y. Aug. 19, 2020) (citing *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)).

Concerning the third element, "the essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 405 (1st Dep't 2008). "If the plaintiffs fail to demonstrate that equity and good conscience require restitution, their claim should be dismissed." *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 739-40 (S.D.N.Y. 2012) (Koeltl, J.). Principles of equity and good conscience do not justify giving Plaintiff restitution when "[e]ach and every act of the plaintiffs was voluntary and with full and exact knowledge on their part." *Id.*, 851 F. Supp. 2d at 741 (citation and quotations omitted).

The Amended Complaint does not meet this basic threshold. Both parties to the Agreement are sophisticated commercial entities contracting at arms' length and there is no credible allegation of inequitable wrongdoing by Interamerican. Plaintiff never complained about Interamerican's performance during the term of the Agreement. Equity does not assist those who sleep on their rights, and the arguments on waiver, *supra* (Section I(A)(2)), including Plaintiff's failure to allege that it invoked the Agreement's termination provision, are incorporated herein.

Furthermore, to the extent Plaintiff relies on newspaper articles to show alleged misconduct or deception, the articles, as shown *supra* (Section I(A)(5)), do not support the allegations for which they are cited, and the allegations, if they were supported by the articles, would not suffice to make out an inequity supporting an unjust enrichment claim.

Finally, the Amended Complaint makes clear that Plaintiff has no basis for bringing this cause of action. It implausibly postulates that unjust enrichment would be justified "*to the extent that* . . . the Agreement was a sham," Am. Compl. ¶ 62 (emphasis added), and "to the extent *that*

15

*discovery shows* that the Agreement was a sham."  *Id.* ¶ 75 (emphasis added).  Plaintiff does not

know if it has a claim and needs discovery to determine if it does.  That puts the cart before the

horse, as explained *supra* (Section I(A)(5)).

### 2.   The Unjust Enrichment Claim Is Duplicative of the Breach of Contract Claim

A plaintiff may plead unjust enrichment in the alternative to a breach of contract claim;

however, where an unjust enrichment claim is duplicative of other causes of action, it should be

dismissed.  *See Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016) ("the

nature of an unjust enrichment claim in New York . . . is an obligation the law creates *in the

absence of any agreement*.'" (quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572

(2005)) (emphasis added)).

An unjust enrichment claim is duplicative when it relies on the same conduct that forms

the basis of a plaintiff's other claims, or where it simply duplicates, or replaces, a conventional

contract claim.  *See Corsello*, 18 N.Y.3d at 790; *see also Benham v. eCommission Sols., LLC*, 118

A.D.3d 605, 607 (1st Dep't 2014) (finding that an unjust enrichment claim that "seeks precisely

the same damages as . . . [a] claim for breach of contract" must be dismissed as duplicative);

*Buonasera*, 208 F. Supp. 3d at 568 (dismissing an unjust enrichment claim where the plaintiff was

"alleging tort causes of action and [ ] relying on the same set of facts for these causes of action as

he [was] for the unjust enrichment claim"); *Redwing Constr. Co., Inc. v. Sexton*, 120 N.Y.S.3d

215, 219 (3d Dep't 2020) (in finding that the plaintiff did not make out an unjust enrichment claim

in the alternative to its breach of contract claim, the court noted that "tellingly, plaintiff's complaint

only references one contract, and its unjust enrichment claim is premised upon a claim of damages

. . . for an amount that is identical to the damages sought for its breach of contract claim.").  That

is the case here—Plaintiff seeks exactly the same damages as under the breach of contract claim,

16

premised on the same alleged facts.  The unjust enrichment claim must be dismissed.

