UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PDV USA, Inc.<br><br>        Plaintiff,<br><br>    v.<br><br>Interamerican Consulting, Inc.<br><br>        Defendant. | No. 20-cv-03699-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE CERTAIN ALLEGATIONS
FROM THE AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(f)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND .......................................................................................................1

ARGUMENT .................................................................................................................................2

    I.    Legal Standard...................................................................................................................2

    II.   The Allegations Should be Stricken .................................................................................3

        A.   The Allegations Are Prejudicial, Cast Unfounded Criminal Aspersions, Attack Mr. Rivera's Integrity, Are Impertinent, and Serve Only to Intimidate .........................................3

        B.   The Allegations Are Based on Inadmissible Hearsay and Speculation ............................4

        C.   The Allegations Are Irrelevant, as They Have No Bearing on the Case and Admittedly No Basis in Evidence ..................................................................................................4

        D.   The Court Should Strike the Allegations ..........................................................................5

CONCLUSION ..............................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**     **Page(s)**

*Aboeid v. Saudi Arabian Airlines, Inc.*,
  No. 10-cv-2518 (SJ)(VVP), 2011 WL 2222140 (E.D.N.Y. June 1, 2011) ..............................5

*In re Beacon Assocs. Litig.*,
  745 F. Supp. 2d 386 (S.D.N.Y. 2010) ...........................................................................5

*Bray v. Purple Eagle Ent., Inc.*,
  No. 18-cv-5205 (GBD)(HBP), 2019 WL 1549044 (S.D.N.Y. Jan. 18, 2019),
  *R&R adopted*, 2019 WL 549137 (S.D.N.Y. Feb. 12, 2019) ................................................2, 5

*Century Pac., Inc. v. Hilton Hotels Corp.*,
  528 F. Supp. 2d 206 (S.D.N.Y. 2007) ...........................................................................4

*Dent v. U.S. Tennis Ass'n, Inc.*,
  No. 08-cv-1533 (RJD)(VVP), 2008 WL 2483288 (E.D.N.Y. June 17, 2008) ..................2, 3, 5

*Eaton v. Am. Media Operations*,
  No. 96-cv-6158 (MBM), 1997 WL 7670 (S.D.N.Y. Jan. 9, 1997) ...........................................4

*G-I Holdings, Inc. v. Baron & Budd*,
  238 F. Supp. 2d 521 (S.D.N.Y. 2002) ...........................................................................2, 3

*Odom v. Matteo*,
  772 F. Supp. 2d 377 (D. Conn. 2011) ...........................................................................4

*Petrello v. White*,
  No. 01-cv-3082 (DRH)(AKT), 2018 WL 4344955 (E.D.N.Y. Sept. 11, 2018) ........................4

*Trodale Holdings LLC v. Bristol Healthcare Invs., L.P.*,
  No. 16-cv-4254 (KPF), 2017 WL 5905574 (S.D.N.Y. Nov. 29, 2017) ...................................3

**Other Authorities**

80 F.R. 12747 (E.O. 13692) ...............................................................................................1

84 F.R. 509 (E.O. 13857) ..............................................................................................1, 2

Fed. R. Civ. P. 12(f) ...................................................................................................1, 2, 5

## PRELIMINARY STATEMENT

Defendant Interamerican Consulting, Inc. ("Interamerican") respectfully submits this memorandum of law in support of its motion to strike certain allegations from the Amended Complaint, Dkt. No. 25.

Lacking factual allegations to support the causes of actions in its Amended Complaint, Plaintiff PDV USA, Inc. ("PDV USA") resorts to *ad hominem* attacks on the President of Interamerican, David Rivera. Deploying innuendo and multiple levels of hearsay, the Amended Complaint suggests wrongdoing, including criminal conduct, by Rivera, who is not a party to this action. *See* Am. Compl. ¶¶ 6-7, 43, 58-62. The salacious allegations in paragraphs 6-7, 43, and 58-62 are immaterial, impertinent, scandalous—and highly prejudicial. *See* Fed. R. Civ. P. 12(f). Moreover, Plaintiff admits that it has no evidence in support of them. *See* Am. Compl. ¶¶ 6, 60. Allegations suggesting criminal activity should be stricken from Plaintiff's pleading. *See* Fed. R. Civ. P. 12(f).

