UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PDV USA, Inc.<br><br>        Plaintiff,<br><br>v.<br><br>Interamerican Consulting, Inc.<br><br>        Defendant. | No. 20-cv-03699-JGK<br><br>ANSWER AND DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL |

Defendant, Interamerican Consulting, Inc. ("Interamerican" or "Defendant"), answers and asserts to defenses to the Amended Complaint, and further counterclaims, as follows:

## ANSWER

### AS TO "THE NATURE OF THE CASE"

1. Interamerican admits that on March 21, 2017, PDV USA, Inc. and Interamerican entered into the referenced Agreement, but denies Plaintiff's characterization of the Agreement

2. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint, including the characterization of actions by the United States government, the Venezuelan government, and the Delaware Court of Chancery, which speak for themselves.

4. Interamerican denies Paragraph 4 of the Amended Complaint to the extent it alters, varies, or contradicts the terms of the Agreement. Interamerican further denies the characterization of the purpose of the Agreement.

5. Interamerican denies Paragraph 5 of the Amended Complaint to the extent it alters, varies, or contradicts the terms of the Agreement. Interamerican further denies breaching the Agreement, and affirmatively states that it complied with the reporting requirements under the Agreement.

6. Interamerican denies Paragraph 6 of the Amended Complaint. Interamerican further denies the characterization of any alleged statements attributed to David Rivera and the attribution of "credulity," or the lack thereof, as alleged in Paragraph 6.

7. Interamerican denies Paragraph 7 of the Amended Complaint. Interamerican further denies making any "claims" inconsistent with progress reports and denies breaching the Agreement as alleged.

8. Interamerican denies Paragraph 8 of the Amended Complaint.

9. Interamerican denies Paragraph 9 of the Amended Complaint, except Interamerican admits to having received partial payments for services rendered to PDV USA, Inc. under the Agreement.

10. Interamerican denies Paragraph 10 of the Amended Complaint as to the allegations that it failed to "perform under the Agreement," but admits claiming the balance due under the Agreement of $30 Million.

11. Interamerican denies Paragraph 11 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

12. Interamerican denies Paragraph 12 of the Amended Complaint to the extent it purports to be premised upon any legitimate basis for liability for recovery.

13. Interamerican denies Paragraph 13 of the Amended Complaint to the extent it purports to be premised upon any "alternative" for liability or recovery. Further, Interamerican

denies having breached the Agreement or any liability for disgorgement. Rather, PDV USA, Inc. breached the Agreement by failing to pay Interamerican $30 Million lawfully due under the Agreement.

## AS TO "THE PARTIES"

14. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Interamerican admits the allegations set forth in the first two sentences in paragraph 15 of the Amended Complaint. Interamerican admits that David Rivera is the president and registered agent of Interamerican. Interamerican denies that Interamerican has two employees and that Diana Rivera McKenzie is an employee or vice president of Interamerican.

## AS TO "JURISDICTION AND VENUE"

16. Interamerican admits Paragraph 16 of the Amended Complaint for jurisdictional purposes only under 28 U.S.C. § 1332.

17. Interamerican admits Paragraph 17 of the Amended Complaint only for establishing venue in the U.S. District Court for the Southern District of New York.

18. Interamerican denies Paragraph 18 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

## AS TO "FACTUAL BACKGROUND"

**As to "The Terms of the Agreement"**

19. Interamerican admits that on March 21, 2017, the Interamerican and PDV USA Inc. entered the Agreement which states "strategic consulting services." Otherwise, Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in parentheses ( ) in Paragraph 19 of the Amended Complaint. Interamerican denies

Paragraph 19 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

20. Interamerican denies Paragraph 20 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

21. Interamerican denies Paragraph 21 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

22. Interamerican denies Paragraph 22 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

23. Interamerican denies Paragraph 23 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement. Interamerican further denies the word "CLIENT" refers to PDVSA.

24. Interamerican denies Paragraph 24 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement. Interamerican further denies the word "CLIENT" refers to PDVSA, but admits the Agreement identified Pio Gonzalez as the "authorized representative" for PDV USA, Inc. to whom progress reports were sent.

