UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
PDV USA, INC.,

       Plaintiff,

v.                                      Case No. 20-cv-3699
                                         **JURY TRIAL DEMANDED**

INTERAMERICAN CONSULTING INC.,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Plaintiff PDV USA, Inc. ("PDV USA" or "Plaintiff"), by and through its undersigned counsel, Willkie Farr & Gallagher LLP, answers and asserts affirmative defenses to the counterclaims (the "Counterclaims") of Interamercian Counseling Inc. ("Interamerican" or "Defendant") as follows:

### INTRODUCTION

1.   PDV USA denies the allegations of paragraph 1, except admits that Petroleos de Venezuela, S.A. ("PDVSA") is the ultimate parent of Citgo Petroleum Corporation ("Citgo"), that David Rivera is a former U.S. Congressman, and that PDV USA entered into an agreement with Interamerican for purported consulting services (the "Agreement").

2.   PDV USA denies the allegations of paragraph 2, except admits that PDV USA and Interamerican entered into the Agreement on March 21, 2017, and that Interamerican refused to consent to the "Assignment and Assumption Consent Agreement To 'Consulting Agreement, Dated March 21, 2017'" (the "Assignment and Assumption Consent Agreement") and denies

knowledge or information sufficient to form a belief as to the truth of the allegation that an offer was made to pay the balance under the Agreement to Interamerican.

3. PDV USA denies the allegations of paragraph 3, except admits that it filed this lawsuit and refers to the Amended Complaint for its contents.

4. PDV USA denies the allegations of paragraph 4.

## JURISDICTION AND THE PARTIES

5. The allegations of paragraph 5 contain legal conclusions and/or legal argument as to which no response is required.

6. PDV USA admits the allegations of paragraph 6.

7. PDV USA admits the allegations of paragraph 7.

8. PDV USA admits the allegations of paragraph 8 upon information and belief.

## FACTUAL BACKGROUND

9. PDV USA denies the allegations of paragraph 9.

10. PDV USA denies the allegations of paragraph 10, except admits that David Rivera is a former U.S. Congressman and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning David Rivera's alleged "experience in governmental affairs and strategic planning."

11. PDV USA denies the allegations of paragraph 11, except admits that PDV USA entered into the Agreement.

12. PDV USA denies the allegations of paragraph 12, except admits that Interamerican and PDV USA entered into the Agreement and that Exhibit A is a true and correct copy of the Agreement.

13. PDV USA denies the allegations of paragraph 13, except admits that PDV USA entered into the Agreement with Interamerican and refers to the Agreement for its contents

14. PDV USA denies the allegations of paragraph 14.

15. PDV USA denies the allegations of paragraph 15, except admits that PDV USA paid $15 million to Interamerican.

16. The allegations of paragraph 16 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, PDV USA denies the allegations of paragraph 16.

## COUNT ONE
### (Breach of Contract)

17. PDV USA repeats and re-alleges each and every response set forth above as if fully set forth herein.

18. PDV USA denies the allegations of paragraph 18, except admits that PDV USA and Interamerican entered into the Agreement and refers to the Agreement for its contents.

19. PDV USA denies the allegations of paragraph 19, except admits that PDV USA paid $15 million to Interamerican.

20. The allegations of paragraph 20 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, PDV USA denies the allegations of paragraph 20.

21. The allegations of paragraph 21 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, PDV USA denies the allegations of paragraph 21.

## COUNT TWO
**(Unjust Enrichment)**

22. PDV USA repeats and re-alleges each and every response set forth above as if fully set forth herein.

23. The allegations of paragraph 23 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, PDV USA denies the allegations of paragraph 23.

24. PDV USA denies the allegations of paragraph 24.

25. PDV USA denies the allegations of paragraph 25.

26. PDV USA denies the allegations of paragraph 26.

## COUNT THREE
**(Declaratory Judgment)**

27. PDV USA repeats and re-alleges each and every response set forth above as if fully set forth herein.

28. The allegations of paragraph 28 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, PDV USA denies the allegations of paragraph 28, except admits that an actual and ripe controversy exists between PDV USA and Interamerican.

29. PDV USA denies the allegations of paragraph 29.

30. The allegations of paragraph 30 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, PDV USA denies the allegations of paragraph 30.

31. PDV USA denies the allegations of paragraph 31.

**PRAYER FOR RELIEF**

32. PDV USA denies that Interamerican is entitled to any of the relief it requests.

**AFFIRMATIVE DEFENSES**

33. PDV USA asserts the following defenses to the Counterclaims without prejudice to any position it may take regarding the burden of proof on such defenses, and it reserves the right to assert additional defenses, including defenses based on facts revealed through discovery or further investigation.

**First Affirmative Defense**

34. The Counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

35. Interamerican's claim for breach of contract is barred by its own prior material breach.

**Third Affirmative Defense**

36. Interamerican's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel and/or waiver.

**Fourth Affirmative Defense**

37. Any claim for equitable or declaratory relief is barred because Defendant has an adequate remedy at law.

**Fifth Affirmative Defense**

38. Interamerican's claims are barred, in whole or in part, because the Agreement is invalid, illegal, null, and/or void ab initio, and thus unenforceable. Interamerican's President, David Rivera, made statements to the press shortly after the filing of this lawsuit, indicating that Interamerican never intended to provide the strategic consulting services that were the subject of the Agreement.

### Sixth Affirmative Defense

39. Interamerican's breach of contract claim is barred in whole or in part because it failed to satisfy a condition precedent under the Agreement.

**WHEREFORE**, Plaintiff hereby respectfully requests that this Court:

(i) Enter an order dismissing Defendant's counterclaims with prejudice;

(ii) Enter an order granting judgment in favor of Plaintiff as requested in the Amended Complaint; and/or

(iii) Enter such other and further relief as this Court deems just and equitable.

Dated: New York, New York
September 24, 2021

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Jeffrey B. Korn

Jeffrey B. Korn
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
JKorn@willkie.com

Michael J. Gottlieb
Sarah Wastler
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com
SWastler@willkie.com

*Attorneys for Plaintiff PDV USA, Inc.*

6