UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PDV USA, Inc.<br><br>Plaintiff,<br><br>v.<br><br><br>Interamerican Consulting, Inc.<br><br><br><br>Defendant. | No. 20-cv-03699-JGK<br><br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Discovery requests filed in the above-captioned action (the "Litigation") may call for the production of trade secrets and other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c); and personal data and other private or competitively or otherwise sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Litigation is warranted. Accordingly, Plaintiff PDV USA, Inc. and Defendant Interamerican Consulting, Inc. (the "parties," each a "party") request that the Court enter this proposed Protective Order (the "Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d) to facilitate document disclosure and production in the Litigation. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable

1

legal principles. Unless modified pursuant to the terms contained in this Order, this Order shall apply to the Litigation and remain in effect.

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information (hereinafter "Discovery Material") that the parties agree merit confidential treatment.

2. Either party may designate Discovery Material as "Confidential Information." With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits attached thereto, the producing party may designate such portion as "Confidential Information" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within fifteen (15) business days of receipt of the transcript. Until the 15 business-day period has expired, the entire deposition transcript shall be treated as "Confidential Information."

3. As used herein:

    a. "Confidential Information" shall mean all Discovery Material, and all information contained therein, that contains trade secrets, proprietary business information, competitively sensitive information, or other non-public commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith judgment of the producing party, be detrimental to the conduct of that party's business, commercial, financial, or personal interests or cause the producing party to violate his, her, or its privacy or confidentiality obligations to

2

others.

b. "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with discovery, or the party otherwise asserting confidentiality, as the case may be.

c. "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with discovery.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of Discovery Material as Confidential Information. If the Producing party does not agree to declassify such Discovery Material, the Receiving party may move before the Court for an order that such Discovery Material is not "Confidential Information" entitled to protection from public disclosure. If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information. If such motion is filed, the Discovery Material shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a. officers, directors, and personnel of Plaintiff, Defendant, or their affiliates, who are actually engaged in assisting in the prosecution or defense of the Litigation and who have been advised of their obligations hereunder;

b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such

3

|     |     |
| --- | --- |
|     | counsel in the prosecution or defense of the Litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder; |
| c.  | expert witnesses, consultants, or investigators retained by the parties or their counsel to furnish technical, expert, or other specialized advice to counsel in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof; |
| d.  | the Court and Court personnel; |
| e.  | an officer before whom a deposition is taken, including stenographic reporters, video technicians, and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 9 hereof; |
| f.  | Independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system; |
| g.  | trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraph 9 hereof; |
| h.  | persons indicated on the face of the Discovery Material to have been the author, addressee, or contemporaneous recipient of such material; and |
| i.  | any other person agreed to by the parties in writing. |

4

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness, consultant, or investigator (collectively, "Experts"), pursuant to paragraph 5.c hereof, counsel for the Receiving party shall provide the Expert's written assurance, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the party obtaining the written assurance shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(2)(B), except that any written assurance signed by an Expert who is not expected to be called as a witness at trial is not required to be supplied.

8. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Information.  The Court also retains discretion whether or not to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition

5

in this action any Discovery Material which has been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute the written assurance in the form of Exhibit A attached hereto. Counsel for the party obtaining the written assurance shall supply a copy to counsel for the other party.

10. A party may designate as Confidential Information subject to this Order any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to 15 days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as Confidential Information at any time up to 15 days after the transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such 15-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Confidential Information.

11. A Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with 7 days' written notice of its intent to file such material with the Court. The parties shall follow section VI of the Individual Practices

of Judge John G. Koeltl with respect to requests for filing under seal.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any Discovery Material that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided in paragraphs 2 and/or 10 of this Order, may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving party identifying the Document or information as Confidential Information within a reasonable time following the discovery that the Discovery Material has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

17. This Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the

      Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.  The provisions of this Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

18. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.  If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, a producing party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

19. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production.  The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently

Disclosed Information.  Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

22. Within 60 days after the final disposition of this Litigation, including any appeals thereof, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party. In the event that any party chooses to destroy Confidential Information, such party shall certify in writing within 60 days of the final disposition of this Litigation that it has undertaken its best efforts to destroy such Confidential Information, and that such Confidential Information has been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, as well as copies of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.  This Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Order is not binding on the Court or Court personnel.  The Court reserves the right to amend it at any time.

| | |
|---|---|
| WILKIE FARR & GALLAGHER LLP<br>By: */s/ Jeffrey B. Korn* | BYRD CAMPBELL, P.A.<br>By: */s/ Tucker H. Byrd* |
| Jeffrey B. Korn<br>787 Seventh Avenue<br>New York, New York 10019<br>(212) 789-8000<br>JKorn@willkie.com<br><br>Michael J. Gottlieb<br>1875 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 303-1000<br>MGottlieb@willkie.com | Tucker H. Byrd<br>Min Cho<br>Byrd Campbell, P.A.<br>180 Park Avenue North, Suite 2A<br>Winter Park, FL 32789<br>TByrd@ByrdCampbell.com<br>Mcho@ByrdCampbell.com |

SO ORDERED:

_____
Hon. John G. Koeltl
United States District Judge

10

EXHIBIT A
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PDV USA, Inc.

      Plaintiff,

v.

Interamerican Consulting, Inc.

      Defendant.

No. 20-cv-03699-JGK

## WRITTEN ASSURANCE

I, _____, state that:
1.  My address is_____.
2.  My present employer is _____.
3.  My present occupation or job description is _____
_____
4.  I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.
5.  I have carefully read and understand the provisions of the Stipulation.
6.  I will comply with all of the provisions of the Stipulation.
7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.
8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.
9.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____
By: _____
Print Name: _____