# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 14, 2022

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, NY 10006

Re: <u>PDV USA, Inc. v. Interamerican Consulting Inc., No: 1:20-cv-03699-JGK</u>

Dear Judge Koeltl:

      We represent plaintiff PDV USA, Inc. ("PDV USA") in the above-referenced action and write pursuant to Rules I.F and II.B of Your Honor's Individual Practices and Local Rule 37.2 to request a pre-motion conference to resolve a discovery dispute between the parties.

      Defendant Interamerican Consulting Inc. ("Interamerican") has objected to virtually all of PDV USA's interrogatories—specifically, interrogatories 1–16 ("Contested Interrogatories"), *see* Exs. A and B—on the grounds that they are premature or otherwise improper under Local Rule 33.3(b). The Contested Interrogatories ask basic, targeted questions about the consulting services purportedly provided by Interamerican as part of the contract at the heart of this matter, such as who Interamerican met with and what it did. In the absence of substantive responses to the Contested Interrogatories, PDV USA has no way of knowing where to focus discovery as this case progresses, a problem made all the more pressing by the major deficiencies in Interamerican's document productions.[1]

      By way of background, the core dispute in this breach of contract case is whether Interamerican performed its obligations under a March 2017 consulting services agreement (the "Agreement"). In the Agreement, Interamerican committed to provide "strategic consulting

---

[1] To date, Interamerican has produced a mere 129 documents and has not even begun to conduct a forensic search of the files of its *one* custodian, David Rivera. PDV USA is not, at this time, moving to compel with respect to Interamerican's document productions because Interamerican has now committed to undergo a forensically sound document collection, supervised by counsel, with a document vendor. It has also committed to re-producing the documents already produced to PDV USA using standard load files with corresponding metadata.

services" in exchange for $50 million over three months. *See generally* Amended Complaint, ECF No. 25. As alleged in the Amended Complaint—and confirmed in discovery thus far—Interamerican performed no consulting services of any kind under the Agreement. Interamerican provided only two short reports (having agreed to provide at least seven), which referred generically to a "strategic plan," "meetings," and "recommendations," but did not describe a single element of the alleged plan, identify meeting participants or meeting discussions, or specify what recommendations were made or to whom. Accordingly, it is critical that PDV USA be afforded discovery into who Interamerican met with and exactly what services (if any) were purportedly provided by Interamerican under the Agreement.

To that end, on October 1, 2021, PDV USA served seventeen interrogatories, to which the answers should have been straightforward. Ex. A Interamerican responded on November 1, 2021, answering only one of the seventeen interrogatories and objecting to the remainder. Ex. B. Thereafter, the parties exchanged written correspondence in an effort to resolve the dispute. Exs. C and D. Interamerican's sole objection remains its conclusory assertion that the Contested Interrogatories "exceed the scope of Local Rule 33.3." Ex. D.[2]

The Contested Interrogatories seek specific information about Interamerican's purported performance under the Agreement, including: (i) identification of the individuals and meetings referenced in one of Interamerican's reports (Interrogatory 2); (ii) identification of other meetings that may have taken place in connection with Interamerican's purported services (Interrogatories 3 and 4); (iii) the reasons for certain specifically identified payments made by Interamerican with funds received from PDV USA (Interrogatory 6); (iv) "adequate and complete details" of any services rendered under the Agreement (Interrogatory 1); (v) identification of Interamerican's bank accounts (Interrogatory 7); and (vi) explanations of particular phrases in Interamerican's reports purportedly describing services provided (Interrogatories 8–14). *See* Ex. A. Nothing in Local Rule 33.3 excuses Interamerican from responding to the Contested Interrogatories.[3]

First, the Contested Interrogatories are not premature under Local Rule 33.3. This case is well beyond "the commencement of discovery," meaning the parties are not limited to the types of interrogatories described in Local Rule 33.3(a). Discovery has been underway for over four months. PDV USA has produced over 1,200 documents from more than eight custodians, and subpoenaed (or attempted to serve) over a half-dozen third parties, some of which have produced documents. Any discovery delays are the fault of Interamerican, and Interamerican should not be allowed to perpetually avoid responding to the Contested Interrogatories because it cannot meet its other discovery obligations. Nor should PDV USA be forced to wait until depositions. Taking depositions without the information sought by the Contested Interrogatories would be

---

[2] During a meet and confer on December 16, 2021, PDV USA notified Interamerican that it may move to compel. Interamerican acknowledged, but offered no compromise position.

[3] Interamerican does not dispute that the Contested Interrogatories are relevant under Federal Rule 26.

inefficient and unreasonable.[4]  PDV USA served the Contested Interrogatories in large part to determine who it needs to depose in this action.

Second, the Contested Interrogatories are a "more practical" method of obtaining the information sought than a request for production or a deposition.  *See* Local Rule 33.3(b).  If Interamerican did indeed perform services in exchange for the $15 million in payments it received from PDV USA and the additional $30 million it is now seeking, those services and the related meetings should be easy to identify.  *See In* re *Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013) (interrogatories that "should entail comparatively simple responses" were the most efficient discovery tool).  Indeed, courts have granted motions to compel for the same types of interrogatories PDV USA seeks to enforce here.  *See Pratt v. Atalian Glob. Servs.*, 2021 U.S. Dist. LEXIS 64884, at *7 (S.D.N.Y. Apr. 2, 2021) (compelling response to interrogatory that asked to "identify every individual or entity with whom You communicated in connection with" certain allegations); *Weatherford*, 2013 WL 5788680, at *3 ("It would be inefficient to rely on witnesses at deposition to accurately recall a series of specific financial transactions made over five years ago.").[5]

For the reasons set forth herein, we respectfully request that the Court direct Interamerican to promptly respond to the Contested Interrogatories.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: */s/ Jeffrey B. Korn*

Jeffrey B. Korn
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com

*Attorney for Plaintiff*

cc:  All counsel of record (by ECF)

---

[4]  *See In* re *Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *2 (S.D.N.Y. Oct. 28, 2013) (granting in part motion to compel responses to interrogatories where moving party argued that "conducting further depositions without [the requested] information would be an 'exercise in frustration'").

[5]  *See, e.g.*, Ex. A, at 6–8 (Interrogatories 2–4: asking to identify individuals and meetings referred to in Interamerican's reports; Interrogatories 6–7: asking about specific transactions and bank accounts).