# EXHIBIT C

| | |
|---|---|
| **From:** | Keevil, Pia Williams <pkeevil@willkie.com> |
| **Sent:** | Monday, November 22, 2021 5:59 PM |
| **To:** | 'Tucker Byrd'; 'Min Cho'; Andrew Domingoes |
| **Cc:** | 'saurborn@ksmlaw.com'; 'lboyd@hechtpartners.com'; 'sfeldman@hechtpartners.com'; 'aalvela@hechtpartners.com'; Korn, Jeffrey; Gottlieb, Michael |
| **Subject:** | PDV USA v. Interamerican (20-cv-03699-JGK) |
| **Attachments:** | 2021.11.22  Letter Re Defendant_s ROs to Plaintiff_s Rogs 1.pdf |

Counsel,

Please see attached correspondence regarding Defendant's Response to Plaintiff's First Set of Interrogatories.

Regards,

Pia

**Pia Williams Keevil**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8693 | Fax: +1 212 728 8111
pkeevil@willkie.com | vCard | www.willkie.com bio

1

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 22, 2021

**VIA EMAIL**

Tucker H. Byrd
Min Cho
Byrd Campbell P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789

Re: *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 20-cv-03699-JGK

Counsel,

We write on behalf of PDV USA, Inc. ("PDV USA" or "Plaintiff") in response to Defendant Interamerican Consulting Inc.'s ("Interamerican" or "Defendant") Objections and Answers to Plaintiff's First Set of Interrogatories. Interamerican's responses are wholly inadequate and fail to comply with Fed. R. Civ. P. 33 or Local Rule 33.3.

As you know, other than providing an unresponsive list of "witnesses with knowledge of information relevant to the subject matter of the action" (Interrogatory 2), agreeing to produce relevant bank account records (Interrogatory 7), and providing a list of storage devices that "contain documents or communications relating to parties' claims or defenses in this Action" (Interrogatory 17), Defendant objects to each of Plaintiff's Interrogatories "as impermissible under Local Rule 33.3."

Pursuant to Local Rule 33.3(b), interrogatories may be served "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Among other things, Plaintiff's First Set of Interrogatories seeks (i) "adequate and complete details" of any services rendered under the Agreement, which Interamerican was required to provide in writing with its billing statements pursuant to the terms of the Agreement; (ii) identification of the specific individuals and meetings purportedly referenced in Interamerican's Final Report; (iii) identification of other meetings that may have taken place in connection with Interamerican's purported services under the Agreement; and (iv)

Tucker H. Byrd
Min Cho
November 22, 2021
Page 2

the reasons for certain specifically identified payments made by Interamerican with funds received from PDV USA.

Interrogatories are the most practical method of obtaining this information.  Plaintiff needs the requested information now so that it can conduct follow up discovery regarding the efforts Interamerican supposedly made during its three-month engagement by Plaintiff.  If Interamerican did indeed perform actual services in exchange for the $15 million in payments it received from Plaintiff and the additional $30 million it is now seeking, those services should be easy to identify.  Plaintiff should not be made to wait for depositions or for document productions and your invocation of Local Rule 33.3 without any explanation justifying the objection is not a valid response to these interrogatories.  If anything, Interamerican's continued evasion merely serves to confirm that there were no services rendered pursuant to the Agreement.

Please let us know by November 30, 2021, if you will reconsider Interamerican's blanket and unsupported objections to our straightforward interrogatories.  Otherwise we will be left with no choice but to move to compel answers.

Sincerely,

*Pia Keevil*

Pia Keevil


cc:     Henry L. Saurborn, Jr. (saurborn@ksmlaw.com)
        Kathryn Lee Boyd (lboyd@hechtpartners.com)
        Shira Lauren Feldman (sfeldman@hechtpartners.com)
        Alan Avela (aalvela@hechtpartners.com)