January 24, 2022

**VIA ECF**

Honorable Judge Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: PDV USA, Inc. v. Interamerican Consulting Inc., Case No.: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent Interamerican Consulting Inc. ("Interamerican") in the above-referenced case. In accordance with Rules I.F and II.B. of the *Individual Practices of John G. Koeltl*, Local Civil Rule 37.2, and this Court's *Order* dated January 21, 2022, we file this letter in response to the letter submitted by PDV USA, Inc. ("PDV USA") requesting a pre-motion conference on January 14, 2022.

The parties' dispute centers around PDV USA's attempt to serve improper interrogatories under Local Civil Rule 33.3 at the commencement of discovery.[1] PDV USA served its First Set of Interrogatories ("Interrogatories") at the inception of discovery on October 1, 2021—the deadline to serve initial party discovery requests as provided in the Court's Case Management and Scheduling Order (Doc. 51) and just a little over two weeks after serving its First Request for Production on September 15, 2021—seeking vast and highly-detailed descriptions of Interamerican's performance under the Consulting Agreement ("Agreement") at issue in this case. A true and correct copy of the Interrogatories are attached hereto as **Exhibit "B".** The Interrogatories sought, among other things, detailed descriptions of the consulting services Interamerican performed under the Agreement, meetings with Citgo Petroleum Corporation ("Citgo") and political figures, and descriptions of David Rivera's statements to the press. *See generally* Ex. A. Such detailed information goes well beyond the discrete categories of information obtainable under Local Civil Rule 33.3(a). *See Roelcke v. Zip Aviation, LLC*, No. 15-CV-6284-JGK-JLC, 2020 WL 5752228, at *1 (S.D.N.Y. Sept. 25, 2020) (Local Civil Rule 33.3(a) contemplates interrogatories at the commencement of discovery "only to obtain certain discrete information (*i.e.*, names of witnesses, damages computation, location and custodian of relevant documents etc.) . . . ."). This alone renders PDV USA's Interrogatories deficient for the purposes of Local Civil Rule 33.3.

In its letter, PDV USA incorrectly suggests that the Interrogatories were not premature because this litigation is well beyond the commencement of discovery. But the passage of time does not

---

[1] Interamerican has already provided PDV USA with a detailed explanation of its objections to PDV USA's improper interrogatories via email on November 30, 2021. A true and correct copy of this correspondence is attached as **Exhibit "A".**

1

render the improper Interrogatories now proper, and PDV USA cites no authority for this proposition. Further, insofar as PDV USA's Interrogatories seek information that can be obtained under Local Civil Rule 33.3(a), Interamerican provided a list of witnesses with knowledge of information relevant to the subject matter of the action, a list of devices containing information relating to the parties' claims and defenses, and it agreed to produce relevant bank account records within its possession, custody, or control. A true and correct copy of Defendant Interamerican Consulting, Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories ("Objections and Answers") is attached hereto as **Exhibit "C".**

PDV USA has also not shown that its Interrogatories are the most practical method of obtaining discovery, as required under Local Civil Rule 33.3(b). *See* Local Rule 33.3(b) (stating that interrogatories other than those seeking the information described in paragraph (a) of Local Civil Rule 33.3 can only be served "if they are a more practical method of obtaining the information sought than a request for production or deposition"). PDV USA's Interrogatories require Interamerican to do far more than simply identify meetings and services performed under the Agreement, as it now contends. To the contrary, PDV USA asks Interamerican to **"describe in detail:"**

    (1)    Interamerican's performance under the Agreement;

    (2)    meetings and communications with employees or agents of Citgo, PDV USA, PDVSA, individuals associated with the Venezuelan Government or opposition, and other third-parties;

    (3)    statements Rivera allegedly made to the press;

    (4)    the disbursement of certain funds received from PDV USA or PDVSA; and

    (5)    strategies and goals discussed in Interamerican's Final Report.

*See generally* Ex. A at Requests 1–6, 8–15. These interrogatories call for long, narrative-based descriptions that would be highly impractical in the context of an interrogatory. *See Mitre Sports Int'l Ltd. v. Home Box Off., Inc.*, 304 F.R.D. 369, 376–77 (S.D.N.Y. 2015) ("[I]nterrogatories are more practical where information can be provided by short, simple responses and the interrogatories do not require long narrative responses") (citing *E*Trade Fin. Corp. v. Deutsche Bank, AG,* 05 Civ. 902 (RWS), 2006 WL 3267267 at *1 (S.D.N.Y. Nov. 13, 2006)).

As a final point, Interamerican strongly disagrees with PDV USA's contention that Interamerican is somehow evading discovery because it objects to PDV USA's improper interrogatories. PDV USA needlessly delayed Interamerican's production by refusing to respond to Interamerican's Proposed Stipulated Confidentiality Order ("Confidentiality Order")—notwithstanding PDV USA's prior agreement that all production would be subject to a Court-approved stipulated protective order. Interamerican initially circulated the Confidentiality Order on October 18, 2021, only after PDV USA indicated it would provide one, but repeatedly failed to do so. The Confidentiality Order was not finalized by the parties until December 14, 2021. Further, PDV USA waited until the December 17, 2021—just a week before the Christmas holiday—to ask

Interamerican to run 34 search terms.[2] A true and correct copy of the December 17, 2021 Letter is attached hereto as **Exhibit "D".** Nevertheless, Interamerican has run all of PDV USA's proposed search terms and is currently preparing to produce responsive documents. Finally, Interamerican has never indicated that it is unwilling to describe the extensive consulting services it performed under the Agreement—Interamerican simply asks that PDV USA seek information in compliance with the Local Rules of this Court, and conduct this discovery through proper means—in this case, a deposition of Interamerican's corporate representative.

For the reasons set forth herein, Interamerican respectfully requests that the Court deny the relief sought in PDV USA's letter.

Respectfully submitted,


Jason Johnson

Byrd Campbell, P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
(407)392-2285
JJohnson@ByrdCampbell.com

*Attorney for Defendant/Counter-Plaintiff*

Cc: All counsel of record by ECF

---

[2] The number of search terms PDV USA asked Interamerican to run dwarfs the five (5) search terms it unilaterally decided to run without any consultation with Interamerican. *See* Ex. D at 3–4. PDV USA has since refused to run any additional search terms requested by Interamerican.