# Andrew Domingoes

**From:** Min Cho
**Sent:** Tuesday, November 30, 2021 1:50 PM
**To:** Keevil, Pia Williams; Tucker Byrd; Andrew Domingoes
**Cc:** 'saurborn@ksmlaw.com'; 'lboyd@hechtpartners.com'; 'sfeldman@hechtpartners.com'; 'aalvela@hechtpartners.com'; Korn, Jeffrey; Gottlieb, Michael
**Subject:** RE: PDV USA v. Interamerican (20-cv-03699-JGK)

Pia,

We are in receipt of your November 22, 2021 Letter. After careful consideration of the issues raised in the Letter, we cannot agree to amend Interamerican's objections and answers to PDV USA's interrogatories as they far exceed the scope of Local Rule 33.3.

First, PDV USA's First Set of Interrogatories seeks information that is improper at the commencement of discovery under Local Rule 33.3(a). There is no question that the interrogatories were served at the commencement of discovery. Indeed, to date, we haven't even exchanged any documents. Plaintiffs served their First Set of Interrogatories at the inception of discovery on October 1, 2021—just a little over two weeks after serving their First Request for Production on September 15, 2021—seeking vast and highly detailed descriptions of Interamerican's performance under the Agreement, communications with others, and use of funds, among other things. Such detailed information goes well beyond the discrete categories of information obtainable under Local Rule 33.3(a). *See Roelcke v. Zip Aviation, LLC*, No. 15-CV-6284-JGK-JLC, 2020 WL 5752228, at *1 (S.D.N.Y. Sept. 25, 2020) (Local Rule 33.3(a) contemplates interrogatories at the commencement of discovery "only to obtain certain discrete information (*i.e.*, names of witnesses, damages computation, location and custodian of relevant documents etc.) . . . ."). This alone renders PDV USA's Interrogatories insufficient.

Insofar as PDV USA's Interrogatories seek information that can be obtained under Local Rule 33.3(a), Interamerican has provided a list of witnesses with knowledge of information relevant to the subject matter of the action, a list of devices containing information relating to the parties' claims and defenses and has agreed to produce relevant bank account records within its possession, custody, or control.

Moreover, Local Rule 33.3(b) does not apply since PDV USA's First Set of Interrogatories were served at the commencement of discovery. In any event, PDV USA has also not shown that interrogatories are the most practical method of obtaining discovery under Local Rule 33.3(b). Local Rule 33.3(b) provides that interrogatories may only be served "if they are a more practical method of obtaining the information sought than a request for production or deposition." PDV USA's requests for detailed descriptions include: (1) Interamerican's performance under the Agreement; (2) meetings and communications with employees or agents of Citgo Petroleum Corporation, PDV USA, PDVSA, individuals associated with the Venezuelan Government or opposition, and other third-parties; (3) statements Rivera allegedly made to the press; (4) the disbursement of certain funds received from PDV USA or PDVSA; and (5) strategies and goals discussed in Interamerican's Final Report. These requests call for long, narrative-based descriptions that would be highly impractical in the context of an interrogatory. *See Mitre Sports Int'l Ltd. v. Home Box Off., Inc.*, 304 F.R.D. 369, 376–77 (S.D.N.Y. 2015) ("[I]nterrogatories are more practical where information can be provided by short, simple responses and the interrogatories do not require long narrative responses") (citing *E*Trade Fin. Corp. v. Deutsche Bank, AG,* 05 Civ. 902 (RWS), 2006 WL 3267267 at *1 (S.D.N.Y. Nov. 13, 2006)).

Finally, we disagree with your characterization and take issue with your statement that we are somehow evading discovery. We have told you on multiple occasions now that we would like to begin exchanging documents, but we have been unable to do so in light of PDV USA's failure to provide us substantive comments on the Proposed Stipulated Confidentiality Agreement that we sent you on October 18, 2021. As you know, we have followed-up with you about the

status of the Confidentiality Agreement several times now via email and phone. But you have not provided them despite our repeated requests.

Accordingly, Interamerican will not agree to amend Interamerican's objections and answers to PDV USA's First Set of Interrogatories. Please feel free to reach out if you would like to discuss.



**Min Cho**
Attorney
Byrd Campbell, P.A.
180 Park Avenue North, Suite 2A
Winter Park, FL  32789
407-392-2285 Phone
407-374-2550 Direct
mcho@byrdcampbell.com
www.byrdcampbell.com

This e-mail message and all attachments transmitted with it may contain LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please return to sender and delete this message and all copies and backups thereof.

**From:** Keevil, Pia Williams <pkeevil@willkie.com>
**Sent:** Monday, November 22, 2021 5:59 PM
**To:** Tucker Byrd <tbyrd@ByrdCampbell.com>; Min Cho <mcho@ByrdCampbell.com>; Andrew Domingoes <ADomingoes@ByrdCampbell.com>
**Cc:** 'saurborn@ksmlaw.com' <saurborn@ksmlaw.com>; 'lboyd@hechtpartners.com'; 'sfeldman@hechtpartners.com'; 'aalvela@hechtpartners.com'; Korn, Jeffrey <JKorn@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>
**Subject:** PDV USA v. Interamerican (20-cv-03699-JGK)

Counsel,

Please see attached correspondence regarding Defendant's Response to Plaintiff's First Set of Interrogatories.

Regards,

Pia

**Pia Williams Keevil**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8693 | Fax: +1 212 728 8111
pkeevil@willkie.com | vCard | www.willkie.com bio

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.