**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
PDV USA, INC.,
                                                        :
              Plaintiff,                    :
                                                        :
v.                                                      :      Case No. 20-cv-3699
                                                        :
INTERAMERICAN CONSULTING INC.,                          :
                                                        :
              Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff PDV

USA, Inc. ("Plaintiff") hereby requests (the "Requests") that Defendant Interamerican

Consulting Inc. ("Defendant"), answer the following interrogatories (collectively,

"Interrogatories" and individually, "Interrogatory") fully, in writing and under oath, and in

accordance with the Instructions and Definitions below, and serve such answers on the

undersigned counsel at the offices of Willkie Farr & Gallagher LLP, c/o Jeffrey Korn, Esq.,

787 Seventh Avenue, New York, New York 10019, within 30 days from the date hereof.

## **DEFINITIONS**

        1.      The definitions and rules of construction set forth in Rules 26 and 34 of

the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States

District Court for the Southern District of New York (the "Local Rules") shall apply to these

Interrogatories.  All terms not otherwise defined shall have their ordinary and common

meanings.

2.     "Action" means the above-captioned litigation and any pleadings filed in connection therewith.

3.     "Agreement" means the consulting agreement entered into by and between PDV USA and Interamerican as of March 21, 2017.

4.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6.      "Communication" means the transmittal of information by any means, including, without limitation, transmittal by electronic means such as electronic mail, including via both Interamerican and personal email accounts, text messaging, instant messaging, online chat platforms, recordings, or postings on social media sites.

7.     "Concern" or "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or in any way logically or factually connected with the matter discussed, in whole or part, directly or indirectly.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

9.     "Final Report" shall mean Interamerican's "Final Progress Reports and Recommendations," submitted by David Rivera to Mr. Pio González on December 31, 2017.

10. "Interamerican" "You," or "Your" shall mean and refer to Interamerican, Consulting, Inc., as well as its officers, directors, employees, agents, associates, partners, shareholders, corporate parents, subsidiaries, or affiliates.

11. "Person" shall mean a natural person or any entity, including, without limitation, a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, or any other entity of any type or description whatsoever, whether formed for business or other purposes.

12. "PDV USA" means PDV USA, Inc., a subsidiary of PDV Holding, Inc., which in turn is a wholly-owned subsidiary of PDVSA, as well as its officers, directors, employees, agents, associates, partners, shareholders, corporate parents, subsidiaries, or affiliates.

13. "PDVSA" means the state-owned oil and natural gas company of the Bolivarian Republic of Venezuela, as well as its officers, directors, employees, agents, associates, partners, shareholders, subsidiaries, or affiliates.

14. "Venezuelan Government" shall mean the government of Venezuela under the Nicolás Maduro regime, as well as its officials, committees, ministries, commissions, affiliates, divisions, agents, members, employees, ministers, attorneys, consultants, and representatives, past, present, or future, in their individual or representative capacities.

15. The use of the singular form of any word includes the plural and vice versa.

16. All terms defined herein shall have the meanings set forth in Definition Nos. 1 through 15 above, whether such terms are capitalized in these Interrogatories or not.

## INSTRUCTIONS

1.      Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2.      In answering these Interrogatories, set forth the Interrogatory in full before Your responses thereto.

3.      Where an interrogatory asks You to identify a person, Your response must state, to the extent known, the person's full name and contact details, including present or last known complete address, all known email addresses, all known telephone numbers, and all known instant messaging or chat accounts, and, in addition, when referring to a natural person, the person's present or last known place of employment or business affiliation (including complete address) and position.

4.      Where an interrogatory asks You to identify a meeting, communication, or discussion, Your response must state, to the extent known (i) The date(s); (ii) the manner in which the meeting, communication, or discussion occurred, whether in-person, by telephone, by email, by text message, instant message, WhatsApp, or other chat function, by video-conference, or by other virtual means; (iii) the duration; (iv) a list of all persons present; (v) the purpose; and (vi) a description of what was said.

