| | |
|---|---|
| PDV USA, Inc.<br><br>Plaintiff,<br>v.<br><br>Interamerican Consulting, Inc.<br><br>Defendant. | No. 20-cv-03699-JGK<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**DEFENDANT INTERAMERICAN CONSULTING, INC.'S OBJECTIONS
AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Interamerican Consulting, Inc. ("Defendant"), responds to the First Set of Interrogatories (the "Interrogatories") served by Plaintiff, PDV USA, Inc. ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

1.  Defendant objects to each of PDV USA's Interrogatories as impermissible to the extent they are inconsistent with Local Rule 33.3.

2.  Defendant objects to each of Plaintiff's Interrogatories to the extent that Defendant seeks the production of materials, or the disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable protections.

3.  The following responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds which objections would require the exclusion of any writing produced herein at trial, all of which objections and grounds are reserved and may be interposed at the time of trial.

4. Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. Any response herein is based upon information presently known to Defendant.

## SPECIFIC RESPONSES

1. Describe in detail Interamerican's performance under the Agreement, including, without limitation, by setting out adequate and complete details of any and all services rendered.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

2. Identify the following persons and/or entities that Interamerican referred to in the Final Report and describe in detail any meetings, discussions, or communications with them, including, but not limited to, those referred to in the April 18, May 16, May 30, and June 13 sections of the Final Report: "policy makers," "opinion leaders," "public sector actors," "public sector stakeholders," "private sector actors," "private sector entities," "private sector organizations," "important interlocutors associated with the target private sector organizations," "interlocutors," "target stakeholders," "important stakeholders," and "key public officials."

**RESPONSE: Defendant objects to this Request as outside the scope of Local Rule 33.3. Subject to Defendant's General Objections and to the extent this Request seeks names of witnesses with knowledge of information relevant to the subject matter of the action, Interamerican provides the following:**

a. Arnaldo Arcay

b. Jose Luis De Jongh-Atencio

c. Dustin Rozeboom

d. Judith Colbert

e. Rafael Gomez

f. Edoardo Orsoni

g. Guillermo Blanco

h. Pio Gonzalez

i. Jose Angel Pereira

j. Gustavo Cardenas

k. Alejandro Escarra

l. Elio Tortolero

m. Raul Gorrin

n. Hugo Perera

o. Esther Nuhfer

p. Bertica Cabrera

q. Pete Sessions

r. David Rivera

3. Describe in detail any and all meetings, discussions, and communications that You had with any employee, agent, director, officer, or representative of PDV USA, PDVSA, Citgo Petroleum Corporation, and/or anyone associated with the Venezuelan Government, including, but not limited to Nelson Ferrer, Ysmel Serrano, Delcy Rodríguez, Simón Zerpa, and Cesar Triana, in connection with the Agreement.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

4.      Describe in detail any meetings, discussions, or communications that you had with "the opposition for anti-Maduro protests," Leopoldo López, Raúl Gorrín, Esther Nuhfer, Hugo Pereira, or any Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions, or any representative of any of the individuals, groups, or entities mentioned in this interrogatory, in connection with the Agreement or otherwise relating to PDV USA, PDVSA, and/or Citgo Petroleum Corporation.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

5.      Describe in detail the facts underlying the statements attributed to David Rivera in the May 13, 2020 CE Notificias Financieras (English) article entitled "PDVSA denounces former U.S. congressman for Payment of $US15M" and in the May 14, 2020 Miami Herald article by Jay Weaver and Antonio Maria Delgado entitled "Rivera didn't register as a foreign agent in $50 million contract with Venezuela oil firm," including the following statements: "ask the boys of Citgo 6"; "They handled that entire operation, including all the money, in coordination with the Venezuelan opposition . . . That's all I know"; and "All those funds went to the opposition for anti-Maduro protests in the summer of 2017. I never saw a penny of it."

