# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

December 17, 2020

**VIA EMAIL**

Min Cho
Andrew Domingoes
Byrd Campbell P.A.
180 Park Avenue North, Suite 2A Winter Park, Florida 32789

Re:    *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 20-cv-3699 (JGK)

Min, Andrew,

We are writing to memorialize our December 16, 2021 meet and confer and to follow up on certain items concerning the parties' document collection and review procedures.

We look forward to hearing back from you promptly on these matters and in response to our questions below.  In particular, as discussed further below, please confirm no later than Monday that you will perform a forensic collection of Mr. Rivera's current cell phone and any cell phones he used during the relevant time period (January 1, 2017 to present).

**Timing of Document Productions**

Interamerican agreed to make an initial document production next week.

PDV USA produced approximately 700 documents on December 15 and plans to make additional rolling productions.

**David Rivera's "Self-Collection"**

Interamerican acknowledged on the call that Mr. Rivera was "self-collecting," that Interamerican had not used any search terms, and that Interamerican was instead relying on Mr. Rivera to determine what documents are responsive.  As we have previously told you, and as we reiterated on the call, this is not acceptable.

Page 2

Courts have made clear that permitting witnesses to collect (let alone review) their own documents is impermissible. *See Thomas v. City of New York*, 336 F.R.D. 1, 5 (E.D.N.Y. 2020) (granting motion to compel where "defendants' counsel . . . rel[ied] on their clients' statements that" certain documents "do not contain pertinent or relevant information" and noting that "self-collection" is "strongly disfavored"); *EEOC v. M1 5100 Corp.*, 2020 WL 3581372, at *2 (S.D. Fla. July 2, 2020) (granting motion to compel where "the two individuals who searched for documents and information responsive to Plaintiff's discovery requests [we]re self-interested parties and . . . employees of the Defendant" and observing that "[a]pplicable case law informs that 'self collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted'").

On the call, your stated justification for this inadequate and improper collection and review process was that PDV USA had only just now raised the issue. That is not correct. We told you months ago that relying on Mr. Rivera to search for documents was unacceptable. In any event, we are troubled that that is your position. We expect you to comply with your discovery obligations as a matter of course. *See id.* at *3 (attorneys have responsibility to oversee document collections and review); *Herman v. City of New York*, 334 F.R.D. 377, 388 (E.D.N.Y. 2020) ("Forcing opposing counsel to discover document production irregularities through depositions and motion practice only enhances a risk that a court finds behavior problematic.").

Accordingly, please let us know, in writing, exactly how you plan to collect and review documents in response to PDV USA's document requests.[1]

## Custodians

### A.   Interamerican's Custodians

Interamerican represented that the only custodial files in its possession, custody, or control are those of David Rivera. According to corporate records filed by Interamerican with the Florida Department of State: Division of Corporations, Interamerican has two "officers," David Mauricio Rivera and Diana Maria McKenzie. Please confirm that you are collecting documents from Diana Maria McKenzie.

Interamerican also represented that Mr. Rivera has been speaking with his accountant and certain banks about potentially responsive documents. Please let us know who those individuals / entities are and describe (a) what types of documents you or Mr. Rivera have sought from them, (b) what search techniques those individuals / entities have employed to search for responsive documents and (c) whether you or someone else made determinations as

---

[1] To be clear, we have undergone a thorough ESI collection. We collected custodial files utilizing a third party document vendor. The data was processed and indexed, and we employed search terms (*see infra*) to determine what documents need to be reviewed. We then had attorneys determine whether documents are responsive.

to whether documents supplied by those individuals / entities are responsive to PDV USA's document requests.

    B.  <u>PDV USA's Custodians</u>

As we mentioned on the call, our collection of documents for this matter overlaps with prior collections performed in connection with government investigations, and therefore we have searched for responsive documents across dozens of custodians.  Relevant to this litigation, those custodians include:

- Arnaldo Arcay
- John Butts
- Gina Coon
- Judith Colbert
- Franklin Domond
- Jose De Jongh
- Edoardo Orsoni
- Dustin Rozeboom

**<u>Search Terms</u>**

    A.   <u>Interamerican's Search Terms</u>

Interamerican asked PDV USA to propose search terms for Interamerican.  While normally it is the party making the production that first proposes search terms, we are willing to do so here to move things along.  Please run the following search terms, and please send a hit report by next week.  We reserve all rights to seek different and/or broader search terms.

