**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue<br>
New York, NY 10019-6099<br>
Tel: 212 728 8000<br>
Fax: 212 728 8111

April 5, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent plaintiff PDV USA, Inc. ("PDV USA") in the above-referenced action and write pursuant to Rule II.D of Your Honor's Individual Practices and Local Rule 37.2 to request a pre-motion conference to address a discovery dispute among the parties.

On March 4, 2022, defendant Interamerican Consulting, Inc. ("Interamerican") served its privilege logs, which contained a number of serious deficiencies. Hundreds of log entries do not even disclose the author and recipient, most of the subject matter descriptions say nothing more than "attorney/client communication," and the logs do not identify who is a lawyer. Exs. A, B, and C. Because Interamerican committed to revise its logs, PDV USA is not moving to compel at this time, but reserves its rights. In the meantime, there are two pressing disputes that are ripe for Your Honor's consideration. First, Interamerican improperly withheld communications between its principal David Rivera and Raul Gorrín, a Venezuelan billionaire, lawyer, and fugitive from justice who was funneled millions of dollars to pay for his yacht from PDV USA by Interamerican in connection with the purported consulting agreement at the center of this dispute. Second, Interamerican improperly withheld communications with political consultant Esther Nufher, who was also funneled millions of dollars from PDV USA by Interamerican. These communications were withheld as attorney-client communications even though neither Mr. Gorrín nor Ms. Nuhfer is a U.S. lawyer (and Ms. Nuhfer is not a lawyer at all). As detailed herein, Interamerican cannot satisfy its burden to demonstrate the requisite elements of the privilege with respect to these communications, and therefore they should be produced.

### I. Interamerican Cannot Satisfy Its Burden to Demonstrate that Communications Between Interamerican and Raul Gorrín Are Privileged

By way of background, this is a breach of contract case concerning a New York-law governed consulting agreement (the "Agreement"), signed on March 21, 2017, which

Hon. Robert W. Lehrburger

contemplated that Interamerican—a one-person consulting company run by former U.S. Congressman David Rivera—would provide strategic consulting services over the course of three months to PDV USA's ultimate parent company, Petróleos de Venezuela ("PDVSA"), in exchange for $50 million. Ex. D ¶¶ 15, 19–30. During March and April of 2017, PDV USA paid Interamerican the first three installments under the Agreement for a total of $15 million. *Id.* ¶¶ 45–46. By then, however, Interamerican had failed to perform any of its obligations. *Id.* ¶¶ 33–43. PDV USA ceased payments thereafter. *Id.* ¶ 51. PDV USA later brought this action to recover the $15 million it paid Interamerican, and Interamerican asserted a counterclaim, alleging that it fully performed and is entitled to the unpaid balance. Ex. E, Counterclaim ¶ 15.

Raul Gorrín is a Venezuelan billionaire and owner of Globovisión, a major news network in Venezuela. Ex. F. Reports suggest that Mr. Gorrín is or was a Venezuelan attorney, Ex. G, but there are no indications that Mr. Gorrín was ever licensed to practice law in the United States, or that he represented clients in the United States. Mr. Gorrín also maintained high-level political connections in Venezuela, including with the regime of Nicolás Maduro. Ex. H. Mr. Gorrín was indicted in 2018 in connection with a multi-billion dollar money laundering and bribery scheme, and he remains a fugitive of the United States. Ex. F.

Discovery has thus far confirmed that Interamerican did not provide any consulting services under the Agreement; in fact, Mr. Rivera funneled the money he received from PDV USA to a group of associates, including Raul Gorrín—all of whom are either indicted or under criminal investigation. Although the true purpose of these payments is not yet clear, what is clear is that Interamerican's relationship with Mr. Gorrín was transactional, not legal.[1] Thus, in March and April of 2017, Interamerican paid $3.75 million to Interglobal Yacht Management, LLC ("Interglobal Yacht"), a company that managed Mr. Gorrín's yachts. Ex. J, at 132:3–133:3. The money was designated exclusively for Mr. Gorrín's benefit. *Id.* A year later, in an attempt to make it appear that Interamerican had used the $3.75 million to facilitate consulting services under the Agreement, Mr. Rivera handed Interglobal Yacht a subcontract—backdated to March 2017—which stated that Interglobal Yacht would act as a subcontractor to Interamerican, providing "international strategic consulting services" to PDV USA and to Interamerican in service of the Agreement. In exchange, Interglobal Yacht would receive 25% of the fees paid by PDV USA to Interamerican (i.e., $3.75 million). *Id.* at 95:4–11, 99:22–100:23; Ex. K. Interglobal Yacht refused to sign because, as its president told Mr. Rivera, the subcontract "'has nothing to do with me,'" and because Interglobal Yacht was not in the business of providing strategic consulting services, and in fact never did so. Ex. J, at 87:4–88:22.

