# EXHIBIT E

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PDV USA, Inc.

               Plaintiff,

v.

Interamerican Consulting, Inc.

               Defendant.

No. 20-cv-03699-JGK

**ANSWER AND DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Defendant, Interamerican Consulting, Inc. ("Interamerican" or "Defendant"), answers and asserts to defenses to the Amended Complaint, and further counterclaims, as follows:

## ANSWER

### AS TO "THE NATURE OF THE CASE"

1.     Interamerican admits that on March 21, 2017, PDV USA, Inc. and Interamerican entered into the referenced Agreement, but denies Plaintiff's characterization of the Agreement

2.     Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3.     Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint, including the characterization of actions by the United States government, the Venezuelan government, and the Delaware Court of Chancery, which speak for themselves.

4.     Interamerican denies Paragraph 4 of the Amended Complaint to the extent it alters, varies, or contradicts the terms of the Agreement. Interamerican further denies the characterization of the purpose of the Agreement.

5.      Interamerican denies Paragraph 5 of the Amended Complaint to the extent it alters, varies, or contradicts the terms of the Agreement.   Interamerican further denies breaching the Agreement, and affirmatively states that it complied with the reporting requirements under the Agreement.

6.      Interamerican denies Paragraph 6 of the Amended Complaint.   Interamerican further denies the characterization of any alleged statements attributed to David Rivera and the attribution of "credulity," or the lack thereof, as alleged in Paragraph 6.

7.      Interamerican denies Paragraph 7 of the Amended Complaint.   Interamerican further denies making any "claims" inconsistent with progress reports and denies breaching the Agreement as alleged.

8.      Interamerican denies Paragraph 8 of the Amended Complaint.

9.      Interamerican denies Paragraph 9 of the Amended Complaint, except Interamerican admits to having received partial payments for services rendered to PDV USA, Inc. under the Agreement.

10.      Interamerican denies Paragraph 10 of the Amended Complaint as to the allegations that it failed to "perform under the Agreement," but admits claiming the balance due under the Agreement of $30 Million.

11.      Interamerican denies Paragraph 11 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

12.      Interamerican denies Paragraph 12 of the Amended Complaint to the extent it purports to be premised upon any legitimate basis for liability for recovery.

13.      Interamerican denies Paragraph 13 of the Amended Complaint to the extent it purports to be premised upon any "alternative" for liability or recovery. Further, Interamerican

denies having breached the Agreement or any liability for disgorgement. Rather, PDV USA, Inc. breached the Agreement by failing to pay Interamerican $30 Million lawfully due under the Agreement.

## AS TO "THE PARTIES"

14.     Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Interamerican admits the allegations set forth in the first two sentences in paragraph 15 of the Amended Complaint.  Interamerican admits that David Rivera is the president and registered agent of Interamerican. Interamerican denies that Interamerican has two employees and that Diana Rivera McKenzie is an employee or vice president of Interamerican.

## AS TO "JURISDICTION AND VENUE"

16.     Interamerican admits Paragraph 16 of the Amended Complaint for jurisdictional purposes only under 28 U.S.C. § 1332.

17.     Interamerican admits Paragraph 17 of the Amended Complaint only for establishing venue in the U.S. District Court for the Southern District of New York.

18.     Interamerican denies Paragraph 18 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

## AS TO "FACTUAL BACKGROUND"

**As to "The Terms of the Agreement"**

19.     Interamerican admits that on March 21, 2017, the Interamerican and PDV USA Inc. entered the Agreement which states "strategic consulting services."  Otherwise, Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in parentheses ( ) in Paragraph 19 of the Amended Complaint.  Interamerican denies

Paragraph 19 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

20.  Interamerican denies Paragraph 20 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

21.  Interamerican denies Paragraph 21 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

22.  Interamerican denies Paragraph 22 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

23.  Interamerican denies Paragraph 23 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.  Interamerican further denies the word "CLIENT" refers to PDVSA.

24.  Interamerican denies Paragraph 24 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.  Interamerican further denies the word "CLIENT" refers to PDVSA, but admits the Agreement identified Pio Gonzalez as the "authorized representative" for PDV USA, Inc. to whom progress reports were sent.

25.  Interamerican denies Paragraph 25 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

26.  Interamerican denies Paragraph 26 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

27.  Interamerican denies Paragraph 27 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

28.  Interamerican denies Paragraph 28 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

29.     Interamerican denies Paragraph 29 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

30.     Interamerican denies Paragraph 30 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.  Interamerican denies that PDV USA, Inc's "sole satisfaction" could have been unreasonably withheld or, in fact, was ever withheld.

31.     Interamerican denies Paragraph 31 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.  Interamerican further denies that it breached the Agreement.

32.     Interamerican denies Paragraph 32 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.  Interamerican further denies that it breached the Agreement.

