# EXHIBIT 5

| | |
|---|---|
| PDV USA, Inc.<br><br>                    Plaintiff,<br><br>v.<br><br>Interamerican Consulting, Inc.<br><br>                    Defendant. | No. 20-cv-03699-JGK<br><br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES** |

### DEFENDANT INTERAMERICAN CONSULTING, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES

Defendant, Interamerican Consulting, Inc. ("Defendant"), responds to the First Set of Interrogatories (the "Interrogatories") served by Plaintiff, PDV USA, Inc. ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

1.     Defendant objects to each of PDV USA's Interrogatories as impermissible to the extent they are inconsistent with Local Rule 33.3.

2.     Defendant objects to each of Plaintiff's Interrogatories to the extent that Defendant seeks the production of materials, or the disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable protections.

3.     The following responses are made solely for the purposes of this action.  Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds which objections would require the exclusion of any writing produced herein at trial, all of which objections and grounds are reserved and may be interposed at the time of trial.

4.      Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. Any response herein is based upon information presently known to Defendant.

## DEFINITIONS AND INSTRUCTIONS

5.      The definitions and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York ("Local Rules") shall apply to these responses. All terms not otherwise defined shall have then ordinary and common meanings.

6.      The term "Action" refers to the lawsuit filed by Plaintiff against Defendants titled *PDV USA, Inc. v. Interamerican, Inc.* in the United States District Court for the Southern District of New York, Case No. 20-cv-03699-JGK.

7.      The term "PDV USA" refers to PDV USA, Inc.

8.      The term "Interamerican" refers to Interamerican Consulting Inc.

9.      The term "Contract" refers to the Consulting Agreement dated March 21, 2017, which was entered by PDV USA, Inc. and Interamerican Consulting, Inc

## SPECIFIC RESPONSES

23.      Identify any and all subcontracting agreements You entered into, or that You attempted to enter into, with anyone, relating in any way to the Agreement or the funds you received under the Agreement. Your response must specify the identity of the subcontractor, the date the subcontract was proposed to the subcontractor, and if executed the date when You and/or the subcontractor signed the subcontract.

**Interamerican Consulting is not in possession of, never entered into, and never attempted to enter into, any subcontracting agreements with anyone, relating in any way whatsoever to any services provided under the Contract at issue in this case. Interamerican is aware of documents created in coordination with entities that received referral fees in connection with**

2

the solicitation of Interamerican's services. These documents were created long after the Contract had expired and at the express request of the entities that received referral fees in connection with the Contract. Aside from the documents titled: "Contract for Services" and "Marketing Agreement," identified by bates-label below in third-party productions, there are no other agreements that reflect referral fees paid to referral sources in connection with the Contract. The Contracts for Services were requested of Interamerican by non-parties in late 2017, and the Marketing Agreements were requested of Interamerican by non-parties in early 2020, all long after the Contract had already expired:

- **Krome00001 (Previously produced by Krome, LLC, and readily available to Plaintiff.)**

- **Krome00002-00007 (Previously produced by Krome, LLC, and readily available to Plaintiff.)**

- **Krome00015-00020 (Previously produced by Krome, LLC, and readily available to Plaintiff.)**

- **Krome00140 (Previously produced by Krome, LLC, and readily available to Plaintiff.)**

- **Krome00141 (Previously produced by Krome, LLC, and readily available to Plaintiff.)**

- **IYM Supplemental Response 000288 (Previously produced by Interglobal Yacht Management, LLC, and readily available to Plaintiff.)**

- **IYM Supplemental Response 0002889 (Previously produced by Interglobal Yacht Management, LLC, and readily available to Plaintiff.)**

- **IYM Supplemental Response 000290 (Previously produced by Interglobal Yacht Management, LLC, and readily available to Plaintiff.)**

- **PGA001 (Previously produced by PG & Associates, Inc., and readily available to Plaintiff.)**

- **PGA002-0007 (Previously produced by PG & Associates, Inc., and readily available to Plaintiff.)**

- **PGA0015-0020 (Previously produced by PG & Associates, Inc., and readily available to Plaintiff.)**

- **PGA0140 (Previously produced by PG & Associates, Inc., and readily available to Plaintiff.)**

- **PGA0141 (Previously produced by PG & Associates, Inc., and readily available to Plaintiff.)**

## **Verification of Interrogatory Answers**

David Rivera declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Rivera, President of Interamerican Consulting, Inc., am authorized to execute this verification on behalf of Interamerican Consulting, Inc. I am informed and believe that the information set forth in the Specific Response Number 23 to Plaintiff's Fourth Set of Interrogatories was obtained and assembled from appropriate sources of information and, on those grounds, I am informed and believe that the information contained in the Specific Response Number 23 is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4 - 4 - 22

_____
David Rivera

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2022, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

/s/ Jason Johnson
**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A**.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: JJohnson@ByrdCampbell.com
*Counsel for Defendant/Counter-Plaintiff*

Henry L. Saurborn, Jr.
Kaiser, Saurborn & Mair
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com
*Counsel for Defendant/Counter-Plaintiff*