# EXHIBIT 6

| | |
|---|---|
| PDV USA, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Interamerican Consulting, Inc.<br><br>Defendant. | No. 20-cv-03699-JGK<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**DEFENDANT INTERAMERICAN CONSULTING, INC.'S AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Interamerican Consulting, Inc. ("Defendant"), responds to the First Set of Interrogatories (the "Interrogatories") served by Plaintiff, PDV USA, Inc. ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

1. Defendant maintains its objections to each of PDV USA's Interrogatories as impermissible to the extent they are inconsistent with Local Civil Rule 33.3 and as the Court ruled at the January 31, 2022 hearing.

2. Defendant objects to each of Plaintiff's Interrogatories to the extent that Defendant seeks the production of materials, or the disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable protections.

3. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds which objections would require the exclusion of any writing produced herein at trial, all of which objections and grounds are reserved and may be interposed at the time of trial.

4. Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. Any response herein is based upon information presently known to Defendant.

## SPECIFIC RESPONSES

1. Describe in detail Interamerican's performance under the Agreement, including, without limitation, by setting out adequate and complete details of any and all services rendered.

**RESPONSE:** Pursuant to the Court's oral ruling at the January 31, 2022 hearing, no response is required.

2. Identify the following persons and/or entities that Interamerican referred to in the Final Report and describe in detail any meetings, discussions, or communications with them, including, but not limited to, those referred to in the April 18, May 16, May 30, and June 13 sections of the Final Report: "policy makers," "opinion leaders," "public sector actors," "public sector stakeholders," "private sector actors," "private sector entities," "private sector organizations," "important interlocutors associated with the target private sector organizations," "interlocutors," "target stakeholders," "important stakeholders," and "key public officials."

**RESPONSE:** Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican supplements its prior response as follows:

Individuals and entities that Interamerican referred to in the Final Report include:

   a. **David Rivera**
   b. **Julio Borges**
   c. **Henry Ramos Allup**
   d. **Oliver Blanco**
   e. **Pete Sessions**
   f. **Sam Johnson**
   g. **Randy Ebner**
   h. **Darren Woods**
   i. **Exxon Mobil Corporation**
   j. **Phillips 66**

      **k. Occidental Petroleum**
      **l. EOG Resources**
      **m. Chevron Corporation**
      **n. ConocoPhillips Corporation**
      **o. Valero Energy**
      **p. Citgo Petroleum Corporation**
      **q. Jose Angel Pereira**
      **r. Gustavo Cardenas**
      **s. Petroleum Marketers Advocates**

**Meetings Referred to in the Final Report include:**

**a. Between March 21, 2017, and June 21, 2017, Interamerican held in-person meetings with Julio Borges, Henry Ramos Allup, Oliver Blanco, Pete Sessions, Sam Johnson, Jose Angel Pereira, and Gustavo Cardenas in Washington, D.C., Houston, Texas, Dallas, Texas, Miami, Florida, Tallahassee, Florida, and New York, New York;**

**b. Between March 21, 2017, and June 21, 2017, Interamerican communicated telephonically with Randy Ebner, Darren Woods, and Exxon Mobil Corporation;**

**c. Between March 21, 2017, and June 21, 2017, Interamerican communicated via WhatsApp with Julio Borges, Henry Ramos Allup, Oliver Blanco, Pete Sessions, Sam Johnson, Jose Angel Pereira, Citgo Petroleum Corporation, and Gustavo Cardenas via WhatsApp.**

3. Describe in detail any and all meetings, discussions, and communications that You had with any employee, agent, director, officer, or representative of PDV USA, PDVSA, Citgo Petroleum Corporation, and/or anyone associated with the Venezuelan Government, including, but not limited to Nelson Ferrer, Ysmel Serrano, Delcy Rodríguez, Simón Zerpa, and Cesar Triana, in connection with the Agreement.

