June 6, 2022

**VIA ECF**

Honorable Judge Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: PDV USA, Inc. v. Interamerican Consulting Inc., Case No.: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent Interamerican Consulting, Inc. ("Interamerican") in the above-referenced case. We file this Letter in response to the renewed letter motion ("Letter Motion") to Compel (Doc. 81) filed by PDV USA in this case on May 26, 2021. Interamerican requests oral argument on this motion.

**Gorrin is Interamerican's attorney and the attorney-client privilege applies.**

The primary issue for the Court's consideration is whether certain communications between Interamerican via WhatsApp with Raul Gorrin—a Venezuelan attorney—are privileged. David Rivera, the president of Interamerican, represented to counsel that Raul Gorrin served as counsel to Interamerican in connection with the consulting agreement at issue in this case (the "Contract"). He has since obtained, and Interamerican has filed, a copy of an executed retainer letter agreement ("Retainer Agreement") (Doc. 77-1). The Retainer Agreement shows that Rivera engaged Gorrin's services on March 21, 2017, expressly in connection with the Contract at issue in this case. (Doc. 77-1 at pg. 1).

As Interamerican has previously represented (Doc 76), it is undeniable that American privilege law would apply. PDV USA's suggestion that attorney-client privilege is based on Gorrin's status as a Venezuelan attorney is without merit. The most compelling evidence that an attorney-client relationship existed is the Retention Agreement itself—which makes clear that Interamerican retained Gorrin's services to represent Interamerican in connection with the Contract. (Doc. 77-1). David Rivera, the president of Interamerican, sought Gorrin's legal expertise to navigate the legal complexities of PDV USA's relationship with its ultimate parent company, Petroleos de Venezuela ("PDVSA"), and the legal mechanisms available to the Venezuelan Government to exert influence over various sectors of its largely nationalized oil and gas industry.

**The attorney-client relationship does not depend on the existence of a formal retainer agreement**.

PDV USA devotes a significant portion of its Letter Motion to challenging the reliability of the Retention Agreement, largely inviting the Court to *speculate* based on *unsubstantiated* improper inferences and personal attacks against David Rivera. Nothing about this is sufficient to

create a factual dispute as to the authenticity of the agreement. *See Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) ("Conclusory allegations, conjecture, and speculation, however, are insufficient to create a genuine issue of fact.") (citing *D'Amico v. City of N.Y.,* 132 F.3d 145, 149 (2d Cir.)). Further, although the Agreement is evidence Interamerican had an Attorney-Client relationship with Gorrin, it is not required to support its privilege claims. The substance of the communications, as described in Interamerican's Privilege Log, make clear that they were offered for the purpose of offering legal advice. *Steinbeck v. Steinbeck Heritage Found.*, 400 F. App'x 572, 577 (2d Cir. 2010) ("Since an attorney-client relationship **does not** depend on the existence of a formal retainer agreement or upon payment of a fee, a court must look to the words and actions of the parties to ascertain the existence of such a relationship.") (quoting *Moran v. Hurst,* 32 A.D.3d 909, 911, 822 N.Y.S.2d 564, 566 (2d Dep't 2006)) (emphasis added).

First, PDV USA takes issue with privileged communications between Gorrin and Rivera—a WhatsApp message from October 2017 (the "October 2017 Message")—which involves a discussion of assigning the Contract to PDVSA (the "Assignment") that is undeniably privileged. PDV USA's insistence that because the Assignment itself was governed by New York law, Venezuelan law would not have been implicated is wholly conclusory. The prospect of assigning a $50 million contract to a state-run Venezuelan oil company would have undoubtedly raised issues of Venezuelan law—including, among other things, the mechanisms available to Interamerican for resolving disputes and collecting payments.

In any event, determining which body of law governs the Assignment or the Contract is irrelevant. "The critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client." *Spectrum Sys. Int'l Corp. v. Chem. Bank,* 78 N.Y.2d 371, 379, 575 N.Y.S.2d 809, 581 N.E.2d 1055 (1991); *see also Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 100 (S.D.N.Y. 2009) ("The key, of course, to whether an attorney/client relationship existed is the intent of the client and whether he reasonably understood the conference to be confidential." (*quoting United States v. Dennis,* 843 F.2d 652, 657 (2d Cir.1988)). The privilege log entry makes clear that the purpose of this communication was to give advice in the context of a confidential attorney-client relationship.

