

Andrew Domingoes, Esq.
(407) 392-2285
ADomingoes@ByrdCampbell.com

June 6, 2022

**VIA EMAIL**
Brady Sullivan, Esq.
Wilkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

RE: *PDV USA, Inc. v. Interamerican Consulting Inc. Case No.: 1:20-cv-03699-JGK-RWL* **(Deficiencies in PDV USA's Interrogatory Responses and Productions)**

Dear Brady:

We write regarding several deficiencies in your responses to Interamerican's Second Set of Interrogatories and deficiencies in PDV USA's productions. Please respond by Friday June 10, 2022. Otherwise, we will assume the parties are at an impasse and move to compel on the issues raised in this letter.

### A.  PDV USA's Deficient Interrogatory Responses:

**Interrogatory No. 4:** This interrogatory seeks the identification of internal communications "regarding any dissatisfaction with the performance of Interamerican under the Contract."

In its Responses and Objections, PDV USA never actually identifies any communications regarding its alleged dissatisfaction with Interamerican's performance, or even if any such communications exist. Instead, PDV USA confusingly contends that PDV USA was "not the intended beneficiary of the Contract" and therefore, "communications . . . would not have occurred 'within' PDV USA." This statement, however, is contrary to the allegations in PDV USA's Amended Complaint that (1) "Pio Gonzalez, a PDVSA employee, was identified in the Agreement as the 'authorized representative' for PDV USA. . .and the two progress reports that were produced by Interamerican were sent to him;" (2) "Interamerican failed to provide the services and deliverables set out in the Agreement;" (3) "Interamerican failed to perform any services 'to PDV USA's sole satisfaction,'" and (4) "PDV USA was not and is not satisfied with any services purported to be rendered to PDV USA under the Agreement."

DALLAS
Phone: (214) 764-4106

ORLANDO
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Phone: (407) 392-2285
Fax:  (407) 392-2286

PENSACOLA
Phone: (850) 308-7440
By appointment only

Andrew Domingoes, Esq.
June 6, 2022
Page 2

It is unfathomable that documents and internal communications regarding PDV USA's alleged "dissatisfaction" would not exist within the company that—as PDV USA contends—was instructed to enter into the Agreement and in turn expressed dissatisfaction with the outcome, as demonstrated by the initiation of this litigation. Indeed, in PDV USA's Responses to Interamerican's Request for Admissions, PDV USA denies that it "never expressed any dissatisfaction with Interamerican's performance to Interamerican between March 21st 2017 and June 21st 2017."

Simply put, PDV USA's response is inconsistent. How can PDV USA deny that it never expressed dissatisfaction between March 21st 2017 and June 21st 2017 and then claim that any communications regarding its purported dissatisfaction would not have occurred within PDV USA during that same period? Are you conceding that Guillermo Blanco, the President of PDV USA, who signed the Contract on behalf of PDV USA, and Jose Pereira, the Treasurer of PDV USA, who approved invoices from Interamerican, never once complained about Interamerican's supposed lack of performance between March 21st, 2017 and June 21st 2017? If that is your position, then who expressed dissatisfaction with Interamerican's performance at PDV USA? **Please clarify your position.**

**Interrogatory No. 11:** This interrogatory seeks the identification of "the person or persons within the U.S. Department of Justice with whom anyone within the PDV entities consulted . . . as stated on the DOJ Presentation." As explained in our Interrogatories, the "DOJ presentation" refers to page 52 of the PDVSA 2019-2020 Presentacion de Resultados, which was attached as Exhibit A.

PDV USA answered and objected under a narrowed interpretation of Interrogatory No. 11 by stating "PDV USA states that no persons within any PDV entity consulted, met with, discussed, or in any way communicated with the DOJ." Considering that the DOJ Presentation appears to have been prepared by the PDV Ad Hoc Board, PDV USA presumably would have knowledge contrary to its assertion that no persons consulted with the DOJ.

Further, to the extent PDV USA bases its representation on the definition PDV USA unilaterally created in its Responses and Objections of the term "PDV entities," this would render PDV USA's response insufficient. PDV USA defined the term "PDV entities" to refer to PDV USA, the members of the PDVSA Ad Hoc Board, and PDV Holding, Inc., but omitted PDVSA from its definition.

We do not agree that this interrogatory seeks irrelevant information. PDV USA has injected the relevance of communications with the DOJ into this lawsuit. Despite PDV USA's thinly veiled attempt to frame this as a simple contract dispute, the Amended Complaint is riddled with allegations that the agreement itself is a "sham," and many of PDV USA's pleadings have suggested or outright accused Interamerican of misappropriating the funds for some sort of criminal or nefarious purpose (all of which conveniently have nothing to do with PDV USA). And, indeed, the DOJ Presentation states that this lawsuit was brought after consulting with the Department of Justice. **Please clarify your position.**

Andrew Domingoes, Esq.
June 6, 2022
Page 3

**Interrogatory No. 13:** This interrogatory seeks the identification of "documents, communications, meetings, or any and all communications, in which hiring third-party government relations firms . . . was discussed" and "personnel of PDV USA or any of the PDV entities who were involved in these communications."

PDV USA's objects, arguing that Interrogatory No. 13 is irrelevant. But this is contrary to PDV USA's allegations that Interamerican ". . . did not provide CLIENT with strategic consulting . . .;" ". . . did not develop and work with CLIENT to organize and implement a multi-faceted strategy. . .;" and ". . . did not identify opportunities to build long-term relationships among key third-parties. . ." Indeed, as Interamerican has previously stated, several of the third-party government relations firms identified in this Interrogatory were hired in connection with Interamerican's services. Further, PDV USA cannot simultaneously contend that Interamerican "did not perform any of the services it was contracted to perform" and complain that gathering information related to Interamerican's services is "unduly burdensome." Nor can PDV USA genuinely claim that the term "third-party government relations firms" is vague and ambiguous when Interrogatory No. 13 supplies examples of the firms it is referring to.

Interrogatory No. 13 is anything but irrelevant. PDV USA's four counts against Interamerican are based on the claim that services were "nonexistent." Any documentation responsive to this request is not only relevant, but necessary in the defense of this action. *See Allen v. Crowell–Collier Publ. Co.*, 21 N.Y.2d 403, 432 (N.Y. 1968), FRCP Rule 26 (b)(1). **Please respond to this Interrogatory.**

B.  **Redactions for Non-Responsiveness in PDV USA's Productions:**

Many of the documents you have produced include redactions for responsiveness, and it is now unclear whether you are withholding documents in their entirety from production. Just as we are producing all documents that hit on your 34 proposed search terms (with exception of those withheld on the basis of work product or attorney-client privilege), we expect that PDV USA would do the same. Please produce all documents withheld on the basis of non-responsiveness.

Please respond to the deficiencies raised in the letter by Friday June 10, 2022. Otherwise, we will assume the parties are at an impasse and move to compel.

Andrew Domingoes, Esq.
June 6, 2022
Page 4


Best,

/s/ *Andrew Domingoes*

Andrew Domingoes, Esq.

CC: Counsel of Record