UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PDV USA, INC., :
:
       Plaintiff, :
:
v. :   Case No. 20-cv-3699
:
INTERAMERICAN CONSULTING, INC., :
:
       Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PDV USA, INC.'S RESPONSES AND OBJECTIONS
TO DEFENDANT'S REQUEST FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.2 and 26.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff PDV USA, Inc., ("PDV USA") by its undersigned counsel, hereby responds and objects to Defendant Interamerican Consulting, Inc.'s ("Interamerican") Request for Admissions to Plaintiff (the "Requests" and each a "Request").

Discovery in this matter is ongoing. PDV USA has not yet completed its investigation of the facts, witnesses, documents, or analysis of available information. The following responses are therefore based on information and documentation as reasonably available and presently known to PDV USA. The following responses are made without prejudice to PDV USA's rights to provide subsequently discovered information. PDV USA reserves the right to supplement, amend, or clarify these responses if different or additional information is discovered or subsequently becomes available through discovery or otherwise.

PDV USA expressly reserves, and its responses to the Requests herein shall not constitute waiver of, its rights to (i) object at any point and on any ground to the use of the

information provided, (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the Requests, and (iii) provide, at any time, subsequently discovered information or information omitted from these Responses as a result of mistake, error, oversight, or inadvertence.

**GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS**

In addition to PDV USA's specific responses and objections to each Request as provided below, PDV USA makes the following general objections and objections to definitions (the "General Objections"):

1. PDV USA objects to the Requests to the extent they seek to impose obligations other than those required by the Federal Rules of Civil Procedure, the Local Rules, orders of the Court, or any other applicable law, rule, or orders.

2. PDV USA objects to the Requests to the extent they seek information not in the possession, custody, or control of PDV USA and not reasonably available to PDV USA based upon reasonable inquiry and the information it knows or can readily obtain.

3. PDV USA objects to the Requests to the extent they assume disputed facts, assert legal conclusions, or improperly seek information as to fundamental disagreements in this Action. Except as expressly stated herein, PDV USA does not admit, adopt, or acquiesce to any factual or legal conclusions, contentions, assertions, definitions, or characterizations contained in the Requests.

4. PDV USA objects to the Requests to the extent they seek information that is not relevant to the claims or defenses in this Action.

5. PDV USA objects to the Requests to the extent they require disclosure of information or documents protected from disclosure by the attorney-client privilege, the work

**CONFIDENTIAL**

product doctrine, or any other applicable privilege, law or rule.  PDV USA does not intend to waive any claims or privileges or other protections, all of which are expressly reserved.  Any inadvertent disclosure or production of any privileged or otherwise protected information or document shall not be deemed or construed to constitute a waiver.  PDV USA reserves the right to demand the return/destruction of all copies of any such information or document.

6.      PDV USA objects to the definition of "Contract" to the extent it implies that the purported consulting agreement executed by and between Interamerican and PDV USA, dated March 21, 2017, was a legitimate contract for the provision of consulting services.  As discovery in this action has shown, rather than the rendering of consulting services by Interamerican, Interamerican instead transferred millions of dollars paid by PDV USA to supporters of the Venezuelan regime of Nicolás Maduro pursuant to purported "subcontracts" and other arrangements.

7.      PDV USA objects to the definition of "PDVSA" on the grounds that it is overly broad and unduly burdensome because it purports to include PDVSA's "partners, corporate parent, subsidiaries, or affiliates."  PDV USA will construe "PDVSA" to mean Petroleós de Venezuela, as well as its officers, directors, and employees.

8.      PDV USA objects to the definitions of "Plaintiff," "PDV USA," "You," and "Your" on the grounds that they are overly broad and unduly burdensome because they purport to include PDV USA's "partners, corporate parent, subsidiaries, or affiliates," as well as "PDV Holding, Inc., Citgo Holding, Inc., Citgo Petroleum Corporation, and PDVSA Ad Hoc Board."  PDV USA will construe the terms "Plaintiff," "PDV USA," "You," and "Your" to mean PDV USA, Inc., as well as its officers, directors, and employees.

**CONFIDENTIAL**

9. PDV USA objects to the definition of "DOJ Presentation" because there is no Department of Justice presentation referenced on page 52 of the PDVSA 2019-2020 Presentation of Results ("PDVSA Ad Hoc Presentation"), attached as Exhibit 2 to the Requests, and therefore the defined term "DOJ Presentation" does not make sense. PDV USA will construe "DOJ Presentation" to mean the "consultation" with the DOJ referenced on page 52 of the PDVSA Ad Hoc Presentation.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

*Admit that PDV USA solicited Interamerican to enter the Contract.*

**Response to Request No. 1**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it improperly seeks information as to fundamental disagreements in this Action and (b) the term "solicited" is vague and unclear.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA respond as follows: Denied.

