# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 19, 2022

**Via ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We write pursuant to Rule III.D of Your Honor's Individual Practices to request a pre-motion conference for plaintiff PDV USA, Inc. ("PDV USA") to seek leave to amend the Amended Complaint (ECF No. 25, the "Operative Complaint"). Plaintiff previously amended once as of right on October 30, 2020. The parties' deadline pursuant to the Court's Revised Scheduling Order (ECF No. 88) to seek leave to amend expires on August 19, 2022.

As discussed previously, the Operative Complaint alleges that Interamerican Consulting, Inc. ("Interamerican") breached a consulting agreement dated March 21, 2017 (the "Agreement") by (a) failing to perform any services, (b) failing to provide seven bi-weekly progress reports, (c) failing to provide "supporting documentation" and adequate details with each invoice, and (d) breaching representations and warranties. Operative Complaint ¶¶ 33–43, 64–68. Plaintiff also alleged in the alternative—based on statements made by Mr. Rivera to the press shortly after this lawsuit was commenced suggesting that the Agreement was a sham—that the Agreement is invalid and that Mr. Rivera was unjustly enriched thereby. *Id.* ¶¶ 57–62, 73–78. For these claims, Plaintiff seeks as its remedy the return of $15 million paid to Mr. Rivera. Finally, the Operative Complaint alleges based on the same allegations that Plaintiff is entitled to a declaratory judgment that it is not obligated to pay an additional $30 million to Interamerican that it claims to be owed. *Id.* ¶¶ 12, 79–84.

In discovery, Plaintiff uncovered additional facts that Interamerican had previously failed to disclose that support its breach of contract, unjust enrichment, and declaratory judgment claims against Interamerican. These newly discovered facts not only support Plaintiff's existing allegations against Interamerican, but also reveal that Interamerican had breached the Agreement in heretofore unknown ways. Accordingly, Plaintiff wishes to conform its pleadings to incorporate

Hon. Robert W. Lehrburger

these new facts and allegations. PDV USA is not asserting new legal claims or adding new parties, and it brings this motion within the stipulated and Court-ordered deadline for amending the pleadings (August 19, 2022). *See* ECF No. 88. Thus, under the Federal Rules and the law in this Circuit, PDV USA's motion for leave to amend should be "freely" granted absent good reason to the contrary, which Interamerican cannot demonstrate here. *See* Fed. R. Civ. P. 15(a)(2).[1]

Specifically, in its Proposed Second Amended Complaint ("Proposed SAC"),[2] Plaintiff adds allegations that Interamerican breached Section 18 of the Agreement by subcontracting its services to at least three individuals: Raul Gorrín (an indicted fugitive implicated in a multi-million dollar bribery scheme), Hugo Perera (a convicted drug trafficker who is now also under criminal investigation for his dealings with Interamerican), and Esther Nuhfer (a target of a criminal investigation relating to her involvement with Interamerican and the Agreement). *See* Proposed SAC ¶¶ 4–7, 46–57, 86. The Proposed SAC also augments PDV USA's prior allegations about Interamerican's violation of covenants to not use the Agreement proceeds for illegal purposes. Proposed SAC ¶¶ 58, 87.

Many of these and other facts underlying the amended allegations were not uncovered until just a few weeks ago, when PDV USA deposed Interamerican and Mr. Rivera, and Interamerican produced over 18,000 text and WhatsApp messages from Mr. Rivera's phone, including hundreds of WhatsApp messages with Raul Gorrín following this Court's rulings on Plaintiff's motions to compel.[3] For example, PDV USA only learned through Interamerican's deposition and recently produced messages the extent and nature of Mr. Rivera's dealings with Mr. Gorrín in connection with the Agreement. Thereafter, PDV USA promptly drafted and sent to opposing counsel the Proposed SAC a full week before the deposition of PDV USA's Rule 30(b)(6) witness—the only deposition Interamerican has noticed in this case.[4]

Courts routinely grant motions for leave to amend, where, as here, the moving party seeks to conform the complaint to evidence obtained during discovery. *See, e.g.*, *In re Pfizer Inc. Sec. Litig.*, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012) (granting leave to amend after the close of fact discovery where plaintiff sought to "conform[] the pleadings to the evidence produced in fact discovery" and observing that leave to amend shall be granted "to plead facts learned in discovery that support previously noticed causes of action"); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *4 (S.D.N.Y. Sept. 23, 2016) (granting leave to amend because "the extent to which [counterclaim-defendant] misappropriated [counterclaim-plaintiff's] confidential information . . . was not apparent until [counterclaim-plaintiff]

---

[1] Interamerican refused to consent to PDV USA's amendment.
[2] Exhibit 1 is the Proposed SAC. Exhibit 2 is a redline showing changes against the Operative Complaint.
[3] Interamerican and Mr. Rivera were deposed on July 26th and 27th. Interamerican produced over 18,000 text and WhatsApp messages on July 6th.
[4] Under these circumstances, there is no prejudice to Interamerican, nor is there any need to further extend fact discovery on account of the Proposed SAC. *See Power Up*, 2022 WL 426199 at *6 ("by premising its amended allegations on evidence obtained in discovery, there is no need to re-open discovery—diminishing any alleged prejudice"). Nor is this amendment coming on the eve of trial—Plaintiff intends to move for summary judgment which extends the timing of any trial in this matter until after that motion has been decided pursuant to the Court's Revised Scheduling Order.

received . . . internal email communications"). Motions to amend should be "liberally granted absent a good reason to the contrary, allowing disputes to be resolved upon the merits rather than on the basis of procedural technicalities." *FC Online Marketing, Inc. v. Burke's Martial Arts, LLC*, 2016 WL 11481193, at *4 (E.D.N.Y. Sept. 30, 2016) (citation and quotations omitted). Importantly, all of the amended allegations relate to the same underlying claims asserted in the Operative Complaint—for breach of contract, unjust enrichment, and declaratory judgment—and support the same remedies sought in the Operative Complaint—that Interamerican must pay $15 million to Plaintiff and a declaration that Plaintiff does not owe an additional $30 million. *See Power Up Lending Grp, Ltd. v. Cardinal Energy Grp., Inc.*, 2022 WL 426199, at *6 (E.D.N.Y. Feb. 11, 2022) (granting leave to amend after the close of fact discovery because "there [wa]s little prejudice to the defendant since the factual showing necessary to prove [plaintiff's] claim of fraud arose out of the same transactions and occurrences which are already the subject matter of this lawsuit").

We are available to discuss these matters at Your Honor's convenience.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Jeffrey B. Korn*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)