# Exhibit B

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue<br>
New York, NY 10019-6099<br>
Tel: 212 728 8000<br>
Fax: 212 728 8111

December 7, 2022

**VIA EMAIL**

Jason Johnson, Esq.
Tucker Byrd, Esq.
Andrew Domingoes, Esq.
Byrd Campbell P.A.
180 Park Avenue North, Suite 2A Winter Park, Florida 32789

Re:    *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 20-cv-3699 (JGK)

Counsel,

We write concerning the federal criminal indictment of your client that was unsealed earlier this week. *United States v. David Rivera and Esther Nuhfer*, 22-20552, Indictment (S.D. Fla.) (the "Indictment").

The Indictment, including the underlying communications sent to and from your client, confirms what PDV USA has maintained throughout this litigation—namely, that your client and his co-conspirator subcontractors designed the consulting agreement between PDV USA and Interamerican (the "Agreement") as a vehicle to benefit the Government of Venezuela and PDVSA, rather than to provide any services for PDV USA or Citgo Petroleum Corporation. The communications contained in the unsealed indictment demonstrate the brazen falsity of Interamerican's sworn testimony, sworn interrogatory responses, pleadings, and other statements made to the Court and to PDV USA in this litigation. As the myriad communications chronicled in the 34-page Indictment make clear, Interamerican and its associates, including co-defendant Esther Nuhfer, were paid by the government of Venezuela to "represent[] the interests of the Government of Venezuela" and used the Agreement as a pretext to "creat[e] the false appearance that they were providing consulting services to PDV USA." Indictment at 5; *see also id.* at 6 ("To compensate David Rivera, Esther Nuhfer, [Raul Gorrin], and [Hugo Perera] for their efforts on behalf of the Government of Venezuela, Delcy Rodriguez ordered Citgo executives to enter into a consulting contract with Rivera's company, Interamerican Consulting.").

Page 2

The Indictment raises a number of issues that call into question Interamerican's conduct throughout this litigation.  In particular, the Indictment quotes from many emails and messages that Interamerican has not produced in this litigation.  These materials are plainly responsive, not privileged, and obviously reflect critical information about your client's misconduct.  PDV USA is still investigating the full extent of what appears to be a deliberate exclusion from Interamerican's document production of swaths of documents produced to the United States government.  This includes the "MIA Group Chat," among David Rivera, Esther Nuhfer, Raul Gorrin, and Hugo Perera concerning the arrangement at the heart of this litigation—which was never produced to us and which is quoted extensively throughout the Indictment.  (Indictment ¶ 2.)  The MIA Group Chat contains damning communications sent from and to your client, the sum of which confirms that *at all times* Interamerican was acting at the behest of senior officials in the Maduro regime and PDVSA, and was *at no time* acting to provide services to PDV USA (or Citgo, for that matter), never did provide any such services, and used subterfuge to obscure its true illegal purposes.

These discovery deficiencies are shocking given Interamerican's prior representation in writing—after being pressed by PDV USA to confirm that all documents Interamerican had produced to the government had been produced in this litigation—that "we [Interamerican] have 'wholly or substantially' produced to PDV USA all documents produced to the government."  3.1.22 email from A. Domingoes.  This representation cannot be true, given that the **<u>vast majority</u>** of documents (over **<u>50</u>**) cited in the Indictment have *not* been produced to PDV USA by Interamerican in this action.

PDV USA demands that, with respect to the following documents, (a) Interamerican produce them *immediately* to PDV USA, (b) you explain in writing why they were not produced by Interamerican to PDV USA in this litigation, and (c) you explain in writing when you and/or other attorneys representing Interamerican knew about the existence of these documents and how you and/or other attorneys representing Interamerican came to know of the existence of these documents.[1]  Please respond by this Friday, December 9.

1. All messages from the "MIA Group Chat," among David Rivera, Esther Nuhfer, Raul Gorrin, and Hugo Perera (*see generally* Indictment ¶ 2)[2]
2. February 23, 2017 text in "MIA Chat Group" (Indictment ¶ 2)
3. March 7, 2017 email from David Rivera (Indictment ¶ 2)
4. March 20, 2017 email from David Rivera (Indictment ¶ 4)
5. March 20, 2017 email from Esther Nuhfer to David Rivera (Indictment ¶ 5)
6. March 20, 2017 email from David Rivera (Indictment ¶ 6)
7. March 20, 2017 email from David Rivera (Indictment ¶ 7)
8. March 21, 2017 email from David Rivera (Indictment ¶ 8)
9. March 30, 2017 text message in MIA Chat Group (Indictment ¶ 14)
10. March 31, 2017 email from David Rivera (Indictment ¶ 15)

---

[1] This list includes a small number of emails that PDV USA obtained from third parties, such as PG & Associates and Krome Agronomics.
[2] All paragraph citations refer to the "Overt Acts" section of the Indictment, beginning on page 11.

