# Exhibit C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PDV USA, Inc.<br><br>         Plaintiff,<br><br>v.<br><br>Interamerican Consulting, Inc.<br><br>         Defendant. | No. 20-cv-03699-JGK<br><br>**DEFENDANT'S RESPONSE TO FIRST REQUEST FOR PRODUCTION** |

## DEFENDANT INTERAMERICAN CONSULTING,
## INC.'S RESPONSE TO FIRST REQUEST FOR PRODUCTION

Defendant, Interamerican Consulting, Inc. ("Defendant"), pursuant to Fed. R. P. 33., responds to the First Request for Production (the "Request") filed by Plaintiff, PDV USA, Inc. ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

Each of the responses which follow, and every part thereof, are based upon and reflect the knowledge, information or belief of Defendant at the present state of this litigation.  Accordingly, Defendant reserves the right to supplement or amend these responses to reflect such other knowledge, information or belief which it may hereafter acquire or discover. To the extent that the Request calls for information which involves an opinion or contention that relates to or requires the application of law or fact, Defendant similarly reserves its right to supplement or amend such opinions or contentions.

## GENERAL OBJECTIONS

1.      These responses are made without in any way waiving or intending to waive, but to the contrary, preserving and intending to preserve:

    (a)    all questions as to competency, relevancy, materiality, privilege or admissibility as evidence for any purpose, of the answer or the subject matter thereof, in any subsequent proceeding, or the trial of this or any other action;

    (b)    the right to object to the use of any of said responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action on any other grounds;

    (c)    the right to object on any ground at any time to a demand for further responses to this document request; and

    (d)    the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

2.      Defendant objects to the Request to the extent that it calls for privileged information, including, without limitation, information which was developed for, or in anticipation of, litigation, or which constitutes attorney work product or confidential attorney-client communications.

3.      Defendant objects to the Request to the extent it seeks confidential and/or proprietary documents. Defendant will produce confidential and/or proprietary documents subject to a stipulated confidentiality order.

4.      Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. The parties also have not yet agreed

upon a mutually acceptable ESI procedure for the exchange of discovery materials. Any response herein is based upon information presently known to Defendant.

5.       Defendant objects to so much of the Request as may exceed the provisions of the Federal Rules of Civil Procedure, and the Local Rules applicable in the United States District Court for the Southern District of New York and any orders related thereto.

Notwithstanding the foregoing, and without waiving the foregoing objections and any other objections interposed herein, Defendant responds to the Request upon its best knowledge, information and belief:

## SPECIFIC RESPONSES

1.       All Documents and Communications concerning the Agreement, including, without limitation, Documents and Communications concerning the negotiation, purpose, and scope of the Agreement.

**RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

2.       All Documents and Communications concerning Interamerican's performance under the Agreement, including, without limitation, any services rendered by Interamerican pursuant to the Agreement.

**RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

3.       All Documents and Communications concerning Interamerican's involvement in, interactions with, or activities regarding: Venezuela; the government of Nicolás Maduro; protests of or oppositions to the Nicolás Maduro regime; the "Citgo 6"; Leopoldo López; Raúl Gorrín; or lobbying of ExxonMobil with respect to a potential settlement of a dispute with the government of Venezuela.

3

**RESPONSE:** **Defendant objects to this request because it is vague, ambiguous, and overbroad and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, and to the extent it understands the request, Defendant states that it has conducted an initial reasonable search, and it does not have any documents within its possession, custody or control concerning Defendant's involvement in, interactions with, or activities regarding: Venezuela, the government of Nicolás Maduro; protests of or oppositions to the Nicolás Maduro regime; the "Citgo 6"; Leopoldo López, or lobbying of ExxonMobil with respect to a potential settlement of a dispute with the government of Venezuela. Defendant will produce responsive documents as to its interactions with Raúl Gorrín that are within its possession, custody or control.**

4.    All Documents and Communications concerning any funds paid by PDV USA or PDVSA to Interamerican.

**RESPONSE:** **Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

5.    All Documents and Communications concerning any payments made by Interamerican in connection with the Agreement.

**RESPONSE:** **Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

6.    All Documents and Communications concerning Interamerican's disbursement of any funds received from PDV USA or PDVSA.

**RESPONSE:** **Defendant objects to this request because it is vague, ambiguous, and overbroad and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, and to the extent it understands the request, Defendant will produce documents within its possession, custody or control concerning payments made by Defendant to non-parties in connection with the Agreement from funds received from Plaintiff.**

7.    All Documents and Communications concerning any payments made by Interamerican, directly or indirectly, to "the opposition for anti-Maduro protests," the "Citgo 6," Leopoldo López, Raúl Gorrín, Interglobal Yacht Management LLC, Esther Nuhfer,

Communications Solutions, Hugo Pereira, Krome Agronomics LLC, or any Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions.

