# Exhibit H

| | |
|---|---|
| PDV USA, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Interamerican Consulting, Inc.<br><br>Defendant. | No. 20-cv-03699-JGK<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES** |

## DEFENDANT INTERAMERICAN CONSULTING, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES

Defendant, Interamerican Consulting, Inc. ("Defendant"), responds to the Fifth Set of Interrogatories (the "Interrogatories") served by Plaintiff, PDV USA, Inc. ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

1. Defendant objects to each of PDV USA's Interrogatories as impermissible to the extent they are inconsistent with Local Rule 33.3.

2. Defendant objects to each of Plaintiff's Interrogatories to the extent that Defendant seeks the production of materials, or the disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable protections.

3. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds which objections would require the exclusion of any writing produced herein at trial, all of which objections and grounds are reserved and may be interposed at the time of trial.

4. Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. Any response herein is based upon information presently known to Defendant.

## DEFINITIONS AND INSTRUCTIONS

5. The definitions and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York ("Local Rules") shall apply to these responses. All terms not otherwise defined shall have then ordinary and common meanings.

6. The term "Action" refers to the lawsuit filed by Plaintiff against Defendants titled *PDV USA, Inc. v. Interamerican, Inc.* in the United States District Court for the Southern District of New York, Case No. 20-cv-03699-JGK.

7. The term "PDV USA" refers to PDV USA, Inc.

8. The term "Interamerican" refers to Interamerican Consulting Inc.

9. The term "Contract" refers to the Consulting Agreement dated March 21, 2017, which was entered by PDV USA, Inc. and Interamerican Consulting, Inc

## SPECIFIC RESPONSES

24. Explain in why the Missing WhatsApp Messages no longer exist on David Rivera's cell phone. To the extent your response indicates that the Missing WhatsApp Messages were deleted, specify who deleted them, when, and for what purpose.

**Response:** To Interamerican's knowledge, the Missing WhatsApp Messages were all initially collected from Mr. Rivera's device on or around January 20, 2022. Following this collection, Mr. Rivera replaced the device from which the messages were collected. Mr. Rivera has no specific memory as to the why the messages no longer existed on the replacement device at the time of the subsequent collection. Theoretically, the messages could have been lost in the data transfer from the old device from which the messages were originally collected to the replacement device on which the subsequent collection was performed, but Mr. Rivera has no reason to believe this occurred. Mr. Rivera is left to

CONFIDENTIAL

conclude that the messages must have been deleted, because of one or more of the following: (a) the messages had all already been collected, and Mr. Rivera was unaware that the collection had been conducted in a manner unsatisfactory to PDV USA or that otherwise made reviewing the collected and produced messages difficult; (b) Mr. Rivera was unaware of any obligation to further retain the messages after their complete collection; and (c) the messages included communications Mr. Rivera believed in good faith were protected by the attorney-client privilege, and he was concerned about such privileged communications remaining on his device. Regardless of whether the messages were lost or deleted, any deletion was not intended to deprive PDV USA of any information, as Mr. Rivera believed that responsive collected information had already been produced in its entirety by Interamerican to PDV USA.  Interamerican is unaware of any messages that were collected during the in initial collection which were not found in the subsequent collection.

**<Verification on Following Page>**

CONFIDENTIAL

## Verification of Interrogatory Answers

David Rivera declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Rivera, President of Interamerican Consulting, Inc., am authorized to execute this verification on behalf of Interamerican Consulting, Inc. I am informed and believe that the information set forth in the Specific Response Number 24 to Plaintiff's Fifth Set of Interrogatories was obtained and assembled from appropriate sources of information and, on those grounds, I am informed and believe that the information contained in the Specific Response Number 25 is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9-19-22

_____
David Rivera

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2022, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

*/s/ Jason Johnson*
**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A**.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: JJohnson@ByrdCampbell.com
*Counsel for Defendant/Counter-Plaintiff*

Henry L. Saurborn, Jr.
Kaiser, Saurborn & Mair
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com
*Counsel for Defendant/Counter-Plaintiff*

CONFIDENTIAL