

Jason Ward Johnson, Esq.<br>
(407) 284-3642<br>
JJohnson@ByrdCampbell.com

December 20, 2022

**VIA ECF**
Honorable Judge Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     RE:    ***PDV USA, Inc. v. Interamerican Consulting, Inc.***
                Case No.:  1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

      We represent Interamerican Consulting, Inc. ("Interamerican") in the above-referenced case. In accordance with Rule II.D. of Your Honor's Individual Practices and Local Civil Rule 37.2, we file this letter in response to the letter submitted by PDV USA, Inc. ("PDV USA") on December 15, 2022 (the "Letter").[1]

      This Court should see the Letter for what it is: a transparent attempt by PDV USA to improperly recruit this Court in its campaign to assist the government's prosecution of David Rivera. *See United States v. David Rivera and Esther Nuhfer*, 22-20552, Indictment (S.D. Fla.) (the "Indictment").

      The Letter seeks to compel the production of certain alleged, so-called missing documents referenced in the Indictment. As Interamerican has already explained to PDV USA, however, neither Interamerican nor its counsel have knowingly withheld any responsive or documents or communications. *See* Ex. D to Letter, Pg. 3. Counsel for Interamerican performed an exhaustive search of Interamerican and Mr. Rivera's records and communications to locate documents responsive to PDV USA's request for

---

[1] PDV USA failed to follow this Court's meet-and-confer requirements prior to filing this Letter. *See* Your Honor's Individual Practices II.D ("Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute."). PDV USA never attempted to speak with counsel for Interamerican over the phone or in person to resolve any of the issues raised in its Letter. Interamerican was not even aware of the full scale of the relief that PDV USA would be seeking, including its incredible demand that David Rivera produce all electronic devices in his custody so that PDV USA could conduct its own unspecified "forensic" inspection. PDV USA's Letter further fails to include the required "representation that the meet-and-confer process occurred, including when and whether it was in person over the telephone." *Id.*

DALLAS
Phone: (214) 764-4106

ORLANDO
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Phone: (407) 392-2285
Fax:  (407) 392-2286

PENSACOLA
Phone: (850) 308-7440
By appointment only

Jason Johnson, Esq
December 20, 2022

production. *Id.* To the extent the Indictment references documents which Interamerican has not produced, Interamerican does not have them to produce, and its counsel is not aware of them (other than the references to the same contained in the Indictment). *Id.* Despite Interamerican's and its counsel's representations, PDV USA seeks a Court order compelling Interamerican to produce documents it does not have, to explain why these documents are not in Interamerican's possession, to force Mr. Rivera to sit for a second deposition, and to surrender all electronic devices that Mr. Rivera has in his possession. None of this demanded relief is warranted or appropriate.

First, an order compelling the production of documents which are not within Interamerican's custody or control would, at best, be an exercise in futility. "[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'" *See Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (quoting *Menard v. Chrysler Grp. LLC*, No. 14 Civ. 6325 (VB), 2015 WL 5472724, at *1 (S.D.N.Y. July 2, 2015)). PDV USA offers nothing to show that Interamerican has any of the so-called "Missing Documents" in its possession, custody, or control. This alone is a sufficient basis to deny PDV USA's Motion to Compel. *See Jackson v. Edwards*, No. 99 Civ. 0982 (JSR) (HBP), 2000 WL 782947, at *3–4 (S.D.N.Y. June 16, 2000) ("Since plaintiff has offered nothing to show that [defendant's claims that he has no responsive documents] are untrue, [plaintiff's] motion to compel a further response to these requests is denied.") (alterations in original).

It should also go without saying that the Indictment alone has no probative value. An indictment—or any charging instrument, for that matter—does not constitute proof of anything. *United States v. Bazzi*, No. 07-CR-212 A M, 2010 WL 4451454, at *6 (W.D.N.Y. Apr. 21, 2010), *report and recommendation adopted sub nom. United States v. Xu Hang Wang*, No. 07-CR-212A, 2010 WL 4451244 (W.D.N.Y. Nov. 3, 2010) ("[I]t is axiomatic that an indictment is merely an allegation and proof of nothing.") (quotation omitted). Thus, PDV USA's contention that the Indictment shows that Interamerican engaged in any illegal activity or that it demonstrates Interamerican has deliberately withheld responsive documents is both inaccurate and a gross overstatement of the facts. This Court should categorically reject PDV USA's invitation to treat the Indictment as anything other than a series of unsubstantiated allegations, as the law requires.

Nor should this Court compel Mr. Rivera, the president and owner of Interamerican, to explain why certain communications appear in a federal Indictment against him in either a deposition or any other context. Such an order would be the equivalent of an order compelling Mr. Rivera to testify against himself in his own criminal trial and would be a clear violation of his Fifth Amendment rights. *See United States v. Allen*, 864 F.3d 63, 81 (2d Cir. 2017) ("Whatever may occur prior to trial, the right not to testify against

Jason Johnson, Esq
December 20, 2022

oneself *at trial* is 'absolute. Even a negative comment by a judge or prosecutor on a defendant's silence violates that defendant's constitutional right.") (footnotes omitted) (emphasis in original). A direct order—with the force of law—requiring Mr. Rivera to answer and account for unproven allegations against him in the Indictment would not even afford Mr. Rivera the opportunity to exercise his right to remain silent and is clearly forbidden under the United States Constitution.[2]

Finally, this Court should reject PDV USA's sweeping request that Interamerican be forced to produce for inspection all devices that Mr. Rivera has in his possession. Such a request is clearly overbroad and would force Interamerican to disclose privileged attorney-client communications, sensitive business communications unrelated to this litigation, and would be an improper "fishing expedition." Interamerican has more than adequately complied with its discovery obligations in this case. Interamerican produced over 18,000 WhatsApp and text messages in this case, along with hundreds of emails. That Interamerican did not uncover some fifty-three messages, whose existence is only alleged in an Indictment, is hardly a valid reason to broadly reopen discovery, as is demanded by PDV USA.

For the reasons set forth herein, Interamerican respectfully requests that the Court deny the relief sought in the Letter.

Respectfully submitted,

*/s/ Jason Johnson*
**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A**.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286

---

[2] Even assuming *arguendo* that Interamerican had deleted any messages in 2017, as PDV USA now appears to argue, Interamerican did not have a duty to preserve its communications until much later. PDV USA never complained of Interamerican's supposed lack of performance under the contract at issue in this case and did not bring its lawsuit until 2020—some three years after the events giving rise to this lawsuit. *See Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir.2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."). The mere fact that Mr. Rivera's phone was seized in November 2017 in no way put him on notice that he was being investigated in connection with the contract at issue in this litigation, much less that PDV USA was planning to sue him almost three years later.

Jason Johnson, Esq
December 20, 2022

        Primary Email: TByrd@ByrdCampbell.com
        Primary Email: JJohnson@ByrdCampbell.com
        *Counsel for Defendant/Counter-Plaintiff*

        Henry L. Saurborn, Jr.
        Kaiser, Saurborn & Mair
        30 Broad St., 37th Floor
        New York, New York 10001
        Telephone: (212) 338-9100
        saurborn@ksmlaw.com
        *Counsel for Defendant/Counter-Plaintiff*

        CC: All counsel of record (by ECF)