# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 28, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

Plaintiff PDV USA, Inc. ("PDV USA") submits this letter motion to stay this action until the more than fifty documents quoted and/or cited in the recently unsealed indictment of David Rivera (the "Indictment," (ECF No. 122, Ex. A)) have been obtained by Mr. Rivera during his criminal case and are produced to Plaintiff in this action. These "Missing Documents" (*see* ECF No. 122, Ex. B) all directly involve David Rivera and should have been produced to Plaintiff during fact discovery in this case, but Interamerican now claims it does not possess a single one of them. The Missing Documents offer a nearly day-by-day roadmap of Interamerican's schemes in connection with the consulting agreement at the heart of this litigation. They are crucial to the outcome of PDV USA's claims and Interamerican's counterclaims. It would be grossly unfair and a miscarriage of justice to force PDV USA to proceed without these essential documents and therefore a stay is warranted. Alternatively, PDV USA hereby renews its motion to compel (ECF No. 122).[1]

On December 15, 2022, PDV USA moved to compel production of the Missing Documents. ECF No. 122. PDV USA demonstrated that the Missing Documents were relevant and directly contradicted Interamerican's claims and sworn testimony. *Id.* at 1–2. In its opposition letter, Interamerican's *sole* explanation for its failure to produce the Missing Documents is that "Interamerican does not have them to produce, and its counsel is not aware of them[.]" ECF No. 123 at 2. Interamerican also makes the far-fetched assertion (without any substantiation) that the Missing Documents—quoted at length in the Indictment—may not even "exist[]." *Id.* at 3.

Accepting as true Interamerican's representation that it does not currently possess the Missing Documents, PDV USA submits that this case must be stayed until such time that Mr. Rivera

---

[1] The Court denied PDV USA's previous letter motion (ECF No. 122) "without prejudice to renew upon complying with the Court's individual rules regarding meeting and conferring[.]" ECF No. 124. Then, the Court set a hearing for January 3, 2023 to "address Plaintiff's letter motion at Dkt. 122." ECF No. 125. On December 23, 2022, counsel for PDV USA met and conferred telephonically with counsel for Interamerican concerning the issues set forth in this letter. PDV USA requests that the Court address PDV USA's motion as set forth in this letter at the January 3, 2023 hearing or vacate the hearing until after Interamerican has responded to this letter.

Hon. Robert W. Lehrburger

receives the Missing Documents in discovery in the criminal proceeding against him. *See generally* Fed. R. Crim. P. 16 (a)(1)(A)–(G). As soon as the United States fulfills its discovery obligations, Interamerican will have the Missing Documents in its possession and can then produce them to PDV USA. Accordingly, PDV USA moves to stay this action pending (a) substantial completion of the United States' document productions in the criminal proceeding against Mr. Rivera, including production of the Missing Documents, or (b) resolution of the criminal proceeding against Mr. Rivera, whichever occurs sooner.

"[F]ailure to stay this action would result in substantial prejudice to" PDV USA, *WolrdCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997), because forcing PDV USA to move forward into summary judgment without access to what are arguably the most important documents in the case would waste judicial resources by requiring the re-opening of discovery whenever the documents ultimately are produced, as well as risking a miscarriage of justice by adjudicating the merits of issues that could be definitively resolved by the Missing Documents. The communications in the Missing Documents directly undermine—and in some cases definitively disprove—Interamerican's core defenses in this case, and reveal the patent falsity of substantial and material sworn testimony in this matter. For example, PDV USA claims that Interamerican breached the Agreement by subcontracting its services to Raul Gorrin, Esther Nuhfer, and Hugo Perera without PDV USA's consent. ECF No. 104 at ¶ 47. Interamerican denies this allegation and has testified under oath that these individuals played no role in rendering services under the Agreement. Ex. 1 at 143:25–144:2, 172:2–5, 363:12–14 (Gorrin); *id.* at 344:6–10 (Nuhfer); Ex. 2 at 2–3. However, the Missing Documents reveal that weeks before the Agreement was signed, Mr. Rivera formed an encrypted chat group called "MIA" with Mr. Gorrin, Ms. Nuhfer, and Mr. Perera in which they subsequently exchanged *dozens of messages about the Agreement*, including messages demonstrating that Ms. Nuhfer and Mr. Gorrin directly participated in Interamerican's efforts to perform consulting services for PDVSA and the Maduro regime. Indictment, "Over Acts," ¶¶ 1, 14, 19-22, 24, 27, 32, 48-53, 56, 59, 65-68, 70-72, 74.[2]

In one of these "MIA" encrypted messages, on or about October 5, 2017, Mr. Rivera discussed with Mr. Gorrin the drafting of a progress report that Mr. Rivera would later send to PDV USA—which Interamerican now claims documented its services to PDV USA and fulfilled its contractual obligations to provide periodic reports under the Agreement. Mr. Rivera wrote to Mr. Gorrin: "[a]s to the report, I have no problem doing it, *but we have to decide what we're going to put in the report. I await your advice . . . .*" Indictment, "Overt Acts," ¶ 74 (emphasis added). Thus, Mr. Rivera—the only person, according to Interamerican's sworn testimony, who ever provided services to PDV USA under the Agreement—needed first to discuss with Raul Gorrin "what we're going to put in the" progress report that would later be sent to PDV USA as justification the $15 million PDV USA paid Interamerican, not to mention Interamerican's affirmative counterclaim that PDV USA owes an additional $30 million to it. These and other communications reflected in the Missing Documents prove that Interamerican gave false sworn testimony on some of the central claims in this case.

