# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 26, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent PDV USA, Inc. ("PDV USA") and submit this letter to request an additional 90-day extension of the stay that is currently in place for this matter and set to expire on July 3, 2023 (ECF No. 135).

All of the reasons the Court granted a stay in the first place remain equally applicable today. The original purpose of the stay, ordered in January 2023, was to permit PDV USA to receive the "Missing Documents" referenced in the indictment of David Rivera—which appear critical to PDV USA's claims in this case—before the parties engage in further depositions (including of non-parties) that might need to be re-done, or to proceed to summary judgment. ECF No. 129 at 1, Ex. A at 18:21–19:10. When it granted a 90-day extension of the stay in April 2023, the Court reiterated that the "purpose of the stay *continues to be* to provide time and opportunity for the production of . . . the 'Missing Documents.'" ECF No. 135 (emphasis added). Since then, the Missing Documents still have not been produced, nor has Mr. Rivera received them from the government in his criminal proceeding, which continues to be delayed as Mr. Rivera litigates the government's seizure of his assets.

**Background**

The Missing Documents consist of over fifty text messages, WhatsApp messages, and email communications to or from Interamerican's sole owner and employee, David Rivera. *See* ECF No. 122 at 1–2. Each of these documents is quoted and/or cited in the December 2022 indictment of Mr. Rivera and co-conspirator Esther Nufher. *See United States v. David Rivera and Esther Nuhfer*, 22-20552 (S.D. Fla.) (the "Indictment"). The conduct detailed in the Indictment is directly

Hon. Robert W. Lehrburger

related to the 2017 consulting agreement between Interamerican and PDV USA that is the subject of this lawsuit.

The Missing Documents were never produced to PDV USA during discovery in this action. Interamerican claimed that it did not "possess" any of the Missing Documents because Mr. Rivera's phone was seized by the criminal authorities in November 2017. ECF No. 123 at 3. Interamerican also told the Court that the documents may not "exist[]," i.e., that the government fabricated them, despite their being quoted at length (with specific dates and recipients) in the Indictment.[1] In fact, the record shows that Interamerican intentionally deleted the Missing Documents as part of an effort to conceal Mr. Rivera's misconduct from the government and from PDV USA. ECF No. 122 at 2–3.[2]

Left without some of the most critical documents in the case, and with summary judgment approaching, PDV USA moved for a stay "until such time that Mr. Rivera receives the Missing Documents in discovery in the criminal proceeding against him." ECF No. 127. The Court granted PDV USA's motion and stayed the case for 90 days. ECF No. 129. The Court observed at the hearing on PDV USA's motion that the Missing Documents "could be very significant, and it would be _unwise and inefficient to proceed with the discovery, remaining discovery, until we see what happens with those_." Ex. A at 19:6–10 (emphasis added). Indeed, the Court rejected Interamerican's argument that it should be allowed to pursue its own discovery—including a fact deposition of a non-party witness—while PDV USA would have to wait for the Missing Documents to be produced.[3]

On March 27, 2023, with the Missing Documents still not produced, PDV USA moved for a 90-day extension of the stay. ECF No. 132. Interamerican opposed, raising the same arguments it raised to oppose the original stay. ECF No. 133. The court granted a 90-day extension of the stay, and once again rejected Interamerican's request for a "limited carve out from the stay" to take a third party deposition of Mr. Doe and to re-depose PDV USA's corporate representative. As the Court noted, "the purpose of the stay _continues to be to provide time and opportunity for the_

---

[1] For example, the Indictment details an encrypted group chat (what Mr. Rivera termed the "MIA" (Miami) group) that Mr. Rivera and his associates used to discuss the PDV USA – Interamerican consulting agreement. Indictment at 11.

