

Jason W. Johnson, Esq.
JJohnson@ByrdCampbell.com
Direct Dial: 407-284-3642

June 29, 2023

**VIA ECF**

Honorable Judge Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: <u>PDV USA, Inc. v. Interamerican Consulting, Inc., Case No.: 1:20-cv-03699-JGK-RWL</u>

Dear Judge Lehrburger:

  We represent Interamerican Consulting, Inc. ("<u>Interamerican</u>") in the above-referenced case. We file this letter in response to the letter (the "<u>Letter</u>") (Doc. 137) submitted by PDV USA, Inc. ("<u>PDV USA</u>") on June 26, 2023, requesting a 90-day extension of the stay that is currently set to expire on July 3, 2023.

  Interamerican continues to oppose an extension of the stay. PDV USA's renewed request comes with no clear indication of when, if ever, PDV USA, Interamerican, or David Rivera will come into possession of the so-called "Missing Documents." At the January 3, 2023 hearing, counsel for PDV USA posited that a stay of "90" or "120" days would "be a reasonable time" to "obtain [the 'Missing documents']" from the criminal proceeding. Ex. A 7:4-7; *see also United States v. David Rivera and Esther Nuhfer*, 22-20552 (S.D. Fla.). Counsel for PDV USA explained that the documents could be obtained "as part of the criminal discovery process" and that if Mr. Rivera "chooses or elects not" to produce them "they will presumably be introduced at a trial in the criminal proceeding, and [PDV USA] can obtain them in that fashion." Ex. A 5:20-6:2. Although the Court expressed its general preference to "extend discovery," as opposed to staying all proceedings, the Court nevertheless acquiesced to PDV USA's request and granted a 90-day stay. *Id.* at 18:21-19:13.

  Now, nearly 180 days after the initial stay, the "Missing Documents" have yet to be produced, Mr. Rivera has not been arraigned, which is scheduled to occur on August 14, 2023, and it is unclear when, if ever, trial will take place in the criminal proceeding. Nor has PDV USA provided any authority which

DALLAS
Phone: (214) 764-4106

ORLANDO
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Phone: (407) 392-2285
Fax: (407) 392-2286

PENSACOLA
Phone: (850) 308-7440
By appointment only

would permit this Court to order the production of documents obtained in a separate criminal case.[1] Nevertheless, PDV USA seeks a second 90-day extension of the stay, which, if granted, will bring the total amount of time that the case has been stayed to 270 days—more than twice the amount of time PDV USA predicted and with no reasonable assurance that the documents will be available for use in this case.

Turning to the substance of PDV USA's Letter, PDV USA makes several misrepresentations that must be corrected. First, PDV USA falsely claims that the record shows Interamerican "intentionally deleted" the "Missing Documents," but this is untrue. Nothing PDV USA cites shows that Mr. Rivera deleted the Missing Documents, much less that he did so "intentionally" with the express purpose of concealing his conduct from the government or PDV USA.[2] Relatedly, Interamerican has never suggested that the government fabricated the "Missing Documents." The "Missing Documents," as described in the Indictment, comprise fragments of unauthenticated communications, many of which are translated and are devoid of context. Whether the communications exist in the form described by the government and whether they ultimately have any relevance to the 2017 Consulting Agreement between PDV USA and Interamerican is still unknown and is not a valid basis to delay this litigation.

On the merits, PDV USA's arguments fare no better. PDV USA attempts to shifts the blame for its inability to obtain the Missing Documents to Interamerican, suggesting that Mr. Rivera has delayed the criminal proceedings to avoid their production in this case. PDV USA's argument is wholly speculative. Mr. Rivera is represented by separate counsel in the criminal proceeding who must take steps to prevent the unlawful seizure of his assets in the *lis pendens* proceeding and protect his liberty interests in the criminal proceeding. Mr. Rivera should not be punished in this case based on PDV USA's speculation as to how and why Mr. Rivera has chosen to defend himself in the criminal proceeding.

PDV USA then summarily dismisses the arguments Interamerican has raised to oppose the stay, claiming "nothing has changed," conveniently ignoring that it has now been nearly 6 months since the stay was originally instituted. In addition to delaying resolution of its claims, continuing the stay prevents Interamerican from completing its discovery, including the deposition of at least one third-party witness, whose memory of the operative events in this lawsuit may begin to fade as they occurred some six years ago. PDV USA's insistence on obtaining repeated piecemeal stays based on its speculative hunch that these documents can be discovered (or even exist) at some point in the future creates uncertainty surrounding the resolution of this litigation and is prejudicial to Interamerican.

