**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 20, 2023

<u>VIA ECF</u>

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    <u>PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL</u>

Dear Judge Lehrburger:

We represent PDV USA, Inc. ("PDV USA") in the above-captioned matter and write pursuant to Rule II.D of Your Honor's Individual Practices and Local Rule 37.2 to request a pre-motion conference to address a recent development pertinent to the ongoing stay in this matter. PDV USA believes that Interamerican has obtained some or all of the Missing Documents, but Interamerican is refusing to produce them.

This is a breach of contract action in which PDV USA alleges that defendant Interamerican Consulting, Inc. ("Interamerican") breached a March 2017 consulting agreement (the "Agreement"). The Agreement provided that Interamerican—a one person consulting firm solely owned and operated by former U.S. Congressman David Rivera—would provide three-months of unspecified consulting services to PDVSA, the Venezuelan state-owned oil company and ultimate parent entity of PDV USA, in exchange for $50 million. PDV USA alleges, among other things, that Interamerican failed to render any consulting services, failed to provide written deliverables as required by the Agreement, and breached representations and warranties pertaining to subcontracting and violations of law. Interamerican countersued, claiming that it fully performed its obligations under the Agreement and is now owed the unpaid balance under the Agreement.

In November of 2022, at the close of fact discovery in this matter, Mr. Rivera was indicted by a grand jury in the Southern District of Florida for his conduct related to the Agreement. *United States v. David Rivera and Esther Nuhfer*, 22-20552, ECF No. 3 (S.D. Fla.) (the "Indictment"). The Indictment alleges that Mr. Rivera and co-defendant Esther Nuhfer willfully conspired to act in the United States as agents of the government of Venezuela without registering with the Attorney General, and that they used the Agreement to "creat[e] the false appearance that they were providing consulting services to PDV USA." *Id.* at p. 5, ¶ 3.

Hon. Robert W. Lehrburger

The Indictment quoted from over fifty text messages and email communications to/from Mr. Rivera that should have been but never were produced to PDV USA (the "Missing Documents"). The Missing Documents offer a nearly day-by-day roadmap of Interamerican's schemes in connection with the Agreement. They are crucial to the outcome of PDV USA's claims and Interamerican's counterclaims.

Although Interamerican told PDV USA and the Court that the reason the Missing Documents were not in its possession is because the government seized Mr. Rivera's phone, the record strongly suggests that Mr. Rivera deliberately deleted the Missing Documents in an effort to avoid scrutiny from the government and from PDV USA. *See generally* ECF No. 122 at 2–3.

On January 3, 2023, at PDV USA's request, the Court stayed this case. The sole purpose of the stay was to afford Mr. Rivera time to obtain the Missing Documents from the government in discovery in the criminal matter, and then produce them to PDV USA. *See* ECF No. 129 (staying the case "to provide time and opportunity for the production of certain text and other communications referred to as the 'Missing Documents.'").[1]

Throughout 2023, PDV USA moved to extend the stay because the Missing Documents had not been produced to PDV USA. *See* ECF Nos. 135, 139, 156.[2] Each time PDV USA moved to extend the stay, Interamerican opposed, representing to the Court that the Missing Documents had yet to be produced. ECF Nos. 133, 138, 155. Nor has Mr. Rivera made any apparent effort to obtain the Missing Documents, notwithstanding PDV USA's requests that he do so. Instead, Interamerican sought to lift the stay on the grounds that it was "open-ended" and because Interamerican wanted to pursue its own fact discovery in this case (*e.g.*, ECF No. 133).

