# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 9, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent PDV USA, Inc. ("PDV USA") in the above-referenced matter and we write to request an extension of the stay currently in place. The Court recently scheduled a discovery hearing for January 16, 2024 to address PDV USA's December 20, 2023 letter (ECF No. 157) concerning recent developments pertinent to the stay and the Missing Documents. ECF No. 159. PDV USA believes it would be most efficient to address an extension of the stay at that hearing. But because the stay technically expires on January 10, ECF No. 156, before the hearing, PDV USA is submitting this additional letter motion for an order extending the stay, with specific conditions imposed on Interamerican, as set forth below. Interamerican represented that it opposes an extension of the stay.

The sole purpose of the stay is to afford Mr. Rivera time to obtain the Missing Documents from the government in discovery in the criminal matter, and then produce them to PDV USA in this case. ECF No. 129 at ¶ 1. However, as explained further in PDV USA's December 20, 2023 letter, Interamerican is now taking the position (for the first time) that any documents produced in the criminal matter to Mr. Rivera are not in Interamerican's possession, that Interamerican (as somehow distinct from Mr. Rivera) has no responsibility to produce them to PDV USA, and that Interamerican does not even know what has been produced in the criminal matter. ECF No. 158 at 2. This position is not only legally flawed,[1] it is incompatible with the purpose of the stay, and

---

[1] Intermerican does not dispute that Interamerican is a one-person company owned and operated by Mr. Rivera. And the indictment makes clear that the Missing Documents are emails and text messages *to and from Mr. Rivera* concerning the business of Interamerican. It is axiomatic that "where an individual creates documents in furtherance of his functions as a corporate officer, those

Hon. Robert W. Lehrburger

would suggest that Interamerican has no obligation to ever produce the Missing Documents to PDV USA, even if they have been or are later produced in the criminal matter.[2]

Accordingly, PDV USA requests that the Court enter an order as follows: Within 14 days of the Court's order, Interamerican must produce to PDV USA any Missing Documents (or documents related to the Missing Documents) that have been produced by the government to Mr. Rivera in the criminal matter. The case remains stayed until all of the Missing Documents have been produced by Interamerican to PDV USA, and Interamerican certifies in writing that all Missing Documents have been produced to PDV USA. During the stay, Interamerican must submit status reports every 90 days explaining what efforts have been made to obtain the Missing Documents and the status of their production.[3]

Interamerican's diversionary arguments are meritless.

Interamerican claims that the Missing documents may not have "any relevance to the 2017 Consulting Agreement between PDV USA and Interamerican." ECF No. 158 at 2, n.2. The Court already found that the Missing Documents appear "very significant," ECF No. 132-1 at 19:6–10, and for good reason. The Missing Documents include *drafts of the consulting agreement* at issue in this litigation. *See, e.g.*, *United States v. David Rivera and Esther Nuhfer*, 22-20552, ECF No. 3 (S.D. Fla.) ("Indictment," Ex. A) at "Overt Acts," ¶ 73. They include communications about the tens of millions of dollars paid by PDV USA to Interamerican pursuant to the consulting agreement. *See, e.g.*, *id.* at "Overt Acts," ¶¶ 24, 41, 44-45. They include communications with Interamerican's "subcontractors" about Interamerican's purported consulting services to PDV USA—a central issue in PDV USA's breach of contract allegations. *See, e.g.*, *id.* at "Overt Acts," ¶¶ 15, 19, 20-22, 24, 32, 41, 44-45, 48-53, 74. And they include communications with and concerning U.S. public officials—communications that Interamerican claims in its counterclaim

---

documents are within the corporation's control for Rule 34 purposes and must be disclosed in response to proper notice for production." *CA, Inc. v. AppDynamics, Inc.*, 2014 WL 12860591, at *3 (E.D.N.Y. Sept. 8, 2014).

