**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 18, 2024

<u>VIA ECF</u>

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   <u>PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL</u>

Dear Judge Lehrburger:

We represent PDV USA, Inc. ("PDV USA") and submit this letter to request an extension of the stay currently in place as well as an order directing Defendant Interamerican Consulting, Inc. ("Interamerican") to make best efforts to produce to PDV USA all responsive documents in its possession, custody, or control. In the alternative, PDV USA requests the same order and that the stay be lifted solely to permit PDV USA to renew its prior motion for spoliation discovery and for the parties to brief PDV USA's forthcoming motion for sanctions against Interamerican.

Following the Court's direction at the last conference, PDV USA submitted a *Touhy* request and subpoena (*see* 28 C.F.R. §§ 16.21–16.29) to the prosecutors in the related Florida criminal matter. Exs. A, B. PDV USA requested production of all Missing Documents—dozens of Mr. Rivera's own messages and emails quoted in his indictment—that the government produced to Mr. Rivera in criminal discovery. Ex. B at 8. Last week, the government advised that it plans to make a production by March 25 and asked Mr. Rivera and Esther Nuhfer if they object. Remarkably, Mr. Rivera has thus far not consented to the government producing his own messages and emails to PDV USA. Instead, Mr. Rivera responded to the government with what appear to be objections and a request for more time to provide a "final" answer. Separately, PDV USA filed a motion to compel production of the Missing Documents against Mr. Rivera in Florida. *PDV USA, Inc. v. Rivera*, 24-20456 (S.D. Fla.). At PDV USA's request, that case was transferred to the District Judge overseeing the criminal matter. *Id.* at ECF No. 9. Mr. Rivera (represented by the same counsel as in this case) opposed PDV USA's motion—including its request for an expedited ruling—on grounds that the documents produced by the government were in *his counsel's* possession, not in *his* possession, and that the documents were confidential under the criminal protective order. Ex. C at 6–7. Mr. Rivera also disclosed that the government production in the criminal matter consists of "***thousands***" of documents, *id.* at 6 (emphasis added), much more than the 50-plus Missing Documents.

Mr. Rivera's disclosure about the volume of the government production raises yet further questions about the integrity of Interamerican's document production in this litigation. There is little

Hon. Robert W. Lehrburger

question that many if not all of these "thousands" of documents are responsive to PDV USA's RFPs. *See* Ex. D. Although Interamerican and Mr. Rivera have so far refused to tell PDV USA what these documents consist of,[1] the government described its document production as "consisting of contemporaneous emails, text messages, and financial records voluntarily produced by the Government to Defendants" that "reflect[]" the same issues at the center of this litigation. *See* United States' Reply In Support of Ex Parte Application at 18–19, *United States v. Rivera*, 22-cr-20552 (S.D. Fla.), ECF No. 116. Indeed, given that the criminal matter concerns the same consulting contract at issue in this case, *id.*, ECF No. 3 at p. 5 ¶ 3, any documents produced in the criminal matter are presumptively responsive to PDV USA's RFPs, especially when Interamerican and Mr. Rivera are unable to show anything to the contrary, and their prior representations about the nature of the government production cannot be credited.[2]

There is also no doubt that a significant percentage of these thousands of documents have not been produced to PDV USA, and that many of those are communications to/from Mr. Rivera. Again, counsel for Interamerican and Mr. Rivera have not said one way or the other. But we know that the indictment quotes from approximately sixty-five messages and emails, every one of which is to or from Mr. Rivera, and approximately *80%* of which were never produced to PDV USA.

Thus, it is highly likely that a significant percentage of these thousands of additional documents (a) are responsive, (b) consist of Mr. Rivera's own communications, and (c) have not been produced to PDV USA.

As with the Missing Documents, Interamerican and Mr. Rivera are refusing to produce any of these additional documents, even though they are now in their possession, custody, or control. This is inexcusable. For one, the criminal protective order cannot restrict Mr. Rivera's ability to produce his own communications. Indeed, it is Mr. Rivera, not the government, who is raising confidentiality objections in opposition to PDV USA's *Touhy* request seeking the Missing Documents. But either way, to the extent Mr. Rivera needs to seek permission from the government, the court in Florida, or anyone else in order to produce all responsive, non-privileged documents in his possession, custody, or control, he is required to make best efforts to do so. *Cf. Okla. Firefighters Pension v. Musk*, 2024 WL 188273 (S.D.N.Y. Jan. 18, 2024) (directing defendant to order SEC transcripts from the SEC and produce them); *In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, 2009 WL 805812 (S.D.N.Y. Mar. 23, 2009) (ordering

---

[1] On March 7, 2024, PDV USA demanded that Interamerican and Mr. Rivera explain what the thousands of additional documents consist of and whether they had been produced to PDV USA. *See* Ex. E. On March 14, Interamerican told PDV USA it was "under no obligation" to respond to PDV USA. During a meet and confer call that same day, Interamerican was unable to tell PDV USA whether any of the thousands of documents are responsive to PDV USA's RFPs or whether they include Mr. Rivera's own communications. Interamerican also admitted that it had made no efforts to obtain that information from Mr. Rivera's criminal lawyer.

