# EXHIBIT G

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PDV USA, INC.,

      Plaintiff,

v.                                                                                          Case No. 20-cv-3699

INTERAMERICAN CONSULTING INC.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF'S SIXTH SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff PDV USA, Inc. hereby requests that Defendant Interamerican Consulting Inc. answer the following interrogatories fully, in writing and under oath, and in accordance with the Definitions and Instructions below, and serve such answers on the undersigned counsel prior to _____.

**DEFINITIONS**

1. The definitions and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York shall apply to these interrogatories. All terms not otherwise defined shall have their ordinary and common meanings.

2. "Documents" has the meaning set forth in Local Rule 26.3.

3. "Communications" has the meaning set forth in Local Rule 26.3.

4. "You" refers to Interamerican Consulting, Inc.

5. "PDV USA's RFPs" refers to all Request for Production served by PDV USA on Interamerican in this case.

6. "Unproduced Documents" refers to Documents that meet the following criteria: (a) produced by the government to David Rivera and/or his counsel in the criminal matter captioned *United States v. Rivera*, 22-cr-20552 (S.D. Fla.); (b) reflecting Communications to or from Mr. Rivera, including Communications in group chats or group messages that Mr. Rivera was a part of, whether or not he participated; and (c) not produced by Interamerican to PDV USA in this action. Unproduced Documents include, but are not limited to, the following documents cited and/or referenced in the indictment in *United States v. Rivera*, 22-cr-20552, ECF No. 3:

> All messages from the "MIA Group Chat," among David Rivera, Esther Nuhfer, Raul Gorrin, and Hugo Perera (*see generally* Indictment ¶ 2)[1]
>
> February 23, 2017 text in "MIA Chat Group" (Indictment ¶ 2)
>
> March 7, 2017 email from David Rivera (Indictment ¶ 2)
>
> March 20, 2017 email from David Rivera (Indictment ¶ 4)
>
> March 20, 2017 email from Esther Nuhfer to David Rivera (Indictment ¶ 5)
>
> March 20, 2017 email from David Rivera (Indictment ¶ 6) 7. March 20, 2017 email from David Rivera (Indictment ¶ 7)
>
> March 21, 2017 email from David Rivera (Indictment ¶ 8)

---

[1] All paragraph citations refer to the "Overt Acts" section of the Indictment, *United States v. Rivera*, 22-cr-20552, ECF No. 3, beginning on page 11.

March 30, 2017 text message in MIA Chat Group (Indictment ¶ 14)

March 31, 2017 email from David Rivera (Indictment ¶ 15)

April 2, 2017 text message in MIA Chat Group (Indictment ¶ 19) 12. April 4, 2017 text message in MIA Chat Group (Indictment ¶ 20) 13. April 4, 2017 text message in MIA Chat Group (Indictment ¶ 21)

April 4, 2017 text message in MIA Chat Group (Indictment ¶ 22)

April 4, 2017 text message from David Rivera (Indictment ¶ 23)

April 8, 2017 text message in MIA Chat Group (Indictment ¶ 24)

April 10, 2017 email from David Rivera (Indictment ¶ 26)

April 15, 2017 text message in MIA Chat Group (Indictment ¶ 32)

April 21, 2017 email from David Rivera (Indictment ¶ 38)

"Versions" of May 29, 2017 email from Rivera to Esther Nuhfer and Individual 2 (Indictment ¶ 41)

May 31, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 44)

May 31, 2017 email from David Rivera (Indictment ¶ 45)

June 7, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 46)

June 7, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 47)

June 20, 2017 text message in MIA Chat Group (Indictment ¶ 48) 26. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 49) 27. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 50) 28. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 51) 29. June 22, 2017 text message in MIA Chat Group (Indictment ¶ 52)

June 22, 2017 text message in MIA Chat Group (Indictment ¶ 53)

July 10, 2017 text message in MIA Chat Group (Indictment ¶ 56)

July 11, 2017 text message to U.S. Senator 1 (Indictment ¶ 57)

July 11, 2017 text message to U.S. Senator 1 (Indictment ¶ 58)

July 11, 2017 text message in MIA Chat Group (Indictment ¶ 59)

July 14, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 61)

July 14, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 62)

