**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

April 9, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent PDV USA, Inc. ("PDV USA") and submit this letter motion requesting the following relief and/or clarification. First, because the order compelling Defendant Interamerican Consulting Inc. ("Interamerican") to produce the Missing Documents (as defined below) and other documents is now stayed pending resolution of PDV USA's related motion to compel in Florida, we submit that this case should likewise remain stayed pending resolution of that Florida motion. Second, PDV USA requests clarification that its motion for sanctions is also not due until after resolution of the Florida Motion to Compel and the lifting of the stay in this action. We submit that this timing makes sense because the prejudice to PDV USA caused by Interamerican's discovery misconduct depends, in part, on whether PDV USA ultimately receives the documents in question (and which documents it receives).

This case was stayed in January 2023 so that Mr. Rivera could obtain over fifty highly relevant emails and mobile messages to and from Mr. Rivera quoted in the criminal indictment against him (the "Missing Documents") and then turn them over to PDV USA in discovery in this action. *See* ECF No. 129. Interamerican has never offered any explanation why these documents were not produced to PDV USA in this case long ago. By October 2023 at the latest, Mr. Rivera obtained at least some, if not all, of these documents when the government made a document production to Mr. Rivera and his co-defendant Esther Nuhfer in the criminal matter. *See United States v. Rivera*, 22-20552 (S.D. Fla.), ECF No. 116 at 19.[1]

---

[1] Mr. Rivera later revealed that the production consisted of "thousands" of documents. *See PDV USA, Inc. v. Rivera*, 24-20456 (S.D. Fla.), ECF No. 17 at 6. Mr. Rivera and Interamerican have refused to tell PDV USA anything about the contents of that production, including whether those

Hon. Robert W. Lehrburger

Since the government production—while complaining that the stay was "open-ended" and repeatedly urging the Court to lift the stay to permit it to pursue its own discovery—Interamerican has gone out of its way to prevent PDV USA from obtaining the Missing Documents. First, in this Court, Interamerican made the spurious claims that any Missing Documents produced by the government in the criminal matter were in Mr. Rivera's possession, not Interamerican's, and that the documents—Mr. Rivera's *own emails and messages*—were protected from civil discovery by the criminal protective order. *E.g.*, ECF No. 161. Second, in the Florida proceeding initiated by PDV USA against Mr. Rivera (the "Florida Motion to Compel"), Mr. Rivera—represented by the same counsel representing Interamerican here—opposed PDV USA's motion to compel. This time, Mr. Rivera argued that the government production was in *his counsel's* possession, but not *his*. *See PDV USA, Inc. v. Rivera*, 24-20456 (S.D. Fla.), ECF Nos. 17, 24. Third, when the government was prepared to produce some or all of the Missing Documents to PDV USA, Mr. Rivera blocked that as well by raising objections, including objections concerning the criminal protective order. *See* ECF No. 165-1 at 2–3.[2]

On March 25, 2024, this Court ordered Interamerican to, "[b]y April 8, 2024 . . . produce to PDV [USA] all non-privileged documents that (i) are responsive to PDV [USA]'s document requests, (ii) have not already been produced, (iii) are in Interamerican's possession, custody, and control – including documents produced by the Government to Mr. Rivera in the criminal proceeding against Mr. Rivera, and (iv) consist of email, texts, or other electronic communications to which Mr. Rivera was an author or recipient in his capacity as an employee, officer, director, representative, or agent of Interamerican." ECF No. 166 (the "March 25 Order"). The Court extended the stay in this matter through April 15. *Id.* The Court also ordered that "PDV [USA] may proceed with a motion for sanctions as outlined in its letter at Dkt. 163." (In its letter at Dkt. 163, PDV USA requested leave to file a motion for sanctions "within 30 days.")

Thus, the sequence of events per the March 25 Order would have been: (1) by April 8, Interamerican produces certain responsive documents from the government production; (2) on April 15, the stay lifts; and (3) by April 24, PDV USA moves for sanctions.[3]

Here is a brief recap of what has happened since entry of the March 25 Order:
- On March 27, Interamerican filed a motion for reconsideration of the March 25 Order. ECF No. 168.

---

thousands of documents include additional responsive documents that were never produced to PDV USA.

[2] Throughout this time, despite all of his protestations concerning the criminal protective order, it appears Mr. Rivera has never once asked the government if it would object to him or Interamerican producing to PDV USA his own communications from the government production.

[3] As previously noted, PDV USA will also need to re-open Mr. Rivera and Interamerican's deposition to ask questions about whatever new documents are produced and related topics.

Hon. Robert W. Lehrburger

- On April 1, the Florida court directed PDV USA to confer with the government and advise the court on the government's position on the Florida Motion to Compel.
- On April 4, this Court denied Interamerican's motion for reconsideration, but also ruled as follows: "the March 25, 2024 Order is hereby held in abeyance pending determination of the motions PDV [USA] filed in the Southern District of Florida. Within five days of a decision on PDV [USA]'s motion by the Florida court, PDV [USA] shall notify this Court and file a copy of the decision." ECF No. 170 at 2 (the "April 4 Order").
- On April 5, PDV USA advised the Florida court of the government's position. PDV USA's submission is attached here as Exhibit A. In short, the government requested two additional weeks to state its position. *Id.*
- Also on April 5, Mr. Rivera filed an opposition to the Florida Motion to Compel, raising the same arguments Interamerican raised in its Motion for Reconsideration that this Court rejected. Ex. B.
- On April 8, the Florida court set a hearing on the Florida Motion to Compel for April 19.

In light of the April 4 Order, PDV USA requests the following.

**First**, because the March 25 Order compelling Interamerican to produce the documents at issue is stayed pending resolution of the Florida Motion to Compel, PDV USA submits that the stay in this matter should also remain in place pending resolution of the Florida Motion to Compel. That way, the original sequence of events contemplated by the March 25 Order—production of the documents first, then lifting of the stay—remains in effect. We acknowledge that the Court previously ordered that there would be no further extension of the stay. ECF No. 162. However, in light of the fact that the present delay is entirely of Mr. Rivera's own making, it would be inequitable to force PDV USA (and PDV USA alone) to proceed with discovery while Mr. Rivera and Interamerican continue to block the production of highly responsive documents.[4]

**Second**, PDV USA requests clarification that its motion for sanctions is not due until after resolution of the Florida Motion to Compel. This makes sense because the prejudice to PDV USA caused by Interamerican's discovery misconduct depends, in part, on whether PDV USA ultimately receives the documents in question (and which documents it receives). Specifically, PDV USA believes its motion for sanctions should not be due until 14 days after resolution of the Florida Motion to Compel. Again, this is consistent with the original sequence of events contemplated by the March 25 Order. Interamerican does not object to this deadline for PDV USA's motion for sanctions.

---

[4] Interamerican opposes an extension of the stay.

Hon. Robert W. Lehrburger

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: /s/ *Jeffrey B. Korn*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)