**WILLKIE FARR & GALLAGHER** LLP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/07/2024
```

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

April 30, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent plaintiff PDV USA, Inc. ("PDV USA") in the above-captioned matter. Pursuant to Rule B.3 of the Rules for Redactions and Filing Under Seal of Your Honor's Individual Practices in Civil Cases, we submit this letter motion to file under seal certain limited information in: (a) PDV USA, Inc.'s Second Amended Responses and Objections to Defendant's Second Set of Interrogatories attached to Interamerican Consulting, Inc.'s ("Interamerican) Letter Motion to Compel ("Responses and Objections," ECF Nos. 174–3, 175–3); (b) excerpts of the deposition transcript of PDV USA's Rule 30(b)(6) representative attached to PDV USA's Letter Response ("Deposition Transcript," ECF Nos. 179–3, 180–3); and (c) PDV USA and Interamerican's respective letter motions to the Court (ECF Nos. 174, 175, 179, 180). In accordance with Rule B.5 of the Rules for Redactions and Filing Under Seal of Your Honor's Individual Practices in Civil Cases, we are filing under separate cover (and under seal) these documents with PDV USA's requested redactions highlighted in yellow. *See* ECF No. 184, Exs. A, B, C, D. PDV USA met and conferred with counsel for Interamerican, who informed PDV USA that they oppose this motion.[1]

The information PDV USA seeks to redact from these papers relates to the details of an investigation by the Department of Justice ("DOJ"). Citgo Petroleum Corporation ("Citgo") has previously disclosed that it is cooperating with a federal grand jury subpoena issued by the

---

[1] In accordance with the Court's prior order (ECF No. 148), PDV USA also redacted references to Mr. Doe and his title in its Response to Interamerican's Letter Motion for Conference and corresponding exhibits (ECF No. 181). The Court previously permitted the parties to redact "any future filings in this action referencing Mr. Doe." ECF No. 148 at 1. Interamerican does not oppose these redactions.

Hon. Robert W. Lehrburger

DOJ. PDV USA designated the above-referenced discovery materials Confidential because, among other reasons, they contain sensitive and detailed information regarding the Citgo entities' cooperation with that subpoena, which is information that PDV USA believes it is required to keep confidential.

Information revealing the details of an ongoing investigation or a party's legal strategies may be filed under seal. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 143 (2d Cir. 2016); *Kewazinga Corp. v. Google LLC*, 2020 WL 8224932, at *1 (S.D.N.Y. July 22, 2020). Here, PDV USA has narrowly tailored the redactions. PDV USA proposes to redact certain details of what was discussed at the meetings with the DOJ, which, by implication, could reveal information that PDV USA believes it is required to keep confidential. The other redactions are the dates of when meetings with the DOJ took place, the identities of the members of the DOJ and Citgo representatives in attendance at the meetings, and the number of meetings, which would reveal the Citgo entities' private legal strategy. Finally, the information concerns the privacy interests of third parties, namely the identities of members of the DOJ and a Citgo employee. *Kewazinga Corp.*, 2020 WL 8224932 at *1 (holding that filing the documents at issue "under seal or in redacted form is necessary to prevent the unauthorized dissemination of the parties' confidential business information and legal strategies, and third-party confidential business information and personal information").

For the foregoing reasons, PDV USA respectfully requests leave to file Exhibits A, B, C, and D with the proposed redactions.

Separately, with respect to Exhibit A, whether or not the Court grants PDV USA's motion to seal, PDV USA requests that Interamerican be directed to file only pages 1, 12–14, and 19 of the Responses and Objections, rather than the entirety of the Responses and Objections, which Interamerican filed at ECF No. 175–3. Only pages 12–14 of the Responses and Objections are relevant to Interamerican's motion to compel. PDV USA asked Interamerican to limit the exhibit to only pages 1, 12–14, and 19, but Interamerican declined to do so.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: /s/ Jeffrey B. Korn

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)

The request to seal is denied as PDV has not demonstrated any basis for protection that would satisfy Second Circuit standards. The number of meetings, dates of meetings, identity of meeting participants, and general subject matter of the meetings does not reveal confidential information. The request that Interamerican be limited to filing only certain pages of its Responses and Objections is also denied.

SO ORDERED:

05/07/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE