**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

May 8, 2024

**Via ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent PDV USA, Inc. ("PDV USA") in the above-captioned matter. Pursuant to Rule II.D. of Your Honor's Individual Practices, PDV USA submits this letter requesting an order compelling Defendant Interamerican Consulting, Inc. ("Interamerican") to produce a February 2018 legal memorandum authored by Interamerican's attorneys at the law firm Cozen O'Connor that concerns the subject matter of this lawsuit (the "Cozen Memorandum"). Any privileges that may have protected the Cozen Memorandum from disclosure have been waived, because Interamerican failed to log the Cozen Memorandum on its privilege logs, and because Mr. Rivera disclosed the Cozen Memorandum to at least one third party, thereby breaking privilege.[1]

**Background**: At deposition, Interamerican and Mr. Rivera testified that, in 2018, Interamerican engaged Jeff Feldman, then with the law firm Cozen O'Connor, to "review" the consulting agreement that is the subject of this litigation (the "Agreement"). Ex. A at 240:9–12. Cozen O'Connor "provide[d] a memo to Interamerican as part of this engagement." *Id.* at 242:4–6. Mr. Rivera recalled that the Cozen Memorandum was a "multi-page memo." *Id.* at 240:13–17, 242:11–15. Interamerican never disclosed to PDV USA that Mr. Rivera shared the Cozen Memorandum with anyone, and the document appears nowhere on Interamerican's privilege logs.

Then, in the context of pursuing documents and deposition testimony from third party Esther Nuhfer—one of the individuals with whom Interamerican "subcontracted" its services under the Agreement, in breach of the Agreement, ECF No. 104 at 15—PDV USA learned that Mr. Rivera had disclosed the Cozen Memorandum to Ms. Nuhfer. Ex. B at 12. Ms. Nuhfer refused to produce the Cozen Memorandum to PDV USA, claiming that she, in addition to Interamerican, had an attorney-client relationship with Cozen O'Connor, and in the alternative, that she and Mr. Rivera had a common interest agreement. PDV USA moved to compel production of the Cozen

---

[1] The parties held a telephonic meet and confer to discuss PDV USA's motion to compel and were unable to resolve this dispute.

Memorandum in the ongoing Florida proceeding against Ms. Nuhfer.  *PDV USA, Inc. v. Communication Solutions, Inc., et al.*, 22-21372 (S.D. Fla.), ECF No. 50.

A few weeks thereafter, an indictment against Mr. Rivera and Ms. Nuhfer was unsealed in the Southern District of Florida.  This action was then stayed pending production of various documents cited in the indictment that Interamerican never produced to PDV USA.  ECF No. 129.

While this case was stayed, in February 2023, the Florida court granted PDV USA's motion to compel, and ordered that Ms. Nuhfer produce the Cozen Memorandum to PDV USA.  Magistrate Judge Louis rejected each one of Ms. Nuhfer's privilege and common interest claims.  Ex. B.  After the order was issued, Mr. Rivera moved to intervene in the Florida proceeding, claiming for the first time that issues concerning the Cozen Memorandum and the common interest exception were being litigated between Mr. Rivera and the U.S. government (and have been since 2021) in an unidentified "sealed proceeding" in federal court in Florida (the "Sealed Proceeding").[2]  In his motion papers, Mr. Rivera claimed that the reason Interamerican did not include the Cozen Memorandum on its privilege logs was because the Cozen Memorandum was in Mr. Rivera's possession, custody, or control, not Interamerican's.  Ex. C at 11, n.7.  The Florida court then stayed the proceeding against Ms. Nuhfer pending resolution of the Sealed Proceeding.  *Communication Solutions, Inc., et al.*, 22-21372, ECF No. 84.  That stay remains in place.

On April 12, 2024 this Court lifted the stay in this action.  ECF No. 173.  On April 19, 2024, PDV USA wrote a letter to Interamerican, demanding that Interamerican supplement its privilege logs and produce the Cozen Memorandum.  Ex. D.  Interamerican never responded to PDV USA's letter.  When the parties met and conferred, Interamerican refused to supplement its privilege logs or produce the Cozen Memorandum.  The only explanation Interamerican offered for why the Cozen Memorandum did not appear on its privilege logs was that it did not "appear in our searches," though counsel did not explain why that was the case.  Nor did counsel have any explanation for why Mr. Rivera's attorneys informed the Florida court that the reason the Cozen Memorandum did not appear on Interamerican's privilege logs was because it was in Mr. Rivera's possession rather than in Interamerican's.

**Argument**:  Interamerican should be compelled to produce the Cozen Memorandum.

There is no dispute that the Cozen Memorandum is responsive to PDV USA's Request for Production to Interamerican.

It is also clear that Interamerican and Mr. Rivera have the Cozen Memorandum in their possession, custody, or control.  Mr. Rivera testified that Cozen O'Connor "provide[d]" the Cozen Memorandum "to Interamerican."  Ex. A at 242:4–6.  He also indicated that, at some point, he viewed the Cozen Memorandum.  *Id.* at 242:4-15.  And according to Mr. Rivera, the Cozen Memorandum is the subject of a years-long Sealed Proceeding in the Southern District of Florida.

---

[2] PDV USA has no knowledge of the Sealed Proceeding and is unable to learn anything about it because PDV USA is not a party to the proceeding and it is entirely sealed from public record.

The only real dispute is whether the Cozen Memorandum is protected from disclosure by the attorney-client privilege. Here, privilege has been waived. First, Interamerican did not include the Cozen Memorandum—or, critically, Mr. Rivera's disclosure of the Cozen Memorandum to third party Ms. Nuhfer—on its privilege logs. PDV USA asked Interamerican to supplement its privilege logs, and it has refused to do so. The omission of the Cozen Memorandum from Interamerican's privilege logs appears to have been deliberate, because Mr. Rivera told the court in Florida that the Cozen Memorandum "did not fall within Interamerican's privilege log obligations" based on his (frivolous) assertion that the Memorandum was in his personal possession but not Intermerican's. Ex. C at 11, n.7.[3] Either way, the failure to log an otherwise privileged document constitutes a waiver. *Ceglia v. Zuckerberg*, 2012 WL 3527930, at *2 (W.D.N.Y. Aug. 15, 2012).

Second, any privileges were waived when Mr. Rivera disclosed the Cozen Memorandum to Ms. Nuhfer, whom Interamerican itself has described as a "third-part[y]" who waives privilege. ECF No. 75 at 3. Critically, Interamerican has already conceded in this litigation that privileges otherwise attaching to communications between Interamerican and Mr. Feldman were waived because the communications were disclosed to Ms. Nuhfer. *Id*. A few examples of those emails are attached hereto as Exs. E, F, and G. In Exhibit E, for example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Accordingly, PDV USA requests an order compelling Interamerican to produce the Cozen Memorandum.

---

[3] This assertion is frivolous for a number of reasons, not least of which is that Mr. Rivera testified that the Cozen O'Connor "provided" the Cozen Memorandum "to Interamerican." Ex. A at 242:4–6.

Hon. Robert W. Lehrburger

        Respectfully submitted,

        WILLKIE FARR & GALLAGHER LLP
        By: /s/ Jeffrey B. Korn

        Jeffrey B. Korn
        Brady M. Sullivan
        787 Seventh Avenue
        New York, NY 10019
        (212) 728-8000
        JKorn@willkie.com
        BSullivan@willkie.com

        Michael J. Gottlieb
        1875 K Street, N.W.
        Washington, D.C. 20006
        (202) 303-1000
        MGottlieb@willkie.com

        *Attorneys for Plaintiff*

cc:  All counsel of record (by ECF)