# Exhibit C

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# (MIAMI DIVISION)

Case No.: 1:22-mc-21372-JAL

PDV USA, INC.

        Petitioner,               Related Case No. 20-cv-3699 (SDNY)

v.

COMMUNICATIONS SOLUTIONS, INC.,
AND ESTER NUHFER

        Respondents.
_____/

DAVID RIVERA,

        Intervenor,
_____/

## DAVID RIVERA'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR PROTECTIVE ORDER

David Rivera ("Mr. Rivera") respectfully replies to Petitioner PDV USA's ("PDV") Opposition to the Motion to Intervene and Motion for Protective Order [DE 73] and states as follows:

# **TABLE OF CONTENTS** [1]

I. INTRODUCTION ........................................................................................................... 3

II. THE MOTION IS TIMELY ........................................................................................... 4

    A. PDV Failed to and Cannot Show Prejudice ................................................... 6

    B. PDV Failed In Its Duty to Join Rivera Under Rule 19 ................................... 7

    C. Fundamental Privileges Must Not Be Prejudiced By a Mere Ticking Clock ....... 8

    D. Unusual Circumstances Also Weigh in Favor of Timeliness ................................ 9

III. THE MOTION IS NOT FUTILE .................................................................................. 10

IV. WAIVER AND ESTOPPEL ARE FACT ISSUES THAT ARE NOT APPROPRIATE FOR DETERMINATION ON A MOTION TO INTERVENE ..................................... 11

V. CONCLUSION ............................................................................................................. 12

---

[1] Title page, table of contents, signature and certificates do not count in page limit. S.D.Fla L.R. 7.1 (c)(2)

2

#101164383v1

**I. Introduction**

The only issue before the Court upon Mr. Rivera's motion to intervene is whether, pursuant to Rule 24, this Court either must or may permit him to intervene in this proceeding. Nevertheless, through its opposition to this Motion, PDV is attempting to multiply and confuse the issues while inviting the Court to make complex factual determinations as to waiver and estoppel that are inappropriate to and not ripe for determination on a motion to intervene.

Mr. Rivera is not a party to the case that PDV is maintaining in New York, namely case no. 20-cv-3699 in the Southern District of New York (the "NY case"), which is referenced above as a related case.[2] Likewise, Mr. Rivera is not yet a party to this case. Thus, to accept PDV's invitation would be to adjudicate the rights of a person who is neither bound as a party to the underlying case nor this case. If that were not quite dangerous enough, it would also pose the substantial risk of doing so on an incomplete and erroneous factual record.

For example, PDV provided and this Court has relied upon the erroneous so-called fact that **both** Interamerican Consulting, Inc. ("Interamerican") and Mr. Rivera were the clients of the law firm of Cozen O'Connor. *See* DE 57, at p. 6 ("*Petitioner argues the attorney-client privilege ran between Interamerican, David Rivera, and Cozen O'Connor*"), p. 7 ("*the evidence suggests that Cozen O'Connor was retained by and gave advice solely to Rivera and Interamerican*", "*It is apparent Interamerican and David Rivera are holders of the attorney-client privilege with regard to communications with Cozen O'Connor. Interamerican is named in the retainer agreement with Cozen O'Connor*"), p.8 ("*Even the Retainer Agreement with Cozen O'Connor was only signed by Interamerican, David Rivera's company*"). However, that so-called fact is demonstrably incorrect. In fact, the attached (redacted) copy of the engagement letter clearly shows that **Mr. Rivera, individually**, was Cozen O'Connor's **sole** client. Cozen O'Connor did not represent Interamerican. Exhibit 1 (engagement letter, redacted). Likewise, PDV has offered mischaracterizations of emails regarding attorney invoice payments as somehow "similar" to the Cozen Memo at issue here and, thus, a basis to find waiver of privileges in the Cozen Memo. *See* Opp., at pp. 2, 7.

