UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PDV USA, INC., :
:
　　　　　Plaintiff, :
:
v. : Case No. 20-cv-3699
:
INTERAMERICAN CONSULTING, INC., :
:
　　　　　Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PDV USA, INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS
TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.2, 26.3 and 33.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff PDV USA, Inc., ("PDV USA") by its undersigned counsel, hereby responds and objects to Defendant Interamerican Consulting, Inc.'s ("Interamerican") Second Set of Interrogatories to Plaintiff (the "Interrogatories" and each an "Interrogatory").

The responses set forth below are based upon information presently available to PDV USA, and PDV USA expressly reserves the right to revise, correct, add to, clarify, amend, or supplement its responses as necessary. Failure to object herein shall not constitute a waiver of any objection that PDV USA may later raise, including as to future supplemental responses.

**GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS**

In addition to PDV USA's specific responses and objections to each Interrogatory as provided below, PDV USA makes the following general objections and objections to definitions (the "General Objections"):

**CONFIDENTIAL**

1. PDV USA objects to the Interrogatories to the extent they seek to impose obligations other than those required by the Federal Rules of Civil Procedure, the Local Rules, orders of the Court, or any other applicable law, rule, or orders.

2. PDV USA objects to the Interrogatories to the extent they purport to seek information not in the possession, custody, or control of PDV USA.

3. PDV USA objects to the Interrogatories to the extent they assume disputed facts or assert legal conclusions. Except as expressly stated herein, PDV USA does not admit, adopt, or acquiesce to any factual or legal conclusions, contentions, assertions, definitions, or characterizations contained in the Interrogatories.

4. PDV USA objects to the Interrogatories to the extent they seek information that is not relevant to the claims or defenses in this action.

5. PDV USA objects to the Interrogatories to the extent they are over broad, unduly burdensome, and are not proportional to the needs of this action. In particular, PDV USA objects to Interrogatories that call for identification of "all" documents, communications, or other items as over broad and unduly burdensome. PDV USA has no obligation to identify every single document or communication called for by an interrogatory in an action where thousands of documents have been produced.

6. PDV USA objects to the Interrogatories to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law or rule. PDV USA does not intend to waive any claims or privileges or other protections, all of which are expressly reserved. Any inadvertent disclosure or production of any privileged or otherwise protected information or document shall not be deemed

**CONFIDENTIAL**

or construed to constitute a waiver.  PDV USA reserves the right to demand the return/destruction of all copies of any such information or document.

7. PDV USA objects to the Interrogatories to the extent that certain Interrogatories improperly combine multiple interrogatories into one.

8. PDV USA objects to the definition of "Citgo" on the grounds that it is vague, open-ended, over broad, and unduly burdensome because it purports to include, in additional to Citgo Petroleum Corporation, a wide array of individuals and entities remotely associated with Citgo Petroleum Corporation.  PDV USA further objects to this definition because it involves information not in the possession, custody, or control of PDV USA, which is not owned (directly or indirectly) by Citgo Petroleum Corporation.  Furthermore, none of the Interrogatories use the term "Citgo."

9. PDV USA objects to the definitions of "communication(s)" and "document(s)" because they are inconsistent with those provided by Local Rule 26.3.  In responding to the Interrogatories, PDV USA will construe those terms consistent with the definitions set forth in Local Rule 26.3.

10. PDV USA objects to the definition of "DOJ Presentation" because there is no Department of Justice presentation referenced on page 52 of the PDVSA 2019-2020 Presentation of Results ("PDVSA Ad Hoc Presentation"), attached as Exhibit A to the Interrogatories, and therefore the defined term "DOJ Presentation" does not make sense.  In responding to the Interrogatories, PDV USA will construe "DOJ Presentation" to mean the "consultation" with the DOJ referenced on page 52 of the PDVSA Ad Hoc Presentation.

