```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __06/06/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PDV USA, INC,                                          :
                                                       :          20-CV-3699 (JGK) (RWL)
                          Plaintiff                    :
                                                       :
          - against -                                  :          **ORDER**
                                                       :
INTERAMERICAN CONSULTING INC,                          :
                                                       :
                          Defendant.                   :
                                                       :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff PDV's letter motion to compel Defendant
Interamerican to produce a February 2018 legal memorandum authored by the law firm
Cozen O'Connor (the "Cozen Memo").  (*See* Dkts. 189-90.)  The Cozen Memo addresses
subject matter that is at issue in this proceeding.  PDV makes two principal arguments in
support of its motion:  first, Interamerican waived its right to claim privilege by failing to
include the Cozen Memo on its privilege log; and second, any claim of privilege or
protection by Interamerican, or its principal David Rivera, was waived when Rivera shared
the Cozen Memo with a third party, Esther Nuhfer.

The Court is not persuaded by PDV's first argument.  As set forth in the parties'
submissions, including in a declaration from Rivera, Rivera possessed the memo in
physical form at some point in the past but no longer has it.  No information has been
provided about when Rivera last had possession of the Cozen Memo, but Interamerican
asserts that the document is not listed on its privilege log because the document was not
located during a reasonable search for documents in this case, which included documents
from both Interamerican and Rivera.  To the extent Interamerican's counsel later came

1

into possession of the Cozen Memo (as a result of other legal proceedings discussed below), Interamerican can readily amend its privilege log to include the document.[1]  And, in the event any information comes to light that Rivera had custody, possession, or control of the Cozen Memo at a time when he had an obligation to preserve it, appropriate sanctions could be sought in that regard.  But no such proof is before the Court, and PDV has not alleged spoliation.

PDV's second argument – waiver of privilege by disclosure to a third party with whom there is no common interest – has been, and continues to be, the subject of litigation in two separate federal court proceedings in Florida.  One action was brought by PDV against Nuhfer (and a related business entity), *PDV USA, Inc. v. Communication Solutions, Inc. and Esther Nuhfer*, 22-MC-21372 (S.D. Fla.) (the "*Nuhfer* Action").  PDV filed the *Nuhfer* Action to obtain discovery relevant to the instant litigation.  In response, Nuhfer moved to preclude her having to disclose the Cozen Memo to PDV.  Nuhfer claimed that the Cozen Memo was protected by attorney-client privilege, work product protection, and the common-interest exception to waiver.

Nuhfer averred that she contributed to the legal fees paid to Cozen O'Connor for purposes of preparing the Cozen Memo.  Rivera has filed a declaration in the instant case to the same effect, stating that Rivera, Nuhfer, and, a third person, Hugo Perera, each contributed equally to the retainer paid to Cozen O'Connor for preparation of the Cozen Memo with the purpose of addressing "potential litigation matters of mutual concern" to the three of them.  (Dkt. 194-1.)  The engagement letter with Cozen O'Connor, however,

---

[1] The Court also is not persuaded by Interamerican's argument that PDV waited too long to move to compel production of the Cozen Memo in this case, particularly given the lengthy stay of discovery that was imposed starting in January 2023.

purports to be with Interamerican and is signed only by Rivera.  Similarly, the Cozen Memo itself is addressed solely to Rivera.  Moreover, Interamerican already has produced to PDV in this action certain communications between Rivera and Cozen O'Connor, on the basis that they were disclosed to Nuhfer by Rivera, effectively waiving any privilege or protection that would otherwise have applied to them.  (*See* Dkt. 190 Exs. E, F, G.)

On February 27, 2023, Magistrate Judge Lauren F. Louis issued a decision finding that Nuhfer had not sustained her burden of proof with respect to any privilege or protection asserted over the Cozen Memo.  (Dkt. 189-2.)  Judge Louis found that despite whatever funds Nuhfer may have contributed, Nuhfer's assertions were "too conclusory to be credited, particularly in light of conflicting record evidence."  (*Id.* at 6.)  Instead, the proof before the Court showed that whatever privilege may have applied, would have been between Interamerican, Rivera, and Cozen O'Connor (*see id.*); that the evidence failed to show that the Cozen Memo was prepared for Nuhfer in anticipation of her own concerns for litigation (*id.* at 10); and that, despite potentially over-lapping legal interests with Rivera, there was no evidence of a joint strategy and agreement to preserve confidentiality (*id.* at 12-13).  Judge Louis therefore ruled that the Cozen Memo "is not protected by the attorney-client privilege, the work-product doctrine, or the common interest exception" and ordered that Nuhfer produce the Cozen Memo to PDV.  (*Id.* at 15.)  That decision remains non-final.  Nuhfer appealed Judge Louis's decision, but the case has been stayed due to pendency of the second Florida action in which the issues of privilege, work product, and common interest for the Cozen Memo are also being litigated.  That second action is sealed and is referenced as the "Sealed Action."  The appeal of Judge Louis's ruling thus is likely to remain unresolved until resolution of the Cozen Memo issue in the Sealed Action.

3

On May 30, 2024, following oral argument by the parties on the instant motion, this Court ordered Interamerican's attorneys (who also represent Rivera for the limited purpose of producing documents in the instant case) to submit under seal the relevant briefing and exhibits from the Sealed Action. The Court has received and reviewed those materials. The Sealed Action materials confirm that the issues presented in that case are similar enough to those presented in the instant proceeding such that a decision in the Sealed Action could be dispositive of the issue before this Court. The matter currently is on appeal before the Eleventh Circuit. The Sealed Action briefing is robust and has been fully submitted, at least based on filing of the reply, since July of 2022.

Turning to the instant motion, issuing a ruling at present on PDV's motion to compel poses the threat of inconsistent rulings about whether or not the Cozen Memo is protected from disclosure. If this Court were to find waiver or the absence of common interest and order production, it would be too late to put the genie back in the bottle in the event that the Eleventh Circuit then ruled that the Cozen Memo remains protected. Additionally, once the Eleventh Circuit rules, the stay of the *Nuhfer* Action likely will be lifted, allowing the appeal of Judge Louis's decision to be resolved. It therefore would be prudent to defer a decision on the matter in this Court until the Eleventh Circuit rules. Given the length of time since the Sealed Action appeal has been fully briefed, a decision seems likely to be rendered sooner rather than later.

Accordingly, PDV's motion to compel will be held in abeyance. Within five days of a ruling by the Eleventh Circuit in the Sealed Action, counsel for Interamerican and Rivera shall file a letter indicating so and including under seal a copy of the court's decision.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 6, 2024
      New York, New York

Copies transmitted this date to all counsel of record.