# Exhibit 7

DocuSign Envelope ID: 4AA8F6F8-4AA1-4D0B-8823-45F132B393E1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PDV USA, Inc.<br><br>Plaintiff,<br><br>v.<br><br><br>Interamerican Consulting, Inc.<br><br><br>Defendant. | No. 20-cv-03699-JGK<br><br>**DEFENDANT'S RESPONSE TO SIXTH INTERROGATORIES** |

**DEFENDANT INTERAMERICAN CONSULTING, INC.'S OBJECTIONS
AND ANSWERS TO PLAINTIFF'S SIXTH INTERROGATORIES**

Defendant, Interamerican Consulting, Inc. ("Defendant" or "Interamerican"), responds to the Sixth Set of Interrogatories (the "Interrogatories") served by Plaintiff, PDV USA, Inc. ("Plaintiff" or "PDV USA"), as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to each of PDV USA's Interrogatories as impermissible to the extent they are inconsistent with Local Rule 33.3.

2. Defendant objects to each of Plaintiff's Interrogatories to the extent that Defendant seeks the production of materials, or the disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable protections.

3. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds which objections would require the exclusion of any

writing produced herein at trial, all of which objections and grounds are reserved and may be interposed at the time of trial.

4. Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. Any response herein is based upon information presently known to Defendant.

## DEFINITIONS AND INSTRUCTIONS

5. The definitions and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York ("Local Rules") shall apply to these responses. All terms not otherwise defined shall have then ordinary and common meanings.

6. The term "Action" refers to the lawsuit filed by Plaintiff against Defendants titled PDV USA, Inc. v. Interamerican, Inc. in the United States District Court for the Southern District of New York, Case No. 20-cv-03699-JGK.

7. The term "PDV USA" refers to PDV USA, Inc.

8. The term "Interamerican" refers to Interamerican Consulting Inc.

9. The term "Contract" refers to the Consulting Agreement dated March 21, 2017, which was entered by PDV USA, Inc. and Interamerican Consulting, Inc

## SPECIFIC RESPONSES

25. Describe with corroborating detail and specific dates all efforts You and Your counsel have taken to preserve any sources of information (electronic or hard copy) that may contain materials responsive to PDV USA's RFPs, with references to specific sources such as email accounts, mobile phones, iMessage accounts, WhatsApp accounts, other messaging

accounts, iCloud accounts, personal computers, or other sources of electronically stored information.

**Response:** **In late 2018, Interamerican became aware that litigation with PDV USA was reasonably foreseeable because PDV USA had refused to make further payments due and owing on the consulting contract with Interamerican. On the advice of counsel, it immediately instituted a hold of all documents in its possession, custody, and control which it understood to be relevant to its claims against PDV USA. Interamerican did not become aware that PDV USA intended to sue Interamerican until May 13, 2020, when PDV USA filed this lawsuit. Once Interamerican became aware of the lawsuit filed by PDV USA, Interamerican again ensured that it had retained documents and communications relating PDV USA's allegations in this lawsuit.**

**In January 2022, Interamerican conducted a forensic collection of text messages, WhatsApp messages, and emails on Mr. Rivera's phone. Specifically, Interamerican conducted a collection of messages on the following accounts: rivera2002@comcast.net (email) and electrivera@comcast.net (email), and text and WhatsApp messages associated with the phone number (786)258-2222. Interamerican also attempted to retrieve messages relating to this lawsuit to the extent any existed which were not on Mr. Rivera's electronic devices by following procedures available online but was unsuccessful.**

**On April 5, 2022, Interamerican took a "clone" forensic image of Mr. Rivera's phone to address PDV USA's concerns about PDV USA's prior collection.**

**On June 21, 2022, Interamerican conducted an additional search for messages in the following email account: rivera2004@comcast.net.**

26. To the extent any Unproduced Documents are no longer stored on any of Your or Mr. Rivera's electronic devices—as You have contended—explain with corroborating details and specific dates why that is the case, including when and whether Mr. Rivera or anyone else deleted them.

