# Exhibit 12



Print | Close Window

**Subject:** Fwd: CONSULTING AGRREMENT FORM W-9
**From:** David Rivera <rivera2002@comcast.net>
**Date:** Tue, Mar 21, 2017 5:07 pm
**To:** Esther Nuhfer <esther@commsol.biz>, rgorrn@me.com, hugo@pgandassociates.net
**Attach:** CONSULTING AGREEMENT.pdf
FORM W-9.pdf

Creo que estamos casi listos. Ahora solo estoy esperando el primer "retainer" para llamar al Congresista Sessions y confirmar la cita en Dallas para este fin de semana ojala. Necesitamos confirmar los calendarios y disposicion de la canciller y el Sr. Borges en algun momento.

**From:** "GUILLERMO BLANCO" <blancogga@pdvsa.com>
**To:** rivera2002@comcast.net
**Cc:** "PIO GONZALEZ" <gonzalezpu@pdvsa.com>, jperei1@citgo.com
**Sent:** Tuesday, March 21, 2017 7:23:12 PM
**Subject:** CONSULTING AGRREMENT FORM W-9

Señor David Rivera. Anexo el contrato que hemos suscrito de asesoria. A partir de este momento todos los informes deben ser remitidos al Sr. Pio González.

Copyright © 2003-2020. All rights reserved.





# CONSULTING AGREEMENT

This Agreement is made and entered into as of March 21st, 2017, by and between PDV USA, Inc., a Delaware company ("PDV USA"), located at 65 East 55th Street, Floor 21, New York, New York, 10022, and Interamerican Consulting, Incorporated("CONSULTANT"), located at 10925 N.W. 43rd Lane, Miami, Florida, 33178.

WHEREAS, PDV USAdesires the "Services," as hereinafter defined, of CONSULTANT and CONSULTANT has all the experience, expertise, and skills to perform the same and has expressed its interest in entering into this Agreement;

NOW, THEREFORE, In consideration of the premises and of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. PDV USA hereby engages CONSULTANT to perform the Services during the term of this Agreement, and CONSULTANT accepts such engagement, upon the terms and conditions set forth herein.

2. **Term.**The term of this Agreement shall commence on March 21st, 2017 and shall end on June 21st, 2017, unless sooner terminated as provided herein. Either party may terminate this Agreement at any time, with or without cause, upon five calendar days prior written notice to the other party. Such termination shall not apply to Services or Deliverables already accepted by CONSULTANT.

3. **Compensation and Services.**During the term of this Agreement, PDV USA shall pay CONSULTANT as compensation for the completion of the Services, to PDV USA's sole satisfaction, in accordance with the attached Exhibit A, which, with any addendums or schedules thereto, shall be integrated into and made a part of this Agreement. CONSULTANT must include with the invoiceall supporting documentation, and set out adequate and complete details of the Services rendered. CONSULTANT shall be solely responsible for, and shall report, all payments received from PDV USA to the appropriate federal, state and local taxing authorities.

4. **Personnel.**During the term of this Agreement, CONSULTANT shall devote all of the time of CONSULTANT's members and employees (hereinafter referred to as "Personnel") that is reasonable and necessary to perform independent consulting services (the "Services") for PDV USA which shall include, but are not limited to, the Services set forth in **Exhibit A** which with any addendums or schedules thereto, shall be integrated into and made a part of this Agreement. CONSULTANT shall make its Personnel available to perform the Services upon reasonable request by PDV USA, and the Services shall be rendered at such times as shall be mutually determined and shall be coordinated through the PDV USA Authorized Representative. This Agreement is entered into by PDV USA in reliance upon CONSULTANT and the qualifications of the Personnel. With the exception of clerical, bookkeeping, and secretarial work, CONSULTANT and its Personnel shall perform the Services and may not be substituted without the prior consent of PDV USA.

5. **Independent Contractor.** In the performance of the Services, CONSULTANT and its Personnel shall act solely as an independent contractor and nothing herein shall at any time be construed to create the relationship of employer and employee, partnership, principal and agent, or joint venture as between PDV USA and CONSULTANT or PDV USA and CONSULTANT's Personnel. CONSULTANT and its Personnel shall have no right or authority, and shall not attempt, to enter into any contract, commitment, or agreement, or incur any debt or liability, of any nature, in the name of or on behalf of PDV USA, its subsidiaries, or affiliates

PGA0055

## CONSULTING AGREEMENT

6. **Confidential Information.** CONSULTANT and its Personnel shall hold in strictest confidence any information, data and material which is related to PDV USA's business or is designated as proprietary and confidential or is otherwise provided or made available by PDV USA in connection with the Services performed hereunder ("Confidential Information") CONSULTANT and its Personnel shall not, without PDV USA's prior written consent, disclose to others any Confidential Information disclosed to CONSULTANT and its Personnel by PDV USA or any Confidential Information which comes into the possession of CONSULTANT and its Personnel as a result of this Agreement. CONSULTANT shall not to make use of the Confidential Information other than for the performance of the Services under this Agreement. Confidential information includes, but is not limited to, information related to research, development, pricing, trade secrets, customer lists, salaries, technical data, procedures, or business affairs of PDV USA, its subsidiaries and affiliated companies. The Confidential Information shall remain the property of PDV USA and PDV USA may request the return of the Confidential Information at any time upon written request to CONSULTANT. The obligations in this section shall apply to any information, data and material that constitutes "Confidential Information" as defined herein which was provided or made available to CONSULTANT and its Personnel prior to the effective date of this Agreement.

