# Exhibit 13

Subject: Fwd: Malpica: Preliminary Assessment
From: David Rivera <rivera2002@comcast.net>
Date: Fri, Dec 08, 2017 11:04 am
To: rgorrn@me.com, eee1964@gmail.com

Como ven abajo, ya el bufete del abogado aprovo lo de Erik. Necesitan la direccion de Erickson or de Erik para la carta de representacion. Gracias.

---

From: "Ronald Meltzer" <Ronald.Meltzer@wilmerhale.com>
To: "David Rivera" <rivera2002@comcast.net>
Sent: Friday, December 8, 2017 7:50:17 AM
Subject: RE: Malpica: Preliminary Assessment

David,
Our firm has approved the engagement with Carlos, and I will prepare an engagement letter to send to him. Please let me know his address that I can use in the engagement letter.
Ron

**Ronald I. Meltzer | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6389 (t)
+1 202 663 6363 (f)
ronald.meltzer@wilmerhale.com

Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

From: David Rivera [mailto:rivera2002@comcast.net]
Sent: Monday, December 04, 2017 12:16 PM
To: Meltzer, Ronald
Subject: Re: Malpica: Preliminary Assessment

Mr. Meltzer,

Can you send me a draft of an email with the exact verbiage that Mr. Laurens Zapata needs to send you so that he can just copy and paste since he does not speak English? That would help move things forward. Thanks.

David

---

From: "Ronald Meltzer" <Ronald.Meltzer@wilmerhale.com>
To: "rivera2002@comcast.net" <rivera2002@comcast.net>
Sent: Thursday, November 30, 2017 8:53:29 AM
Subject: Malpica: Preliminary Assessment

David,

As discussed, this email concerns our possible retention to assess the merits and likely requirements of an OFAC delisting petition to remove Carlos Erik Malpica Flores from the SDN list. At this point, you have indicated that our client for an initial project would be Erickson Jose Laurens Zapata, a Venezuelan attorney who also may serve as local counsel to Mr. Malpica. The goal of this project is to analyze the basis and validity of claims made against Mr. Malpica in connection with his SDN designation by OFAC and to determine whether there are reasonable grounds to seek his removal from the OFAC SDN list ("Preliminary Assessment"). Mr. Malpica would not be our client at this stage, although should the Preliminary Assessment show that there is a viable delisting case to be made before OFAC, he could become our client in that OFAC proceeding, assuming that Mr. Malpica desired such representation and WilmerHale agreed to take on the matter at that time. If so, we would need to establish new terms for such representation, including the requirement that it be undertaken pursuant to an OFAC license for WilmerHale to provide legal services and receive fees for same in the delisting case.

For this Preliminary Assessment where Mr. Laurens is our client, we would need confirmation from him that he agrees to such representation at this time (the terms of which would be further detailed in a formal engagement letter), and we would need to know the source(s) of funds for his payment of our fees (i.e., the identities of persons/entities that would actually be providing funds to pay the fees and what bank accounts would be used). Under OFAC rules, we (nor any other US person, including you or a US forensic firm) could not accept payment at this time from Mr. Malpica, from any other SDN, or from a bank account that is blocked (i.e., owned/controlled by an SDN or otherwise the property of an SDN).

As discussed, if Mr. Laurens agrees to this representation, we would require an upfront retainer of $50,000 for our work on the Preliminary Assessment – from which we would debit our legal fees billed in the normal course. That retainer would replenished over time, if necessary, should our work for the Preliminary Assessment require additional legal services (and we would provide updates on the status of our work and billing to ensure that Mr. Laurens was properly informed about our progress). As you know, we would also retain under our legal supervision one or more forensic firms to investigate relevant facts and records needed to complete the Preliminary Assessment. We would expect that each such forensic firm would also require a $50,000 upfront retainer, paid along the same lines as described above. As you know, we are in discussion with PwC to perform such forensic investigate work, and will propose another such firm to carry out its own analysis of claims made against Mr. Malpica and other relevant information.

We hope this note is helpful in explaining how our representation for the Preliminary Assessment would work, including the confirmation we would need from Mr. Laurens relating to the sources of funds and methods of payment he would use to pay our legal fees and fees billed by the forensic firms.

Please let me know if you have any questions or would like to discuss any of the points noted above.
Best,
Ron

**Ronald I. Meltzer | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6389 (t)
+1 202 663 6363 (f)
ronald.meltzer@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Copyright © 2003-2020. All rights reserved.