# Exhibit 20

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------:

PDV USA, INC.,                        :

                    Plaintiff, :

    -against-                         : Case No.#20-cv-3699

INTERAMERICAN CONSULTING       :

INC.,                                 : New York, New York

                  Defendant.: January 3, 2023

------------------------------: CONFERENCE

PROCEEDINGS BEFORE

THE HONORABLE ROBERT W. LEHRBURGER

UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:      WILLKIE FARR & GALLAGHER LLP
                    BY:  Jeffrey B. Korn
                    787 Seventh Avenue
                    New York, New York 10019


For Defendant:      TUCKER H. BYRD & ASSOCIATES, PA
                    BY:  Tucker H. Byrd
                    180 North Park Avenue
                    Suite 2A
                    Winter Park, Florida 32789



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.


AMM TRANSCRIPTION SERVICES - 631.334.1445

1    an application can be made to lift the stay if the

2    material has not been secured within a reasonable

3    time.  What within your view is a reasonable time?

4              MR. KORN:  I would think in 90 days, 120

5    days would be a reasonable time.  It should be

6    plenty of time for Mr. Rivera to obtain these

7    documents.

8              As I've said, this is certainly more within

9    his control than within ours.  And we just want the

10   documents and -- so that we can use them in our case

11   and to respond to the counterclaims for $30 million

12   that have been asserted against my clients.

13             We have no interest in delaying this case

14   indefinitely, but we want to obtain the documents,

15   and we want to make sure that this case does not

16   proceed into summary judgment without them and

17   without the opportunity to reopen Mr. Rivera's

18   deposition to ask questions about them.

19             THE COURT:  Okay.  All right.

20             Mr. Byrd, do you want to respond to that?

21             MR. BYRD:  I would.  Thank you, Your Honor.

22             First of all, let me start by saying that I

23   think a stay is an excessive remedy for what they're

24   asking.  But let me, kind of, talk about some of the

25   particulars, including starting with the fact we

1  don't know exactly what these documents are the

2  government's referring to.  There's a reference to

3  them in the indictment.  Many of them, I believe,

4  we're going to find were originally in Spanish, so

5  we're not sure whether the interpretation is

6  accurate or not, but assuming that it is, we don't

7  know exactly what they have.  It refers to text

8  messages.  I think it refers to an e-mail or two,

9  but until we actually see the documents, we don't

10  really know.

11       But let's assume that there is some -- you

12  know, some relevance of some value to everybody.  As

13  to the question about, you know, why they were not

14  produced -- and we've told them before, as to the

15  text messages, we believe they were on a phone which

16  the FBI took control of back in 2017, years before a

17  lawsuit was filed.  And my clients never got the

18  possession of that phone back.  Whatever is on that

19  phone, is on that phone.  We don't have it.

20       They made an interesting point in

21  Footnote 4 of one of their applications.  They said,

22  well, you can -- there's a permissive way to

23  download the account data.  I think that's a

24  voluntary thing.  I'm not aware that was ever done.

25  I'm not even aware whether you could go back now,

1    five years later, into a WhatsApp account and

2    resurrect text messages.  You know, WhatsApp is not

3    like some of these other services.

4              THE COURT:  Well, you say you're not aware,

5    but has any effort been made to see if that can be

6    done?

7              MR. BYRD:  We have not looked into that.

8    We will be glad to do that, Your Honor.  I mean,

9    that's a simple -- the simple response is, sure, we

10   would be glad to see if we can.

11             You know, the government has what it has,

12   and I think that that deals with the bulk of what

13   they call the missing documents.  And if the Court

14   prefers, we would be glad to see if it can be

15   resurrected.  It's a -- it is just a little

16   different, as I understand it.  It is a -- that's a

17   technical question.

18             THE COURT:  Sure.

19             MR. BYRD:  As to the reference to an

20   e-mail, I'm not sure what e-mails they're referring

21   to.  Obviously, we think we've done an exhaustive

22   e-mail search.  And if we saw the e-mails they are

23   referring to, who knows?  I mean, we ran -- twice,

24   we produced documents.  We've run queries.  You

25   know, does there -- is there something unusual about

1

2                    C E R T I F I C A T E

3

4        I, Adrienne M. Mignano, certify that the

5    foregoing transcript of proceedings in the case of

6    PDV USA, Inc. v. Interamerican Consulting Inc.;

7    Docket #20CV3699 was prepared using digital

8    transcription software and is a true and accurate

9    record of the proceedings.

10

11

12   Signature  *Adrienne M. Mignano*
                 _____

13                ADRIENNE M. MIGNANO, RPR

14

15   Date:       March 8, 2023

16

17

18

19

20

21

22

23

24

25