# Exhibit 22

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PDV, USA, INC.,

    Petitioner,

v.                                         Case No. 1:24-mc-20456-DPG

DAVID RIVERA,

    Respondent.
_____/

## DAVID RIVERA'S RESPONSE
## IN OPPOSITION TO PDV USA'S SECOND MOTION TO COMPEL

Respondent, David Rivera ("Rivera"), responds in opposition to the *Second Expedited Motion to Compel Respondent's Compliance with a Subpoena to Produce Documents* ("Second Motion to Compel") (Doc. 20) filed by Movant, PDV USA, Inc. ("PDV USA"), and states as follows:

### I. INTRODUCTION

The entirety of PDV USA's Second Motion to Compel rests on the premise that the Government has produced "thousands" of documents in the Criminal Proceeding[1] which are responsive to PDV USA's subpoena to Rivera. PDV USA's position is misleading and unfounded. Counsel for Rivera in the Criminal Proceeding, Edward Shohat, has confirmed that he has only received limited discovery from the Government regarding the availability of Rivera's assets to pay attorney's fees and costs, only five documents of which were shared with Rivera. (Doc. 17-

---

[1] All capitalized terms have the same definition as provided in Interamerican's response to PDV USA's first motion to compel.

1).[2] That there are supposedly thousands of documents in the Government's production does not automatically make them relevant to the underlying litigation in the Southern District of New York, styled *PDV USA, Inc. v. Interamerican Consulting, Inc.,* with case number 20-cv-3699 (the "New York Litigation") or responsive to PDV USA's subpoena. Indeed, neither Mr. Rivera, his counsel in this proceeding, nor PDV USA have the ability to review the Government's production to determine which documents, if any, are responsive to PDV USA's subpoena because of the *Protective Order Governing Disclosure of Discovery and Sensitive Information* (the "Protective Order") in the Criminal Proceeding, which expressly forbids Mr. Rivera's criminal counsel from sharing documents produced in the Criminal Proceeding. A true and correct copy of the Protective Order is attached hereto as **Exhibit "A."**

Even if PDV USA could show that the entirety of the Government's production was responsive to its subpoena—which it cannot—PDV USA's Second Motion to Compel still fails for the same reasons its prior motion fails. Most critically, PDV USA cites no authority for its position that a criminal defendant can be compelled to produce documents his counsel received in connection with his representation for use in a separate civil proceeding. Further, Rivera is not in possession of any documents produced by the Government. Any production by the Government of documents in the Criminal Proceeding was to Rivera's counsel, who only represents Rivera in a limited capacity related to the availability of his assets to pay his attorney's fees, and, under the Protective Order, may only share documents with Rivera as "necessary to assist in the defense of their respective clients in this matter." (Ex. A at p. 1). And to the extent Rivera or his counsel have received any documents from the Government, they must be kept "in strict confidence and . . .

---

[2] Mr. Shohat has only been retained on a temporary basis as counsel on behalf of David Rivera in the Criminal Proceeding for the purpose of litigating issues regarding the availability of Rivera's assets to pay attorney's fees. Rivera has yet to be arraigned.

further disclosure or dissemination is prohibited without counsel's express consent." *Id.* at p. 2. Otherwise, they risk being in violation of the Protective Order.

## II.   BACKGROUND

The dispute precipitating this proceeding arose in November 2022, following the Indictment of David Rivera in the Southern District of Florida. Shortly thereafter, PDV USA claimed that Rivera and Interamerican had withheld several so-called Missing Documents referenced in the Indictment. After Interamerican informed PDV USA it did not have the Missing Documents, PDV USA moved to stay the New York Litigation to obtain the Missing Documents.

On November 8, 2023, PDV USA advised Interamerican that it believed Rivera was in possession of additional documents produced by the Government. *See* November 8, 2023 Letter from J. Korn, a true and correct copy of which is attached as **Exhibit "B."** Interamerican responded that Interamerican was not in possession of any of the documents produced by the Government or able to review them in light of the Protective Order. *See* November 10, 2023 Letter from J. Johnson, a true and correct copy of which is attached as **Exhibit "C."** Interamerican further raised concerns, relying on Rivera's criminal counsel, Mr. Shohat, that the documents in the Government's production were not relevant to the issues in the New York Litigation. *Id.* PDV USA replied, demanding that Interamerican "request" all documents produced by the Government in the Criminal Proceeding, but PDV USA did not take any independent action to obtain the documents until January 2024. *See* November 21, 2023 from J. Korn, a true and correct copy of which is attached as **Exhibit "D."**

On January 16, 2024, the Court in the New York Litigation granted an additional extension of the stay through March 15, 2024. (Doc. 162). In doing so, the court noted: "This additional time is to give Plaintiff an opportunity, though it had one and could have capitalized on it some time ago, to make whatever applications it deems necessary in the Florida criminal proceeding to obtain the documents. The stay will not be extended further." *Id.* Notably, the court declined PDV USA's request to force Interamerican or Mr. Rivera to request the documents out of the Southern District of Florida Criminal Proceeding.