### 3.   The Unjust Enrichment Claim Sounds in Fraud and Is Not Pleaded with the Requisite Specificity

The Amended Complaint accuses Interamerican of engaging in deceitful conduct and tricking plaintiff into a "sham" agreement, with scandalous suggestions and hints of illegality unsupported even by information and belief pleading.  *See, e.g.*, Am. Compl. ¶¶ 43, 75. Accusations of dishonesty, deception, and misrepresentation will be held to the pleading standards of fraud claims even when they are dressed up as a different tort action.[7]  *See, e.g.*, *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (holding that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply not only to causes of action directly alleging "fraud or mistake," but also to "all averments of fraud").[8]  As such, the claim for unjust enrichment falls

---

[7] Nor could Plaintiff add fraud as a separate claim, because any such claim would be duplicative of its breach of contract claim.  "[W]here a plaintiff pleads a tort claim in addition to a contract claim and the tort claim seeks the same benefit sought under the contract claim, the tort claim becomes duplicative of the contract claim and may not stand."  *LiveIntent, Inc. v. Naples*, 293 F. Supp. 3d 433, 445 (S.D.N.Y. 2018) (citations omitted); *see also Aretakis v. Caesars Ent.*, No. 16-cv-8751 (KPF), 2018 WL 1069450, at *11 (S.D.N.Y. Feb. 23, 2018) (dismissing plaintiff's fraud claim because it was "substantively identical to his contract claim and, indeed, seeks exactly the same damages"); *TN Metro Holdings I, LLC v. Commonwealth Ins. Co.*, 51 F. Supp. 3d 405, 410-12 (S.D.N.Y. 2014) (dismissing fraud claim as duplicative where it sought same relief as contract claim); *Page v. Muze, Inc.*, 705 N.Y.S.2d 383, 384 (2d Dep't 2000) (dismissing fraud claims that "allege[d], in essence, that the defendants promised to give the plaintiff an equity interest in the company and reneged on that promise").

[8] *See also VTech Holdings Ltd. v. Lucent Techs., Inc.*, 172 F. Supp. 2d 435, 439 (S.D.N.Y. 2001) ("The mere allegation that a defendant did not intend to perform a contract with a plaintiff when he made it generally fails to state a claim for fraud [and] . . . will be dismissed as duplicative." (quotations and citations omitted)); *Marriott Int'l, Inc. v. Downtown Athletic Club of N.Y.C., Inc.*, No. 02-cv-3906 (MBM), 2003 WL 21314056, at *6 (S.D.N.Y. June 9, 2003)

woefully short both of demonstrating the elements[9] of fraud and of doing so with the degree of specificity demanded by Rule 9(b).[10]  It must be dismissed.

### D.  The Amended Complaint Fails to Plead Declaratory Judgment

#### 1.  The Claim Is Insufficiently Pleaded

In deciding whether to entertain an action for declaratory judgment, a court must consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,* 411 F.3d 384, 388 (2d Cir.

---

("The Second Circuit has held that, as a general rule, the allegation that a party entered into a contract intending to breach that contract is insufficient to support a claim for fraud under New York law"); *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19-20 (2d Cir. 1996) (affirming dismissal of fraud claim where the alleged misrepresentations "amount[ed] to little more than intentionally-false statements . . . indicating [the defendant's] intent to perform under the contract"); *Uni-World Cap., L.P. v. Preferred Fragrance, Inc.*, 43 F. Supp. 3d 236, 243 (S.D.N.Y. 2014) ("Thus, courts in this district have consistently dismissed fraud claims predicated on allegations that defendants did not intend to meet their contractual obligations." (quoting *Marriott Int'l, Inc.*, 2003 WL 21314056, at *6)).

[9] "A claim for fraud under New York common law consists of the following elements: (1) a material representation or omission of material fact; (2) that is false or misleading; (3) made with knowledge or reckless disregard of its falsity; (4) reliance; and (5) injury." *VTech Holdings Ltd.*, 172 F. Supp. 2d at 439.

[10] Rule 9(b) sets forth a heightened pleading standard for allegations of fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see Heinert v. Bank of Am. N.A.*, No. 20-0691, 2020 WL 6689287, at *1 (2d Cir. Nov. 13, 2020).  In order to meet the heightened pleading standard provided by Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Woodhams v. Allstate Fire & Cas. Co.*, 748 F. Supp. 2d 211, 222 (S.D.N.Y. 2010) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2d Cir. 2007)).