## FACTUAL BACKGROUND

On March 8, 2015, then-President Barack Obama issued Executive Order 13692, which declares a national emergency regarding "the situation in Venezuela" because of "the Government of Venezuela's erosion of human rights guarantees, persecution of political opponents, curtailment of press freedoms, use of violence and human rights violations and abuses in response to antigovernment protests, and arbitrary arrest and detention of antigovernment protestors, as well as the exacerbating presence of significant public corruption." 80 F.R. 12747 (2015).[1] Executive Order 13857, issued by President Donald J. Trump on January 25, 2019, finds the regime of Venezuelan President Nicolas Maduro Moros "illegitimate" and addresses "human rights

---

[1] https://www.govinfo.gov/content/pkg/FR-2015-03-11/pdf/2015-05677.pdf, last accessed on December 17, 2020.

1

violations and abuses in response to anti-Maduro protests, arbitrary arrest and detention of anti-Maduro protestors, curtailment of press freedom, harassment of political opponents, and continued attempts to undermine the only legitimate branch of government duly elected by the Venezuelan people, and to prevent the Interim President and the National Assembly from exercising legitimate authority in Venezuela." 84 F.R. 509 (2019).[2]

## ARGUMENT

### I. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure "permits the court to strike from pleadings 'any redundant, immaterial, impertinent, or scandalous matter.'" *Dent v. U.S. Tennis Ass'n, Inc.*, No. 08-cv-1533 (RJD)(VVP), 2008 WL 2483288, at *1 (E.D.N.Y. June 17, 2008) (quoting Fed. R. Civ. P. 12(f)). Motions pursuant to Rule 12(f) are "committed to the sound discretion of the district court." *Id*.

Such motions are generally disfavored, but "[i]f a party has suffered prejudice as a result of scandalous allegations . . . the solution under Rule 12(f) is not thereafter to ignore the party's plight." *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 556 (S.D.N.Y. 2002) (striking allegations). Courts in the Second Circuit have granted Rule 12(f) motions and stricken as irrelevant and prejudicial allegations regarding, *inter alia*, "personal wealth," "[personal] integrity," "embarrassing and personal information," and "sexual[] harass[ment of] an employee other than [the] plaintiff." *Bray v. Purple Eagle Ent., Inc.*, No. 18-cv-5205 (GBD)(HBP), 2019 WL 1549044, at *6 (S.D.N.Y. Jan. 18, 2019), *R&R adopted*, 2019 WL 549137 (S.D.N.Y. Feb. 12, 2019) (collecting cases).

"[T]o prevail on a motion under Rule 12(f), the moving party must show that (i) no

---

[2] https://home.treasury.gov/system/files/126/13857.pdf, last accessed on December 17, 2020.

2

evidence in support of the allegations would be admissible; (ii) that the allegations have no bearing on the issues in the case; and (iii) that to permit the allegations to stand would result in prejudice to the movant." *Trodale Holdings LLC v. Bristol Healthcare Invs., L.P.*, No. 16-cv-4254 (KPF), 2017 WL 5905574, at *15 (S.D.N.Y. Nov. 29, 2017) (quotations and alterations omitted); *see Dent*, 2008 WL 2483288, at *1.  These requirements are met easily here.

## II.  The Allegations Should be Stricken

The Amended Complaint seeks to tar and harass Mr. Rivera by making vague allegations, full of innuendo, that are impossible to defend.  For example, paragraphs 58 and 59 simply provide purported quotes from news articles, with no explanation for how they are relevant to this case (which they are not).  *See* Am. Compl. ¶¶ 58-59.  Paragraph 60 then calls the hearsay statements "false."  *Id.* ¶ 60.  Similarly, the Amended Complaint quotes a purported news article to suggest that Rivera was involved in "funneling" money, *see id.* ¶ 6, and references funneling millions of dollars to the Venezuelan political opposition, without indicating the relevance of the statements other than to be suggestive of some vague wrongdoing.  *See id.* ¶¶ 60-61.  The Amended Complaint goes so far as to outright accuse Rivera of involvement in illegal activity.  *See id.* ¶¶ 7, 43.  Plaintiff posits that all these vague references somehow relate to the contract over which it is suing as a "sham," with no explanation for the relevance to a breach of contract claim.  *See id.* ¶ 62.  These allegations are "amorphous, unspecific and cannot be defended against."  *G-I Holdings, Inc.*, 238 F. Supp. 2d at 556.  They also are prejudicial, cannot be supported with admissible evidence, and irrelevant.