25. Interamerican denies Paragraph 25 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

26. Interamerican denies Paragraph 26 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

27. Interamerican denies Paragraph 27 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

28. Interamerican denies Paragraph 28 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

29. Interamerican denies Paragraph 29 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

30. Interamerican denies Paragraph 30 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement. Interamerican denies that PDV USA, Inc's "sole satisfaction" could have been unreasonably withheld or, in fact, was ever withheld.

31. Interamerican denies Paragraph 31 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement. Interamerican further denies that it breached the Agreement.

32. Interamerican denies Paragraph 32 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement. Interamerican further denies that it breached the Agreement.

33. Interamerican denies Paragraph 33 of the Amended Complaint.

34. Interamerican denies Paragraph 34 of the Amended Complaint.

35. Interamerican denies Paragraph 35 of the Amended Complaint, except Interamerican admits submitting all required reports to an authorized representative for PDV USA, Inc.

36. Interamerican admits submitting all required reports, but denies PDV USA, Inc.'s characterization of the reports in Paragraph 36 of the Amended Complaint. Interamerican further denies that the level of detail in the reports failed to comply with the Agreement, or that it otherwise had failed to inform PDV USA, Inc. of the efforts undertaken.

37. Interamerican admits submitting all required reports, but denies PDV USA, Inc.'s characterization of the reports in Paragraph 37 of the Amended Complaint. Interamerican further denies that the level of detail in the reports failed to comply with the Agreement, or that it otherwise had failed to inform PDV USA, Inc. of the efforts undertaken.

38. Interamerican admits submitting all required reports, but denies PDV USA, Inc.'s characterization of the reports in Paragraph 38 of the Amended Complaint. Interamerican further denies that the level of detail in the reports failed to comply with the Agreement or that it otherwise had failed to inform PDV USA, Inc. of the efforts undertaken.

39. Interamerican denies Paragraph 39 of the Amended Complaint. Interamerican further denies it failed to provided services for which engaged by PDV USA, Inc. Finally, Interamerican denies the alleged "purpose" stated by PDV USA, Inc.

40. Interamerican denies Paragraph 40 of the Amended Complaint.

41. Interamerican denies Paragraph 41 of the Amended Complaint. Interamerican further denies PDV USA, Inc. ever expressed any dissatisfaction with Interamerican's performance under the Agreement. In fact, PDV USA, Inc. demonstrated satisfaction with Interamerican's performance under the Agreement.

42. Interamerican denies Paragraph 42 of the Amended Complaint.

43. Interamerican denies Paragraph 43 of the Amended Complaint. Interamerican further denies PDV USA, Inc.'s characterization of any alleged statement attributed to David Rivera. Finally, Interamerican denies any such alleged statement connotes any violation of the Agreement.

44. Interamerican admits receiving payments under the Agreement but denies the allegation in Paragraph 44 of the Amended Complaint that it failed to provide the contracted-for services.

45. Interamerican admits Paragraph 45 of the Amended Complaint.

46. Interamerican admits Paragraph 46 of the Amended Complaint.

47. Interamerican admits receiving payments totaling $20 Million under the Agreement. Otherwise, Interamerican denies the allegations of Paragraph 47 of the Amended Complaint.

48. Interamerican admits PDV USA, Inc. has failed to pay the balance due under the Agreement totaling $30 Million. Otherwise, Interamerican denies the allegations of Paragraph 48 of the Amended Complaint.

49. Interamerican admits demanding payment of the balance due under the Agreement totaling $30 Million. Otherwise, Interamerican denies the allegations of Paragraph 49 of the Amended Complaint.

50. Interamerican admits asserting its right to enforce Agreement and demands the balance due thereunder totaling $30 Million. Otherwise, Interamerican denies the allegations of Paragraph 50 of the Amended Complaint

51. Interamerican admits refusing to consent to the Assignment and Assumption Consent Agreement annexed to the Amended Complaint. Otherwise, Interamerican denies the allegations of Paragraph 51 of the Amended Complaint.

52. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Amended Complaint; however, Interamerican admits the purported Assignment and Assumption Consent Agreement lacked enforceability. Moreover, Interamerican asserts that PDV USA, Inc. remains liable under the Agreement.

53. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Amended Complaint; however, Interamerican admits the purported Assignment and Assumption Consent Agreement lacked

enforceability. Moreover, Interamerican asserts PDV USA, Inc. remains liable under the Agreement.

54. Interamerican admits Paragraph 54 of the Amended Complaint to the extent the purported Assignment and Assumption Consent Agreement lacked enforceability.