5.      In answering these Interrogatories, furnish all information available to You or subject to Your reasonable inquiry, including information in the possession, custody or control of Your representative.

6.      If You cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and

stating all information or knowledge presently available to You concerning the unanswered portion of said interrogatory.

7.      To the extent you refuse to answer any Interrogatory, in whole or in part, on grounds of privilege or attorney work-product, you shall comply with and provide the information required by Local Civil Rule 26.2.  Any redactions to documents shall be prominently identified with a mark indicating the location and size of the redacted area.

8.      In the event that any document called for by any Interrogatory has been destroyed, lost, or otherwise discarded, identify the Interrogatory(ies) to which that document was responsive and identify such document or documents as completely as possible, including, without limitation, the following information:  the substance of the document or documents; last known custodian(s); date and method of disposal; person authorizing or directing the disposal; person disposing of the document or documents; reason(s) for the disposal; and whether any copy(ies) of the document or documents exist.

9.      Produce, without redaction, the entirety of any document called for by any Interrogatory that contains responsive, non-privileged information.

10.     If information is currently not known or available and is in the possession of another party, provide the name and address of the person(s) from whom the information may be obtained.

11.     If, in responding to these Interrogatories, You claim any ambiguity in interpreting an Interrogatory or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but you shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory.

12.     In the event that You claim that a Interrogatory is overly broad or unduly burdensome, You are requested to respond to that portion of the Interrogatory that is unobjectionable and specifically identify the respect in which You believe the Interrogatory is overly broad or unduly burdensome.

13.     No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

14.     These Interrogatories are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplementary responses and produce additional documents if You obtain further or different information.

15.     Plaintiff expressly reserves the right to supplement these Interrogatories and to propound new interrogatories, to the extent permitted by applicable law and rules.

16.     These Interrogatories shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, or any objection to any of Your discovery requests, nor shall they be construed as any admission of fact.

17.     Unless otherwise stated, the time period covered by these Interrogatories is from January 1, 2017 through present.

## INTERROGATORIES

1.     Describe in detail Interamerican's performance under the Agreement, including, without limitation, by setting out adequate and complete details of any and all services rendered.

2.     Identify the following persons and/or entities that Interamerican referred to in the Final Report and describe in detail any meetings, discussions, or communications with them, including, but not limited to, those referred to in the April 18, May 16, May 30, and June 13 sections of the Final Report:  "policy makers," "opinion leaders," "public sector actors,"

"public sector stakeholders," "private sector actors," "private sector entities," "private sector organizations," "important interlocutors associated with the target private sector organizations," "interlocutors," "target stakeholders," "important stakeholders," and "key public officials."

3. Describe in detail any and all meetings, discussions, and communications that You had with any employee, agent, director, officer, or representative of PDV USA, PDVSA, Citgo Petroleum Corporation, and/or anyone associated with the Venezuelan Government, including, but not limited to Nelson Ferrer, Ysmel Serrano, Delcy Rodríguez, Simón Zerpa, and Cesar Triana, in connection with the Agreement.

4. Describe in detail any meetings, discussions, or communications that you had with "the opposition for anti-Maduro protests," Leopoldo López, Raúl Gorrín, Esther Nuhfer, Hugo Pereira, or any Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions, or any representative of any of the individuals, groups, or entities mentioned in this interrogatory, in connection with the Agreement or otherwise relating to PDV USA, PDVSA, and/or Citgo Petroleum Corporation.

5. Describe in detail the facts underlying the statements attributed to David Rivera in the May 13, 2020 CE Notificias Financieras (English) article entitled "PDVSA denounces former U.S. congressman for Payment of $US15M" and in the May 14, 2020 Miami Herald article by Jay Weaver and Antonio Maria Delgado entitled "Rivera didn't register as a foreign agent in $50 million contract with Venezuela oil firm," including the following statements: "ask the boys of Citgo 6"; "They handled that entire operation, including all the money, in coordination with the Venezuelan opposition . . . That's all I know"; and "All those funds went to the opposition for anti-Maduro protests in the summer of 2017. I never saw a penny of it."