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

6.      Describe in detail to whom, how, when, and why Interamerican or David Rivera disbursed funds received from PDV USA or PDVSA, including, but not limited to, describing in detail the $625,000 that Interamerican transferred to Krome Argonomics LLC on March 27, 2017 and the $3,750,000 that Interamerican transferred to Interglobal Yacht Management LLC between March 31, 2017 and April 24, 2017. Include in your description of each payment or transfer, the

identity of the immediate recipient, any ultimate intended recipient, the purpose of the payment, whether the payment was made in connection with the Agreement, and who approved the payment.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

7. Identify all bank accounts used by Interamerican or David Rivera.

**RESPONSE: Subject to Defendant's General Objections and in accordance with Fed. R. Civ. P. 33(d), Interamerican will produce relevant bank account records that are in its possession, custody or control.**

8. Describe in detail the "series of pro-active steps [proposed by Interamerican] to pursue on behalf of the Client which would encompass areas of mutual concern between the Client and the United States," to which the April 4 entry of the Final Report refers.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

9. Describe in detail to what strategies Interamerican referred in the portion of the "Interim Recommendations" section of the Final Report that states that "success will be determined by the Client's determination to follow-up on the strategies that have been implemented during the last several weeks."

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

10. Describe in detail "the stated goals and purposes of the Consultant proposal" referred to in the "Interim Recommendations" section of the Final Report.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

11. Describe in detail the "options and important steps" referred to in the portion of the May 30 section of the Final Report that states: "The Consultant provided Client with several

options and important steps that would be necessary to pursue the original goals and objective vis-à-vis public sector actors in the United States."

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

12. Describe in detail how the "Consultant has facilitated the development of key elements that would expedite such positive relationship with interested parties in the United States," including identifying the "interested parties in the United States" to whom this refers, as stated in the June 13 section of the Final Report.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

13. Describe in detail the "framework for a strategic action plan that can be utilized as a vehicle to both monitor the responsiveness of interested parties to the Client as well as channel discussions and dialog toward achieving the Client's overall goals and objectives" that, according to the June 21 section of the Final Report, Interamerican provided to the "Client," including to whom the "framework" was provided and when.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

14. Describe in detail the "strategic plan" referred to in the June 21 section of the Final Report, including the "multi-faceted efforts toward both public sector officials and opinion leaders as well as targeted private sector stakeholders," the "plan to support efforts enhancing the long-term reputation and standing of the Client," and how Interamerican "developed and implemented" that plan.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

15. Describe in detail the "critical business communications" referred to in paragraph 14 of Interamerican's Counterclaim.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

16. Describe the manner and timeframe in which You have retained Documents or Communications, including electronically-stored information, that may be relevant to this Action.

**RESPONSE: Defendant objects to this Request as impermissible under Local Rule 33.3.**

17. Identify all electronic and non-electronic storage devices, including email accounts, hard drives, shared drives, servers, smartphones, all other types of electronic storage, filing cabinets, boxes, and all other types of non-electronic storage, in which Documents or Communications bearing on any of the parties' claims or defenses in this Action may now, or may in the past have been, located or found.

**RESPONSE: Subject to Defendant's General Objections, Defendant states that the following electronic and non-electronic storage devices contain documents or communications relating to parties' claims or defenses in this Action:**

    a. Email of account of David Rivera: rivera2002@comcast.net

    b. Personal Computer of David Rivera

    c. WhatsApp Account of David Rivera

# Verification of Interrogatory Answers

David Rivera declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Rivera, President of Interamerican Consulting, Inc., am authorized to execute this verification on behalf of Interamerican Consulting, Inc. I am informed and believe that the information set form in the Specific Responses Numbers 2 and 17 to Plaintiff's First Set of Interrogatories were obtained and assembled from appropriate sources of information and, on those grounds, I am informed and believe that the information contained in the Specific Responses Numbers 2 and 17 are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2021

_____
David Rivera

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2021, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

    s/ Min Cho
Tucker H. Byrd
Min Cho
Byrd Campbell P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
TByrd@ByrdCampbell.com
MCho@ByrdCampbell.com

Henry L. Saurborn, Jr.
Kaiser, Saurborn & Mair
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com

*Counsel for Defendant/Counter-Plaintiff*