- "PDV USA"
- "PDV" w/2 "USA"
- "Citgo"
- "PDVSA"
- "Maduro"
- "Citgo 6"
- "Citgo Six"
- "Leopoldo Lopez"
- "Raul Gorrin"
- "ExxonMobil" w/50 "Venezuela"
- "Interglobal"
- "Esther Nuhfer"
- "Hugo Pereira"
- "Krome"
- "Bern Consulting"

Page 4

- "Petrogaz Haiti"
- "Miami Herald" [limited to May 2020]
- "Arnaldo Arcay"
- "Jose Luis de Johng-Atencio"
- "Dustin Rozeboom"
- "Judith Colbert"
- "Rafael Gomez"
- "Edoardo Orsoni"
- "Guillermo Blanco"
- "Pio Gonzalez"
- "Jose Angel Pereira"
- "Gustavo Cardenas"
- "Alejandro Escarra"
- "Elio Tortolero"
- "Raul Gorrin"
- "Hugo Perera"
- "Esther Nuhfer"
- "Betrica Cabrera"
- "Pete Sessions"

B.   PDV USA's Search Terms

We are using the following search terms:
- (Rivera w/2 (David OR Dave))
- "D. Rivera"
- Interamerican
- asesoria032017@gmail.com
- Rivera2002@comcast.net

**Date Range**

A.   Interamerican's document production

PDV USA's document requests called for documents from January 1, 2017 through present (September 15, 2021). Interamerican never objected. Please confirm you are collecting and reviewing documents from January 1, 2017 through September 15, 2021.

B.   PDV USA's document production

Page 5

As set forth in our responses and objections to Interamerican's document requests, we are collecting and reviewing documents from January 1, 2017 to May 30, 2020.[2]

**<u>Sources of ESI</u>**

    A.  <u>Email</u>

Interamerican represented that it intends to collect documents from Mr. Rivera from the sources disclosed in its October 29, 2021 interrogatory responses.  Accordingly, please confirm that you will collect and review Mr. Rivera's "rivera2002@comcast.net" account, his "personal computer," and his "WhatsApp account."

Separately, we have identified an additional email account that Mr. Rivera used in responsive communications.  *See* KROME0000001 at PDF page 130 (March 4, 2017 email from "Rivera for State House" ("electrivera@comcast.net"), signed "David," to gorm@me.com, re: "Citgo Invoice Number One").  Please confirm that you will collect and review emails from this "electrivera" Comcast account.

    B.  <u>Text Messages</u>

As you know, after this lawsuit was filed in May of 2020, the Miami Herald reported that it received text messages from Mr. Rivera making various allegations about the contract at issue in this case.  *See* Jay Weaver and Antonio Maria Delgado, "Rivera didn't register as foreign agent in $50 million contract with Venezuela oil firm," *Miami Herald* (May 14, 2020).  On our call, you reiterated Mr. Rivera's positions that he never sent those text messages.

Accordingly, Mr. Rivera's text messages are plainly at issue in this case, and it is critical that we understand exactly how Mr. Rivera's cell phones (both his current phone and any phones he used since January 1, 2017) are being collected, processed, and reviewed for responsive data. Please let us know by Monday.

**<u>PDV USA's RFPs</u>**

With respect to PDV USA's document requests 8(l), (q), (r), (s), (t), (u), (v), (w), (x), (y), (z), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), and (jj), Interamerican agreed to consider withdrawing its objection that that it would produce documents only "to the extent it can be reasonably determined that the funds received from [PDV USA] under the Agreement were used for this payment or withdrawal."  Please let us know your position.

---

[2] With respect to Interamerican's RFP 17, PDV USA agreed to search documents through October 30, 2020 (subject to the other objections set forth in our responses and objections).

Page 6

## **Privilege Protocols**

On our call, we explained that a number of documents we will produce (or already produced) have already been reviewed in connection with a government investigation, and we are not going to re-review the privilege calls made for those documents.  In particular, we told you that the following privilege review criteria had been agreed upon with the government: (a) if a parent email is fully privileged, then all attachments to the parent email will be withheld and (b) if the top email in an email chain is privileged, the entire email chain will be withheld for privilege.

PDV USA will produce a privilege log, assuming Interamerican agrees to do so as well.


Regards,

*/s/ Brady Sullivan*

Brady Sullivan