Interamerican has withheld at least 19 WhatsApp and text messages with Mr. Gorrín based on the spurious and wholly unsupported claim that Mr. Gorrín served as counsel to Interamerican in connection with the Agreement as well as this lawsuit. Interamerican's privilege logs—which describe the messages with Mr. Gorrín only as "attorney/client communication" and nothing more, Exs. A, at 3; B, at 5, 8–9, 16, 21–22—afford PDV USA no

---

[1] Interamerican claims (without any evidence) in its interrogatory responses that the payments were "referral fees in connection with the solicitation of Interamerican's services" and denies having attempted to enter into subcontracting agreements. Ex. I.

Hon. Robert W. Lehrburger

way to "assess the [privilege] claim," Fed. R. Civ. P. 26(b)(5)(A)(ii).  To date, counsel's sole justification for its privilege claim is that they were "advised that [Mr. Gorrín] was retained as counsel for Interamerican, and that an engagement letter was executed for this representation."  Ex. L, at 1.  But in the month and a half since then, despite repeated requests, Interamerican has yet to produce the purported engagement letter.  Counsel now claims it is not in their client's possession and that they have been unable to find it.  Nor has Interamerican provided legal invoices or *any evidence whatsoever* to corroborate its privilege claim.

Interamerican has failed to meet its burden of establishing that the privilege applies to communications with Mr. Gorrín.  The burden is not "discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed."  *Hybrid Athletics, LLC v. Hylete, LLC*, 2019 WL 4127377, at *9 (D. Conn. Aug. 30, 2019).  Rather, the party asserting the privilege must provide "specific facts or evidence . . . apart from counsel's assertions."  *Id*.  Thus, counsel's unsupported representation that Interamerican maintained an attorney-client relationship with Mr. Gorrín is not, by itself, sufficient.  And although there is no formal requirement to show an engagement letter, the absence of any indicia of an attorney-client relationship is often dispositive.[2]

## II. Interamerican Cannot Justify Its Claim of Privilege Over Communications with Esther Nuhfer, Who Is Not a Lawyer

Esther Nuhfer claims to be a Florida political consultant.  Ex. M, at 2.  There is no indication she is a lawyer.  PDV USA has not received discovery from Ms. Nuhfer because she is actively evading service, which has necessitated the intervention of law enforcement.  But other third party discovery establishes that Ms. Nuhfer, like Mr. Gorrín, was the beneficiary of millions of dollars from the Agreement.  She received $4.5 million from Interamerican pursuant to a consulting subcontract similar to the one Mr. Rivera presented to Interglobal Yacht.  Exs. N, O.  The subcontract provided that Ms. Nuhfer's firm, Communication Solutions, would provide Interamerican and PDV USA with "Marketing Strategic Consulting" as part of the Agreement.  Ex. O.  Ms. Nuhfer signed the subcontract, but did not provide the consulting services set forth therein, further proving that the subcontracts were shams designed by Mr. Rivera and his associates to create a paper trail of (fictional) consulting services.

Interamerican has withheld at least eleven emails with Ms. Nuhfer (not a lawyer) on grounds of attorney-client privilege.  Ex. A, at 3–5, 24.[3]  Despite requests from PDV USA, Interamerican has not provided any explanation.  Accordingly, those emails should be produced.

\* \* \*

For the reasons set forth above, PDV USA requests a pre-motion conference and we would welcome the opportunity to discuss these matters with Your Honor.

---

[2] *See Iroquois Master Fund, Ltd. v. Glob. ePoint, Inc.*, 2018 WL 6929337, at *13 (C.D. Cal. Jan. 9, 2018) (granting motion to compel where there was no evidence that purported lawyer was "a practicing attorney . . . charged for his time, or ever attempted to formalize his relationship with Global as counsel").

[3] To the extent Ms. Nuhfer or Mr. Gorrín appear on otherwise privileged communications with Interamerican and its lawyers, *see* Ex. A, at 3–4, the privilege is waived because of the presence of third parties.

Hon. Robert W. Lehrburger

                        Respectfully submitted,

                        WILLKIE FARR & GALLAGHER LLP
                        By: */s/ Jeffrey B. Korn*

                        Jeffrey B. Korn
                        Brady M. Sullivan
                        787 Seventh Avenue
                        New York, NY 10019
                        (212) 728-8000
                        JKorn@willkie.com
                        BSullivan@willkie.com

                        *Attorneys for Plaintiff*

cc:  All counsel of record (by ECF)