33.     Interamerican denies Paragraph 33 of the Amended Complaint.

34.     Interamerican denies Paragraph 34 of the Amended Complaint.

35.     Interamerican denies Paragraph 35 of the Amended Complaint, except Interamerican admits submitting all required reports to an authorized representative for PDV USA, Inc.

36.     Interamerican admits submitting all required reports, but denies PDV USA, Inc.'s characterization of the reports in Paragraph 36 of the Amended Complaint.  Interamerican further denies that the level of detail in the reports failed to comply with the Agreement, or that it otherwise had failed to inform PDV USA, Inc. of the efforts undertaken.

37.     Interamerican admits submitting all required reports, but denies PDV USA, Inc.'s characterization of the reports in Paragraph 37 of the Amended Complaint.  Interamerican further denies that the level of detail in the reports failed to comply with the Agreement, or that it otherwise had failed to inform PDV USA, Inc. of the efforts undertaken.

38. Interamerican admits submitting all required reports, but denies PDV USA, Inc.'s characterization of the reports in Paragraph 38 of the Amended Complaint. Interamerican further denies that the level of detail in the reports failed to comply with the Agreement or that it otherwise had failed to inform PDV USA, Inc. of the efforts undertaken.

39. Interamerican denies Paragraph 39 of the Amended Complaint. Interamerican further denies it failed to provided services for which engaged by PDV USA, Inc. Finally, Interamerican denies the alleged "purpose" stated by PDV USA, Inc.

40. Interamerican denies Paragraph 40 of the Amended Complaint.

41. Interamerican denies Paragraph 41 of the Amended Complaint. Interamerican further denies PDV USA, Inc. ever expressed any dissatisfaction with Interamerican's performance under the Agreement. In fact, PDV USA, Inc. demonstrated satisfaction with Interamerican's performance under the Agreement.

42. Interamerican denies Paragraph 42 of the Amended Complaint.

43. Interamerican denies Paragraph 43 of the Amended Complaint. Interamerican further denies PDV USA, Inc.'s characterization of any alleged statement attributed to David Rivera. Finally, Interamerican denies any such alleged statement connotes any violation of the Agreement.

44. Interamerican admits receiving payments under the Agreement but denies the allegation in Paragraph 44 of the Amended Complaint that it failed to provide the contracted-for services.

45. Interamerican admits Paragraph 45 of the Amended Complaint.

46. Interamerican admits Paragraph 46 of the Amended Complaint.

6

47. Interamerican admits receiving payments totaling $20 Million under the Agreement. Otherwise, Interamerican denies the allegations of Paragraph 47 of the Amended Complaint.

48. Interamerican admits PDV USA, Inc. has failed to pay the balance due under the Agreement totaling $30 Million. Otherwise, Interamerican denies the allegations of Paragraph 48 of the Amended Complaint.

49. Interamerican admits demanding payment of the balance due under the Agreement totaling $30 Million. Otherwise, Interamerican denies the allegations of Paragraph 49 of the Amended Complaint.

50. Interamerican admits asserting its right to enforce Agreement and demands the balance due thereunder totaling $30 Million. Otherwise, Interamerican denies the allegations of Paragraph 50 of the Amended Complaint

51. Interamerican admits refusing to consent to the Assignment and Assumption Consent Agreement annexed to the Amended Complaint. Otherwise, Interamerican denies the allegations of Paragraph 51 of the Amended Complaint.

52. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Amended Complaint; however, Interamerican admits the purported Assignment and Assumption Consent Agreement lacked enforceability. Moreover, Interamerican asserts that PDV USA, Inc. remains liable under the Agreement.

53. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Amended Complaint; however, Interamerican admits the purported Assignment and Assumption Consent Agreement lacked

enforceability. Moreover, Interamerican asserts PDV USA, Inc. remains liable under the Agreement.

54. Interamerican admits Paragraph 54 of the Amended Complaint to the extent the purported Assignment and Assumption Consent Agreement lacked enforceability.

55. Interamerican admits Paragraph 55 of the Amended Compliant, and further asserts continuing to contest the enforceability of the Assignment and Assumption Consent Agreement.

56. Interamerican denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Amended Complaint; however, Interamerican admits the purported Assignment and Assumption Consent Agreement lacked enforceability. Moreover, Interamerican asserts that PDV USA, Inc. remains liable under the Agreement.

57. Interamerican denies Paragraph 57 of the Amended Complaint.

58. Interamerican denies Paragraph 58 of the Amended Complaint. Interamerican further denies the characterization of any alleged statement attributed to David Rivera.

59. Interamerican denies Paragraph 59 of the Amended Complaint. Interamerican further denies the characterization of any alleged statement attributed to David Rivera.

60. Interamerican denies Paragraph 60 of the Amended Complaint. Interamerican further denies the characterization of the so-called "claims," and the attribution of "credulity," or the lack thereof, as alleged in Paragraph 60.