    **RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

    **Between March 21, 2017, and June 21, 2017, Interamerican met with Arnaldo Arcay, Gustavo Cardenas, Rafael Gomez, Jose Luis de Jhong Atencio, and Edoardo Orsoni, among other officers of PDV USA and Citgo Petroleum Corporation, via WhatsApp, including through the voice call feature, on a near daily basis.**

3

**After June 21, 2017, Interamerican maintained communications with officers of Citgo Petroleum Corporation and PDV USA, including Judith Colbert, Edoardo Orsoni, Arnaldo Arcay, and Alejandro Escarra, through February 18, 2019.**

4.      Describe in detail any meetings, discussions, or communications that you had with "the opposition for anti-Maduro protests," Leopoldo López, Raúl Gorrín, Esther Nuhfer, Hugo Pereira, or any Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions, or any representative of any of the individuals, groups, or entities mentioned in this interrogatory, in connection with the Agreement or otherwise relating to PDV USA, PDVSA, and/or Citgo Petroleum Corporation.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

**In early 2017, Interamerican met with Esther Nuhfer and Hugo Pereira.**

**Interamerican engaged in privileged, attorney-client communications prior to, during, and after the term of the Agreement with Raul Gorrin.**

5.      Describe in detail the facts underlying the statements attributed to David Rivera in the May 13, 2020 CE Notificias Financieras (English) article entitled "PDVSA denounces former U.S. congressman for Payment of $US15M" and in the May 14, 2020 Miami Herald article by Jay Weaver and Antonio Maria Delgado entitled "Rivera didn't register as a foreign agent in $50 million contract with Venezuela oil firm," including the following statements: "ask the boys of Citgo 6"; "They handled that entire operation, including all the money, in coordination with the Venezuelan opposition . . . That's all I know"; and "All those funds went to the opposition for anti-Maduro protests in the summer of 2017. I never saw a penny of it."

**RESPONSE:  Pursuant to the Court's oral ruling at the January 31, 2022 hearing, no response is required.**

6. Describe in detail to whom, how, when, and why Interamerican or David Rivera disbursed funds received from PDV USA or PDVSA, including, but not limited to, describing in detail the $625,000 that Interamerican transferred to Krome Argonomics LLC on March 27, 2017 and the $3,750,000 that Interamerican transferred to Interglobal Yacht Management LLC between March 31, 2017 and April 24, 2017.  Include in your description of each payment or transfer, the identity of the immediate recipient, any ultimate intended recipient, the purpose of the payment, whether the payment was made in connection with the Agreement, and who approved the payment.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

**Interamerican is unaware of any individuals or entities, other than itself, who used funds from PDV USA to provide services in connection with the Agreement.**

7. Identify all bank accounts used by Interamerican or David Rivera.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican supplements its prior response as follows:**

**Interamerican used the following JP Morgan Chase Bank, N.A. accounts (last four digits) to provide services in connection with the Agreement:**

    **a.    1682**
    **b.    5336**

8. Describe in detail the "series of pro-active steps [proposed by Interamerican] to pursue on behalf of the Client which would encompass areas of mutual concern between the Client and the United States," to which the April 4 entry of the Final Report refers.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

5

> **Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.**
>
> **There are no other responsive documents. The "series of pro-active steps [proposed by Interamerican] to pursue on behalf of the Client which would encompass areas of mutual concern between the Client and the United States," were discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.**

9. Describe in detail to what strategies Interamerican referred in the portion of the "Interim Recommendations" section of the Final Report that states that "success will be determined by the Client's determination to follow-up on the strategies that have been implemented during the last several weeks."

> **RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**
>
> **Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.**
>
> **There are no other responsive documents. All strategies referred to in the portion of the "Interim Recommendations" section of the Final Report were discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.**

10. Describe in detail "the stated goals and purposes of the Consultant proposal" referred to in the "Interim Recommendations" section of the Final Report.

> **RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**
>
> **Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.**
>
> **There are no other responsive documents describing in detail "the stated goals and purposes of the Consultant proposal" referred to in the "Interim Recommendations"**

**section of the Final Report. The "goals and purpose of the Consultant proposal" were discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.**

11. Describe in detail the "options and important steps" referred to in the portion of the May 30 section of the Final Report that states: "The Consultant provided Client with several options and important steps that would be necessary to pursue the original goals and objective vis-à-vis public sector actors in the United States."

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

**Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.**

**There are no other responsive documents describing in detail the "options and important steps" referred to in the portion of the May 30 section of the Final Report. These items were discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.**

12. Describe in detail how the "Consultant has facilitated the development of key elements that would expedite such positive relationship with interested parties in the United States," including identifying the "interested parties in the United States" to whom this refers, as stated in the June 13 section of the Final Report.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

**Interested parties in the United States included private sector energy companies such as Exxon Mobil Corporation, Phillips 66, Occidental Petroleum, EOG Resources, Chevron, Corporation, ConocoPhillips Corporation and Valero Energy. Interested**

7

**parties also included public sector federal oversight entities such as the Department of the Treasury and the Department of State.**

**Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.**

**There are no other responsive documents describing in detail "the development of key elements that would expedite such positive relationship with interested parties in the United States." These items were discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.**

13.   Describe in detail the "framework for a strategic action plan that can be utilized as a vehicle to both monitor the responsiveness of interested parties to the Client as well as channel discussions and dialog toward achieving the Client's overall goals and objectives" that, according to the June 21 section of the Final Report, Interamerican provided to the "Client," including to whom the "framework" was provided and when.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

**The framework identified in this interrogatory refers to corporate officers of PDV USA, including, but not limited to, Jose Angel Pereira, Gustavo Cardenas, Rafael Gomez, Edoardo Orsoni, Arnaldo Arcay and Jose Luis de Jhong Atencio.**

**Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.**

**There are no other responsive documents describing in detail the "framework for a strategic action plan that can be utilized as a vehicle to both monitor the responsiveness of interested parties to the Client as well as channel discussions and dialog toward achieving the Client's overall goals and objectives" in the June 21 section of the Final Report. The "framework" referenced in the June 21 section of the Final Report was discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.**

8

14. Describe in detail the "strategic plan" referred to in the June 21 section of the Final Report, including the "multi-faceted efforts toward both public sector officials and opinion leaders as well as targeted private sector stakeholders," the "plan to support efforts enhancing the long-term reputation and standing of the Client," and how Interamerican "developed and implemented" that plan.

> **Response:** Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:
>
> Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.
>
> There are no other responsive documents describing in detail the "strategic plan" referred to in the June 21 section of the Final Report. The "strategic plan" referred to in the June 21 section of the Final Report was discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.

15. Describe in detail the "critical business communications" referred to in paragraph 14 of InterAmerican's Counterclaim.

> **RESPONSE:** Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:
>
> Responsive documents to this Interrogatory include: Interamerican_001053–001057; Interamerican_001058–001062; Interamerican_003183–003184.
>
> There are no other responsive documents describing in detail the "critical business communications" referred to in paragraph 14 of InterAmerican's Counterclaim. These critical business communications were discussed during in-person meetings, during telephonic conversations, and via WhatsApp with officers or representatives of PDV USA and the Citgo Petroleum Corporation and the individuals and entities referred to in response to Interrogatory 2.

9

16. Describe the manner and timeframe in which You have retained Documents or Communications, including electronically-stored information, that may be relevant to this Action.

**RESPONSE: Subject to Defendant's General Objections, the limited information required to be provided in accordance with the Court's oral ruling at the January 31, 2022 hearing, and consistent with Local Civil Rule 33.3, Interamerican responds as follows:**

**No written retention policy exists.**

17. Identify all electronic and non-electronic storage devices, including email accounts, hard drives, shared drives, servers, smartphones, all other types of electronic storage, filing cabinets, boxes, and all other types of non-electronic storage, in which Documents or Communications bearing on any of the parties' claims or defenses in this Action may now, or may in the past have been, located or found.

**RESPONSE: Subject to Defendant's General Objections, Defendant states that the following electronic and non-electronic storage devices contain documents or communications relating to parties' claims or defenses in this Action:**

  a. Email of account of David Rivera: rivera2002@comcast.net

  b. Personal Computer of David Rivera

  c. WhatsApp Account of David Rivera

<center>**&lt;SIGNATURE ON FOLLOWING PAGE&gt;**</center>

## **Verification of Interrogatory Answers**

David Rivera declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Rivera, President of Interamerican Consulting, Inc., am duly authorized to execute this verification on behalf of Interamerican Consulting, Inc. I am informed and believe that the information set forth in these responses were obtained and assembled from appropriate sources of information and, on those grounds, I am informed and believe that the information contained in these responses is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2022

_____
David Rivera

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2022, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

                                    s/ Jason Johnson
                                    Tucker H. Byrd
                                    Min Cho
                                    Jason Johnson
                                    Byrd Campbell P.A.
                                    180 Park Avenue North, Suite 2A
                                    Winter Park, Florida 32789
                                    Telephone: (407) 392-2285
                                    TByrd@ByrdCampbell.com
                                    MCho@ByrdCampbell.com
                                    JJohnson@ByrdCampbell.com

                                    Henry L. Saurborn, Jr.
                                    Kaiser, Saurborn & Mair
                                    30 Broad St., 37th Floor
                                    New York, New York 10001
                                    Telephone: (212) 338-9100
                                    saurborn@ksmlaw.com

                                    *Counsel for Defendant/Counter-Plaintiff*