Further, PDV USA's contention that because Gorrin was paid a referral fee, the October 2017 communication was a business communication rather than a discussion of legal advice is without merit. Attorneys often represent clients while having an interest in the outcome of the representation. New York's Supreme Court, Appellate Division has ruled that a corporate defendant's communication with outside counsel that are "primarily and predominantly of a legal character" are privileged attorney-client communications even if conducted for a business purpose. *First Am. Com. Bancorp, Inc. v. Saatchi & Saatchi Rowland, Inc.*, 56 A.D.3d 1137, 1138 868 N.Y.S.2d 425 (2008).

The second set of messages at issue involve discussions of a proceeding before a U.S. Government Agency are, in addition to being irrelevant and non-responsive, privileged (the

"November 2017 Messages").[1] In the November 2017 Messages, David Rivera and Hugo Pereira were engaged by two Venezuelan attorneys, Gorrin and Jose Simon Elarba, in the representation of their client, a Venezuelan national. (Ex. 1 at ¶¶ 5–6). Mr. Rivera served as a liaison between the Venezuelan attorneys and United States attorneys to assist them in obtaining representation for the Venezuelan client. (Id. at ¶ 5). Even though the attorney-client privilege lies with the Venezuelan client, these communications were made for the purpose of facilitating the rendition of legal services to the client, in the course of a professional relationship, and were primarily of a legal character. *Rossi v. Blue Cross & Blue Shield of Greater New York*, 73 N.Y.2d 588, 594, 540 N.E.2d 703 (1989) (finding that it was "plain from the content and context of the communication that it was for the purpose of facilitating the lawyer's rendition of legal advice to his client."). Indeed, David Rivera and Hugo Perera were acting as agents for the attorneys to facilitate the rendition of legal services to the client and are protected by the attorney-client privilege. *See First Am. Com. Bancorp, Inc. v. Saatchi & Saatchi Rowland, Inc.*, 56 A.D.3d 1137, 868 N.Y.S.2d 425, 427 (2008) (Finding that, "[w]hile communications made between a defendant and counsel in the known presence of a third party generally are not privileged, an exception exists for 'one serving as an agent of either attorney or client.'") (quoting *Robert V. Straus Productions, Inc. v. Pollard*, 289 A.D.2d 130, 131, 734 N.Y.S.2d 170 (2001)).

Based on the foregoing, it is undisputed that the text messages in question are protected by the attorney-client privilege, nonresponsive, irrelevant, and not necessary to the prosecution or defense of any claims in this case. Nevertheless, out of an abundance of caution, Interamerican will make available a copy of the November 2017 text messages for an *in camera* review by the Court to confirm that the communications are privileged.

**The crime-fraud exception does not apply.**

Finally, PDV USA attempts to invokes the crime-fraud exception to argue that the Attorney-Client privilege does not apply. PDV USA's argument is not only inappropriate, but also wholly speculative. First, PDV USA fails to identify the crime that was allegedly perpetrated. Secondly, PDV USA filed a breach of contract claim against Interamerican for a valid, legal contract that was drafted *by* PDV USA. It is inconceivable that PDV USA is now contending that its contract was "criminally inspired" or that it contracted with Interamerican for an illegal purpose and is also a party to this phantom crime that it fails to identify. Thirdly, PDV USA incoherently unleashes a barrage of unrelated general allegations of criminal investigation of third parties and fails to establish how those investigations relate to the privileged communications at issue before the Court.[2]

---

[1] By way of background, Interamerican agreed to produce all documents that hit on the proposed search terms, except for those withheld on the basis of work product or attorney-client privilege. The search terms provided by PDV USA included the names "Raul Gorrin," and "Hugo Pereira," and consequently elicited the November 2017 messages.

[2] PDV USA misstates the record suggesting that Interamerican's payments to Interglobal Yacht Management ("IYM") were somehow part of an improper scheme to funnel money. It is undisputed that Interamerican sent these funds on behalf of Gorrin as payment for amounts Gorrin owed to IYM. (Ex. 2 at pg. 160:2–23). It is also undisputed that all the money received from Interamerican to IYM was used to service Gorrin's yacht. (*Id.* at 165:3–7). Nothing about this is illegal or supports PDV USA's baseless assertion that Interamerican attempted to "compel" IYM to sign a contract for some unspecified nefarious purpose.

Respectfully submitted,

*/s/ Tucker Byrd*

**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A**.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: JJohnson@ByrdCampbell.com
*Counsel for Defendant/Counter-Plaintiff*

Henry L. Saurborn, Jr.
Kaiser, Saurborn & Mair
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com
*Counsel for Defendant/Counter-Plaintiff*