**Request No. 2**

*Admit that PDV USA drafted the Contract.*

**Response to Request No. 2**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that it improperly seeks information as to fundamental disagreements in this Action.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA respond as follows: Denied.

**CONFIDENTIAL**

**Request No. 3**

*Admit that Interamerican did not contribute to the drafting of the Contract.*

**Response to Request No. 3**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it seeks information not in PDV USA's possession, custody, or control, and not reasonably available to PDV USA based upon reasonable inquiry and the information it knows or can readily obtain and (b) it improperly seeks information as to fundamental disagreements in this Action.

PDV USA is unable to admit or deny this Request because it seeks information not in PDV USA's possession, custody, or control, and not reasonably available to PDV USA based upon reasonable inquiry and the information it knows or can readily obtain.

**Request No. 4**

*Admit that PDV USA unilaterally determined the scope, duration, and compensation to Interamerican under the terms of the Contract.*

**Response to Request No. 4**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it improperly seeks information as to fundamental disagreements in this Action and (b) the phrase "unilaterally determined" is subjective and therefore the request is ambiguous and not reasonably verifiable by PDV USA.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA respond as follows: Denied.

**CONFIDENTIAL**

**Request No. 5**

*Admit that paragraph 7 of Exhibit A to the Contract, which states: "The CONSULTANT will provide the CLIENT with updates regarding the strategic consulting services provided by the CONSULTANT, and include with the invoice all supporting documentation, and set out adequate and complete details of the Services rendered," does not specifically require that the updates regarding the strategic consulting services be in writing.*

**Response to Request No. 5**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it improperly seeks information as to fundamental disagreements in this Action; (b) it calls for a purely legal conclusion as to the interpretation of the Contract in dispute in this Action; (c) the Contract speaks for itself; and (d) the phrase "specifically require" is vague and subjective.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA admits only that the Contract contains the quoted language in the Request. To the extent a further response is required, PDV USA denies the Request.

**Request No. 6**

*Admit that paragraph 7 of Exhibit A to the Contract, which states: "The CONSULTANT will provide the CLIENT with updates regarding the strategic consulting services provided by the CONSULTANT, and include with the invoice all supporting documentation, and set out adequate and complete details of the Services rendered," does not specifically require that adequate and complete details of the services Interamerican rendered be in writing.*

**CONFIDENTIAL**

**Response to Request No. 6**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it improperly seeks information as to fundamental disagreements in this Action; (b) it calls for a purely legal conclusion as to the interpretation of the Contract in dispute in this Action; (c) the Contract speaks for itself; and (d) the phrase "specifically require" is vague and subjective.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA admits only that the Contract contains the quoted language in the Request. To the extent a further response is required, PDV USA denies the Request.

**Request No. 7**

*Admit that paragraph 8 of Exhibit A to the Contract, which states: "CONSULTANT shall provide CLIENT with a bi-weekly report detailing the activities that it has carried out during that period to achieve the stated goals and purposes of the [Contract]," does not specifically require that the bi-weekly reports be in writing.*

**Response to Request No. 7**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it improperly seeks information as to fundamental disagreements in this Action; (b) it calls for a purely legal conclusion as to the interpretation of the Contract in dispute in this Action; (c) the Contract speaks for itself; and (d) the phrase "specifically require" is vague and subjective.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA admits only that the Contract contains

**CONFIDENTIAL**

the quoted language in the Request. To the extent a further response is required, PDV USA denies the Request.

**Request No. 8**

*Admit that if Interamerican was instructed by PDV USA to provide oral reports relating to updates on the services it was providing under the Contract, that PDV USA deemed this "necessary and appropriate" as provided in Exhibit A to the Contract.*

**Response to Request No. 8**

Based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA is unable to admit or deny this Request because it seeks a legal interpretation of the Contract under a confusing hypothetical fact pattern.

**Request No. 9**

*Admit that the term of the Contract commenced on March 21, 2017, and ended on June 21, 2017, unless sooner terminated as provided in paragraph 2 of the Contract, which states: "The term of this [Contract] shall commence on March 21st, 2017 and shall end on June 21st, 2017, unless sooner terminated as provided herein."*

**Response to Request No. 9**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it calls for a purely legal conclusion as to the interpretation of the Contract in dispute in this Action and (b) the Contract speaks for itself.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA admits only that the Contract contains the quoted language in the Request. To the extent a further response is required, PDV USA denies the Request.