11. April 2, 2017 text message in MIA Chat Group (Indictment ¶ 19)
12. April 4, 2017 text message in MIA Chat Group (Indictment ¶ 20)
13. April 4, 2017 text message in MIA Chat Group (Indictment ¶ 21)
14. April 4, 2017 text message in MIA Chat Group (Indictment ¶ 22)
15. April 4, 2017 text message from David Rivera (Indictment ¶ 23)
16. April 8, 2017 text message in MIA Chat Group (Indictment ¶ 24)
17. April 10, 2017 email from David Rivera (Indictment ¶ 26)
18. April 15, 2017 text message in MIA Chat Group (Indictment ¶ 32)
19. April 21, 2017 email from David Rivera (Indictment ¶ 38)
20. "Versions" of May 29, 2017 email from Rivera to Esther Nuhfer and Individual 2 (Indictment ¶ 41)
21. May 31, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 44)
22. May 31, 2017 email from David Rivera (Indictment ¶ 45)
23. June 7, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 46)
24. June 7, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 47)
25. June 20, 2017 text message in MIA Chat Group (Indictment ¶ 48)
26. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 49)
27. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 50)
28. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 51)
29. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 52)
30. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 53)
31. July 10, 2017 text message in MIA Chat Group (Indictment ¶ 56)
32. July 11, 2017 text message to U.S. Senator 1 (Indictment ¶ 57)
33. July 11, 2017 text message to U.S. Senator 1 (Indictment ¶ 58)
34. July 11, 2017 text message in MIA Chat Group (Indictment ¶ 59)
35. July 14, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 61)
36. July 14, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 62)
37. July 14, 2017 text message from David Rivera (Indictment ¶ 63)
38. July 18, 2017 text message from Individual 1 to David Rivera (Indictment ¶ 64)
39. July 18, 2017 text message in MIA Chat Group (Indictment ¶ 65)
40. August 30, 2017 text message in MIA Chat Group (Indictment ¶ 66)
41. August 30, 2017 text message in MIA Chat Group (Indictment ¶ 67)
42. September 7, 2017 text message in MIA Chat Group (Indictment ¶ 68)
43. September 25, 2017 text message in MIA Chat Group (Indictment ¶ 70)
44. September 26, 2017 text message in MIA Chat Group (Indictment ¶ 71)
45. September 26, 2017 text message in MIA Chat Group (Indictment ¶ 72)
46. September 26, 2017 email from David Rivera (Indictment ¶ 73)
47. October 5, 2017 text message in MIA Chat Group (Indictment ¶ 74)
48. October 16, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 75)
49. October 18, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 76)
50. March 23, 2018 email from Esther Nuhfer to David Rivera (Indictment ¶ 82)
51. March 29, 2018 email from David Rivera (Indictment ¶ 83)
52. April 5, 2018 email from David Rivera (Indictment ¶ 87)
53. April 5, 2018 email from David Rivera (Indictment ¶ 88)

Moreover, as you know, we did not have the benefit of these withheld materials when we deposed Mr. Rivera and conducted the Rule 30(b)(6) deposition of Interamerican. As you will surely recall, PDV USA reserved its right to re-call Mr. Rivera if additional responsive materials were belatedly discovered or produced. Interamerican Tr. 542:11–16. That has now proven true. Accordingly, once you have produced the above materials and anything else that you have withheld, you will need to provide us promptly with an additional day on which Interamerican and Mr. Rivera will sit for deposition.

\*\*\*

Once we have received your additional and complete production of these missing documents, many of which go to the heart of this matter and directly undermine Interamerican's claims and defenses, we will evaluate whether we need to seek relief and discovery. Please produce these materials without further delay so that we can promptly review them and evaluate what relief we will seek with the Court.

PDV USA reserves all rights.

Sincerely,

*/s/ Brady Sullivan*
Brady Sullivan