> **RESPONSE:** Defendant objects to this request because it is vague, ambiguous, and overbroad and seeks documents that are irrelevant and not proportional to the needs of the case.
>
> Subject to and without waiving the foregoing objections and General Objections, and to the extent it understands the request, Defendant states that it has conducted an initial reasonable search, and it does not have any documents within its possession, custody or control concerning payments made by Defendant, directly or indirectly, to the opposition for anti-Maduro protests, the "Citgo 6," Leopoldo López, or any Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions. Defendant will produce responsive documents concerning any payments made by Defendant, directly or indirectly, to Raúl Gorrín, Interglobal Yacht Management LLC, Esther Nuhfer, Communications Solutions, Hugo Pereira, Krome Agronomics LLC within its possession, custody, or control.

8.    All Documents and Communications concerning the following payments and withdrawals:

> a.    March 27, 2017 wire transfer from Interamerican to Krome Argonomics LLC in the amount of $625,000;
>
> > **RESPONSE:**  Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.
>
> b.    March 31, 2017 wire transfer from Interamerican to Interglobal Yacht Management LLC in the amount of $625,000;
>
> > **RESPONSE:**  Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.
>
> c.    April 4, 2017 wire transfer from Interamerican to Interglobal Yacht Management LLC in the amount of $225,000;
>
> > **RESPONSE:** Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.

d.  April 5, 2017 wire transfer from Interamerican to Interglobal Yacht Management

LLC in the amount of $200,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

e.  April 6, 2017 wire transfer from Interamerican to Interglobal Yacht Management

LLC in the amount of $200,000;

> **RESPONSE:  Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

f.  April 11, 2017 wire transfer from Interamerican to Interglobal Yacht Management

LLC in the amount of $625,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

g.  April 12, 2017 wire transfer from Interamerican to Interglobal Yacht Management

LLC in the amount of $625,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

h.  April 21, 2017 wire transfer from Interamerican to Interglobal Yacht Management

LLC in the amount of $625,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

i.  April 24, 2017 wire transfer from Interamerican to Interglobal Yacht Management

LLC in the amount of $625,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

j.  March 27, 2017 wire transfer from Interamerican to Bern Consulting Inc. in the amount of $125,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant states that it has conducted an initial reasonable search, and it does not have any responsive documents within its possession, custody or control. To the extent the request is seeking documents concerning a March 27, 2017 wire transfer from Defendant to BCM Consulting Inc. in the amount of $125,000, Defendant will produce responsive documents within its possession, custody or control.**

k.  May 25, 2017 wire transfer from Interamerican to Bern Consulting Inc. in the amount of $125,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant states that it has conducted an initial reasonable search, and it does not have any responsive documents within its possession, custody or control. To the extent the request is seeking documents concerning a May 25, 2017 wire transfer from Defendant to BCM Consulting Inc. in the amount of $125,000, Defendant will produce responsive documents within its possession, custody or control.**

l.  August 26, 2017 check from Interamerican to Petrogaz Haiti in the amount of $100,000;

> **RESPONSE: Defendant objects to this request because it seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

m.  April 22, 2017 check from Interamerican to David Rivera in the amount of $99,174.40;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant will produce responsive documents within its possession, custody or control.**

n.  May 31, 2017 check from Interamerican to David Rivera in the amount of $50,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant will produce responsive documents within its possession, custody or control.**

o.  June 7, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank, N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant will produce responsive documents within its possession, custody or control.**

p.  June 09, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank, N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant will produce responsive documents within its possession, custody or control.**

q.  June 13, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank, N.A. in the amount of $10,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

r.  June 15, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

s.  June 20, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

t.  June 21, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

u.   June 22, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

v.   June 28, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

w.   July 3, 2017 check bearing number 1102 from Interamerican to David Rivera in the

amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be**

> **reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

x.   July 3, 2017 check bearing number 1103 from Interamerican to David Rivera in the

amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

y.   July 5, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

z.   July 7, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

aa. July 9, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Subject to and without waiving the General Objections, Defendant states that it has conducted an initial reasonable search, and it does not have any responsive documents within its possession, custody or control.**

bb. July 10, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

cc. July 11, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

dd. July 20, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

ee. July 22, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

ff. July 27, 2017 withdrawal from Interamerican's account at JPMorgan Chase Bank,

N.A. in the amount of $10,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

gg. September 6, 2018 withdrawal from Interamerican's account at JPMorgan Chase

Bank, N.A. in the amount of $100,000;

**RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be**

13

**reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

hh. September 6, 2018 withdrawal from Interamerican's account at JPMorgan Chase

Bank, N.A. in the amount of $382,402.44;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

ii. September 6, 2018 withdrawal from Interamerican's account at JPMorgan Chase

Bank, N.A. in the amount of $51,844.33;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

jj. September 6, 2018 withdrawal from Interamerican's account at JPMorgan Chase

Bank, N.A. in the amount of $601,279.70;

> **RESPONSE: Defendant objects to this request because it is overbroad and unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, Defendant states that it will produce responsive documents within its possession, custody or control to the extent it can be reasonably determined that the funds received from Plaintiff under the Agreement were used for this payment or withdrawal.**

14

kk. September 30, 2017 payment received by Interamerican from Gazprombank Joint-

Stock Company in the amount of $5,000,000.