---

[2] PDV USA has never seen a *single text message* from this MIA chat group and did not even know about its existence until the Indictment was unsealed.

Interamerican faces no prejudice if the case is stayed.  If anything, Interamerican's opposition letter—in which it claims that Mr. Rivera should not be compelled to testify about the Missing Documents because doing so would "be a clear violation of his Fifth Amendment rights," ECF No. 123 at 2—suggests Interamerican should be moving for a stay, rather than opposing one.[3]  It would be inequitable to allow Interamerican to force this matter to go forward while refusing to make Mr. Rivera available for testimony (despite his obvious Fifth Amendment waiver) about the Missing Documents.  During the meet and confer preceding this motion, Interamerican's chief objection to a stay was that it has no way of knowing how long it will take the government to produce the Missing Documents.  It is unclear why that matters—Interamerican will suffer no harm during the pendency of any stay in this matter: it is under no injunctive relief, and it has failed to articulate any way in which a delay of this matter would cause prejudice to it of any kind.  Any potential de minimis prejudice to Interamerican could be cured because "the stay may provide" that Interamerican may "move to vacate the stay if" if the Missing Documents are not produced "within a reasonable time."  *WorldCrisa*, 129 F.3d at 76.

A stay is separately warranted in light of Interamerican's recent assertion that it is entitled to "extensive discovery of [Willkie Farr & Gallagher LLP's] communications with the DOJ, including taking the depositions of Willkie attorneys[.]" Ex. 4 at 2.  As PDV USA has explained to Interamerican repeatedly, any such discovery is frivolous and objectionable on numerous grounds.  *See* Ex. 5.  But, even more importantly for purposes of this motion to stay, Interamerican's position makes clear that Mr. Rivera intends to use this civil action to develop potential defenses in his criminal trial, including seeking testimony of witnesses who he may seek to call again as witnesses at his criminal trial.  A stay will prevent this gamesmanship, and ensure that witnesses are not forced to testify about this subject matter twice.

Should the Court determine not to grant a stay, PDV USA hereby renews its requests for relief as set forth in its first letter motion, ECF No. 122.  In its opposition, Interamerican did not deny that the Missing Documents had been deleted—notably, it offered no explanation for why Interamerican has retained *some* documents from the *exact same time period* (and from the same sources of ESI) as the Missing Documents but *not* the Missing Documents—nor did counsel explain to the Court what (if any) steps they had taken to perform a forensic analysis of Mr. Rivera's devices to determine whether and when the Missing Documents were deleted.  PDV USA is entitled to probe what appears to be systematic and widespread spoliation so that it can seek relief under Federal Rule 37 or otherwise.  None of Interamerican's objections holds merit.  Interamerican's devices could be inspected by PDV USA solely for purposes of investigating deletion—and pursuant to a non-waiver agreement by PDV USA—which would nullify Interamerican's concern about disclosing privileged and business sensitive communications.  ECF No. 123 at 3.  Nor can Mr. Rivera invoke the Fifth Amendment to resist answering questions about the Missing Documents, ECF No. 123 at 2, when he has already chosen to testify at length in this case about the Agreement.  *Morgan Art Foundation Ltd. v. McKenzie*, 2021 WL 59119133, at *5 (S.D.N.Y. Dec. 15, 2021) (Fifth Amendment cannot be used "as both a shield and a sword").

---

[3] Interamerican also informed PDV USA that it intends to move to seal Exhibit H from PDV USA's first letter motion (ECF No. 122, Ex. H) based on concerns about the impact of this case on the criminal proceeding.  Ex. 3.

Hon. Robert W. Lehrburger

          Respectfully submitted,

          WILLKIE FARR & GALLAGHER LLP
          By: /s/ *Jeffrey B. Korn*

          Jeffrey B. Korn
          Brady M. Sullivan
          787 Seventh Avenue
          New York, NY 10019
          (212) 728-8000
          JKorn@willkie.com
          BSullivan@willkie.com

          Michael J. Gottlieb
          1875 K Street, N.W.
          Washington, D.C. 20006
          (202) 303-1000
          MGottlieb@willkie.com

          *Attorneys for Plaintiff*

          cc:  All counsel of record (by ECF)