[2] As just one illustration, Interamerican has previously produced in this action many other emails and text and WhatsApp messages from the _exact same time period_ as the Missing Documents (in some instances from the _same day_ as some of the Missing Documents), but the Missing Documents are conspicuously absent. Thus, Mr. Rivera clearly retained some mobile data from 2017 on his phone until at least 2022 (when he produced messages in this litigation), but deleted other data. ECF No. 122 at 2–3 (citing additional evidence of spoliation). Interamerican has _still_ offered no explanation for this discrepancy.

[3] Ex. A at 17:13–19:21 (the Court: "I don't want to have to come back and see additional discovery requested on top of what already is further discovery to be done, such as with respect to [the third party deposition of] Mr. Doe because of what may come out of those additional documents if they are indeed produced"). _See also id._ ("I do think a stay is appropriate for just the reasons that [counsel for PDV USA] has explained," including that "the right order should be to finish the document production and then move into the depositions").

Hon. Robert W. Lehrburger

*production of . . . the 'Missing Documents*.'" ECF No. 135 (emphasis added). The Court directed that either party may apply to extend the stay "if warranted." *Id.*

## An Additional 90-Day Extension of the Stay Is Warranted

Because the Missing Documents have still not been produced to Mr. Rivera in the criminal matter, or to PDV USA, the stay should remain in place. The continued delay in the criminal matter is entirely of Mr. Rivera's own making. Mr. Rivera made a motion to release the government's *lis pendens* on his assets, and recently requested to extend the briefing schedule for that motion. *United States v. David Rivera and Esther Nuhfer*, 22-20552 (S.D. Fla.), ECF Nos. 54, 66, 70. As a result, Mr. Rivera's arraignment has been repeatedly delayed, and is currently set for August 14, 2023. *Id.*, ECF No. 72. Accordingly, a 90-day extension of the stay is appropriate.

Counsel for Interamerican informed counsel for PDV USA during a meet and confer telephone call on June 14, 2023 that Interamerican intends to oppose this additional stay request on the "same grounds" as before. Those include Interamerican's arguments that the Missing Documents may not actually exist because, according to Interamerican, they may have been fabricated by the government (ECF No. 123 at 3; ECF No. 133 at 1, n.1); that a stay would be open ended because Mr. Rivera continues to delay his arraignment (ECF No. 133 at 2); and that Interamerican should be granted a "carve-out" of the stay to depose a third party witness (ECF No. 133 at 2). However, the Court previously rejected all of these arguments (ECF No. 129; Ex. A 17–19), and nothing has changed that would compel a different finding.

If anything has changed, it is that PDV USA has discovered additional, critical documents that Interamerican failed to produce to PDV USA. PDV USA learned through third party discovery from Mr. Rivera's co-conspirator, Esther Nuhfer, that Mr. Rivera disclosed to Ms. Nuhfer and others a legal memorandum about the subject matter of this action that Mr. Rivera received from his outside counsel in 2018. Interamerian never disclosed to PDV USA that the memorandum was shared with Mr. Nuhfer and others because Interamerican deliberately excluded the memorandum from its privilege log in this case, as Mr. Rivera recently admitted. *PDV USA, Inc. v. Communication Solutions, Inc.*, 22-21372 (S.D. Fla.), ECF No. 79 at 11, n.7. The Florida court rejected Ms. Nuhfer's common interest assertion and ordered her to produce the memorandum to PDV USA. *Id.*, ECF No. 57. Thereafter, Mr. Rivera intervened and told the court (and PDV USA) for the first time that Mr. Rivera was litigating the same privilege assertions over the memorandum in a "sealed" proceeding before a different judge in Florida. *Id.*, ECF No. 63 at 4. The court then stayed PDV USA's action against Ms. Nuhfer seeking production of the memorandum pending resolution of the sealed proceeding. *Id.*, ECF No. 84. Thus, this case should remain stayed while PDV USA is forced to wait until the sealed proceeding—which has no public docket—is resolved, and the memorandum is produced to PDV USA.

Hon. Robert W. Lehrburger

Respectfully submitted,


WILLKIE FARR & GALLAGHER LLP
By: */s/ Jeffrey B. Korn*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*


cc: All counsel of record (by ECF)