---

[1] Interamerican is also unaware of any authority which would permit Mr. Rivera to "elect" to produce the "Missing Documents" in this case simply because he obtained them in the criminal proceeding, as PDV USA suggested he could do at the January 3, 2023 hearing. Ex. A 5:24-6:2. Indeed, such documents are likely protected from disclosure under Federal Rule of Criminal Procedure 6.

[2] PDV USA's sole basis for its claim that Interamerican intentionally deleted the "Missing Documents" appears to be that it produced documents from the same time period, but this argument is pure speculation. These "Missing Documents" were created nearly six years ago and could have been lost for a variety of reasons, including, but not limited to, the government's seizure of Mr. Rivera's phone 2017. It is disingenuous at best to suggest that the record "shows" Interamerican "intentionally deleted" the "Missing Documents."

Finally, PDV USA, for the first time, claims that the stay should continue while it attempts to obtain a privileged legal document which is the subject of extensive litigation in the Southern District of Florida. Putting aside that the purpose of the stay was to obtain the "Missing Documents," not privileged documents, it is unclear how a privileged document would be admissible for any purpose in this lawsuit. At best, it is hearsay, and at worst, it is clearly protected from disclosure by the attorney-client privilege. PDV USA should not be permitted to continue delaying the very litigation it instituted while prejudicing Interamerican's ability prosecute its counterclaims, all the while PDV USA continues seeking discovery in other jurisdictions. [3]

If this Court is inclined to continue the stay, Interamerican respectfully requests that the Court provide a limited carve-out from such an extension to allow Interamerican to: (a) take a second deposition of PDV USA's corporate representative (or attorneys representing PDV USA or its affiliates) to inquire into the subject matter of any communications between PDV USA or its affiliates and the DOJ; and (b) take the oral deposition of Mr. Doe as previously requested. (*See* Doc. 128). Contrary to PDV USA's assertions, there is no risk that an eventual production of the Missing Documents will result in duplicative discovery or depositions. The substance of the Missing Documents, as alleged in the Indictment, does not involve communications with either PDV USA or Mr. Doe and is irrelevant to the discovery Interamerican seeks related to PDV USA's communications with the Department or Justice or Mr. Doe.[4] If anything, this limited carve-out to the stay will allow Interamerican to complete its discovery and be fully prepared to proceed to summary judgment once the stay is lifted in its entirety.

For the reasons set forth herein, Interamerican respectfully requests that the Court deny the relief sought in PDV USA's letter.

Respectfully submitted,

*/s/ Jason Johnson*
**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A**.
180 Park Avenue North, Suite 2A

---

[3] Notwithstanding the Court's order entering the stay, PDV USA has continued to pursue discovery for use in this litigation against Communication Solutions, Inc., and Esther Nuhfer in the Southern District of Florida. See *PDV USA, Inc. v. Communication Solutions, Inc. et al*, 22-21372 (S.D. Fla.).

[4] To refute this point, PDV USA cites an ambiguous communication in which Mr. Rivera allegedly forwarded a communication from a CITGO attorney to Esther Nuhfer. (Doc. 134 at 2, citing Indictment at No. 3, "Over Acts" ¶ 45). Even if this document did refer to Mr. Doe—which is unclear from the Indictment—PDV USA fails to show how Mr. Doe could possibly have any knowledge of communications in which he was not involved.

Honorable Robert E. Lehrburger
June 29, 2023
Page 4

                                                  Winter Park, Florida 32789
                                                  Telephone: (407) 392-2285
                                                  Facsimile: (407) 392-2286
                                                  Primary Email: TByrd@ByrdCampbell.com
                                                  Primary Email: JJohnson@ByrdCampbell.com
                                                  *Counsel for Defendant/Counter-Plaintiff*

                                                  Henry L. Saurborn, Jr.
                                                  Kaiser, Saurborn & Mair
                                                  30 Broad St., 37th Floor
                                                  New York, New York 10001
                                                  Telephone: (212) 338-9100
                                                  saurborn@ksmlaw.com
                                                  *Counsel for Defendant/Counter-Plaintiff*

CC: All counsel of record (by ECF)