On October 13, 2023, the government filed a memorandum in the criminal matter pertaining to an ongoing dispute over the government's seizure of certain of Mr. Rivera's assets. In its brief, the government referred to "an extensive record consisting of **contemporaneous emails, text messages**, and financial records voluntarily **produced by the Government to Defendants** in connection with these forfeiture proceedings, **generally [ ] described in the Indictment** at Paragraph 9 of the 'Manner and Means of Conspiracy' section and Overt Acts 20 through 47." *United States' Reply In Support of Ex Parte Application* at 19, *Rivera et al.*, 22-cr-20552, ECF No. 116 (S.D. Fla.) (emphasis added).[3] Those paragraphs cited in the Indictment overlap substantially with the paragraphs that quote from the Missing Documents. For example, the government apparently produced to Mr. Rivera a text message from Esther Nuhfer, cited at paragraph 44 (Overt Acts) of the Indictment, in which Ms. Nuhfer wrote to Mr. Rivera that they "should not have to return a penny" of the millions of dollars PDV USA paid to Interamerican. *Id*. Accordingly, at

---

[1] During the pendency of the stay, PDV USA has discovered other documents that should have been but never were produced. *See* ECF No. 137 at 3.
[2] The stay is currently set to expire on January 10, 2024.
[3] Mr. Rivera was indicted along with his co-conspirator Esther Nuhfer, who was also deposed in this matter.

least some of the Missing Documents likely have been produced to Mr. Rivera in the criminal matter.

Interamerican never mentioned anything to PDV USA about a government production, and in fact represented to the Court as late as October 3, 2023 that the Missing Documents had "yet to be produced" in the criminal matter. ECF No. 155. PDV USA demanded that Interamerican explain why the documents referenced in the government's brief had not been produced to PDV USA. The parties exchanged letters (*see* Exs. A, B, C) and had a telephonic meet and confer on December 7, 2023. Interamerican's position is as follows: (1) Interamerican is "not in possession of, and [is] therefore unable to review" the documents produced to Mr. Rivera in the criminal matter because they are only in Mr. Rivera's possession. Ex. B at 1. (2) There is a protective order in the criminal proceeding, which prohibits Mr. Rivera from sharing discovery material outside of the criminal matter. *Id.* at 1–2.[4]

Neither of these excuses makes sense.

First, there is no distinction between Interamerican and David Rivera for purposes of possession, custody, and control of the Missing Documents—or any documents related to this case. As Mr. Rivera testified, Interamerican is owned and operated solely by Mr. Rivera, and it has no other employees. Ex. D at 55:4–17. Any documents in Mr. Rivera's possession, custody, and control that pertain to the business of Interamerican (including the Agreement, to which Interamerican is a party) are, by definition, also in the possession, custody, and control of Interamerican. Moreover, this belated justification for not producing the Missing Documents is fundamentally inconsistent with the purpose of the stay, which was and is to afford time for the Missing Documents to be produced to PDV USA in this action. Until now, Interamerican never stated or suggested that, if and when the Missing Documents were produced to Mr. Rivera, Interamerican would refuse to produce them on the grounds that they are not in Interamerican's possession, custody, or control.[5]

Second, the Missing Documents are emails and text message *to and from Mr. Rivera*, and therefore the notion that he or Interamerican are somehow prohibited from producing them to PDV USA because of confidentiality restrictions defies logic. PDV USA does not understand how a protective order could prevent Mr. Rivera or Interamerican from disclosing Mr. Rivera's own emails and text messages in this action. These documents are in Interamerican's possession, custody, or control, and Interamerican is legally required to produce them in this action. To the extent there are any confidentiality concerns, those documents may be designated as "Confidential" pursuant to the protective order entered in this action.

PDV USA requests a pre-motion conference to discuss these matters with Your Honor.

---

[4] Interamerican also admitted on the telephonic meet and confer that Mr. Rivera has never even asked the government to produce the Missing Documents. That is odd, given that Interamerican has repeatedly complained that the stay is too "open-ended."

[5] Notably, this is the first time in the three and a half years since PDV USA filed this action that Interamerican has attempted to draw a distinction between Interamerican and Mr. Rivera for purposes of document discovery.

Hon. Robert W. Lehrburger

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: _/s/ Jeffrey B. Korn_

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)