[2] Further undermining this newfound distinction between documents in Mr. Rivera's possession and documents in Interamerican's possession is the fact that, throughout this entire litigation, counsel for Interamerican has claimed to have run forensic searches across (and has produced thousands of documents from) Mr. Rivera's *personal* Comcast.net email address and *personal* cell phone. Interamerican has never suggested that these devices and accounts are somehow inaccessible to Interamerican. If and when the stay is lifted, PDV USA will need to fully understand what other documents Interamerican may be withholding on this basis and seek relief if necessary.

[3] On a recent meet and confer, Interamerican told PDV USA that Mr. Rivera has taken *no steps* to even ask for the Missing Documents. It should be Mr. Rivera's burden, not PDV USA's, to obtain the Missing Documents or explain to the Court why that is not possible.

Hon. Robert W. Lehrburger

prove that it earned $50 million from PDV USA pursuant to the consulting agreement.  *See, e.g.*, *id.* at "Overt Acts," ¶¶ 14-15, 23, 24, 26, 38.

Equally unconvincing is Interamerican's repeated suggestion that, rather than intentionally deleting the Missing Documents, they disappeared because the government seized Mr. Rivera's phone in 2017.  ECF No. 158 at 1 n.1.  That does not make sense and is not credible.  First, that does not explain why non-mobile data, such as emails, are missing.  Second, Interamerican has previously produced in this action many other emails and text and WhatsApp messages from the exact same time period as the Missing Documents (in some instances from the same day as some of the Missing Documents), but the Missing Documents are conspicuously absent.  Thus, Mr. Rivera clearly retained some mobile data from 2017 on his phone until at least 2022, but deleted other data.  Interamerican would have this Court believe that when the government seized Mr. Rivera's phone, it accessed his WhatsApp and email accounts and deleted certain communications. Third, Mr. Rivera encrypted many of the Missing Documents in order to conceal his illegal conduct.  Indictment at p. 5, ¶ 3, p. 8, ¶ 11, p. 11, ¶ 1.  Notably, he chose not to encrypt other messages with the same individuals from the same time period.  Fourth, Mr. Rivera already admitted to the intentional deletion of relevant (and incriminating) documents, including WhatsApp messages, during the pendency of this litigation.[4]

Finally, Interamerican suggests that a protective order in place in the criminal matter somehow shields the Missing Documents from discovery.  ECF No. 158 at 2.  The Missing Documents are, exclusively, communications to and from Mr. Rivera.  It would be a strange result if a party's own text messages and emails are rendered confidential and therefore shielded from civil discovery because, after intentionally deleting those documents, they were placed back in the party's possession by virtue of criminal discovery.

---

[4] When asked at deposition "[d]id you deliberately at some point go through your files to delete some emails and leave others," Mr. Rivera answered "no."  Ex. B at 213:19–22; *see also* Ex. C at 419:24–420:3 ("Q: Since this litigation has been filed, did you go through your WhatsApp messages and attempt to delete or delete messages or information involving Raul Gorrin? A: I just said no.").  Yet, when PDV USA continued to press the issue of spoliation after the deposition, Interamerican was forced to contradict its own testimony and admit in an interrogatory response that, during the pendency of this litigation, certain responsive and incriminating WhatsApp messages with Mr. Gorrín "must have been deleted."  Ex. D at 2-3.  Interamerican then brought a motion to seal that interrogatory response on the basis that it might be seen by "government investigators."  ECF No. 126 at 2.  Thus, Mr. Rivera has demonstrated his willingness to violate his preservation obligations and give false testimony regarding those obligations to cover up his misconduct, both from PDV USA and from the government.  If and when the stay is lifted, PDV USA will need to pursue spoliation discovery, as previously requested.  *See* ECF No. 127 at 3.

Hon. Robert W. Lehrburger

Respectfully submitted,


WILLKIE FARR & GALLAGHER LLP
By: */s/ Jeffrey Korn*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*


cc: All counsel of record (by ECF)