[2] Previously, in arguing that the stay should be lifted and suggesting that PDV USA was seeking documents that may not exist, Interamerican represented that the government's production was "limited to a single issue related to asset tracing[.]" ECF No. 158. at 2. *See also* Ex. F ("counsel for Mr. Rivera in the Criminal Proceeding has also expressed doubt that any discovery they have received is at all relevant to the issues in this case").

Hon. Robert W. Lehrburger

defendant to "use its best efforts" to obtain transcripts from state attorney general); *Chevron Crop. V. Donziger*, 296 F.R.D. 168, 216–18 (S.D.N.Y. 2013) (finding that "good faith" efforts to obtain documents required defendants to ask foreign representatives for their permission); *see also Spear v. Westfield Ins. Co.*, 2017 WL 5454459, at *5–6 (E.D. Pa. Nov. 14, 2017) (ordering plaintiffs to "recover the destroyed documents" from third parties where plaintiffs' "inability to produce the requested documents was occasioned entirely by unilateral action of the Plaintiffs").

If Interamerican and Mr. Rivera continue to refuse to comply with their discovery obligations, there must be consequences. PDV USA cannot be forced to pursue its claims and defend against Interamerican's when Interamerican is intentionally withholding what may be thousands of highly relevant documents and not taking a single step to produce them—and is instead blocking PDV USA's efforts to obtain them. Therefore, PDV USA requests an order compelling Interamerican to, within 30 days, either produce all responsive, non-privileged documents in its possession, custody, or control (including documents produced by the government), or demonstrate to the Court that it has exhausted all best efforts to do so. Simultaneously, PDV USA will continue to attempt to obtain these documents from the government. PDV USA requests that the case remain stayed until all responsive, non-privileged documents in Interamerican's possession, custody, or control have been produced to PDV USA.

If the Court is not inclined to extend the stay, PDV USA requests the same order described above, and that the stay be lifted solely for purposes of litigating a sanctions motion against Interamerican, as follows. First, PDV USA renews its pre-stay request for spoliation discovery (ECF Nos. 122 and 127), which was mooted when the Court stayed the case. Specifically, PDV USA requests an order (a) compelling Interamerican to comply with PDV USA's discovery request that Interamerican produce for inspection all devices (such as phones and computers) that Mr. Rivera has in his possession and (b) compelling Interamerican to respond, within 14 days, to three spoliation-focused interrogatories (attached here as Exhibit G). Second, PDV USA requests leave to file, within 30 days, a full-form motion for sanctions against Interamerican. Interamerican is subject to sanctions under Rule 37(e) for its failure to preserve electronically stored information, Rule 37(c) for its refusal to supplement its productions, and Rule 26(g) for certifying false discovery responses and objections.[3] *See, e.g.*, *Freeman v. Giuliani*, 2023 WL 5600316 (D.D.C. Aug. 30, 2023) (imposing terminating sanctions for failure to preserve documents). If the case proceeds beyond a decision on PDV USA's motion for sanctions and the stay is fully lifted, PDV USA will need to reopen Interamerican and Mr. Rivera's deposition to ask Mr. Rivera about all of the newly uncovered documents and related subjects. We are happy to discuss these issues at the Court's convenience.

---

[3] Interamerican is also subject to sanctions for its omission from its privilege logs of a 2018 legal memorandum supposedly authored by Mr. Rivera's attorneys. During the stay, PDV USA learned that Mr. Rivera shared the memorandum with his subcontractors, thereby waiving privilege, as a court in Florida ruled. *PDV USA v. Communication Solutions, Inc. et al*, 22-cv-21372 (S.D. Fla.), ECF No. 57. Interamerican deliberately excluded this memorandum from its privilege log, *id.*, ECF No. 76 at 11, n.7, presumably so that PDV USA would not see that it was shared with third parties and seek its production. To the extent PDV USA uncovers any other privilege log omissions, it may seek relief for those as well.

Hon. Robert W. Lehrburger

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: */s/Jeffrey B. Korn*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)