July 14, 2017 text message from David Rivera (Indictment ¶ 63)

July 18, 2017 text message from Individual 1 to David Rivera (Indictment ¶ 64)

July 18, 2017 text message in MIA Chat Group (Indictment ¶ 65)

August 30, 2017 text message in MIA Chat Group (Indictment ¶ 66)

August 30, 2017 text message in MIA Chat Group (Indictment ¶ 67)

September 7, 2017 text message in MIA Chat Group (Indictment ¶ 68)

September 25, 2017 text message in MIA Chat Group (Indictment ¶ 70) 44. September 26, 2017 text message in MIA Chat Group (Indictment ¶ 71)

September 26, 2017 text message in MIA Chat Group (Indictment ¶ 72)

September 26, 2017 email from David Rivera (Indictment ¶ 73)

October 5, 2017 text message in MIA Chat Group (Indictment ¶ 74)

October 16, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 75)

October 18, 2017 text message from Esther Nuhfer to David Rivera (Indictment ¶ 76)

March 23, 2018 email from Esther Nuhfer to David Rivera (Indictment ¶ 82)

March 29, 2018 email from David Rivera (Indictment ¶ 83)

April 5, 2018 email from David Rivera (Indictment ¶ 87)

April 5, 2018 email from David Rivera (Indictment ¶ 88)

## INSTRUCTIONS

1. In answering these interrogatories, furnish all information available to You or subject to Your reasonable inquiry, including information in the possession, custody or control of Your representative.

2. If You cannot answer an interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the

- 4 -

extent possible, explaining any inability to answer the remainder of the interrogatory and stating all information or knowledge presently available to You concerning the unanswered portion of said interrogatory.

   3. If, in responding to these interrogatories, You claim any ambiguity in interpreting an interrogatory or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but you shall set forth as part of Your response to such interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the interrogatory.

   4. In the event that You claim that an interrogatory is overly broad or unduly burdensome, You are requested to respond to that portion of the interrogatory that is unobjectionable and specifically identify the respect in which You believe the interrogatory is overly broad or unduly burdensome.

   5. No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

   6. These interrogatories are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplementary responses and produce additional documents if You obtain further or different information.

   7. Plaintiff expressly reserves the right to supplement these interrogatories and to propound new interrogatories, to the extent permitted by applicable law and rules.

   8. These interrogatories shall not be construed as a waiver or abridgment of, and is not intended to waive, any argument or defense, or any objection to any of Your discovery requests, nor shall it be construed as any admission of fact.

**INTERROGATORIES**

25. Describe with corroborating detail and specific dates all efforts You and Your counsel have taken to preserve any sources of information (electronic or hard copy) that may contain materials responsive to PDV USA's RFPs, with references to specific sources such as email accounts, mobile phones, iMessage accounts, WhatsApp accounts, other messaging accounts, iCloud accounts, personal computers, or other sources of electronically stored information.

26. To the extent any Unproduced Documents are no longer stored on any of Your or Mr. Rivera's electronic devices—as You have contended—explain with corroborating details and specific dates why that is the case, including when and whether Mr. Rivera or anyone else deleted them.

27. To the extent any Unproduced Documents are no longer stored on any of Your or Mr. Rivera's electronic devices—as You have contended—describe with corroborating details and specific dates what efforts (if any) you have taken to retrieve any such Unproduced Documents, including any efforts to retrieve any such Unproduced Documents from WhatsApp, email servers that host Mr. Rivera's emails, the government (whom you contend seized Mr. Rivera's phone), and third party senders/recipients of such Unproduced Documents who may have their own copies, such as Esther Nuhfer, Hugo Perera, or Raul Gorrín.

- 7 -

Dated: New York, New York
     _____, 2024

                      **WILLKIE FARR & GALLAGHER LLP**
                      By: _____

                          Jeffrey B. Korn
                          Brady M. Sullivan
                          787 Seventh Avenue
                          New York, New York 10019
                          (212) 728-8000
                          JKorn@willkie.com
                          BSullivan@willkie.com

                          Michael J. Gottlieb
                          1875 K Street, N.W.
                          Washington, D.C. 20006
                          (202) 303-1000
                          MGottlieb@willkie.com

                          *Attorneys for Plaintiff PDV USA, Inc.*

- 8 -