---

[2] It is the NY Case, from which the subpoena that is the subject of this proceeding against the Respondents emanated. *See* DE 1.

The Court must not accept PDV's invitation and its attendant risks. Instead, as the discussion below shows, the Court must focus only on the issue of Mr. Rivera's right to intervene. The law and facts elaborated upon below show that Mr. Rivera's Motion to Intervene is timely when considering the factors in context, rather than merely making an absolute, chronological accounting of calendar days.

Within the context of a timeliness determination, there must also be consideration of PDV's failure to show that it will suffer any prejudice caused by Mr. Rivera not intervening sooner. Likewise, in context, it cannot be ignored that PDV failed in its own obligation to join Mr. Rivera, the privilege holder, pursuant to Rule 19. PDV cannot complain of calendar delay when it failed to take the steps it had the power to and obligation to take under Rule 19. Moreover, one cannot ignore the hypocrisy of PDV's decrying delay in this proceeding while simultaneously seeking and obtaining an extension of the stay in the related NY case to pursue discovery in yet another proceeding against Mr. Rivera in this District, which is dependent upon the Government producing documents in a criminal case in which Mr. Rivera has not yet been arraigned.

In light of the timeliness of the Motion and the fundamental nature of the privileges involved, Mr. Rivera—as the sole holder of the attorney-client relationship with Cozen O'Connor and rights in the Cozen Memo—must be granted a right to intervene. *See Hill v. Exxon Mobil Corp.*, No. CV 11-2786, 2013 WL 12230881, at *1-2 (E.D. La. Feb. 6, 2013) ("[Exxon's] attorney-client privilege assertion concerns a direct, substantial and legally protectable interest that belongs only to Exxon [and] is not assertable by the other parties, who do not adequately represent Exxon's interest. The existing parties suffer no prejudice if Exxon is permitted to intervene for the limited purpose of attempting to establish its privilege."). In furtherance of his position and in reply to PDV's opposition memorandum, Mr. Rivera respectfully requests that the Court consider the following:

**II. The Motion is Timely**

PDV argues that courts "routinely" deny intervention where a non-party had notice (actual or constructive) but chose to wait to intervene until it became necessary. Opp., at 1-2. However, the cases reflect no such routine. Quite the opposite is true. Timeliness is not a "tool of retribution" that can be used to punish a would-be intervenor for allowing time to pass before moving to

4

#101164383v1

intervene. *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970);[3] *Am. V Ships Ltd., LLC v. Norica Eng'g Svcs.*, 2002 WL 496377, at *4 (5th Cir. 2002) (absolute or chronological measures of timeliness should be ignored; court may consider the time he became aware his state would no longer be protected by existing party); *Hill*, 2013 WL 12230881, at *1.

Instead, "it has been the traditional attitude of the federal courts to allow intervention 'where no one would be hurt and greater justice would be attained.'" *McDonald*, 430 F.2d at 1074. (finding it would be an abuse of discretion to deny intervention where motion was made after final judgment but before distribution of property). Moreover, it is well-established that premature motions to intervene are disfavored. *See John Doe No. 1 v. Glickman*, 256 F.3d 371, 376–77 (5th Cir. 2001) ("Courts should discourage premature intervention because it wastes judicial resources")(time may run from time he became aware that his state would no longer be protected by existing party); *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (better gauge is promptness of would-be intervenor motion when it became aware its interests were no longer be protected by parties); *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 64–65, 2008 WL 802516 (1st Cir. 2008) (intervention timely where movant was aware of case for nine months prior but her rights were only recently imperiled therein); *Gibbs v. Stinson*, No. 3:18CV676, 2021 WL 4853575, at *9 (E.D. Va. Oct. 17, 2021) (delaying effectiveness of order on the parties' motions to compel and for protective order to allow privilege holder time intervene). Indeed, the binding precedent of this Circuit provides that: "a rule making knowledge of the pendency of the litigation the critical event would be unsound because it would induce both too much and too little intervention." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–65, 1977 WL 557627 (5th Cir. 1977).[4]