11. PDV USA objects to the definition of "PDV entities" on the grounds that it is vague, over broad, and unduly burdensome because it purports to include "any other PDV subsidiary or

**CONFIDENTIAL**

affiliate in the world" and does not define "PDV" or "PDV subsidiary." In responding to these Interrogatories, PDV USA will construe "PDV entities" to refer to PDV USA, the members of the PDVSA Ad Hoc Board, and PDV Holding, Inc.

12. PDV USA objects to the "relevant time period" as indiscriminately broad because it does not take into account whether some or all of the individual Interrogatories may be more appropriately tailored to narrower date ranges.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1**

*Identify the name, address, job title, and contact information of the person, persons, and/or entity who initially solicited Interamerican to enter into the Contract, as well as all documents, meetings, discussions, and communications in which solicitation of Interamerican's consultation services were discussed.*

**Response to Interrogatory No. 1**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it improperly combines two interrogatories into one; (b) "initially solicited" is vague and unclear; (c) it assumes disputed facts because it assumes that Interamerican was "solicited" to enter into the Contract; and (d) it calls for information not in PDV USA's possession, custody, or control insofar as Petróleos de Venezuela ("PDVSA"), not PDV USA, was the intended beneficiary of the Contract.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA states as follows: PDV USA has no independent operations or employees. During the term of the Contract, PDV USA's purpose was to provide shareholder services to PDVSA, including engaging vendors on behalf of PDVSA. Following a March 2017 PDVSA Board meeting, PDV

**CONFIDENTIAL**

USA was directed by PDVSA to engage Interamerican. PDVUSA_00003051. Accordingly, PDV USA did not "solicit" Interamerican to enter into the Contract. On information and belief, PDVSA initially solicited Interamerican to enter into the Contract, and pre-signing discussions with Interamerican related to the Contract were led by Edoardo Orsoni, then an employee of PDVSA and Citgo, and also involved Esther Nuhfer, Hugo Perera, and Raul Gorrín.

**Interrogatory No. 2**

*Identify the name, address, job title, and contact information for any and all persons within PDV USA who determined and approved the terms, requirements, payment amount, job performance, and other specifications for the Contract.*

**Response to Interrogatory No. 2**

Subject to and without waiving the General Objections, PDV USA states as follows: PDV USA repeats and incorporates by reference its response to Interrogatory No. 1. PDV USA was not involved in the formation of the Contract, and therefore no one "within PDV USA" determined or approved the terms, requirements, payment amount, job performance, and other specifications for the Contract, other than Guillermo Blanco, President of PDV USA, insofar as he signed the Contract. Jose Pereira, Treasurer of PDV USA, approved invoices from Interamerican under the Contract. Pre-signing discussions with Interamerican related to the Contract were led by Edoardo Orsoni, then an employee of PDVSA and Citgo.

**Interrogatory No. 3**

*Identify the name, address, job title, and contact information for any and all persons within PDV USA who communicated with Interamerican, the topics discussed in each communication, and identify all documents evidencing such communication, including the dates of when such communications took place.*

**CONFIDENTIAL**

**Response to Interrogatory No. 3**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it calls for the same type of information that Interamerican has refused to provide in response to PDV USA's interrogatories, namely, specific information about particular communications and/or meetings, *see* Interamerican's Amended Objections and Answers to Plaintiff's First Set of Interrogatories at Interrogatories 2–4, and (b) it seeks information equally available to Interamerican because it concerns communications with Interamerican. PDV USA further objects to this Interrogatory as overly broad and unduly burdensome because it calls for information about "each communication" with Interamerican, as well as identification of "all documents evidencing such communication[s]." PDV USA has no obligation to identify each such communication or all documents called for by this Interrogatory.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA responds by referring to the following documents: PDVUSA_00001410; PDVUSA_00000322; PDVUSA_00000106; PDVUSA_00000027; PDVUSA_00000506; PDVUSA_00000509; PDVUSA_00000516; PDVUSA_00000522; PDVUSA_00000529; PDVUSA_00000549; PDVUSA_00000479; PDVUSA_00003231; PDVUSA_00000431; PDVUSA_00000302.