**Response:** **The Government's production includes documents which are not relevant to the contract at issue in this litigation. Notwithstanding, Interamerican is unsure why certain of the Unproduced Documents appear in the Government's production which it did not uncover in any search of Interamerican's electronic devices. Mr. Rivera's phone was seized in or around November 2017 by the Government. The phone was never returned to Mr.**

3

DocuSign Envelope ID: 4AA8F6F8-4AA1-4D0B-8823-45F132B393E1

**Rivera. It is possible that certain communications which appeared in the Government's production but were not uncovered in Interamerican's search of Mr. Rivera's phone were deleted when the Government seized his phone.**

**In or around August 2020, Interamerican's email account "rivera2002@comcast.net" experienced a server crash. Mr. Rivera had included all emails related to the contract at issue in this litigation in a folder named "Citgo," none of which were destroyed in the server crash. It is possible that certain emails which appeared in the Government's production but were not uncovered in Interamerican's search of its emails accounts were deleted in the August 2020 server crash.**

27. To the extent any Unproduced Documents are no longer stored on any of Your or Mr. Rivera's electronic devices—as You have contended—describe with corroborating details and specific dates what efforts (if any) you have taken to retrieve any such Unproduced Documents, including any efforts to retrieve any such Unproduced Documents from WhatsApp, email servers that host Mr. Rivera's emails, the government (whom you contend seized Mr. Rivera's phone), and third party senders/recipients of such Unproduced Documents who may have their own copies, such as Esther Nuhfer, Hugo Perera, or Raul Gorrín.

**Response: Interamerican had no way of determining the substance of the Unproduced Documents or whether they were responsive to PDV USA's requests for production until United States Magistrate Judge Lauren Louis ordered Mr. Rivera to produce all documents in his criminal counsel's possession which they had received from the Government. See *PDV USA, Inc. v. David Rivera*, 1:24-cv-20456-MD (Doc. 38). Prior to entry of Judge Louis's order, Interamerican had no way of reviewing any documents produced by the Government or to identify them in order to obtain them from another source, because they were shielded from disclosure by a protective order in the criminal proceeding against Mr. Rivera in the Southern District of Florida. Indeed, Mr. Rivera's criminal counsel refused to provide any documents they had received from the Government because of the Protective Order. See *United States v. Rivera*, 22-cr-20552 (S.D. Fla.) (the "Protective Order") (Doc. 95).**

**Upon entry of the order directing Mr. Rivera to produce any documents in his criminal counsel's possession which had been produced by the Government, Interamerican immediately requested that Mr. Rivera's criminal counsel**

DocuSign Envelope ID: 4AA8F6F8-4AA1-4D0B-8823-45F132B393E1

**provide to it any documents which had been produced by the Government. Upon receipt of the documents from Mr. Rivera's criminal counsel, Interamerican subsequently provided all documents, which had been produced by the Government, to PDV USA.**

<VERIFICATION ON FOLLOWING PAGE>

5

DocuSign Envelope ID: 4AA8F6F8-4AA1-4D0B-8823-45F132B393E1

**Verification of Interrogatory Answers**

David Rivera declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Rivera, President of Interamerican Consulting, Inc., am authorized to execute this verification on behalf of Interamerican Consulting, Inc. I am informed and believe that the information set forth in the Specific Responses Number 25 Through 27 to Plaintiff's Six Set of Interrogatories was obtained and assembled from appropriate sources of information and, on those grounds, I am informed and believe that the information contained in the Specific Response Number 25 through 27 are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/24/2024

DocuSigned by:

F382A6697C1E414...

David Rivera

DocuSign Envelope ID: 4AA8F6F8-4AA1-4D0B-8823-45F132B393E1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 24, 2024, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

        */s/ Jason Johnson*
        **Tucker H. Byrd**
        Florida Bar No. 381632
        **Jason Johnson**
        Florida Bar No. 186538
        **BYRD CAMPBELL, P.A**.
        180 Park Avenue North, Suite 2A
        Winter Park, Florida 32789
        Telephone: (407) 392-2285
        Facsimile: (407) 392-2286
        Primary Email: TByrd@ByrdCampbell.com
        Primary Email: JJohnson@ByrdCampbell.com
        *Counsel for Defendant/Counter-Plaintiff*

        Henry L. Saurborn, Jr.
        Kaiser, Saurborn & Mair
        30 Broad St., 37th Floor
        New York, New York 10001
        Telephone: (212) 338-9100
        saurborn@ksmlaw.com
        *Counsel for Defendant/Counter-Plaintiff*