7. **Warranty.** CONSULTANT hereby represents and warrants to PDV USA, with the intention that PDV USA rely thereon in entering into this Agreement, that: (a) CONSULTANT has the present capacity and will take all steps necessary to maintain the capacity to perform the Services hereunder; (b) each of CONSULTANT's Personnel assigned to perform Services hereunder has the proper skill, training, and background so as to be able to perform such Services in a competent and professional manner; (c) CONSULTANT and each of its Personnel are properly registered and licensed to perform the Services hereunder and shall maintain any such registration and licenses during the term of this Agreement; (d) in connection with performing the Services, CONSULTANT and its Personnel will not violate any applicable laws or regulations of any jurisdiction; (e) no portion of any payment to CONSULTANT by PDV USA pursuant to this Agreement shall be used as a bribe, kickback, rebate, illegal political contribution, or in violation of applicable foreign exchange control regulations, tax laws or regulations, or other laws or regulations of any jurisdiction; and (f) the execution and performance by CONSULTANT of this Agreement does not and will not violate or conflict with or result in a breach of any of the terms, conditions, duties, or obligations to which CONSULTANT is bound to any third party or any other rights of any third party.

8. **PDV USA Rules.** CONSULTANT and its Personnel shall comply with any policy and procedures of PDV USA in the event they apply to the performance of the Services. CONSULTANT shall be notified by PDV USA when such compliance is required.

9. **Personnel Expertise.** CONSULTANT warranties that its Personnel has the experience, expertise, and skills to perform the Services

10. **Indemnity.** CONSULTANT shall protect, defend (at CONSULTANT's expense and by counsel satisfactory to PDV USA), indemnify, save and hold harmless PDV USA, its subsidiaries and affiliates and its and their agents, directors, officers, shareholders, employees, representatives, successors, and assigns, from and against any and all breaches of this Agreement by CONSULTANT, its Personnel, direct or indirect costs, damages, losses, obligations, lawsuits, claims, liabilities, fines, or penalties (whether or not ultimately defeated) in connection with, arising out of, relating to, incidental to, or resulting from any act or omission or any alleged act or omission by CONSULTANT or its Personnel, including in each instance, but not limited to, all costs and expenses of investigation and defending any claim at any time arising and any final judgments, compromises, settlements, court costs and attorneys' fees, whether foreseen or unforeseen (including all such expenses, court costs, and attorneys' fees in the enforcement of PDV USA's rights hereunder)

## CONSULTING AGREEMENT



incurred by PDV USA directly or indirectly.

11. Insurance. In the event PDV USA considers appropriate and applicable, and after proper notification to CONSULTAT, CONSULTANT shall be responsible for providing the following insurance coverages:

    a. Workers' compensation and employer's liability insurance covering all of CONSULTANT's Personnel in accordance with the statutory requirements of the state of hire in which the Services are to be performed. CONSULTANT's employers' liability insurance covering its Personnel shall have a limit of five hundred thousand dollars ($500,000) per occurrence.

    b. Comprehensive general liability insurance with contractual liability providing for a combined single limit of five hundred thousand dollars ($500,000) for personal injury, death or property damage resulting from each occurrence and covering all of CONSULTANT's operations involved in the performance of the Services hereunder. The aforesaid insurance shall cover, but not be limited to, loss of or damage to PDV USA's, and to CONSULTANT's, property, members, and employees.

    c. Business automobile liability insurance covering owned, non-owned and hired motor vehicles, with combined single limits of at least five hundred thousand dollars ($500,000) for personal injury, death, or property damage, resulting from each occurrence.