Following entry of the January 16, 2024 Order in the New York Litigation, PDV USA finally moved to enforce its subpoena against Rivera in the Southern District of Florida on February 2, 2024, but only in a miscellaneous civil proceeding, not in the Criminal Proceeding as instructed by the court in the New York Litigation in its January 16, 2024 Order.

Separately, on February 26, 2024, PDV USA served a subpoena on the Government in the Criminal Proceeding, seeking documents that were quoted, referenced, or cited in the Indictment that have been produced to Rivera and his co-defendant, Esther Nuhfer—namely the same documents PDV USA claimed justified staying this case for over a year. On March 13, 2024, the Government agreed to produce documents responsive to PDV USA's subpoena. A true and correct copy of the correspondence with the Government is attached hereto as **Exhibit "E".** However, the Government has since requested an extension to respond, in light of several objections raised by Rivera and his co-defendant Esther Nuhfer to the Government's compliance with the subpoena. *Id.* The Government is now preparing to file a motion in the Criminal Proceeding regarding its "intention to produce documents responsive to the subpoena." (Doc. 23 at p. 2).

Most recently, on March 25, 2024, the Court in the New York Litigation entered an order requiring Interamerican produce to PDV all non-privileged documents that . . . (iii) are in

4

Interamerican's possession, custody, and control – including documents produced by the Government to Mr. Rivera in the criminal proceeding against Mr. Rivera." (New York Litigation, Doc. 166 at ¶ 1).[3] Subsequently, on April 4, 2024, the Court in the New York Litigation held its March 25, 2024 Order in abeyance for "the interest of efficiency, judicial comity, avoidance of potentially inconsistent rulings, and the presence of interested parties (such as the Government)," pending determination of by this Court of PDV USA's motions to compel in this proceeding.

I. **RIVERA DOES NOT HAVE ACCESS TO DOCUMENTS PRODUCED BY THE GOVERNMENT.**

Refusing to acknowledge the Protective Order, PDV USA claims that it is "highly likely" that a "significant percentage" of the documents produced by the Government are responsive to PDV USA's subpoena. This is pure speculation. Neither PDV USA nor counsel for Rivera in this proceeding have actually seen the Government's production. Nor can Rivera simply review the Government's production to determine which are responsive to PDV USA's requests. Consistent with the Protective Order, Rivera has only been given access to a select number of documents which his counsel deemed necessary to represent his interests in the Criminal Proceeding. Even then, criminal counsel for Rivera has restricted Rivera from sharing any documents he has received subject to the Protective Order.[4]

PDV USA also argues that this Court should ignore the Protective Order because the documents in the Government's production consist entirely of Rivera's communications. Even if this assertion were true—which is unknown—PDV USA again offers this Court no legal basis to

---

[3] Criminal counsel for Rivera has advised Interamerican that it will not consent to the production in the New York Litigation of any documents produced by the Government in the Criminal Proceeding because such a production would force them to violate the Protective Order.

[4] PDV USA cites the Government's *Reply in Support of Ex Parte Application for Second Post-Indictment Protective Order* (Criminal Proceeding, Doc. 116 at p. 19) to claim that that the Government described its production as consisting of documents that reflect "the same issues at the center of the [New York Litigation]." (Doc. 20 at p. 5). That filing was related to asset forfeiture litigation in the Criminal Proceeding, and the referenced quote was not in regard to the New York Litigation.

disturb an order entered in another proceeding. Whether some or all of the documents produced by the Government were in Rivera's possession at some point in the past is irrelevant and does not change the plain and unambiguous language of the Protective Order.