2005). A court may also consider: "(1) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to *res judicata*'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." *Amusement Indus., Inc. v. Stern,* 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010).

Declaratory judgment is inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract. *See Levey v. A. Leventhal & Sons, Inc.*, 647 N.Y.S.2d 597 (4th Dep't 1996); *Automated Ticket Sys., Ltd. v. Quinn*, 455 N.Y.S.2d 799 (1st Dep't 1982) (declaratory judgment is generally appropriate only where a conventional form of remedy is not available and a declaratory judgment will serve some practical and useful purpose). So too here. For example, in *Fleisher v. Phoenix Life Insurance Company*, the court found the declaratory judgment claim served "no useful purpose" because the conduct alleged was "so similar to that covered by the[ ] express breach of contract claim that entertaining the declaratory judgment claim" was superfluous; "the underlying litigation itself" was the "better or more effective remedy." *Fleisher v. Phx. Life Ins. Co.*, 858 F. Supp. 2d 290, 303 (S.D.N.Y. 2012).

Likewise, there can be no suggestion in this case that, following an adjudication of Plaintiff's breach of contract claim, there will be a lack of clarity and certainty about the parties' rights under the Agreement. Though lacking in merit and plausibility, the breach of contract claim would ultimately settle any legal issues. The declaratory judgment claim is thus a superfluous attempt at procedural hedging. *See Duane Reade, Inc.,* 411 F.3d at 388; *Fleisher,* 858 F. Supp. 2d at 303.

Indeed, the declaratory relief claim makes repeated references to its alternative, conventional remedy. "Plaintiff's position is that no such money is owed in light of Defendant's

*breach of the Agreement*."  Am. Compl. ¶ 81 (emphasis added).  "Plaintiff is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201, C.P.L.R. § 3001, and Rule 57 of the Federal Rules of Civil Procedure that PDV USA does not owe Interamerican any money under the Agreement because Interamerican *breached the Agreement*."  *Id*. ¶ 83 (emphasis added).  The claim for declaratory judgment is thus based on conduct so similar to the breach of contract claim that the declaratory judgment should not be entertained.  *See Fleisher*, 858 F. Supp. 2d at 303.

### 2.  Rescission Is Not Appropriate

The Amended Complaint appears to request rescission of the contract; though it is not listed in the Amended Complaint as a separate type of relief, Plaintiff refers to it in passing.  *See, e.g.*, Am. Compl. ¶¶ 75, 84.  However, "before rescission will be permitted [a] breach must be 'material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract.'"  *Septembertide Pub., B.V. v. Stein & Day, Inc.,* 884 F.2d 675, 678 (2d Cir. 1989) (quoting *Callanan v. Powers,* 92 N.E. 747, 752 (N.Y. 1910)).  The extraordinary remedy of rescission "is appropriate only when a breach may be said to go to the root of the agreement between the parties."  *Id.* (citing *Canfield v. Reynolds,* 631 F.2d 169, 178 (2d Cir. 1980)).  For the reasons set out *supra*, there is no basis for such relief.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss in full, dismiss the Amended Complaint with prejudice, and grant such other and further relief as it may deem just and proper.

Dated: December 18, 2020
      New York, New York

                                          Respectfully submitted,

                                          Kathryn Lee Boyd
                                          Shira Lauren Feldman
                                          Alan Alvela
                                          HECHT PARTNERS LLP
                                          125 Park Avenue, 25th Floor
                                          New York, NY 10017
                                          (646) 502-9515
                                          (646) 480-1453
                                          (646) 480-1406
                                          lboyd@hechtpartners.com
                                          sfeldman@hechtpartners.com
                                          aalvela@hechtpartners.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Section II(D) of the Individual Practices of the Honorable John G. Koeltl, I, Kathryn Lee Boyd, certify on this 18th day of December, 2020, that the foregoing Memorandum of Law is 6,671 words and complies with all formatting requirements as provided in Judge Koeltl's Individual Practices.

_____
Kathryn Lee Boyd
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
lboyd@hechtpartners.com