### A.  The Allegations Are Prejudicial, Cast Unfounded Criminal Aspersions, Attack Mr. Rivera's Integrity, Are Impertinent, and Serve Only to Intimidate

The allegations do not advance Plaintiff's case or support any element of the claims, but instead are made apparently to intimidate or harass Interamerican's President, especially as they

3

are directed at him, not at Defendant. They make suggestive and baseless statements about supposed criminal activity by him personally." *See* Am. Compl. ¶¶ 6-7, 43, 58-60. Although "'courts should not tamper with the pleadings unless there is strong reason for doing so,' allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Petrello v. White*, No. 01-cv-3082 (DRH)(AKT), 2018 WL 4344955, at *7 (E.D.N.Y. Sept. 11, 2018) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)) (quotation and citation omitted); *see Eaton v. Am. Media Operations*, No. 96-cv-6158 (MBM), 1997 WL 7670, at *5 (S.D.N.Y. Jan. 9, 1997) (even "[a]rguably relevant material may . . . be stricken . . . where it might prejudice the moving party").

### B. The Allegations Are Based on Inadmissible Hearsay and Speculation

The allegations rely on news articles, themselves out-of-court statements, which claim to quote further out-of-court statements by Rivera without reference to whether the news reporter directly heard the statement or is quoting additional sources—thereby involving multiple levels of hearsay. "Newspaper articles offered for the truth of the matter asserted are inadmissible hearsay." *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 217 (S.D.N.Y. 2007); *see Odom v. Matteo*, 772 F. Supp. 2d 377, 404 (D. Conn. 2011) (collecting cases).

Moreover, Plaintiff tries to hedge with impermissible speculation throughout, repeatedly prefaced with "to the extent that." *See* Am. Compl. ¶¶ 43, 61-62. And, the Amended Complaint itself demonstrates these allegations are purely aspersions when it pleads that "it could locate no evidence" in support of them. *See id.* ¶ 60.

### C. The Allegations Are Irrelevant, as They Have No Bearing on the Case and Admittedly No Basis in Evidence

As an initial matter, Rivera is not a defendant in this case—only Interamerican is. Yet it is Rivera on whom the Amended Complaint focuses—without pleading that any of Mr. Rivera's

4

purported statements were made as a representative of Interamerican. In addition, the allegations, which seem to concern Rivera's view of the contract at issue, have no bearing on the case because breach of contract does not require *scienter* or intent. *See In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 435 (S.D.N.Y. 2010) ("unlike fraud, breach of contract does not require proof of scienter") (quoting *Kassover v. UBS AG*, 619 F. Supp. 2d 28, 39 (S.D.N.Y. 2008)). Alleging that Interamerican entered into an agreement that was a "sham" does not advance or relate to the elements of any claim being brought on a theory of breach of contract. *See* Am. Compl. ¶¶ 61-62.

### D. The Court Should Strike the Allegations

"Under [Rule 12], allegations may be stricken where they have no bearing on the parties' claims or defenses, will likely be prejudicial, or where they have criminal overtones." *Bray*, 2019 WL 549137, at *3 (quotations omitted). These allegations are rife with overtones of criminality—without any facts. "In addition to being inadmissible as hearsay, unproved allegations of misconduct are not proof of anything. Thus, courts have stricken allegations in complaints referring to investigations of allegations of wrongdoing, even when conducted by governmental agencies." *Dent*, 2008 WL 2483288, at *3; *see also Aboeid v. Saudi Arabian Airlines, Inc.*, No. 10-cv-2518 (SJ)(VVP), 2011 WL 2222140, at *4 (E.D.N.Y. June 1, 2011) (striking from complaint impermissible character evidence that had "no bearing on the issues in the case").

## CONCLUSION

For the foregoing reasons, Interamerican respectfully asks the Court to strike these allegations.

5

Dated: December 18, 2020
      New York, New York

                                            Respectfully submitted,

Kathryn Lee Boyd
Shira Lauren Feldman
Alan Alvela
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
(646) 480-1453
(646) 480-1406
lboyd@hechtpartners.com
sfeldman@hechtpartners.com
aalvela@hechtpartners.com

6

**CERTIFICATE OF COMPLIANCE**

Pursuant to Section II(D) of the Individual Practices of the Honorable John G. Koeltl, I, Kathryn Lee Boyd, certify on this 18th day of December, 2020, that the foregoing Memorandum of Law is 1,494 words and complies with all formatting requirements as provided in Judge Koeltl's Individual Practices.

Kathryn Lee Boyd
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
lboyd@hechtpartners.com