55. Interamerican admits Paragraph 55 of the Amended Compliant, and further asserts continuing to contest the enforceability of the Assignment and Assumption Consent Agreement.

56. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Amended Complaint; however, Interamerican admits the purported Assignment and Assumption Consent Agreement lacked enforceability. Moreover, Interamerican asserts that PDV USA, Inc. remains liable under the Agreement.

57. Interamerican denies Paragraph 57 of the Amended Complaint.

58. Interamerican denies Paragraph 58 of the Amended Complaint. Interamerican further denies the characterization of any alleged statement attributed to David Rivera.

59. Interamerican denies Paragraph 59 of the Amended Complaint. Interamerican further denies the characterization of any alleged statement attributed to David Rivera.

60. Interamerican denies Paragraph 60 of the Amended Complaint. Interamerican further denies the characterization of the so-called "claims," and the attribution of "credulity," or the lack thereof, as alleged in Paragraph 60.

61. Interamerican denies Paragraph 61 of the Amended Complaint. Interamerican further denies the characterization of the use of funds and any assertion that the progress reports submitted contained false statements.

62. Interamerican denies Paragraph 62 of the Amended Complaint. Interamerican further denies that the Agreement was a "sham."

63. Interamerican denies Paragraph 63 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

64. Interamerican admits and denies Paragraph 64 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

65. Interamerican admits Paragraph 65 of the Amended Complaint.

66. Interamerican denies Paragraph 66 of the Amended Complaint.

67. Interamerican denies Paragraph 67 of the Amended Complaint.

68. Interamerican denies Paragraph 68 of the Amended Complaint.

69. Interamerican admits and denies Paragraph 69 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

70. Interamerican denies Paragraph 70 of the Amended Complaint.

71. Interamerican denies Paragraph 71 of the Amended Complaint.

72. Interamerican denies Paragraph 72 of the Amended Complaint.

73. Interamerican admits and denies Paragraph 73 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

74. Interamerican denies Paragraph 74 of the Amended Complaint.

75. Interamerican denies Paragraph 75 of the Amended Complaint.

76. Interamerican denies Paragraph 76 of the Amended Complaint. PDV USA, Inc. actually paid Interamerican $20 Million.

77. Interamerican denies Paragraph 77 of the Amended Complaint.

78. Interamerican denies Paragraph 78 of the Amended Complaint.

79. Interamerican admits and denies Paragraph 79 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

80. Interamerican denies Paragraph 80 of the Amended Complaint, except Interamerican admits PDV USA, Inc. has failed and refused to pay the balance due under the Agreement totaling $30 Million.

81. Interamerican denies Paragraph 81 of the Amended Complaint.

82. Interamerican denies Paragraph 82 of the Amended Complaint.

83. Interamerican denies Paragraph 83 of the Amended Complaint.

84. Interamerican denies Paragraph 84 of the Amended Complaint.

## GENERAL DENIAL

Defendant denies all allegations contained in the Complaint (including headings and captions) not specifically admitted in this Answer.

## DEFENSES

Defendant asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action and hereby reserves all rights to amend and/or supplement all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Discharge by Prior Breach)

PDV USA, Inc.'s prior breach of the Agreement in failing and refusing to pay Interamerican the amounts due under the Agreement excused and discharged Interamerican from further having to perform under the Agreement.

## SECOND DEFENSE
(*Waiver*)

PDV USA, Inc. waived any alleged failure by Interamerican to performance its obligations under the Agreement by failing to object to any such nonperformance, failing to declare a default, and failing to terminate the Agreement.

## THIRD DEFENSE
(*Ratification*)

PDV USA, Inc., with knowledge and assent, ratified and accepted any performance by Interamerican under the Agreement notwithstanding any alleged failure to Interamerican to perform its obligations.

## FOURTH DEFENSE
(*Estoppel*)

Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE
(*Laches*)

Plaintiff's claims are barred by the doctrine of laches.

## SIXTH DEFENSE
(*Unclean Hands*)

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE
(*Express Contract*)

Plaintiff's claims for unjust enrichment fails because there is an express contract between PDV USA and Interamerican.