6.      Describe in detail to whom, how, when, and why Interamerican or David Rivera disbursed funds received from PDV USA or PDVSA, including, but not limited to, describing in detail the $625,000 that Interamerican transferred to Krome Argonomics LLC on March 27, 2017 and the $3,750,000 that Interamerican transferred to Interglobal Yacht Management LLC between March 31, 2017 and April 24, 2017.  Include in your description of each payment or transfer, the identity of the immediate recipient, any ultimate intended recipient, the purpose of the payment, whether the payment was made in connection with the Agreement, and who approved the payment.

7.      Identify all bank accounts used by Interamerican or David Rivera.

8.      Describe in detail the "series of pro-active steps [proposed by Interamerican] to pursue on behalf of the Client which would encompass areas of mutual concern between the Client and the United States," to which the April 4 entry of the Final Report refers.

9.      Describe in detail to what strategies Interamerican referred in the portion of the "Interim Recommendations" section of the Final Report that states that "success will be determined by the Client's determination to follow-up on the strategies that have been implemented during the last several weeks."

10.     Describe in detail "the stated goals and purposes of the Consultant proposal" referred to in the "Interim Recommendations" section of the Final Report.

11.     Describe in detail the "options and important steps" referred to in the portion of the May 30 section of the Final Report that states:  "The Consultant provided Client with several options and important steps that would be necessary to pursue the original goals and objective vis-à-vis public sector actors in the United States."

12.     Describe in detail how the "Consultant has facilitated the development of key elements that would expedite such positive relationship with interested parties in the United States," including identifying the "interested parties in the United States" to whom this refers, as stated in the June 13 section of the Final Report.

13.     Describe in detail the "framework for a strategic action plan that can be utilized as a vehicle to both monitor the responsiveness of interested parties to the Client as well as channel discussions and dialog toward achieving the Client's overall goals and objectives" that, according to the June 21 section of the Final Report, Interamerican provided to the "Client," including to whom the "framework" was provided and when.

14.     Describe in detail the "strategic plan" referred to in the June 21 section of the Final Report, including the "multi-faceted efforts toward both public sector officials and opinion leaders as well as targeted private sector stakeholders," the "plan to support efforts enhancing the long-term reputation and standing of the Client," and how Interamerican "developed and implemented" that plan.

15.     Describe in detail the "critical business communications" referred to in paragraph 14 of Interamerican's Counterclaim.

16.     Describe the manner and timeframe in which You have retained Documents or Communications, including electronically-stored information, that may be relevant to this Action.

17.     Identify all electronic and non-electronic storage devices, including email accounts, hard drives, shared drives, servers, smartphones, all other types of electronic storage, filing cabinets, boxes, and all other types of non-electronic storage, in which Documents or

Communications bearing on any of the parties' claims or defenses in this Action may now, or may in the past have been, located or found.

Dated: New York, New York
      October 1, 2021

<div style="margin-left:40%">

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Jeffrey B. Korn_____
    Jeffrey B. Korn
    Pia Keevil
    787 Seventh Avenue
    New York, New York 10019
    (212) 728-8000
    JKorn@willkie.com
    PKeevil@willkie.com

    Michael J. Gottlieb
    Sarah Wastler
    1875 K Street, N.W.
    Washington, D.C. 20006
    (202) 303-1000
    MGottlieb@willkie.com
    SWastler@willkie.com

    *Attorneys for Plaintiff PDV USA, Inc.*

</div>

## CERTIFICATE OF SERVICE

I certify that on October 1, 2021, I caused a true and correct copy of Plaintiffs'

First Set of Interrogatories to Defendant to be served on all counsel of record.


By: /s/ Jeffrey B. Korn
Jeffrey B. Korn