61. Interamerican denies Paragraph 61 of the Amended Complaint. Interamerican further denies the characterization of the use of funds and any assertion that the progress reports submitted contained false statements.

62.     Interamerican denies Paragraph 62 of the Amended Complaint.  Interamerican further denies that the Agreement was a "sham."

63.     Interamerican denies Paragraph 63 of the Amended Complaint to the extent it alters, varies, or contradicts the Agreement.

64.     Interamerican admits and denies Paragraph 64 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

65.     Interamerican admits Paragraph 65 of the Amended Complaint.

66.     Interamerican denies Paragraph 66 of the Amended Complaint.

67.     Interamerican denies Paragraph 67 of the Amended Complaint.

68.     Interamerican denies Paragraph 68 of the Amended Complaint.

69.     Interamerican admits and denies Paragraph 69 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

70.     Interamerican denies Paragraph 70 of the Amended Complaint.

71.     Interamerican denies Paragraph 71 of the Amended Complaint.

72.     Interamerican denies Paragraph 72 of the Amended Complaint.

73.     Interamerican admits and denies Paragraph 73 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

74.     Interamerican denies Paragraph 74 of the Amended Complaint.

75.     Interamerican denies Paragraph 75 of the Amended Complaint.

76.     Interamerican denies Paragraph 76 of the Amended Complaint. PDV USA, Inc. actually paid Interamerican $20 Million.

77.     Interamerican denies Paragraph 77 of the Amended Complaint.

78.     Interamerican denies Paragraph 78 of the Amended Complaint.

79.     Interamerican admits and denies Paragraph 79 of the Amended Complaint in the same manner as the preceding Paragraphs incorporated therein by reference.

80.     Interamerican denies Paragraph 80 of the Amended Complaint, except Interamerican admits PDV USA, Inc. has failed and refused to pay the balance due under the Agreement totaling $30 Million.

81.     Interamerican denies Paragraph 81 of the Amended Complaint.

82.     Interamerican denies Paragraph 82 of the Amended Complaint.

83.     Interamerican denies Paragraph 83 of the Amended Complaint.

84.     Interamerican denies Paragraph 84 of the Amended Complaint.

## GENERAL DENIAL

Defendant denies all allegations contained in the Complaint (including headings and captions) not specifically admitted in this Answer.

## DEFENSES

Defendant asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action and hereby reserves all rights to amend and/or supplement all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Discharge by Prior Breach)

PDV USA, Inc.'s prior breach of the Agreement in failing and refusing to pay Interamerican the amounts due under the Agreement excused and discharged Interamerican from further having to perform under the Agreement.

## SECOND DEFENSE
### (*Waiver*)

PDV USA, Inc. waived any alleged failure by Interamerican to performance its obligations under the Agreement by failing to object to any such nonperformance, failing to declare a default, and failing to terminate the Agreement.

## THIRD DEFENSE
### (*Ratification*)

PDV USA, Inc., with knowledge and assent, ratified and accepted any performance by Interamerican under the Agreement notwithstanding any alleged failure to Interamerican to perform its obligations.

## FOURTH DEFENSE
### (*Estoppel*)

Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE
### (*Laches*)

Plaintiff's claims are barred by the doctrine of laches.

## SIXTH DEFENSE
### (*Unclean Hands*)

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE
### (*Express Contract*)

Plaintiff's claims for unjust enrichment fails because there is an express contract between PDV USA and Interamerican.

## EIGHTH DEFENSE
### (*Mitigation of Damages*)

Plaintiff's claims are barred because, and to the extent, it failed to mitigate its alleged damages.

11

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief and judgment, as follows:

A.      Denying Plaintiff's prayer for relief;

B.      Entering judgment for Defendant;

C.      Dismissing the Complaint with prejudice;

D.      Granting Defendant such other and further relief to which it may be entitled, or
which the Court deems just and proper.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, Interamerican Consulting, Inc. ("Interamerican"), sues
Plaintiff/Counter-Defendant PDV USA, Inc. ("PDV USA"), and alleges:

## INTRODUCTION

1.      With the intent of improving its standing in the United States, Citgo Petroleum
Corporation ("Citgo") was interested in hiring Interamerican as a consultant to develop a strategic
plan to create a separate and distinct identity and to disengage from its ultimate parent, Petroleos
de Venezuela, S.A. ("PDVSA")—an oil and natural gas company owned and controlled by the
Bolivarian Republic of Venezuela. Citgo specially sought out Interamerican and its principal,
former U.S. Congressman David Rivera, because of his exceptional experience, expertise, and
skills in the U.S. public and private sectors.  To entice Interamerican to accept the engagement,
Citgo offered to pay the sum of $50 Million.  Considering the billions of dollars at stake with
Citgo's public and business stature in jeopardy, Citgo obviously deemed the fee reasonable
because the proposed fee originated from Citgo without prompting or input from Interamerican.