**CONFIDENTIAL**

**Request No. 10**

Admit that PDV USA never provided written notice of its termination of the Contract as required in paragraph 2 of the Contract, which provides that "[e]ither party may terminate this [Contract] at any time, with or without cause, upon five calendar days prior written notice to the other party."

**Response to Request No. 10**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it calls for a purely legal conclusion as to the interpretation of the Contract in dispute in this Action and (b) it assumes disputed facts insofar as it assumes that PDV USA was "required" to provide written notice of termination of the Contract.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA responds as follows: Denied.

**Request No. 11**

Admit that Interamerican provided PDV USA with regular oral updates and reports regarding the status of Interamerican's performance between March 21st 2017 and June 21st 2017.

**Response to Request No. 11**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) the phrase "regular oral updates and reports" is vague and open ended, and because the request does not specify on what days, by what means, or to whom such "oral updates and reports" were provided, or the content thereof, and (b) it improperly seeks information as to fundamental disagreements in this Action.

- 9 -

**CONFIDENTIAL**

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA responds as follows: Denied.

**Request No. 12**

*Admit that PDV USA never expressed any dissatisfaction with Interamerican's performance to Interamerican between March 21st 2017 and June 21st 2017.*

**Response to Request No. 12**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it improperly seeks information as to fundamental disagreements in this Action and (b) the phrase "expressed any dissatisfaction" is vague and unclear.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA responds as follows: Denied.

**Request No. 13**

*Admit that the term "Petroleos de Venezuela, S.A." is not mentioned anywhere in the Contract.*

**Response to Request No. 13**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that the Contract speaks for itself.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA responds as follows: Denied.

**CONFIDENTIAL**

**Request No. 14**

*Admit that the term "Petroleos de Venezuela, S.A." is not written, included, or otherwise mentioned in any of the bi-weekly reports Interamerican provided to PDV USA.*

**Response to Request No. 14**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) it fails to specify what documents constitute "the bi-weekly reports Interamerican provided to PDV USA" or, for example, whether the reports include corresponding email exchanges; (b) the referenced reports speak for themselves; and (c) the purported "progress reports" of which PDV USA is aware are extremely vague and refer to a wide array of unspecified persons and entities without actually naming them, and therefore PDV USA has no way of knowing whether or not PDVSA is "included, or otherwise mentioned" in any of the reports.

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA admits only that the words "Petroleos de Venezuela, S.A" do not appear in the reports written by Interamerican contained in the following documents: PDVUSA_00000506; Interamerican_000010; and PDVUSA_00000302. PDV USA otherwise denies the Request.

**Request No. 15**

*Admit that Contract [sic] does not a identify a "main point of contact" at PDV USA.*

**Response to Request No. 15**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that (a) the term "'main point of contact'" is unclear and undefined, and therefore this Request is ambiguous and/or otherwise incomprehensible and (b) the Contract speaks for itself.

**CONFIDENTIAL**

Subject to the foregoing objections, and based on a reasonably diligent investigation and information reasonably available to PDV USA, PDV USA is unable to admit or deny this Request because the term "'main point of contact'" is unclear and undefined (even though it appears in quotation marks) and therefore the Request is ambiguous and/or otherwise incomprehensible.

**Request No. 16**

*Admit that PDV USA attempted to assign the Contract from PDV USA to PDVSA on October 5, 2017, after the term of the Contract had ended on June 21, 2017.*

**Response to Request No. 16**

Subject to the General Objections, PDV USA responds as follows: Denied.

**Request No. 17**

*Admit that PDV USA created the DOJ Presentation.*

**Response to Request No. 17**

In addition to the foregoing General Objections, PDV USA specifically objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses in this Action.

Subject to the General Objections, PDV USA responds as follows: Denied.

**CONFIDENTIAL**

Dated: May 9, 2022
New York, New York

**WILLKIE FARR & GALLAGHER, LLP**

By: /s/ Jeffrey B. Korn
    Jeffrey B. Korn
    Brady M. Sullivan
    787 Seventh Avenue
    New York, NY 10019
    (212) 728-8000
    jkorn@willkie.com
    bsullivan@willkie.com

    Michael J. Gottlieb
    1875 K Street, N.W.
    Washington, D.C. 20006
    (202) 303-1000
    mgottlieb@willkie.com

*Attorneys for Plaintiff PDV USA, Inc.*

**CONFIDENTIAL**