> **RESPONSE:** **Subject to and without waiving the General Objections, Defendant states that it has conducted an initial reasonable search, and it does not have any responsive documents within its possession, custody or control. To the extent the request is seeking documents concerning an October 27, 2017 wire transfer from Gazprombank Joint-Stock Company to Interamerican Consulting Inc. in the amount of $5,000,000, Defendant will produce responsive documents within its possession, custody or control.**

9.      All bank account records reflecting (i) any funds paid by PDV USA or PDVSA to

Interamerican; (ii) any payments made by Interamerican in connection with the Agreement; (iii)

Interamerican's disbursement of any funds received from PDV USA or PDVSA; or (iv) any

payments made by Interamerican, directly or indirectly, to "the opposition for anti-Maduro

protests," the "Citgo 6," Leopoldo López, Raúl Gorrín, Interglobal Yacht Management LLC,

Esther Nuhfer, Communications Solutions, Hugo Pereira, Krome Agronomics LLC, or any

Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions.

> **RESPONSE:** **Defendant objects to this request because it is vague, ambiguous, overbroad and unduly burdensome, and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, and to the extent it understands the request, Defendant states that it has conducted an initial reasonable search, and it does not have any bank records within its possession, custody or control concerning payments made by Defendant, directly or indirectly, to the opposition for anti-Maduro protests, the "Citgo 6," Leopoldo López, or any Venezuelan opposition or anti-Maduro leaders, organizations, entities, parties, forces, or factions. Defendant will produce bank account records within its possession, custody, or control concerning any funds paid by Plaintiff to Defendant; any payments made by Defendant in connection with the Agreement; Defendant's disbursement of any funds received from Plaintiff; and any payments made by Defendant, directly or indirectly, to Raúl Gorrín, Interglobal Yacht Management LLC, Esther Nuhfer, Communications Solutions, Hugo Pereira, Krome Agronomics LLC.**

10.     All phone records reflecting any Communications concerning the Agreement or the

Action.

> **RESPONSE: Defendant objects to this request because it is vague, ambiguous, unduly burdensome, and seeks documents that are irrelevant and not proportional to the needs of the case.**
>
> **Subject to and without waiving the foregoing objections and General Objections, and to the extent it understands the request, Defendant states that Plaintiff has served Defendant's wireless carrier for Defendant's cell phone records and will obtain records under the subpoena.**

11.     All Documents and Communications with third-parties concerning the Agreement

or the Action, including, but not limited to, Communications with reporters, other members of the

media, or any of the individuals identified in Section A of Interamerican's Rule 26(a)(1)

Disclosures.

> **RESPONSE: Defendant objects to this request as vague and ambiguous.**
>
> **Subject to and without waiving the foregoing and General Objections, Defendant states that it has conducted an initial reasonable search, and it does not have any communications between it and any reporters or members of the media concerning the Agreement or the Action within its possession, custody or control. Defendant will produce communications that it had with the individuals listed in Plaintiff and Defendant's Initial Disclosures concerning the Agreement.**

12.     The entirety of the Communication referred to in the May 13, 2020 CE Notificias

Financieras (English) article entitled "PDVSA denounces former U.S. congressman for Payment

of $US15M," in which Mr. Rivera is quoted as saying "ask the boys of Citgo 6" and "They handled

that entire operation, including all the money, in coordination with the Venezuelan opposition . . .

That's all I know."

> **RESPONSE: Defendant does not have any responsive documents in its possession, custody or control.**

13.     The entirety of the Communication referred to in the May 14, 2020 Miami Herald

article by Jay Weaver and Antonio Maria Delgado entitled "Rivera didn't register as a foreign

agent in $50 million contract with Venezuela oil firm," in which Mr. Rivera is quoted as saying

"All those funds went to the opposition for anti-Maduro protests in the summer of 2017. I never

saw a penny of it."

**RESPONSE: Defendant does not have any responsive documents in its possession, custody, or control.**

14.     All Documents or Communications concerning the copying, distribution, damage,

destruction, deletion, or erasure of any Document requested in these Requests.

**RESPONSE: Defendant objects to this request as vague and ambiguous.**

**Subject to and without waiving the foregoing objections and General Objections, Defendant will produce responsive documents within its possession, custody or control.**

15.     All Documents and Communications You intend to identify or rely on in

responding to any interrogatories served by PDV USA in this Action.

**RESPONSE: Subject to and without waiving the General Objections, to the extent Defendant identifies or relies on any documents in responding to any interrogatories served by Plaintiff, Defendant will produce them.**

16.     All Documents and Communications You intend to use in Your defense of this

Action.

**RESPONSE: Subject to and without waiving the General Objections, Defendant will produce responsive documents within its possession, custody or control.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 15, 2021, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

<div style="margin-left: 45%;">

s/ *Min Cho*
_____
Tucker H. Byrd
Min Cho
Byrd Campbell P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
TByrd@ByrdCampbell.com
MCho@ByrdCampbell.com

Henry L. Saurborn, Jr.
Kaiser, Saurborn & Mair
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com

*Counsel for Defendant/Counter-Plaintiff*

</div>