By making hyperbolic mischaracterizations of Mr. Rivera's statements as "deliberate choices" or "admissions," PDV is inviting this Court to make an absolute and chronological accounting of calendar days in order to turn timeliness into a tool of retribution and punish Mr. Rivera for allowing time to pass while holidays passed, criminal indictments and arrests occurred, and PDV instituted a separate discovery proceeding against him before turning to this

---

[3] The Eleventh Circuit has adopted as **binding precedent** the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).
[4] See note 3 regarding binding nature of decisions of the former Fifth Circuit prior to October 1, 1981.

5

proceeding and moving to intervene. However, binding precedent shows that elevating speed over fundamental rights is an unsound, disfavored approach to intervention. Instead, as shown below, the sound, just approach is to focus on harm instead of the calendar.

### A. PDV Failed to and Cannot Show Prejudice

Throughout its Opposition, PDV relies heavily on this Court's decision in *SEC v. Brooks*, No. 07-61526-CIV, 2018 WL 11267120 (S.D. Fla. July 12, 2018). However, PDV ignored this Court's reasoning in *Brooks* that: "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene." *Id*. at 4 (quoting *McDonald*, 430 F.2d at 1073).[5]

Notably, the only form of prejudice that is relevant to the issue of timeliness is that which would directly result from the would-be intervenor's failure to request intervention as soon as he discovered his interest in the action. *Stallworth*, 558 F.2d at 265. Any prejudice resulting from another cause is irrelevant to a motion to intervene under Rule 24(a). *Id*.

Here, PDV failed to show any prejudice. PDV merely gave lip service to the topic by citing caselaw but the Petitioner fell short of actually showing that it would suffer prejudice as result of Mr. Rivera's intervention at this point in time. Indeed, like the plaintiff in *Spitznagel v. R & D Italia, LLC*, 2011 WL 940052 (M.D. Fla. Mar. 17, 2011), PDV failed to show that Mr. Rivera's intervention will cause the existing parties to suffer prejudice and cannot do so "since the requested discovery has not yet been produced." *Id*. at *2. Instead, it is Mr. Rivera's fundamental interests that will be prejudiced if his Motion is denied, since it is his privileged document which he wishes to intervene to protect. *See* i*d*.

Furthermore, on the same day as filing its Opposition here, PDV filed a motion for a 90-day extension of the existing stay of the NY Case, which also shows that there would be no prejudice to PDV here. Notably, PDV did not seek to extend the stay of the NY Case because of the status of *this* case but, instead, due to the status of a separate case that PDV filed against Mr. Rivera in on November 18, 2022, namely S.D. Fla. case no. 1:22-mc-23786 (the "PDV/Rivera Case"). Therein, PDV is seeking to compel Mr. Rivera to produce documents that he has not yet received

---

[5] In *Brooks*, the parties had announced a global settlement of the case, which intervention would have disrupted to the hardship of the existing parties. *See id*. Here, there has been no meeting of the minds and, thus, no negotiated resolution between the existing parties to disrupt.

6

from the U.S. Government in the criminal case against him (S.D. Fla. case no. 1:22-cr-20552, the "Criminal Case"), namely certain text messages and emails that he was unable to locate and retrieve after the government had seized and searched his mobile device in 2017. *See* Exhibit 2 (3/27/23 Ltr. Mot. to Stay in NY Case).

Because Mr. Rivera is not due to be arraigned in the Criminal Case until May 18, 2023 and, as a threshold matter, is moving for release of lis pendens on substitute assets so that he may retain permanent counsel to represent him therein, PDV requested that the stay of the NY Case be extended until July 3, 2023. On April 4, 2023, the court in the NY Case **granted** that request, stating "The case is stayed until July 3, 2023…Either party may apply to extend the stay if warranted." Exhibit 3 (Order granting extension of stay).