**Interrogatory No. 4**

*Identify any and all internal communications within PDV USA regarding any dissatisfaction with the performance of Interamerican under the Contract, including to whom and by whom it was communicated, the date it was communicated, and the manner of communication. Also identify all documents and communications that demonstrate Interamerican's failure "to provide the services and deliverables set out in the Contract," or that "Interamerican did not*

- 6 -

CONFIDENTIAL

*perform any of the services that it contracted to perform,"* as stated in PDV USA's Amended Complaint.

**Response to Interrogatory No. 4**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it improperly combines two interrogatories into one; (b) it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or is otherwise protected from disclosure; and (c) it requires PDV USA to identify information demonstrating a negative proposition, insofar as it calls for the identification of documents and communications demonstrating that Interamerican did *not* perform under the Contract. PDV USA further objects to this Interrogatory as overly broad and unduly burdensome because it calls for identification of "any and all internal communications" and "all documents and communications" concerning various topics. PDV USA has no obligation to identify all documents and communications called for by this Interrogatory.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA states as follows: PDV USA repeats and incorporates by reference its response to Interrogatory No. 1. PDV USA was not the intended beneficiary of the Contract. Accordingly, communications about Interamerican's lack of performance under the Contract, if any, would not have occurred "within" PDV USA, and PDV USA is not aware of any such communications, except for those referenced in a May 29, 2017 email produced by PG & Associates and Krome Agronomics, PGA_0082, in which David Rivera wrote in a draft email to Raul Gorrín that Interamerican "understand[s] all of the concerns and frustrations expressed by the client."

In May 2017, PDV USA sought to end its involvement with the Contract and assign it to PDVSA. On May 30, 2017, Edoardo Orsoni informed Mr. Rivera that "the contract originally

- 7 -

**CONFIDENTIAL**

signed with PDV USA must be assigned to PDVSA" and that remaining Intearmerican invoices should be directed to PDVSA instead of PDV USA. Interamerican_000917. On May 31, 2017, Arnaldo Arcay sent Mr. Rivera a draft assignment agreement. Interamerican_000974.

As discovery in this action has shown, rather than the rendering of consulting services by Interamerican, Interamerican instead transferred millions of dollars paid by PDV USA to supporters of the Venezuelan regime of Nicolás Maduro pursuant to purported "subcontracts" and other arrangements. These "subcontracts" were entered into in breach of the Contract because Interamerican never disclosed them to PDV USA and PDV USA never consented. Had those subcontracts been disclosed, PDV USA would have objected and expressed its dissatisfaction, which it was never afforded the opportunity to do because Interamerican hid their existence from PDV USA.

In addition, PDV USA refers to the following documents demonstrating Interamerican's failure to perform under the Contract: PDVUSA_00000506; Interamerican_000010; PDVUSA_00000302; IYM_SUPPLEMENTAL_RESPONSE_000289; IYM_SUPPLEMENTAL_RESPONSE_000288; PGA0002–07; IYM_SUPPLEMENTAL_RESPONSE_000290; PGA0015–20; PGA0104; Krome00141; IYM_SUPPLEMENTAL_RESPONSE_000265–66; Interamerican_001925; LYKKEBAK0000000002; LYKKEBAK0000000003; Defendant Interamerican Consulting, Inc.'s Amended Objections and Answers to Plaintiff's First Set of Interrogatories dated February 14, 2022; Defendant Interamerican Consulting, Inc.'s Objections and Answers to Plaintiff's Contention Interrogatories dated March 24, 2022; Defendant Interamerican Consulting, Inc.'s Objections and Answers to Plaintiff's Fourth Set of Interrogatories dated April 4, 2022; PGA0082–83; statements made by David Rivera to the press (and reflected in the press) that the money paid

**CONFIDENTIAL**

by PDV USA pursuant to the Contract was meant to support those opposed to the regime of Nicolás Maduro.

**Interrogatory No. 5**

*Identify the persons within PDV USA with authority to terminate the Contract, the date the required written termination notice specified in paragraph two to the Contract was sent to Interamerican, and the manner in which the termination notice was sent.*

**Response to Interrogatory No. 5**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it improperly combines two interrogatories into one and (b) it assumes disputed facts insofar as it assumes that written termination of the Contract was "required."