    In addition, PDV USA shall be named as an 'additional insured' with respect to comprehensive general liability coverage and automobile liability insurance coverage. Each respective insurance carrier shall waive subrogation rights with respect to PDV USA. CONSULTANT shall provide PDV USA with certificates evidencing the required coverage as soon as possible but in no event later than ten (10) days after this Agreement is executed. The insurance limits provided hereunder are those minimum limits to be provided by CONSULTANT and do not limit the liabilities for which CONSULTANT is responsible under this Agreement

12. **Title to Work Product.** All work performed hereunder, and any and all materials and products developed or prepared for PDV USA by CONSULTANT, including any Deliverables, are the property of PDV USA and all title and interest therein shall vest in PDV USA and shall be deemed to be made in the course of the Services rendered hereunder. To the extent that title to any such works may not, by operation of law, vest in PDV USA, all rights, title and interest therein are hereby irrevocably assigned to PDV USA. All such materials and products shall belong exclusively to PDV USA; with PDV USA having the right to obtain and hold in its own name, copyrights, patents, registrations or such other protection as may be appropriate to the subject matter thereof. PDV USA may use any of the work, materials, and products, Services or Deliverables in its sole discretion without additional compensation to CONSULTANT. CONSULTANT shall give PDV USA and any person designated by PDV USA reasonable assistance, at PDV USA's expense, required to perfect the rights defined in this Paragraph. Unless otherwise requested by PDV USA, upon completion of the Services to be performed hereunder, CONSULTANT shall immediately turn over to PDV USA all materials and products developed pursuant hereto.

13. **Audit.** PDV USA, its Accountant, Corporate Auditor and/or any third person representing PDV USA, shall have the right to inspect and/or audit, during the CONSULTANT's normal business hours, the books, records, internal controls and procedures and other information with respect to (a) CONSULTANT's performance of its obligations under this Agreement, and (b) information used by the CONSULTANT in determining the amounts payable by PDV USA under this Agreement. PDV USA shall provide reasonable notice to CONSULTANT of its plan to audit. CONSULTANT shall

PGA0057



retain all such records for a period of two years following the last day of each calendar year, in an orderly fashion, to facilitate the audit process.

14. **Authorized Representative and Notices**. Any notice hereunder shall be in writing and shall be effective when delivered by email, personally or when deposited in the mail, postage prepaid, registered or certified and addressed as follows:

   If to CONSULTANT:
   Interamerican Consulting, Incorporated
   10925 N.W. 43rd Lane
   Miami, Florida 33178
   Attention: David Rivera

   If to PDV USA:
   Mr. Pío González
   Edificio Petróleos de Venezuela, Torre Este,
   La Campina, Caracas – Venezuela 1060
   Email: gonzalezpu@pdvsa.com
   Phone Number: +582127083700

15. **Publicity**. CONSULTANT shall not issue a press release regarding this Agreement or the Services provided or use PDV USA's or its affiliates' names in any advertising or publicity, without PDV USA's prior written consent.

16. **Choice of Law and Venue:** This Agreement shall be deemed to be made under, and shall be construed in accordance with, the laws of the State of New York (without reference to choice of law doctrine). The parties irrevocably submit to the exclusive jurisdiction of the State of New York for purposes of any suit, action or proceedings relating to this Agreement.

17. **Compliance With Laws.** To the extent applicable, CONSULTANT shall comply with all federal, state and local laws, regulations and ordinances.

18. **Assignment and Subcontracting.** This Agreement is entered into by PDV USA in reliance upon the personal qualifications of CONSULTANT's Personnel and, therefore, CONSULTANT shall not assign this Agreement voluntarily, involuntarily, or by operation of law without the express written consent of PDV USA. CONSULTANT may not subcontract any portion of the Services without the prior written consent of the PDV USA Authorized Representative.

19. **Miscellaneous**. No waiver of any provision of this Agreement, or a breach hereof, shall be effective unless it is in writing and signed by both parties. No waiver of a breach of this Agreement (whether express or implied) shall constitute a waiver of a subsequent breach. All provisions of this Agreement are severable, and the unenforceability or invalidity of any of them shall not affect the enforceability or validity of the remaining provisions of this Agreement. Any provision of this Agreement which by the nature of its terms would survive any termination or expiration of this Agreementshall continue to apply to the parties and remain in full force and effect.The headings in this Agreement are inserted for convenience only and shall not be used in the interpretation hereof. Both parties have reviewed, and have had an opportunity for comment upon, this Agreement. Any rule or principle of contractual construction that would otherwise require any aspect of this Agreement to be interpreted against the party primarily responsible for

## CONSULTING AGREEMENT

its drafting shall not be employed in the interpretation hereof. This Agreement shall not be modified, altered, amended, or revoked except in writing duly executed by the parties

20. **Exhibits and Entirety.** This Agreement contains all agreements of any kind or nature (oral or written) between the parties and all prior or contemporaneous promises, representations, agreements, or understandings are expressly merged herein and superseded hereby. Any and all additional and different terms contained in CONSULTANT's proposals are herein rejected. This Agreement shall include the following exhibits ("Exhibits") attached hereto and incorporated herein by reference:

    Exhibit A  Scope of Services and Deliverables
    Exhibit B  Compensation and Payment Schedule

This Consulting Agreement and the Exhibits are collectively referred to as the "Contract Documents". To the extent of any inconsistency or conflicting terms and/or conditions between this Agreement and any of the Exhibits, this Agreement shall govern and control. The Exhibits will have the same priority in the event of an irreconcilable conflict in the order in which they are listed above.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first shown above.