In any event, the documents produced by the Government are not in Rivera's possession but in his counsel's possession. Indeed, unlike the cases on which PDV USA relies, Rivera's counsel only has access to the documents at issue by virtue of the Protective Order and cannot freely share them with Rivera. *See Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 15-CIV-24363, 2018 WL 1456614, at *6 (S.D. Fla. Mar. 23, 2018) (ordering recipient of subpoena to produce documents already in its possession independent of protective order in another case); *Mauermann v. Cooper Tire & Rubber Co.*, No. 15-14183-CIV, 2015 WL 12516630, at *5 (S.D. Fla. Sept. 3, 2015) (ordering defendant in products liability case to produce documents which were already in its possession independent of protective order issued in another case). Thus, Rivera has no legal right to access the documents produced under the Protective Order. *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) ("[D]ocuments have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand.'") (quoting *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.,* No. 09–599, 2010 WL 4853891, at *3 (M.D.Fla. Nov. 22, 2010)).

Moreover, PDV USA's claim that Rivera has an independent obligation to ask the Government or Court in the Criminal Proceeding for relief from the Protective Order is misplaced. Under PDV USA's argument, a nonparty to a criminal proceeding could control a criminal defendant's conduct in the criminal proceeding simply by serving a subpoena. This is not the law, and none of the cases on which PDV USA relies suggest otherwise. Indeed, PDV USA has not

cited any authority that would permit this Court to compel documents allegedly produced by the Government in a criminal case to be produced, for use in a separate civil case. And, after thorough investigation, Rivera is aware of no such authority. To the contrary, under Federal Rule of Criminal Procedure 16—which governs discovery and inspection of documents in the criminal context—there is no provision that would allow PDV USA to seek disclosure of documents at issue in the Criminal Proceeding (many of which are likely grand jury documents subject to the protections of Federal Rule of Criminal Procedure 6). The relief PDV USA requests is unprecedented and, if granted, would mean civil litigants could employ the Government's confidential investigative processes and grand jury procedures for their own civil purposes.[5]

Finally, PDV USA's claim that it is "practically guaranteed" that the Government's production includes "many more responsive emails and messages" that what has been produced to PDV USA is likely inaccurate and again rooted entirely in speculation. Interamerican conducted an exhaustive search of Rivera's phone and email accounts, producing over 18,000 text and WhatsApp messages, and hundreds of emails across multiple email accounts.

## II.     PDV USA'S MOTION IS UNTIMELY AND SHOULD NOT BE TREATED AS AN EXPEDITED MOTION.

As with its prior Motion, PDV USA's Second Motion to Compel is untimely. Local Rule 26.1(g)(2)(A)(iv) provides that a "party must submit any discovery dispute to the Court by service of a motion . . . within twenty-eight (28) days of the date when the issue was first raised with the opposing party." "Failure to submit a discovery dispute to the Court within the time periods set

---

[5] PDV USA's demand that Interamerican or Rivera request the documents from the Government is largely moot. Despite being initially prepared to produce documents to PDV USA referenced in the Indictment in response to PDV USA's February 26, 2024 subpoena, it has since receded from its original position to consider the objections raised by criminal counsel for Rivera and co-defendant, Esther Nuhfer. Rivera was recently advised that the Government intends to file a motion in the Criminal Proceeding following the objections raised by Rivera and Nuhfer to its compliance with PDV USA's February 26, 2024 subpoena.

7

forth in [Local Rule 26.1(g)(2)(A)(i)-(iv)], absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief." S.D. Fla. L.R. 26.1(g)(2)(B)

The discovery dispute at issue arose well over a year ago in December 2022 when PDV USA first claimed that Rivera was in possession of the Missing Documents. PDV USA attempts to avoid its failure to seek relief from this Court by claiming it only learned the Government had produced "thousands" of additional documents in Interamerican's response to it prior motion to compel. PDV USA's position, however, is belied by the record. PDV USA has claimed since at least November 2023 that the Government has produced documents in the Criminal Proceeding, independent of the Missing Documents. When Interamerican informed PDV USA it was unable to review any production by the Government, PDV USA continued to insist that Interamerican had responsive documents in its possession but took no independent action to obtain them until January 2024.

Relatedly, any urgency to resolve this dispute on an expedited basis is entirely of PDV USA's own making and does not warrant expedited relief. PDV USA argues that this Court should rule on its Motion on an expedited basis because the stay of the New York Litigation is set to expire. Yet, it ignores that it has already received multiple extensions of the stay which it originally sought and obtained over a year ago in January 2023. PDV USA's dilatory conduct in seeking relief from this Court is not a valid basis to seek expedited relief.

### III.   CONCLUSION

For the foreoging reasons, David Rivera respectfully requests that this Court deny PDV USA's Motion to Compel.

*s/ Jason Johnson*
**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Ward Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: JJohnson@ByrdCampbell.com
Secondary Email: RMicale@ByrdCampbell.com
*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2024, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

*/s/ Jason Johnson*
**Jason Johnson**