## EIGHTH DEFENSE
(*Mitigation of Damages*)

Plaintiff's claims are barred because, and to the extent, it failed to mitigate its alleged damages.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief and judgment, as follows:

A.  Denying Plaintiff's prayer for relief;

B.  Entering judgment for Defendant;

C.  Dismissing the Complaint with prejudice;

D.  Granting Defendant such other and further relief to which it may be entitled, or which the Court deems just and proper.

**COUNTERCLAIM**

Defendant/Counter-Plaintiff, Interamerican Consulting, Inc. ("Interamerican"), sues Plaintiff/Counter-Defendant PDV USA, Inc. ("PDV USA"), and alleges:

**INTRODUCTION**

1.  With the intent of improving its standing in the United States, Citgo Petroleum Corporation ("Citgo") was interested in hiring Interamerican as a consultant to develop a strategic plan to create a separate and distinct identity and to disengage from its ultimate parent, Petroleos de Venezuela, S.A. ("PDVSA")—an oil and natural gas company owned and controlled by the Bolivarian Republic of Venezuela. Citgo specially sought out Interamerican and its principal, former U.S. Congressman David Rivera, because of his exceptional experience, expertise, and skills in the U.S. public and private sectors. To entice Interamerican to accept the engagement, Citgo offered to pay the sum of $50 Million. Considering the billions of dollars at stake with Citgo's public and business stature in jeopardy, Citgo obviously deemed the fee reasonable because the proposed fee originated from Citgo without prompting or input from Interamerican.

2.  After some discussions, Interamerican and Citgo, acting through its affiliate PDV USA, entered into an agreement on March 21, 2017, for Interamerican to provide these strategic

planning consulting services for the benefit of Citgo. Interamerican accepted the unsolicited engagement and began performing the required consulting services. At no time did Citgo ever express dissatisfaction with Interamerican's performance. Indeed, not until Interamerican refused to allow the agreement to be assigned from PDV USA to PDVSA—a move which would have undermined Interamerican's strategic recommendation that Citgo emphasize its independent identity from its Venezuelan parent—did Interamerican experience any resistance from PDV USA to make the payments due. Even then, PDV USA never notified Interamerican of any alleged dissatisfaction, never declared Interamerican in default, and never even terminated or revoked the agreement. As an enticement (and as a clear indication of PDV USA's satisfaction with Interamerican's performance), Interamerican was offered to be paid the balance of the agreement—then totaling $35 Million—in advance of the contractually mandated payment schedule if Interamerican simply consented to the assignment of the agreement from PDV USA to PDVSA. When that enticement did not persuade Interamerican, an additional $5 Million payment was made, but Interamerican still refused to relent on the issue of contract assignment.

3. Only after Interamerican refused all entreaties and would not consent to the assignment request did problems with the agreement arise. First, PDV USA failed to make the remaining payments due under the agreement, prompting Interamerican to make repeated demands for payment. Thereafter, attempting an obvious preemptive strike, PDV USA filed the instant action (almost three years after Interamerican refused to consent to the assignment), for the first time making unsubstantiated allegations of breach.

4. PDV USA, not Interamerican, breached the agreement. Interamerican owes PDV USA nothing under the agreement. Rather, PDV USA owes Interamerican the balance due under the agreement totaling $30 Million.

## JURISDICTION AND THE PARTIES

5. This is a compulsory counterclaim under Fed. R. Civ. P. 13(a) because it arises out of the transaction or occurrence that is the subject matter of PDV USA's Amended complaint and does not require adding another party over whom the Court cannot acquire jurisdiction.

6. The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

7. Counterdefendant PDV USA is a corporation incorporated in Delaware with its principal place of business in New York, New York.

8. Counterplaintiff Interamerican is a corporation incorporated in Florida with its principal place of business is principal place of Miami, Florida.

## FACTUAL BACKGROUND

9. In March of 2017, Citgo contacted Interamerican to potentially hire it as a strategic planning consultant to develop an independent identity and to disengage from its Venezuelan parent. Citgo hoped that this would improve Citgo's standing in the United States.

10. The president of Interamerican, David Rivera, proved to be the perfect person for the consulting role. As a former U.S. Congressman with more than 20 years of experience in governmental affairs and strategic planning (which includes previously working for the U.S. State Department and serving as an elected official at the state and local levels), Rivera had the experience, expertise, and skills to help Citgo implement a strategic plan to develop an independent identity and to disengage from its Venezuelan parent.