2.      After some discussions, Interamerican and Citgo, acting through its affiliate PDV
USA, entered into an agreement on March 21, 2017, for Interamerican to provide these strategic

12

planning consulting services for the benefit of Citgo. Interamerican accepted the unsolicited engagement and began performing the required consulting services. At no time did Citgo ever express dissatisfaction with Interamerican's performance. Indeed, not until Interamerican refused to allow the agreement to be assigned from PDV USA to PDVSA—a move which would have undermined Interamerican's strategic recommendation that Citgo emphasize its independent identity from its Venezuelan parent—did Interamerican experience any resistance from PDV USA to make the payments due. Even then, PDV USA never notified Interamerican of any alleged dissatisfaction, never declared Interamerican in default, and never even terminated or revoked the agreement. As an enticement (and as a clear indication of PDV USA's satisfaction with Interamerican's performance), Interamerican was offered to be paid the balance of the agreement—then totaling $35 Million—in advance of the contractually mandated payment schedule if Interamerican simply consented to the assignment of the agreement from PDV USA to PDVSA. When that enticement did not persuade Interamerican, an additional $5 Million payment was made, but Interamerican still refused to relent on the issue of contract assignment.

3. Only after Interamerican refused all entreaties and would not consent to the assignment request did problems with the agreement arise. First, PDV USA failed to make the remaining payments due under the agreement, prompting Interamerican to make repeated demands for payment. Thereafter, attempting an obvious preemptive strike, PDV USA filed the instant action (almost three years after Interamerican refused to consent to the assignment), for the first time making unsubstantiated allegations of breach.

4. PDV USA, not Interamerican, breached the agreement. Interamerican owes PDV USA nothing under the agreement. Rather, PDV USA owes Interamerican the balance due under the agreement totaling $30 Million.

13

## JURISDICTION AND THE PARTIES

5.      This is a compulsory counterclaim under Fed. R. Civ. P. 13(a) because it arises out of the transaction or occurrence that is the subject matter of PDV USA's Amended complaint and does not require adding another party over whom the Court cannot acquire jurisdiction.

6.      The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

7.      Counterdefendant PDV USA is a corporation incorporated in Delaware with its principal place of business in New York, New York.

8.      Counterplaintiff Interamerican is a corporation incorporated in Florida with its principal place of business is principal place of Miami, Florida.

## FACTUAL BACKGROUND

9.      In March of 2017, Citgo contacted Interamerican to potentially hire it as a strategic planning consultant to develop an independent identity and to disengage from its Venezuelan parent. Citgo hoped that this would improve Citgo's standing in the United States.

10.      The president of Interamerican, David Rivera, proved to be the perfect person for the consulting role.  As a former U.S. Congressman with more than 20 years of experience in governmental affairs and strategic planning (which includes previously working for the U.S. State Department and serving as an elected official at the state and local levels), Rivera had the experience, expertise, and skills to help Citgo implement a strategic plan to develop an independent identity and to disengage from its Venezuelan parent.

11.      After several unsolicited phone calls and emails discussing the scope of the engagement, Citgo informed Interamerican that it wanted to proceed with entering into a consulting agreement. Citgo, however, entered into the contract using one of its U.S.-based

affiliates PDV USA. Citgo then prepared the draft agreement in its entirety and sent it to Interamerican for its review and consideration.

12.    On March 21, 2017, Interamerican accepted Citgo's draft agreement with no changes. Interamerican and PDV USA signed the agreement and started the contractual relationship between Citgo and Interamerican ("Agreement"). A copy of the Agreement is attached as Exhibit "A."

13.    Under the Agreement, PDV USA agreed to pay Interamerican $50 million dollars in exchange for Interamerican's strategic planning consulting services for the benefit of Citgo to develop an independent identity for Citgo and to disengage from its Venezuelan parent, which in turn, would improve Citgo's standing in the United States.

14.    Interamerican provided all the consulting services contemplated under the Agreement, including setting up, facilitating, and participating in critical business communications, as well as providing all required reports discussing the activities that Interamerican performed during each reporting period to achieve the goals and purposes of the Agreement.

15.    Despite providing all the services for the benefit of Citgo under the Agreement, PDV USA failed to pay the remaining $30 million owed under the Agreement.

16.    All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been excused.

**Count One**
**(Breach of Contract)**

17.    Interamerican repeats and restates the allegations in all the preceding paragraphs as if fully set forth herein.

18.     Interamerican entered into the Agreement under which Interamerican agreed to perform certain consulting services to PDV USA for the benefit of Citgo in exchange for PDV USA's agreement to pay Interamerican $50 million.

19.     Even though Interamerican provided all the services to PDV USA for the benefit of Citgo under the Agreement, PDV USA only paid $20 million and refused to pay the remaining $30 million.