Thus, allowing Mr. Rivera to intervene in this proceeding would not cause any delay that PDV is not already seeking for itself. The lack of prejudice to PDV weighs heavily in favor of finding Mr. Rivera's intervention to be timely.

### B.  PDV Failed In Its Duty to Join Rivera Under Rule 19

Related to PDV's failure to show any prejudice caused by the timing of Mr. Rivera's motion to intervene, is the fact that responsibility for any delay in Mr. Rivera being made a party to this proceeding lies at PDV's own doorstep. Indeed, PDV failed in its obligation under Rule 19 of the Federal Rules of Civil Procedure ("Rule 19") to join Mr. Rivera as a necessary party.

Under Rule 19, a party must seek to join a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction as a party if, *inter alia*, he/she claims an interest in the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical matter, impair or impede that person's ability to protect his/her interest. Fed.R.Civ.P. 19(a)(1)(B)(i). Only a party may seek joinder under Rule 19. *Joe Hand Promotions, Inc. v. Buren*, 2015 WL 5675112, at *3 (N.D. Ohio 2015). If a party fails to do so, "the court must order that the person be made a party." Fed.R.Civ.P. 19(a)(2); *see Est. of McFarlin ex rel. Laass v. City of Storm Lake*, 2011 WL 3957534 (N.D. Iowa 2011).

It is well established—by the Supreme Court—that:

> [t]he law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger.... Unless duly summoned to appear in a legal proceeding, a person not a privy may rest assured

7

#101164383v1

that a judgment recovered therein will not affect his legal rights.

*Martin v. Wilks*, 490 U.S. 755, 763 (1989) (quoting *Chase Nat'l Bank v. Norwalk,* 291 U.S. 431, 54 S.Ct. 475 (1934)), *abrogated by statute on other grounds*. Indeed,

> The parties to a lawsuit presumably know better than anyone else the nature and scope of relief sought in the action, and at whose expense such relief might be granted. It makes sense, therefore, to place on them a burden of bringing in additional parties where such a step is indicated, rather than placing on potential additional parties a duty to intervene when they acquire knowledge of the lawsuit.

*Martin*, 490 U.S. at 765.

Because Rule 24, governing intervention, is cast in permissive terms, the concern for finality and completeness of a court's determination of a matter is best served by the mandatory joinder procedures of Rule 19(a). *Martin*, 490 U.S. at 763-764, 768. Consequently, by failing to heed the mandatory joinder rule of Fed.R.Civ.P. 19(a), PDV is responsible for the alleged delay about which it feigns outrage. This Rule 19 failure is emblematic of the "end run" around Rivera's rights which has been alleged in his motion (DE 63, ¶ 5, p. 7) and, as to which, PDV scoffs. Thus, for this additional reason, the lack of prejudice to PDV weighs heavily in favor of finding Mr. Rivera's intervention to be timely.

### C. Fundamental Privileges Must Not Be Prejudiced By a Mere Ticking Clock

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications…[it] is intended to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1998) (internal citations omitted). Notably, "[t]he protections afforded to privileged information are derived from the principle that certain policies and values are more important to society than the search for truth." *U.S. v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558, 561–62 (S.D.N.Y. 2015).

Indeed, privileges that allow a party to withhold evidence on the basis of privilege reflect the "broad judgment that the value of introducing such evidence is outweighed by the harm inflicted upon other policies and values." *Id*. Thus, the Second Circuit, within which the underlying, related case is pending, has stated: "the concept of a trial as a search for the truth has always failed of full realization whenever important facts are shielded from disclosure because of a lawful privilege." *Id*. (quoting *U.S. v. Turkish,* 623 F.2d 769, 775 (2d Cir.1980)).