Subject to and without waiving the foregoing objections and the General Objections, PDV USA refers to Section 2 of the Contract, which sets forth the provisions for terminating the Contract. PDV USA further states that no written termination notice was ever "required" under the Contract. Within weeks after signing the Contract, Interamerican was in material breach for failure to perform its obligations, and the Contract terminated on June 21, 2017 per the terms of Section 2 of the Contract.

**Interrogatory No. 6**

*Identify the dates on which the decision to refuse to pay funds due and owing under the Contract was communicated to Interamerican, the manner of communication, and the names, job title, and contact information of the person(s) involved in such decision and communication.*

**CONFIDENTIAL**

**Response to Interrogatory No. 6**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it improperly combines two interrogatories into one; (b) it assumes disputed facts because it assumes that funds were "due and owing under the Contract" when in fact Interamerican was in material breach of the Contract and no such funds were due or owing; (c) the phrase "the decision to refuse to pay funds" is vague and ambiguous; and (d) the request for identification of "the person(s) involved in such decision" is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA responds by referring to the following documents: PDVUSA_00001405; PDVUSA_00001432; PDVUSA_00000479; PDVUSA_00003231; PDVUSA_00000262; PDVUSA_00003050.

**Interrogatory No. 7**

*Identify the dates, locations, as well as name and job titles of any participants of any meetings or communications by PDV USA officers, employees, or authorized representatives in which the early termination clause of the Contract was discussed and the date the Contract was terminated.*

**Response to Interrogatory No. 7**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it improperly combines two interrogatories into one; (b) it calls for a legal conclusion because it asks for "the date the Contract was terminated"; (c) it calls for the same type of information that Interamerican has refused to provide in response to PDV USA's interrogatories, namely, specific information about particular communications and/or

**CONFIDENTIAL**

meetings, *see* Interamerican's Amended Objections and Answers to Plaintiff's First Set of Interrogatories at Interrogatories 2–4; and (d) the term "authorized representatives" is vague and ambiguous.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA repeats and incorporates by reference its response to Interrogatory No. 5.

**Interrogatory No. 8**

*Identify the dates, locations, as well as name and job titles of any participants of any meetings or communications by PDV USA officers, employees, or authorized representatives in which the assignment of the Contract was discussed.*

**Response to Interrogatory No. 8**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it calls for the same type of information that Interamerican has refused to provide in response to PDV USA's interrogatories, namely, specific information about particular communications and/or meetings, *see* Interamerican's Amended Objections and Answers to Plaintiff's First Set of Interrogatories at Interrogatories 2–4 and (b) the term "authorized representatives" is vague, ambiguous, and undefined. PDV USA further objects to this Interrogatory as overly broad and unduly burdensome because it calls for details about "any meetings or communications" concerning a broad topic. PDV USA has no obligation to identify all meetings or communications called for by this Interrogatory.

Subject to and without waiving the foregoing objections and General Objections, PDV USA states as follows: PDV USA repeats and incorporates by reference its response to Interrogatory No. 1. PDV USA was not the intended beneficiary of the Contract, and therefore communications regarding the assignment of the Contract to PDVSA included persons other than

PDV USA officers or employees. PDV USA refers to the following documents reflecting meetings or communications in which assignment of the Contract was discussed, whether or not by PDV USA officers or employees: PDVUSA_00001405; PDVUSA_00001432; PDVUSA_00000479; PDVUSA_00003231; PDVUSA_00000721; PDVUSA_00003118; PDVUSA_00000262; PDVUSA_00000412; PDVUSA_00000136; PDVUSA_00003050; PDVUSA_00000322.

**Interrogatory No. 9**

*Identify all personnel of PDV USA or any of the PDV entities who communicated with Interamerican before, during, and after the term of the Contract.*

**Response to Interrogatory No. 9**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that it seeks information equally available to Interamerican because it concerns communications with Interamerican.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA repeats and incorporates by reference its response to Interrogatory No. 3.