| PDV USA, Inc. | Interamerican Consulting |
|---|---|
| By: | By: |
| Name: GUILLERMO BLANCO | Name: DAVID RIVERA |
| Title: President | Title: President |
| Date: March 21st, 2017 | Date: March 21st, 2017 |

PGA0059



# CONSULTING AGREEMENT

## EXHIBIT A
of
Consulting Agreementby and Between
PDV USA, Incand
Interamerican Consulting, Incorporated
March 21st, 2017

### SCOPE OF SERVICES AND DELIVERABLES

The Services in general shall include, but not limited to:

It shall be the CONSULTANT's duty to provide strategic consulting services to the CLIENT as the CLIENT deems necessary and appropriate.

CONSULTANT will provide CLIENT with strategic consulting and assistance developing strategies to inform policy makers and opinion leaders regarding CLIENT initiatives and achievements.

CONSULTANT will develop and work with CLIENT to organize and implement a multi-faceted strategy to reinforce CLIENT's standing among important public officials and opinion leaders.

CONSULTANT will support CLIENT in the planning and execution of a strategic plan directed at targeted stakeholders to assist CLIENT with the development and implementation of a program to support efforts that will enhance the long-term reputation and standing of CLIENT.

CONSULTANT will identify opportunities to build long-term relationships among key third-parties, opinion leaders and public officials.

Consultant Deliverables are:

The CONSULTANT will provide the CLIENT with updates regarding the strategic consulting services provided by the CONSULTANT, and include with the invoice all supporting documentation, and set out adequate and complete details of the Services rendered.

CONSULTANT shall provide CLIENT with a bi-weekly report detailing the activities that it has carried out during that period to achieve the stated goals and purposes of the Agreement as well as a final report integrating all work product including recommendations for monitoring and following-up on the strategies implemented.



## CONSULTING AGREEMENT

**EXHIBIT B**
of
Consulting Agreement by and Between
PDV USA, Incand
Interamerican Consulting, Incorporated
March 21st, 2017

## COMPENSATION AND PAYMENT SCHEDULE

CONSULTANT agrees to accept and PDV USA agrees to pay for the complete, satisfactory and timely performance of the Services in strict accordance with all requirements contained in this Agreement. The total compensation for the Services provided by CONSULTANT, as per the terms and conditions herein provided, is U.S. Dollars 50,000,000.00.

### PAYMENT SCHEDULE:

Initial Payment Installment for US$ 5,000,000.00 on March 21st, 2017

Consecutive Payment Installments for US$ 5,000,000.00 every two weeks starting on April 4th, 2017 until reaching the total amount of US$ 25,000,000.00 by May 16th, 2017

Final Payment Installment for US$ 25,000,000.00 before June 15th, 2017.

### INVOICING:

Consultant shall submit an invoice for the Service completed and accepted, (as approved by the PDV USA Representative indicated in Section 14 of the Consulting Agreement), in triplicate, to the address shown below. The invoice shall reference the Consulting Agreement Number, PDV USAauthorized personnel responsible for accepting the services provided, and banking instructions.

Invoices shall be submitted by email to:

Mr. Pío González
Email: gonzalezpu@pdvsa.com
PhoneNumber: +582127083700



# Form W-9
(Rev. December 2014)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer Identification Number and Certification

Give Form to the requester. Do not send to the IRS.

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
Interamerican Consulting, Incorporated

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification; check only one of the following seven boxes:
☐ Individual/sole proprietor or single-member LLC   ☐ C Corporation   ☒ S Corporation   ☐ Partnership   ☐ Trust/estate
☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶
Note. For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.
☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):
Exempt payee code (if any) _____
Exemption from FATCA reporting code (if any) _____
(Applies to accounts maintained outside the U.S.)

**5** Address (number, street, and apt. or suite no.)
10925 N.W. 43rd Lane

**6** City, state, and ZIP code
Miami, Florida 33178

Requester's name and address (optional)

**7** List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Social security number: ___-__-____

or

Employer identification number: ██-███ 9 9 8 3

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

**Sign Here**  Signature of U.S. person ▶ [signature]   Date ▶ 3-21-17

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at www.irs.gov/fw9.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

- Form 1099-INT (interest earned or paid)
- Form 1099-DIV (dividends, including those from stocks or mutual funds)
- Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
- Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
- Form 1099-S (proceeds from real estate transactions)
- Form 1099-K (merchant card and third party network transactions)
- Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
- Form 1099-C (canceled debt)
- Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See *What is backup withholding?* on page 2.