11. After several unsolicited phone calls and emails discussing the scope of the engagement, Citgo informed Interamerican that it wanted to proceed with entering into a consulting agreement. Citgo, however, entered into the contract using one of its U.S.-based

affiliates PDV USA. Citgo then prepared the draft agreement in its entirety and sent it to Interamerican for its review and consideration.

12. On March 21, 2017, Interamerican accepted Citgo's draft agreement with no changes. Interamerican and PDV USA signed the agreement and started the contractual relationship between Citgo and Interamerican ("Agreement"). A copy of the Agreement is attached as Exhibit "A."

13. Under the Agreement, PDV USA agreed to pay Interamerican $50 million dollars in exchange for Interamerican's strategic planning consulting services for the benefit of Citgo to develop an independent identity for Citgo and to disengage from its Venezuelan parent, which in turn, would improve Citgo's standing in the United States.

14. Interamerican provided all the consulting services contemplated under the Agreement, including setting up, facilitating, and participating in critical business communications, as well as providing all required reports discussing the activities that Interamerican performed during each reporting period to achieve the goals and purposes of the Agreement.

15. Despite providing all the services for the benefit of Citgo under the Agreement, PDV USA failed to pay the remaining $30 million owed under the Agreement.

16. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been excused.

**Count One**
**(Breach of Contract)**

17. Interamerican repeats and restates the allegations in all the preceding paragraphs as if fully set forth herein.

18. Interamerican entered into the Agreement under which Interamerican agreed to perform certain consulting services to PDV USA for the benefit of Citgo in exchange for PDV USA's agreement to pay Interamerican $50 million.

19. Even though Interamerican provided all the services to PDV USA for the benefit of Citgo under the Agreement, PDV USA only paid $20 million and refused to pay the remaining $30 million.

20. As a result of PDV USA's refusal to pay the remaining $30 million, PDV USA breached the Agreement.

21. As a direct and proximate result of PDV USA's breach, Interamerican has incurred direct and consequential damages.

**Count Two**
**(Unjust Enrichment)**

22. Interamerican repeats and restates the allegations in all the preceding paragraphs as if fully set forth herein.

23. Interamerican pleads this claim for unjust enrichment in the alternative should there be a finding that no relevant contract exists that covers the issues in this case.

24. PDV USA has been enriched because of Interamerican's services.

25. The enrichment was at Interamerican's expense.

26. The circumstances are such that equity and good conscience require PDV USA to make restitution.

**Count Three**
**(Declaratory Judgment)**

27. Interamerican repeats and restates the allegations in all the preceding paragraphs as if fully set forth herein.

28. An actual and ripe controversy exists between the parties in that PDV USA has asserted, and will continue to assert, that Interamerican breached the Agreement by not providing all the services required under the Agreement and that Interamerican must therefore return the funds it previously paid to Interamerican.

29. Interamerican's asserts that it provided all the services required under the Agreement, entitling it to retain the $20 million that PDV USA previously paid to Interamerican, and that PDV USA owes Interamerican the remaining balance of $30 million.

30. Interamerican and PDV USA have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment on the disputed matters raised herein.

31. Interamerican has a right to a declaration under 28 U.S.C § 2201, C.P.L.R § 3001, and Fed. R. Civ. P. 57, that PDV USA owes Interamerican $30 million because PDV USA breached the Agreement.

## **Prayer for Relief**

Wherefore, Interamerican requests that the Court:

a. Adjudge and decree finding PDV USA liable for breach of contract or unjust enrichment;

b. Declare that PDV USA owes Interamerican $30 million;

c. Enter judgment against PDV USA in favor of Interamerican for damages in the principal sum of $30 million (plus interest), and award any further compensatory damages (plus interest) at an amount to be determined at trial, and awards expenses and costs; and

d. grant such further relief as the Court deems just and proper.

## JURY DEMAND

Interamerican hereby demands a trial by jury on all issues raised in the counterclaim herein.

Dated: August 19, 2021

New York, New York

s/ *Tucker H. Byrd*
**Tucker H. Byrd**
Florida Bar No. 381632
**Min Cho**
Florida Bar No. 754331
BYRD CAMPBELL, P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: MCho@ByrdCampbell.com
Secondary Email: CKittel@byrdcampbell.com
*Counsel for Defendant/Counter-Plaintiff*