20.     As a result of PDV USA's refusal to pay the remaining $30 million, PDV USA breached the Agreement.

21.     As a direct and proximate result of PDV USA's breach, Interamerican has incurred direct and consequential damages.

**Count Two**
**(Unjust Enrichment)**

22.     Interamerican repeats and restates the allegations in all the preceding paragraphs as if fully set forth herein.

23.     Interamerican pleads this claim for unjust enrichment in the alternative should there be a finding that no relevant contract exists that covers the issues in this case.

24.     PDV USA has been enriched because of Interamerican's services.

25.     The enrichment was at Interamerican's expense.

26.     The circumstances are such that equity and good conscience require PDV USA to make restitution.

**Count Three**
**(Declaratory Judgment)**

27.     Interamerican repeats and restates the allegations in all the preceding paragraphs as if fully set forth herein.

28.     An actual and ripe controversy exists between the parties in that PDV USA has asserted, and will continue to assert, that Interamerican breached the Agreement by not providing all the services required under the Agreement and that Interamerican must therefore return the funds it previously paid to Interamerican.

29.     Interamerican's asserts that it provided all the services required under the Agreement, entitling it to retain the $20 million that PDV USA previously paid to Interamerican, and that PDV USA owes Interamerican the remaining balance of $30 million.

30.     Interamerican and PDV USA have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment on the disputed matters raised herein.

31.     Interamerican has a right to a declaration under 28 U.S.C § 2201, C.P.L.R § 3001, and Fed. R. Civ. P. 57, that PDV USA owes Interamerican $30 million because PDV USA breached the Agreement.

### Prayer for Relief

Wherefore, Interamerican requests that the Court:

a.     Adjudge and decree finding PDV USA liable for breach of contract or unjust enrichment;

b.     Declare that PDV USA owes Interamerican $30 million;

c.     Enter judgment against PDV USA in favor of Interamerican for damages in the principal sum of $30 million (plus interest), and award any further compensatory damages (plus interest) at an amount to be determined at trial, and awards expenses and costs; and

d.     grant such further relief as the Court deems just and proper.

## JURY DEMAND

Interamerican hereby demands a trial by jury on all issues raised in the counterclaim herein.

Dated: August 19, 2021

New York, New York

s/ *Tucker H. Byrd*
**Tucker H. Byrd**
Florida Bar No. 381632
**Min Cho**
Florida Bar No. 754331
BYRD CAMPBELL, P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: MCho@ByrdCampbell.com
Secondary Email: CKittel@byrdcampbell.com
*Counsel for Defendant/Counter-Plaintiff*

# EXHIBIT 1

# CONSULTING AGREEMENT

This Agreement is made and entered into as of March 21st, 2017, by and between PDV USA, Inc., a Delaware company ("PDV USA"), located at 65 East 55th Street, Floor 21, New York, New York, 10022, and Interamerican Consulting, Incorporated("CONSULTANT"), located at 10925 N.W. 43rd Lane, Miami, Florida, 33178.

WHEREAS, PDV USAdesires the "Services," as hereinafter defined, of CONSULTANT and CONSULTANT has all the experience, expertise, and skills to perform the same and has expressed its interest in entering into this Agreement;

NOW, THEREFORE, in consideration of the premises and of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.  PDV USA hereby engages CONSULTANT to perform the Services during the term of this Agreement, and CONSULTANT accepts such engagement, upon the terms and conditions set forth herein.

2.  **Term.**The term of this Agreement shall commence on March 21st, 2017 and shall end on June 21st, 2017, unless sooner terminated as provided herein. Either party may terminate this Agreement at any time, with or without cause, upon five calendar days prior written notice to the other party. Such termination shall not apply to Services or Deliverables already accepted by CONSULTANT.

3.  **Compensation and Services.**During the term of this Agreement, PDV USA shall pay CONSULTANT as compensation for the completion of the Services, to PDV USA's sole satisfaction, in accordance with the attached Exhibit A, which, with any addendums or schedules thereto, shall be integrated into and made a part of this Agreement. CONSULTANT must include with the invoiceall supporting documentation, and set out adequate and complete details of the Services rendered. CONSULTANT shall be solely responsible for, and shall report, all payments received from PDV USA to the appropriate federal, state and local taxing authorities.

4.  **Personnel.**During the term of this Agreement, CONSULTANT shall devote all of the time of CONSULTANT's members and employees (hereinafter referred to as "Personnel") that is reasonable and necessary to perform independent consulting services (the "Services") for PDV USA which shall include, but are not limited to, the Services set forth in **Exhibit A** which with any addendums or schedules thereto, shall be integrated into and made a part of this Agreement. CONSULTANT shall make its Personnel available to perform the Services upon reasonable request by PDV USA, and the Services shall be rendered at such times as shall be mutually determined and shall be coordinated through the PDV USA Authorized Representative. This Agreement is entered into by PDV USA in reliance upon CONSULTANT and the qualifications of the Personnel. With the exception of clerical, bookkeeping, and secretarial work, CONSULTANT and its Personnel shall perform the Services and may not be substituted without the prior consent of PDV USA.