8

#101164383v1

Accordingly, any burden related to respecting the evidentiary rules related to privilege is "simply the necessary consequence of society's attempt to balance the value of the complete admissibility of probative evidence with other competing values, such as the protection of vital professional or associational relationships." *Id*. In that same spirit, courts generally hold that a finding of waiver as a result of untimely or non-compliant privilege logs is simply too extreme and harsh a sanction to impose. *See Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686, 2010 WL 3153979 (S.D. Fla. 2010) (untimely privilege log but waiver "an extreme sanction, too harsh under the circumstances"); *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 2009 WL 331608, at *7 (M.D. Fla. Feb. 10, 2009)(privilege log 6 mos. late but "finding that a party has forfeited or waived privileges and protections is an extreme sanction that I decline to impose in this circumstance"); *Tyne v. Time Warner Ent. Co., L.P.*, 2002 WL 31955432 (M.D. Fla. 2002)(noncompliant privilege log but refusing to "impose the harsh sanction of disclosure").

Moreover, the binding precedent of this Circuit provides that a "district court should apply a more lenient standard of timeliness if the would-be intervenor qualifies for intervention under section (a) than if he qualifies for intervention under section (b)." *Stallworth*, 558 F.2d at 265–66. Here, there can be no doubt that Mr. Rivera qualifies for intervention under Rule 24(a) as of right in order to protect his fundamental attorney-client communication, work product and common interest privileges in the Cozen Memo. Therefore, in due respect of one of the oldest recognized privileges for confidential communications and the leniency that precedent instructs should be applied, this Court should not accept PDV's demand for harsh deference to a ticking clock and an absolute accounting of days and, instead, find Mr. Rivera's motion to intervene to be timely.

**D. Unusual Circumstances Also Weigh in Favor of Timeliness**

On page 3 of its Opposition, PDV listed, though never discussed, the fourth factor of the timeliness inquiry: "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." Opp., p. 3. Thus, in this regard, it must be taken into account that the would-be intervenor here is not one who has had the luxury of focusing on only this one proceeding. Instead, Mr. Rivera has had to split his attention between several cases, including but not limited to: the PDV/Rivera Case (which, as noted above, PDV filed against him on Nov. 18, 2022, when PDV asserts he should have been focusing on this case); the Criminal

9

Case (as to which he was arrested on Dec. 5, 2022, again, during a time when PDV demands he should have been focusing on this case instead of his freedom); the NY Case (on behalf of his company, Interamerican, as that case was not stayed until Jan. 2023); the unnamed Sealed Proceeding before J. Altman, and appeals to the Eleventh Circuit.

Although PDV's position harshly suggests that Mr. Rivera must be punished for allowing the speed of intervention to slow while he juggled those other cases, including an active criminal case that could affect his freedom,[6] this fourth timeliness factor exists to take account of such mitigating circumstances so that the Court may ensure that timeliness is not turned into a tool of retribution and punishment. *See Glickman*, 256 F.3d at 376–77 (multiple cases involving same issue presented unusual circumstance also weighed in favor of timeliness). Accordingly, this factor weighs in favor of finding Mr. Rivera's motion to intervene is timely.

### III. The Motion is Not Futile

PDV also attempts to avoid Mr. Rivera's intervention in this matter by arguing that such intervention would be futile. Although futility is not expressly mentioned in Rule 24, some courts have considered whether a proposed intervention is futile as part of an analysis of the second element of intervention as of right under Rule 24(a), *i.e.*, the requirement to show an interest relating to the property or transaction that is the subject of the action. *Educ. Credit Mgmt. Corp. v. Bradco, Inc.*, 2008 WL 2066993, at *4 (D. Kan. May 14, 2008).

Futility requires a finding of "clear insufficiency" or "frivolity" on the face of the subject pleading. *AIG Specialty Ins. Co. v. Accellion, Inc.*, No. 22-CV-20272-DLG, 2022 WL 18458129, at *2 (S.D. Fla. Oct. 31, 2022). With respect to a motion to intervene, a futility inquiry must focus on whether the would-be intervenor has alleged a legally sufficient interest, and **not** whether the proposed intervenor is likely to prevail on the merits of its claim regarding the property or transaction which is the subject of the action. *Dynamic Sys., Inc. v. Skanska USA Bldg. Inc.*, 2021 WL 6063609, at *2 (S.D.N.Y. Dec. 21, 2021).