**Interrogatory No. 10**

*Identify the person or persons within all PDV entities who "consulted with the U.S. Department of Justice" prior to filing this lawsuit, as stated on the DOJ Presentation, as well as the name, job title, and contact information for any person or persons within the PDV entities who participated in drafting page 52 of the DOJ Presentation. Also identify the dates, locations, and job titles of all participants of said "consultations."*

**Response to Interrogatory No. 10**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it improperly combines two interrogatories into one; (b) it

**CONFIDENTIAL**

seeks information protected by the attorney-client privilege and work product doctrine; (c) it seeks information not relevant to the claims or defenses in this action because the referenced consultation has no bearing on whether or not Interamerican performed under the Contract; and (d) it seeks information not in the possession, custody, or control of PDV USA.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA states that attorneys at Willkie Farr & Gallagher LLP, outside counsel for PDV Holding, Inc. and Citgo Petroleum Corporation, met (telephonically and in person) with members of the U.S. Department of Justice on the following occasions to discuss, among other matters, the subject matter of this lawsuit, prior to the filing of the lawsuit:

| Date | Members of the DOJ in Attendance |
| --- | --- |
| May 23, 2019 | Sarah Edwards, Sonali Patel, Robert Johnson, John Pearson |
| June 10, 2019 | Sarah Edwards, Sonali Patel, John Pearson |
| September 19, 2019 | Sarah Edwards, Sonali Patel, Robert Johnson, John Pearson |
| November 20, 2019 | Sonali Patel, Sarah Edwards, Harold Schimkat, Amanda Perwin, Evan Turgeon, Paul Hayden |
| November 25, 2019 | Sonali Patel, Sarah Edwards, Harold Schimkat, Amanda Perwin, Evan Turgeon, Paul Hayden |
| February 6, 2020 | Sonali Patel |
| March 4, 2020 | Sarah Edwards, Sonali Patel, Robert Johnson, John Pearson |
| April 29, 2020 | Sarah Edwards, Sonali Patel |

**CONFIDENTIAL**

With the exception of the March 4, 2020 meeting, no persons within the PDV entities attended or participated in these meetings and/or phone calls. Jack Lynch, Vice President of Legal & Government Affairs for Citgo, attended the March 4, 2020 meeting.

**Interrogatory No. 11**

*Identify the person or persons within the U.S. Department of Justice with whom anyone within the PDV entities consulted, met with, discussed, or in any way communicated with, prior to filing this lawsuit, as stated on the DOJ Presentation. Also identify the dates, locations, and job titles of all participants of said communications.*

**Response to Interrogatory No. 11**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it seeks information protected by the attorney-client privilege and work product doctrine; (b) it seeks information not relevant to the claims or defenses in this action because the referenced consultation has no bearing on whether or not Interamerican performed under the Contract; and (c) it seeks information not in the possession, custody, or control of PDV USA.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA repeats and incorporates by reference its response to Interrogatory No. 10.

**Interrogatory No. 12**

*Identify all services, documents, meetings, discussions, and communications which show that "the parties understood that the services were intended for the benefit of PDVSA, not PDV USA," as stated in PDV USA's Amended Complaint.*

- 14 -

**CONFIDENTIAL**

**Response to Interrogatory No. 12**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that it seeks information that is not within PDV USA's possession, custody, or control insofar as it calls for information about PDVSA's role in the Contract. PDV USA further objects to this Interrogatory as overly broad and unduly burdensome because it seeks identification of "all services, documents, meetings, discussion, and communications" concerning a broad topic. PDV USA has no obligation to identify all such items called for by this Interrogatory.

Subject to and without waiving the foregoing objections and the General Objections, PDV USA responds by referring to the following documents: the Contract, in particular Section 14, which identifies Pío González, a PDVSA employee with a Caracas, Venezuela address as the "authorized representative" for PDV USA, as well as the nature of the services contemplated in the Contract, from which PDV USA—an entity without independent operations—would not have benefitted; communications concerning the assignment of the Contract to PDVSA referenced in PDV USA's response to Interrogatory No. 8; the purported progress reports sent by David Rivera (PDVUSA_00000506; Interamerican_000010; PDVUSA_00000302); PDVUSA_00000479; PDVUSA_00003051.