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify that you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and
4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

Cat. No. 10231X   Form **W-9** (Rev. 12-2014)



**Subject:** Fwd: CONSULTING AGRREMENT FORM W-9
**From:** David Rivera <rivera2002@comcast.net>
**Date:** Tue, Mar 21, 2017 5:07 pm
**To:** Esther Nuhfer <esther@commsol.biz>, rgorm@me.com, hugo@pgandassociates.net
**Attach:** CONSULTING AGREEMENT.pdf
FORM W-9.pdf

I think we're almost ready. Now I'm just waiting for the first 'retainer' to call Congressman Sessions and confirm the appointment in Dallas, hopefully for this weekend. We need to finalize the schedules and disposition of the chancellor and Mr. Borges at some point.

From: "GUILLERMO BLANCO" <blancogga@pdvsa.com>
To: rivera2002@comcast.net
Cc: "PIO GONZALEZ" <gonzalezpu@pdvsa.com>, jperei1@citgo.com
Sent: Tuesday, March 21, 2017 7:23:12 PM
Subject: CONSULTING AGRREMENT FORM W-9

Mr. David Rivera, I attach the consulting contract that we have signed. From this moment all reports must be sent to Mr. Pio González.

Copyright © 2003-2020. All rights reserved.

## CONSULTING AGREEMENT

This Agreement is made and entered into as of March 21st, 2017, by and between PDV USA, Inc., a Delaware company ("PDV USA"), located at 65 East 55th Street, Floor 21, New York, New York, 10022, and Interamerican Consulting, Incorporated ("CONSULTANT"), located at 10925 N.W. 43rd Lane, Miami, Florida, 33178.

WHEREAS, PDV USA desires the "Services," as hereinafter defined, of CONSULTANT and CONSULTANT has all the experience, expertise, and skills to perform the same and has expressed its interest in entering into this Agreement;

NOW, THEREFORE, in consideration of the premises and of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. PDV USA hereby engages CONSULTANT to perform the Services during the term of this Agreement, and CONSULTANT accepts such engagement, upon the terms and conditions set forth herein.

2. Term. The term of this Agreement shall commence on March 21st, 2017 and shall end on June 21st, 2017, unless sooner terminated as provided herein. Either party may terminate this Agreement at any time, with or without cause, upon five calendar days prior written notice to the other party. Such termination shall not apply to Services or Deliverables already accepted by CONSULTANT.

3. Compensation and Services. During the term of this Agreement, PDV USA shall pay CONSULTANT as compensation for the completion of the Services, to PDV USA's sole satisfaction, in accordance with the attached Exhibit A, which, with any addendums or schedules thereto, shall be integrated into and made a part of this Agreement. CONSULTANT must include with the invoice all supporting documentation, and set out adequate and complete details of the Services rendered. CONSULTANT shall be solely responsible for, and shall report, all payments received from PDV USA to the appropriate federal, state and local taxing authorities.

4. Personnel. During the term of this Agreement, CONSULTANT shall devote all of the time of CONSULTANT's members and employees (hereinafter referred to as "Personnel") that is reasonable and necessary to perform independent consulting services (the "Services") for PDV USA which shall include, but are not limited to, the Services set forth in Exhibit A which with any addendums or schedules thereto, shall be integrated into and made a part of this Agreement. CONSULTANT shall make its Personnel available to perform the Services upon reasonable request by PDV USA, and the Services shall be rendered at such times as shall be mutually determined and shall be coordinated through the PDV USA Authorized Representative. This Agreement is entered into by PDV USA in reliance upon CONSULTANT and the qualifications of the Personnel. With the exception of clerical, bookkeeping, and secretarial work, CONSULTANT and its Personnel shall perform the Services and may not be substituted without the prior consent of PDV USA.

5. Independent Contractor. In the performance of the Services, CONSULTANT and its Personnel shall act solely as an independent contractor and nothing herein shall at any time be construed to create the relationship of employer and employee, partnership, principal and agent, or joint venture as between PDV USA and CONSULTANT or PDV USA and CONSULTANT's Personnel. CONSULTANT and its Personnel shall have no right or authority, and shall not attempt, to enter into any contract, commitment, or agreement, or incur any debt or liability, of any nature, in the name of or on behalf of PDV USA, its subsidiaries, or affiliates

⑤

## CONSULTING AGREEMENT

6. **Confidential Information.** CONSULTANT and its Personnel shall hold in strictest confidence any information, data and material which is related to PDV USA's business or is designated as proprietary and confidential or is otherwise provided or made available by PDV USA in connection with the Services performed hereunder ("Confidential Information") CONSULTANT and its Personnel shall not, without PDV USA's prior written consent, disclose to others any Confidential Information disclosed to CONSULTANT and its Personnel by PDV USA or any Confidential Information which comes into the possession of CONSULTANT and its Personnel as a result of this Agreement. CONSULTANT shall not to make use of the Confidential Information other than for the performance of the Services under this Agreement. Confidential Information includes, but is not limited to, information related to research, development, pricing, trade secrets, customer lists, salaries, technical data, procedures, or business affairs of PDV USA, its subsidiaries and affiliated companies. The Confidential Information shall remain the property of PDV USA and PDV USA may request the return of the Confidential Information at any time upon written request to CONSULTANT. The obligations in this section shall apply to any information, data and material that constitutes "Confidential Information" as defined herein which was provided or made available to CONSULTANT and its Personnel prior to the effective date of this Agreement.