5.  **Independent Contractor**. In the performance of the Services, CONSULTANT and its Personnel shall act solely as an independent contractor and nothing herein shall at any time be construed to create the relationship of employer and employee, partnership, principal and agent, or joint venture as between PDV USA and CONSULTANT or PDV USA and CONSULTANT's Personnel. CONSULTANT and its Personnel shall have no right or authority, and shall not attempt, to enter into any contract, commitment, or agreement, or incur any debt or liability, of any nature, in the name of or on behalf of PDV USA, its subsidiaries, or affiliates.

## CONSULTING AGREEMENT

6. **Confidential Information.** CONSULTANT and its Personnel shall hold in strictest confidence any information, data and material which is related to PDV USA's business or is designated as proprietary and confidential or is otherwise provided or made available by PDV USA in connection with the Services performed hereunder ("Confidential Information"). CONSULTANT and its Personnel shall not, without PDV USA's prior written consent, disclose to others any Confidential Information disclosed to CONSULTANT and its Personnel by PDV USA or any Confidential Information which comes into the possession of CONSULTANT and its Personnel as a result of this Agreement. CONSULTANT shall not to make use of the Confidential Information other than for the performance of the Services under this Agreement. Confidential information includes, but is not limited to, information related to research, development, pricing, trade secrets, customer lists, salaries, technical data, procedures, or business affairs of PDV USA, its subsidiaries and affiliated companies. The Confidential Information shall remain the property of PDV USA and PDV USA may request the return of the Confidential Information at any time upon written request to CONSULTANT. The obligations in this section shall apply to any information, data and material that constitutes "Confidential Information" as defined herein which was provided or made available to CONSULTANT and its Personnel prior to the effective date of this Agreement.

7. **Warranty.** CONSULTANT hereby represents and warrants to PDV USA, with the intention that PDV USA rely thereon in entering into this Agreement, that: (a) CONSULTANT has the present capacity and will take all steps necessary to maintain the capacity to perform the Services hereunder; (b) each of CONSULTANT's Personnel assigned to perform Services hereunder has the proper skill, training, and background so as to be able to perform such Services in a competent and professional manner; (c) CONSULTANT and each of its Personnel are properly registered and licensed to perform the Services hereunder and shall maintain any such registration and licenses during the term of this Agreement; (d) in connection with performing the Services, CONSULTANT and its Personnel will not violate any applicable laws or regulations of any jurisdiction; (e) no portion of any payment to CONSULTANT by PDV USA pursuant to this Agreement shall be used as a bribe, kickback, rebate, illegal political contribution, or in violation of applicable foreign exchange control regulations, tax laws or regulations, or other laws or regulations of any jurisdiction; and (f) the execution and performance by CONSULTANT of this Agreement does not and will not violate or conflict with or result in a breach of any of the terms, conditions, duties, or obligations to which CONSULTANT is bound to any third party or any other rights of any third party.

8. **PDV USA Rules.** CONSULTANT and its Personnel shall comply with any policy and procedures of PDV USA in the event they apply to the performance of the Services. CONSULTANT shall be notified by PDV USA when such compliance is required.

9. **Personnel Expertise.** CONSULTANT warranties that its Personnel has the experience, expertise, and skills to perform the Services.

10. **Indemnity.** CONSULTANT shall protect, defend (at CONSULTANT's expense and by counsel satisfactory to PDV USA), indemnify, save and hold harmless PDV USA, its subsidiaries and affiliates and its and their agents, directors, officers, shareholders, employees, representatives, successors, and assigns, from and against any and all breaches of this Agreement by CONSULTANT, its Personnel, direct or indirect costs, damages, losses, obligations, lawsuits, claims, liabilities, fines, or penalties (whether or not ultimately defeated) in connection with, arising out of, relating to, incidental to, or resulting from any act or omission or any alleged act or omission by CONSULTANT or its Personnel, including in each instance, but not limited to, all costs and expenses of investigation and defending any claim at any time arising and any final judgments, compromises, settlements, court costs and attorneys' fees, whether foreseen or unforeseen (including all such expenses, court costs, and attorneys' fees in the enforcement of PDV USA's rights hereunder)

## CONSULTING AGREEMENT

incurred by PDV USA directly or indirectly.