Here, PDV has not disputed or shown that Mr. Rivera does not have a legally sufficient interest in the Cozen Memo, nor could it. *See* Opp. 73. Indeed, this Court has already found that

---

[6] Currently, there is briefing on whether the government should be compelled to lift *lis pendens* on substitute assets so Mr. Rivera can retain permanent counsel of his choice. *See* Case no.22-cr-20552, DE 56.

10

"the Memorandum was addressed to Rivera, who appears to be the original privilege holder." DE 57, Order dated Feb. 27, 2023. Likewise, Mr. Rivera has alleged that "he has a direct interest in maintaining the confidentiality of the Cozen Memo, which contains highly confidential, attorney-client, work product information, written for him by his lawyers." Mot., at ¶ 2.

Mr. Rivera also alleged that, when the Cozen Memo was prepared, he shared a joint interest with Ms. Nuhfer in so far as both were targets of an investigation by federal law enforcement and needed to understand the legal issues relating to conduct being attributed to them. *Id*. Nevertheless, Mr. Rivera stated facts showing that Ms. Nuhfer was inadequately representing his interest in the Cozen Memo in so far as the Court found that she did not present sufficient competent evidence of a common interest with Mr. Rivera. *Id*., at ¶¶ 3, 8. Moreover, Mr. Rivera alleged that PDV was using Ms. Nuhfer to make an end-run around Rivera to gain access to his privileged document. *Id*., at ¶5. Mr. Rivera has also alleged that his clear interest in protecting his attorney-client privileged information would be impaired if the Cozen Memo were disclosed to third parties such as the prosecutors in the criminal case against him and Ms. Nuhfer. *Id*., at ¶¶ 6, 9.

Consequently, what is clear on the face of the Motion is that Mr. Rivera has alleged a legally sufficient interest under Rule 24 and, thus, his request to intervene is not futile. The merits of PDV's allegations of waiver, as discussed elsewhere herein, are inappropriate to a determination of this Motion and must, therefore, be left for another day.

## IV. Waiver and Estoppel are Fact Issues That Are Not Appropriate for Determination on a Motion to Intervene

As part of its futility argument, PDV argues that Mr. Rivera (and Interamerican)[7] waived privilege in the Cozen Memo during the NY Case by omitting it from privilege logs and by Interamerican allegedly disclosing purportedly "similar" email communications to Ms. Nuhfer. Related thereto, PDV also argues that Mr. Rivera is estopped from arguing that the first-filed and pending Sealed Proceedings in this District and the Eleventh Circuit present a risk of conflicting judicial decisions as to his fundamental privileges in the Cozen Memo.

---

[7] As explained in the introduction and shown in Ex. 1, Interamerican was **not** a client of Cozen O'Connor, only Mr. Rivera was the client. As this Court observed in its Order (DE 57, at p.8), the Cozen Memo was "solely addressed to David Rivera"; as such, Interamerican did not possess or control it and, thus, it did not fall within Interamerican's privilege log obligations.

11

However, PDV cannot bootstrap the merits of the complex, factual issues of estoppel and waiver to the determination of this procedural Motion under Rule 24 of the Federal Rules of Civil Procedure. The current Motion only involves the question of whether Mr. Rivera has a right to intervene, and the need to develop an adequate factual record to determine whether or not Mr. Rivera maintains the right to protect his attorney-client, work product and common interest privileges in the Cozen Memo is one of the principal reasons why this Court must grant Mr. Rivera's motion to intervene.