**Interrogatory No. 13**

*Identify all documents, communications, meetings, or any and all communications, in which hiring third-party government relations firms such as Carribbean [sic] Style, Avenue Strategy, Wiss Partners, Vantage Knight, Cornerstone Government Affairs, was discussed. Also identify the name and job title of any and all personnel of PDV USA or any of the PDV entities who were involved in these communications.*

**CONFIDENTIAL**

**Response to Interrogatory No. 13**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it is not relevant to the claims or defenses in this action because the hiring of the firms described in the Interrogatory is unrelated to the Contract at issue in this action; (b) it is overly broad and unduly burdensome because it call for the identification of "all documents, communications, [and] meetings" in which hiring of numerous firms is discussed, and is in effect a request for production; (c) the term "third-party government relations firms" is vague and ambiguous; and (d) it seeks information that is not within PDV USA's possession, custody, or control.

Per the Court's June 30, 2022 Order (ECF No. 94), "PDV USA need not answer this interrogatory as it is overbroad and unduly burdensome."

**Interrogatory No. 14**

*Identify all PDV entities around the world and describe the relationship between the different entities.*

**Response to Interrogatory No. 14**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) the phrase "all PDV entities around the world" is vague, ambiguous, and incoherent, in particular, because the definition of "PDV entities" includes the term "PDV subsidiary" which itself is undefined and (b) it is not relevant to the claims or defenses in this action.

**Interrogatory No. 15**

*Identify any and all PDV USA personnel that also works for, assist or support in any way, any other PDV entity.*

**CONFIDENTIAL**

**Response to Interrogatory No. 15**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) the phrase "works for, assist or support in any way" is vague and ambiguous and (b) it is not relevant to the claims or defenses in this action.

**Interrogatory No. 16**

Identify any and all communications with Interamerican directing those reports be only in writing.

**Response to Interrogatory No. 16**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that it is incomprehensible, and appears to be the product of a drafting error.

**Interrogatory No. 17**

*Identify all roles, responsibilities, titles, functions, and any and all relationships for Pio Gonzalez within PDV USA and PDVSA.*

**Response to Interrogatory No. 17**

In addition to the foregoing General Objections, PDV USA specifically objects to this Interrogatory on the grounds that (a) it seeks information that is not within PDV USA's possession, custody, or control insofar as it requests information about a PDVSA employee and (b) the term "any and all relationships for Pio Gonzalez" is vague, ambiguous, and incoherent.

Subject to and without waiving the foregoing objections and General Objections, PDV USA states that Pío González was Assistant Treasurer for PDV USA from March 20, 2017 to October 20, 2017. On information and belief, PDV USA further states that Pío González's title at PDVSA was Gerente Corporative De la Oficina de la Presidencia de Petróleos de Venezuela.

**CONFIDENTIAL**

Dated: August 5, 2022
New York, New York

**WILLKIE FARR & GALLAGHER, LLP**

By:  /s/ Jeffrey B. Korn
     Jeffrey B. Korn
     Brady M. Sullivan
     787 Seventh Avenue
     New York, NY 10019
     (212) 728-8000
     jkorn@willkie.com
     bsullivan@willkie.com

     Michael J. Gottlieb
     1875 K Street, N.W.
     Washington, D.C. 20006
     (202) 303-1000
     mgottlieb@willkie.com

*Attorneys for Plaintiff PDV USA, Inc.*

**CONFIDENTIAL**

**Verification of Second Amended Interrogatory Answers**

David Weaver declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Weaver, an officer of PDV Holding, Inc., am authorized to execute this verification on behalf of PDV USA. I am informed and believe that the information set forth in the Second Amended Interrogatory responses was obtained and assembled from the appropriate sources of information and, on those grounds, I am informed and believe that the information contained in the responses is true and correct.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2022

_____
David Weaver

**CONFIDENTIAL**