7. **Warranty.** CONSULTANT hereby represents and warrants to PDV USA, with the intention that PDV USA rely thereon in entering into this Agreement, that: (a) CONSULTANT has the present capacity and will take all steps necessary to maintain the capacity to perform the Services hereunder; (b) each of CONSULTANT's Personnel assigned to perform Services hereunder has the proper skill, training, and background so as to be able to perform such Services in a competent and professional manner; (c) CONSULTANT and each of its Personnel are properly registered and licensed to perform the Services hereunder and shall maintain any such registration and licenses during the term of this Agreement; (d) in connection with performing the Services, CONSULTANT and its Personnel will not violate any applicable laws or regulations of any jurisdiction; (e) no portion of any payment to CONSULTANT by PDV USA pursuant to this Agreement shall be used as a bribe, kickback, rebate, illegal political contribution, or in violation of applicable foreign exchange control regulations, tax laws or regulations, or other laws or regulations of any jurisdiction; and (f) the execution and performance by CONSULTANT of this Agreement does not and will not violate or conflict with or result in a breach of any of the terms, conditions, duties, or obligations to which CONSULTANT is bound to any third party or any other rights of any third party.

8. **PDV USA Rules.** CONSULTANT and its Personnel shall comply with any policy and procedures of PDV USA in the event they apply to the performance of the Services. CONSULTANT shall be notified by PDV USA when such compliance is required.

9. **Personnel Expertise.** CONSULTANT warranties that its Personnel has the experience, expertise, and skills to perform the Services

10. **Indemnity.** CONSULTANT shall protect, defend (at CONSULTANT's expense and by counsel satisfactory to PDV USA), indemnify, save and hold harmless PDV USA, its subsidiaries and affiliates and its and their agents, directors, officers, shareholders, employees, representatives, successors, and assigns, from and against any and all breaches of this Agreement by CONSULTANT, its Personnel, direct or indirect costs, damages, losses, obligations, lawsuits, claims, liabilities, fines, or penalties (whether or not ultimately defeated) in connection with, arising out of, relating to, incidental to, or resulting from any act or omission or any alleged act or omission by CONSULTANT or its Personnel, including in each instance, but not limited to, all costs and expenses of investigation and defending any claim at any time arising and any final judgments, compromises, settlements, court costs and attorneys' fees, whether foreseen or unforeseen (including all such expenses, court costs, and attorneys' fees in the enforcement of PDV USA's rights hereunder)



## CONSULTING AGREEMENT

incurred by PDV USA directly or indirectly.

11. Insurance. In the event PDV USA considers appropriate and applicable, and after proper notification to CONSULTAT, CONSULTANT shall be responsible for providing the following insurance coverages:

    a. Workers' compensation and employer's liability insurance covering all of CONSULTANT's Personnel in accordance with the statutory requirements of the state of hire in which the Services are to be performed. CONSULTANT's employers' liability insurance covering its Personnel shall have a limit of five hundred thousand dollars ($500,000) per occurrence.

    b. Comprehensive general liability insurance with contractual liability providing for a combined single limit of five hundred thousand dollars ($500,000) for personal injury, death or property damage resulting from each occurrence and covering all of CONSULTANT's operations involved in the performance of the Services hereunder. The aforesaid insurance shall cover, but not be limited to, loss of or damage to PDV USA's, and to CONSULTANT's, property, members, and employees.

    c. Business automobile liability insurance covering owned, non-owned and hired motor vehicles, with combined single limits of at least five hundred thousand dollars ($500,000) for personal injury, death, or property damage, resulting from each occurrence.

    In addition, PDV USA shall be named as an 'additional insured' with respect to comprehensive general liability coverage and automobile liability insurance coverage. Each respective insurance carrier shall waive subrogation rights with respect to PDV USA. CONSULTANT shall provide PDV USA with certificates evidencing the required coverage as soon as possible but in no event later than ten (10) days after this Agreement is executed. The insurance limits provided hereunder are those minimum limits to be provided by CONSULTANT and do not limit the liabilities for which CONSULTANT is responsible under this Agreement.

12. Title to Work Product. All work performed hereunder, and any and all materials and products developed or prepared for PDV USA by CONSULTANT, including any Deliverables, are the property of PDV USA and all title and interest therein shall vest in PDV USA and shall be deemed to be made in the course of the Services rendered hereunder. To the extent that title to any such works may not, by operation of law, vest in PDV USA, all rights, title and interest therein are hereby irrevocably assigned to PDV USA. All such materials and products shall belong exclusively to PDV USA; with PDV USA having the right to obtain and hold in its own name, copyrights, patents, registrations or such other protection as may be appropriate to the subject matter thereof. PDV USA may use any of the work, materials, and products, Services or Deliverables in its sole discretion without additional compensation to CONSULTANT. CONSULTANT shall give PDV USA and any person designated by PDV USA reasonable assistance, at PDV USA's expense, required to perfect the rights defined in this Paragraph. Unless otherwise requested by PDV USA, upon completion of the Services to be performed hereunder, CONSULTANT shall immediately turn over to PDV USA all materials and products developed pursuant hereto.