11.   **Insurance.** In the event PDV USA considers appropriate and applicable, and after proper notification to CONSULTAT, CONSULTANT shall be responsible for providing the following insurance coverages:

   a.   Workers' compensation and employer's liability insurance covering all of CONSULTANT's Personnel in accordance with the statutory requirements of the state of hire in which the Services are to be performed.  CONSULTANT's employers' liability insurance covering its Personnel shall have a limit of <u>five hundred thousand dollars ($500,000)</u> per occurrence.

   b.   Comprehensive general liability insurance with contractual liability providing for a combined single limit of <u>five hundred thousand dollars ($500,000)</u> for personal injury, death or property damage resulting from each occurrence and covering all of CONSULTANT's operations involved in the performance of the Services hereunder.  The aforesaid insurance shall cover, but not be limited to, loss of or damage to PDV USA's, and to CONSULTANT's, property, members, and employees.

   c.   Business automobile liability insurance covering owned, non-owned and hired motor vehicles, with combined single limits of at least <u>five hundred thousand dollars ($500,000)</u> for personal injury, death, or property damage, resulting from each occurrence.

   In addition, PDV USA shall be named as an 'additional insured' with respect to comprehensive general liability coverage and automobile liability insurance coverage. Each respective insurance carrier shall waive subrogation rights with respect to PDV USA. CONSULTANT shall provide PDV USA with certificates evidencing the required coverage as soon as possible but in no event later than ten (10) days after this Agreement is executed.  The insurance limits provided hereunder are those minimum limits to be provided by CONSULTANT and do not limit the liabilities for which CONSULTANT is responsible under this Agreement

12.   **Title to Work Product.** All work performed hereunder, and any and all materials and products developed or prepared for PDV USA by CONSULTANT, including any Deliverables, are the property of PDV USA and all title and interest therein shall vest in PDV USA and shall be deemed to be made in the course of the Services rendered hereunder.  To the extent that title to any such works may not, by operation of law, vest in PDV USA, all rights, title and interest therein are hereby irrevocably assigned to PDV USA.  All such materials and products shall belong exclusively to PDV USA; with PDV USA having the right to obtain and hold in its own name, copyrights, patents, registrations or such other protection as may be appropriate to the subject matter thereof.  PDV USA may use any of the work, materials, and products, Services or Deliverables in its sole discretion without additional compensation to CONSULTANT.  CONSULTANT shall give PDV USA and any person designated by PDV USA reasonable assistance, at PDV USA's expense, required to perfect the rights defined in this Paragraph.  Unless otherwise requested by PDV USA, upon completion of the Services to be performed hereunder, CONSULTANT shall immediately turn over to PDV USA all materials and products developed pursuant hereto.

13.   **Audit.** PDV USA, its Accountant, Corporate Auditor and/or any third person representing PDV USA, shall have the right to inspect and/or audit, during the CONSULTANT's normal business hours, the books, records, internal controls and procedures and other information with respect to (a) CONSULTANT's performance of its obligations under this Agreement, and (b) information used by the CONSULTANT in determining the amounts payable by PDV USA under this Agreement.  PDV USA shall provide reasonable notice to CONSULTANT of its plan to audit.  CONSULTANT shall

## CONSULTING AGREEMENT

retain all such records for a period of two years following the last day of each calendar year, in an orderly fashion, to facilitate the audit process.

14. **Authorized Representative and Notices**.  Any notice hereunder shall be in writing and shall be effective when delivered by email, personally or when deposited in the mail, postage prepaid, registered or certified and addressed as follows:

        If to CONSULTANT:
                Interamerican Consulting, Incorporated
                10925 N.W. 43rd Lane
                Miami, Florida 33178
                Attention:  David Rivera

        If to PDV USA:
                Mr. Pío González
                Edificio Petróleos de Venezuela, Torre Este,
                La Campina, Caracas – Venezuela 1060
                Email: gonzalezpu@pdvsa.com
                Phone Number: +582127083700

15. **Publicity**.  CONSULTANT shall not issue a press release regarding this Agreement or the Services provided or use PDV USA's or its affiliates' names in any advertising or publicity, without PDV USA's prior written consent.

16. **Choice of Law and Venue:** This Agreement shall be deemed to be made under, and shall be construed in accordance with, the laws of the State of New York (without reference to choice of law doctrine). The parties irrevocably submit to the exclusive jurisdiction of the State of New York for purposes of any suit, action or proceedings relating to this Agreement.

17. **Compliance With Laws.**  To the extent applicable, CONSULTANT shall comply with all federal, state and local laws, regulations and ordinances.

18. **Assignment and Subcontracting.** This Agreement is entered into by PDV USA in reliance upon the personal qualifications of CONSULTANT's Personnel and, therefore, CONSULTANT shall not assign this Agreement voluntarily, involuntarily, or by operation of law without the express written consent of PDV USA.  CONSULTANT may not subcontract any portion of the Services without the prior written consent of the PDV USA Authorized Representative.