Nevertheless, even if the Court were to consider PDV's allegation that Mr. Rivera waived privilege by failing to list the Cozen Memo on a privilege log, then *inter alia*, it must be noted that, as a non-party, Mr. Rivera was not required to supply a privilege log, as only parties are so obliged. *See Spitznagel* 2011 WL 940052, *3–4 ("Regions correctly notes that any obligation to produce a privilege log is extended only to those persons party to the lawsuit…. Courts have confirmed that **a nonparty's failure to prepare a privilege log in response to a subpoena does not waive any privilege**); *Aspen Am. Ins. Co. v. Tasal, LLC*, 2020 WL 10140951, *4 (M.D.Fla. Sept. 11, 2020) (same); *Tropical Mktg. & Consulting, LLC. v. Glock, Inc.*, 2012 WL 5431002, *4 (M.D.Fla. Nov. 7, 2012) ("The only argument Glock makes in opposition to Paula's assertion of the privilege is that it has been waived because Paula has not produced a privilege log. This argument fails because the obligation to supply a privilege log only applies to parties to the lawsuit").

In sum, PDV's invitation to this Court to rule—*during its determination of a procedural motion*—on whether Mr. Rivera, a non-party to the NY Case, nevertheless waived his fundamental privileges therein, is improper and must be rejected. *See Anderton v. Bennett*, 2011 WL 4356505, *7–8 (N.D.Ga. Sept. 16, 2011) (refusing to resolve dispute as to characterization of claims because issue for determination is only the right to intervene); *U.S. v. Mullen & Co.*, 776 F. Supp. 620 (D. Mass. 1991) (privilege holder allowed to intervene to develop adequate record).

**V. Conclusion**

For the reasons stated both in the Motion and herein, Rivera respectfully requests that the Court enter an Order granting his Motion to Intervene to allow him to assert and protect his rights and fundamental privileges in the Cozen Memo toward prohibiting disclosure thereof.

12

#101164383v1

Dated: April 5, 2023

Respectfully submitted,
**JONES WALKER LLP**
By: /s  *Edward R. Shohat*
Edward R. Shohat / Fla. Bar no. 152634
Email: eshohat@joneswalker.com
201 S. Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: 305-679-5700
Facsimile: 305-679-5710
*Counsel for Intervenor, David Rivera*

## CERTIFICATE OF SERVICE

I CERTIFY that on April 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner, as specified, for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:  s/  *Edward R. Shohat*
EDWARD R. SHOHAT

## SERVICE LIST

*PDV USA, Inc. v. Communications Solutions, Inc. and Esther Nuhfer*
U.S. District Ct., S.D. Fla., Misc. Case no.: 1:22-Mc-21372-JAL
Related Case no. 20-Cv-3699 (SDNY)

**JONES DAY**
Amy G. Fudenberg, Esq.,
email: afudenberg@jonesday.com
Ricardo H. Puente, Esq.,
email: rpuente@jonesday.com
Eliot Pedrosa, Esq.,
email: epedrosa@jonesday.com
600 Brickell Avenue,
Suite 3300
Miami, Florida 33131
Telephone: 305-714-9700
Facsimile: 305-714-9799

**WILLKIE FARR & GALLAGHER, LLP**
Brady M. Sullivan, Esq.
email: bsullivan@willkie.com
Jeffrey B. Korn, Esq.
email: jkorn@willkie.com
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000

Michael Gottlieb, Esq.
email: Mgottlieb@willkie.com
1875 K Street NW
Washington, DC 20006
Telephone: 202-303-1000
*Counsel for Plaintiff, PDV USA, Inc.*

13

#101164383v1

**REIZENSTEIN & ASSOCIATES, P.A.**
Philip L. Reizenstein, Esq.
email: philip@miamicriminallaw.net;
philreizenstein@protonmail.com
2828 Coral Way, Suite 540
Miami, Florida 33145
Tel.: 305-444-0755; Fax: 305-444-9277
*Counsel for Def.s, Communication Solutions, Inc. and Esther Nuhfer*