13. Audit. PDV USA, its Accountant, Corporate Auditor and/or any third person representing PDV USA, shall have the right to inspect and/or audit, during the CONSULTANT's normal business hours, the books, records, internal controls and procedures and other information with respect to (a) CONSULTANT's performance of its obligations under this Agreement, and (b) information used by the CONSULTANT in determining the amounts payable by PDV USA under this Agreement. PDV USA shall provide reasonable notice to CONSULTANT of its plan to audit. CONSULTANT shall

PGA0057

PGA0001

## CONSULTING AGREEMENT

retain all such records for a period of two years following the last day of each calendar year, in an orderly fashion, to facilitate the audit process.

14. **Authorized Representative and Notices.** Any notice hereunder shall be in writing and shall be effective when delivered by email, personally or when deposited in the mail, postage prepaid, registered or certified and addressed as follows:

    If to CONSULTANT:
    Interamerican Consulting, Incorporated
    10925 N.W. 43rd Lane
    Miami, Florida 33178
    Attention: David Rivera

    If to PDV USA:
    Mr. Pio González
    Edificio Petróleos de Venezuela, Torre Este,
    La Campina, Caracas – Venezuela 1060
    Email: gonzalezpu@pdvsa.com
    Phone Number: +582127083700

15. **Publicity.** CONSULTANT shall not issue a press release regarding this Agreement or the Services provided or use PDV USA's or its affiliates' names in any advertising or publicity, without PDV USA's prior written consent.

16. **Choice of Law and Venue:** This Agreement shall be deemed to be made under, and shall be construed in accordance with, the laws of the State of New York (without reference to choice of law doctrine). The parties irrevocably submit to the exclusive jurisdiction of the State of New York for purposes of any suit, action or proceedings relating to this Agreement.

17. **Compliance With Laws.** To the extent applicable, CONSULTANT shall comply with all federal, state and local laws, regulations and ordinances.

18. **Assignment and Subcontracting.** This Agreement is entered into by PDV USA in reliance upon the personal qualifications of CONSULTANT's Personnel and, therefore, CONSULTANT shall not assign this Agreement voluntarily, involuntarily, or by operation of law without the express written consent of PDV USA. CONSULTANT may not subcontract any portion of the Services without the prior written consent of the PDV USA Authorized Representative.

19. **Miscellaneous.** No waiver of any provision of this Agreement, or a breach hereof, shall be effective unless it is in writing and signed by both parties. No waiver of a breach of this Agreement (whether express or implied) shall constitute a waiver of a subsequent breach. All provisions of this Agreement are severable, and the unenforceability or invalidity of any of them shall not affect the enforceability or validity of the remaining provisions of this Agreement. Any provision of this Agreement which by the nature of its terms would survive any termination or expiration of this Agreement shall continue to apply to the parties and remain in full force and effect. The headings in this Agreement are inserted for convenience only and shall not be used in the interpretation hereof. Both parties have reviewed, and have had an opportunity for comment upon, this Agreement. Any rule or principle of contractual construction that would otherwise require any aspect of this Agreement to be interpreted against the party primarily responsible for

Page 4

## CONSULTING AGREEMENT

its drafting shall not be employed in the interpretation hereof. This Agreement shall not be modified, altered, amended, or revoked except in writing duly executed by the parties

20. **Exhibits and Entirety.** This Agreement contains all agreements of any kind or nature (oral or written) between the parties and all prior or contemporaneous promises, representations, agreements, or understandings are expressly merged herein and superseded hereby. Any and all additional and different terms contained in CONSULTANT's proposals are hereIn rejected. This Agreement shall include the following exhibits ("Exhibits") attached hereto and incorporated herein by reference:

    Exhibit A  Scope of Services and Deliverables
    Exhibit B  Compensation and Payment Schedule

This Consulting Agreement and the Exhibits are collectively referred to as the "Contract Documents". To the extent of any inconsistency or conflicting terms and/or conditions between this Agreement and any of the Exhibits, this Agreement shall govern and control. The Exhibits will have the same priority in the event of an irreconcilable conflict in the order in which they are listed above.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first shown above.