19. **Miscellaneous**.  No waiver of any provision of this Agreement, or a breach hereof, shall be effective unless it is in writing and signed by both parties.  No waiver of a breach of this Agreement (whether express or implied) shall constitute a waiver of a subsequent breach.  All provisions of this Agreement are severable, and the unenforceability or invalidity of any of them shall not affect the enforceability or validity of the remaining provisions of this Agreement.  Any provision of this Agreement which by the nature of its terms would survive any termination or expiration of this Agreementshall continue to apply to the parties and remain in full force and effect.The headings in this Agreement are inserted for convenience only and shall not be used in the interpretation hereof.  Both parties have reviewed, and have had an opportunity for comment upon, this Agreement.  Any rule or principle of contractual construction that would otherwise require any aspect of this Agreement to be interpreted against the party primarily responsible for

## CONSULTING AGREEMENT

its drafting shall not be employed in the interpretation hereof. This Agreement shall not be modified, altered, amended, or revoked except in writing duly executed by the parties.

20.   **Exhibits and Entirety.** This Agreement contains all agreements of any kind or nature (oral or written) between the parties and all prior or contemporaneous promises, representations, agreements, or understandings are expressly merged herein and superseded hereby. Any and all additional and different terms contained in CONSULTANT's proposals are herein rejected. This Agreement shall include the following exhibits ("Exhibits") attached hereto and incorporated herein by reference:

    Exhibit A    Scope of Services and Deliverables
    Exhibit B    Compensation and Payment Schedule

This Consulting Agreement and the Exhibits are collectively referred to as the "Contract Documents". To the extent of any inconsistency or conflicting terms and/or conditions between this Agreement and any of the Exhibits, this Agreement shall govern and control. The Exhibits will have the same priority in the event of an irreconcilable conflict in the order in which they are listed above.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first shown above.

**PDV USA, Inc.**                                   **Interamerican Consulting**

By: _____                        By: _____

Name:   **GUILLERMO BLANCO**                        Name:   **DAVID RIVERA**

Title:   **President**                              Title:   **President**

Date:   **March 21st, 2017**                        Date:   **March 21st, 2017**

## CONSULTING AGREEMENT

### EXHIBIT A
of
Consulting Agreementby and Between
PDV USA, Incand
Interamerican Consulting, Incorporated
March 21st, 2017

SCOPE OF SERVICES AND DELIVERABLES

The **Services** in general shall include, but not limited to:

It shall be the CONSULTANT's duty to provide strategic consulting services to the CLIENT as the CLIENT deems necessary and appropriate.

CONSULTANT will provide CLIENT with strategic consulting and assistance developing strategies to inform policy makers and opinion leaders regarding CLIENT initiatives and achievements.

CONSULTANT will develop and work with CLIENT to organize and implement a multi-faceted strategy to reinforce CLIENT's standing among important public officials and opinion leaders.

CONSULTANT will support CLIENT in the planning and execution of a strategic plan directed at targeted stakeholders to assist CLIENT with the development and implementation of a program to support efforts that will enhance the long-term reputation and standing of CLIENT.

CONSULTANT will identify opportunities to build long-term relationships among key third-parties, opinion leaders and public officials.

Consultant Deliverables are:

The CONSULTANT will provide the CLIENT with updates regarding the strategic consulting services provided by the CONSULTANT, and include with the invoice all supporting documentation, and set out adequate and complete details of the Services rendered.

CONSULTANT shall provide CLIENT with a bi-weekly report detailing the activities that it has carried out during that period to achieve the stated goals and purposes of the Agreement as well as a final report integrating all work product including recommendations for monitoring and following-up on the strategies implemented.

**CONSULTING AGREEMENT**

**EXHIBIT B**
of
Consulting Agreement by and Between
PDV USA, Incand
Interamerican Consulting, Incorporated
March 21st, 2017

COMPENSATION AND PAYMENT SCHEDULE

CONSULTANT agrees to accept and PDV USA agrees to pay for the complete, satisfactory and timely performance of the Services in strict accordance with all requirements contained in this Agreement. The total compensation for the Services provided by CONSULTANT, as per the terms and conditions herein provided, is U.S. Dollars 50,000,000.00.

PAYMENT SCHEDULE:

Initial Payment Installment for US$ 5,000,000.00 on March 21st, 2017

Consecutive Payment Installments for US$ 5,000,000.00 every two weeks starting on April 4th, 2017 until reaching the total amount of US$ 25,000,000.00 by May 16th, 2017

Final Payment Installment for US$ 25,000,000.00 before June 15th, 2017.

INVOICING:

Consultant shall submit an invoice for the Service completed and accepted, (as approved by the PDV USA Representative indicated in Section 14 of the Consulting Agreement), in triplicate, to the address shown below. The invoice shall reference the Consulting Agreement Number, PDV USAauthorized personnel responsible for accepting the services provided, and banking instructions.

Invoices shall be submitted by email to:

Mr. Pío González
Email: gonzalezpu@pdvsa.com
PhoneNumber: +582127083700