PDV USA, Inc.                              Interamerican Consulting

By: _____               By: _____

Name:  GUILLERMO BLANCO                    Name:  DAVID RIVERA

Title:  President                          Title:  President

Date:  March 21st, 2017                    Date:  March 21st, 2017



# CONSULTING AGREEMENT

## EXHIBIT A
### of
Consulting Agreementby and Between
PDV USA, Inc and
Interamerican Consulting, Incorporated
March 21st, 2017

### SCOPE OF SERVICES AND DELIVERABLES

The Services in general shall include, but not limited to:

It shall be the CONSULTANT's duty to provide strategic consulting services to the CLIENT as the CLIENT deems necessary and appropriate.

CONSULTANT will provide CLIENT with strategic consulting and assistance developing strategies to inform policy makers and opinion leaders regarding CLIENT initiatives and achievements.

CONSULTANT will develop and work with CLIENT to organize and implement a multi-faceted strategy to reinforce CLIENT's standing among important public officials and opinion leaders.

CONSULTANT will support CLIENT in the planning and execution of a strategic plan directed at targeted stakeholders to assist CLIENT with the development and implementation of a program to support efforts that will enhance the long-term reputation and standing of CLIENT.

CONSULTANT will identify opportunities to build long-term relationships among key third-parties, opinion leaders and public officials.

Consultant Deliverables are:

The CONSULTANT will provide the CLIENT with updates regarding the strategic consulting services provided by the CONSULTANT, and include with the invoice all supporting documentation, and set out adequate and complete details of the Services rendered.

CONSULTANT shall provide CLIENT with a bi-weekly report detailing the activities that it has carried out during that period to achieve the stated goals and purposes of the Agreement as well as a final report integrating all work product including recommendations for monitoring and following-up on the strategies implemented.



## CONSULTING AGREEMENT

### EXHIBIT B
of
Consulting Agreement by and Between
PDV USA, Inc and
Interamerican Consulting, Incorporated
March 21st, 2017

### COMPENSATION AND PAYMENT SCHEDULE

CONSULTANT agrees to accept and PDV USA agrees to pay for the complete, satisfactory and timely performance of the Services in strict accordance with all requirements contained in this Agreement. The total compensation for the Services provided by CONSULTANT, as per the terms and conditions herein provided, is U.S. Dollars 50,000,000.00.

### PAYMENT SCHEDULE:

Initial Payment Installment for US$ 5,000,000.00 on March 21st, 2017

Consecutive Payment Installments for US$ 5,000,000.00 every two weeks starting on April 4th, 2017 until reaching the total amount of US$ 25,000,000.00 by May 16th, 2017

Final Payment Installment for US$ 25,000,000.00 before June 15th, 2017.

### INVOICING:

Consultant shall submit an invoice for the Service completed and accepted, (as approved by the PDV USA Representative indicated in Section 14 of the Consulting Agreement), in triplicate, to the address shown below. The invoice shall reference the Consulting Agreement Number, PDV USA authorized personnel responsible for accepting the services provided, and banking instructions.

Invoices shall be submitted by email to:

Mr. Pío González
Email: gonzalezpu@pdvsa.com
PhoneNumber: +582127083700

PGA0061



# Form W-9
(Rev. December 2014)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer Identification Number and Certification

Give Form to the requester. Do not send to the IRS.

1. Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
   **Interamerican Consulting, Incorporated**

2. Business name/disregarded entity name, if different from above

3. Check appropriate box for federal tax classification; check only one of the following seven boxes:
   - [ ] Individual/sole proprietor or single-member LLC
   - [ ] C Corporation
   - [x] S Corporation
   - [ ] Partnership
   - [ ] Trust/estate
   - [ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶
   - [ ] Other (see instructions) ▶

4. Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):
   Exempt payee code (if any) _____
   Exemption from FATCA reporting code (if any) _____

5. Address (number, street, and apt. or suite no.)
   **10925 N.W. 43rd Lane**

6. City, state, and ZIP code
   **Miami, Florida 33178**

7. List account number(s) here (optional)

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Employer identification number: ▨▨-▨▨▨5 9 8 1

### Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

Sign Here: Signature of U.S. person ▶ /s/   Date ▶ 3-21-17

### General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at www.irs.gov/fw9.

### Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

- Form 1099-INT (interest earned or paid)
- Form 1099-DIV (dividends, including those from stocks or mutual funds)
- Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
- Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
- Form 1099-S (proceeds from real estate transactions)
- Form 1099-K (merchant card and third party network transactions)
- Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
- Form 1099-C (canceled debt)
- Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See *What is backup withholding?* on page 2.

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify that you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and
4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

Cat. No. 10231X     Form W-9 (Rev. 12-2014)

PGA0062

PGA0001



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK  )
                               )    ss:
COUNTY of NEW YORK  )

### *CERTIFICATE OF ACCURACY*

This is to certify that the attached document, "PGA0001-PGA0170_EN"- originally written in Spanish, -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into English.

Dated: 3/3/2022

*[signature]*

Heather Cameron
Projects Manager
Consortra Translations

Sworn to and signed before ME
This 3rd day of March, 2022

*[signature]*
Notary Public

JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022

Your
legal
translation
partner