Exhibit 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20456-MD

PDV USA, INC.,

    Petitioner,

v.

DAVID RIVERA,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner PDV USA, Inc.'s ("PDV USA") Motions to Compel Respondent's Compliance with Subpoena to Produce Documents. (ECF Nos. 1, 20). Respondent filed Responses (ECF Nos. 17, 24), to which Petitioner filed Replies (ECF Nos. 18, 32). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Darrin P. Gayles,[1] United States District Judge, for all non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 19). A hearing was held on the Motions on April 19, 2024. Upon consideration of the Motions, Responses, Replies, the arguments advanced at the hearing, and being otherwise fully advised in the premises, the Motions are **GRANTED**.

**I.    BACKGROUND**

Petitioner PDV USA initiated a lawsuit in the United States District Court for the Southern

---

[1] This matter has since been transferred to the Honorable Melissa Damian.

1

District of New York against Interamerican Consulting, Inc. ("Interamerican") for breach of contract and unjust enrichment (the "underlying litigation"). *See PDV USA, Inc. v. Interamerican Consulting Inc.*, No. 1:20-cv-03699 (S.D.N.Y. 2020). Interamerican is a consulting company solely owned and operated by Respondent David Rivera ("Rivera"). Petitioner alleged that Interamerican failed to render any consulting services as part of a 2017 Consulting Agreement ("Agreement") under which Petitioner was to pay $50 million to Interamerican over a three-month period in exchange for strategic consulting services. Petitioner further alleges that Rivera impermissibly entered into subcontract agreements under the Agreement without Petitioner's prior consent. PDV alleges that, pursuant to those subcontracts, a majority of the $15 million paid by PDV USA to Interamerican under the Agreement was funneled by Rivera to other individuals. In response, Interamerican asserted counterclaims alleging it fully performed under the Agreement and is owed the unpaid balance by PDV USA.

Discovery in the underlying litigation began in 2021. Petitioner represents, without contradiction, that it has attempted to pursue the documents at issue through other vehicles, including discovery requests directed to Interamerican and a subpoena to Rivera, without success; Petitioner further represents that in the underlying action, circumstances suggest that Mr. Rivera deleted the contested documents to avoid producing them in that action. (ECF No. 1 at 5–7).

On November 16, 2022, Rivera was indicted by a grand jury in the Southern District of Florida, (the "criminal matter"). *See USA v. Rivera, et al.*, No. 1:22-cr-20552-MD (S.D. Fla.). The Indictment alleges Rivera and his co-defendant, Esther Nuhfer, used the Agreement to "creat[e] the false appearance that they were providing consulting services to PDV USA." *USA v. Rivera, et al.*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 3 at 5. In November of 2023, counsel for Petitioner represents that it learned for the first time that the Government had, in connection

with the criminal matter, produced to Rivera documents, including emails and text messages, that overlap substantially with the discovery Petitioner has been pursuing in the underlying litigation. Accordingly, Petitioner issued a subpoena to Respondent Rivera demanding production of the documents relating to the Agreement, which Petitioner then had reason to believe Respondent had, as a result of the production by the Government. Rivera resisted the subpoena, and on February 5, 2024, Petitioner initiated this action by filing the subject Motions to Compel seeking an order enforcing compliance with a subpoena served on Respondent.

## II. DISCUSSION

Petitioner seeks production of the communications as excerpted in the Indictment and the "thousands" of documents Rivera represented were produced to his counsel in the criminal matter responsive to the subpoena.

Respondent asserts that Petitioner fails to cite to any authority that would permit this Court to compel documents produced in a criminal matter. Respondent argues that the production of said documents would be in direct violation of the Protective Order entered in the criminal matter. Respondent contends that the documents were only produced to Rivera's counsel, not to Rivera personally, and argues accordingly that the responsive documents are not in his possession. Respondent further asserts Petitioner's Motions are untimely.

### A. Relevance

Federal Rule of Civil Procedure 45 addresses the issuance and enforcement of subpoenas. A subpoena under Federal Rule of Civil Procedure 45 is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit. *Sakhil Ctr. at Doral Condo. Ass'n, Inc. v. Hanover Ins.*, No. 18-21659-CIV, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019). A party to a federal lawsuit may issue, for example, a subpoena to a nonparty,

compelling the production of documents relevant to any of the parties' claims or defenses. *Id.*; *compare* Fed. R. Civ. P. 45 *with* Fed. R. Civ. P. 26(b)(1). In other words, a party may use a Rule 45 subpoena to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26. *Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011) (citations omitted).

Petitioner's issued subpoena seeks all documents and communications Rivera has in his possession regarding the Agreement, which is the basis of the claims in the underlying litigation. There is no meaningful dispute of relevance. Rather, Respondent asserts he does not personally have the documents, and if he did, he would be precluded from disclosing them.

The documents responsive to the subpoena in the Government's production to Rivera are patently relevant. The Superseding Indictment concerns the same Agreement at issue in the underlying litigation. *See USA v. Rivera, et al.*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 122 at 5 ("It was the purpose of the conspiracy for the defendants to unlawfully enrich themselves by engaging in political activities in the United States on behalf of the Government of Venezuela, . . . and to conceal these efforts by failing to register under FARA as agents of the Government of Venezuela and by creating the false appearance that they were providing consulting services to PDV USA.").

The communications excerpted in the Superseding Indictment unambiguously reveal their relatedness to the Agreement, and further reveal that these communications were sent to or by Respondent Rivera. *Rivera*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 122 at 12 ("On or about March 20, 2017, DAVID RIVERA received an email from Foreign Individual 2, attaching a copy of a draft consulting agreement between Interamerican Consulting and PDV USA with the 'Scope

of Services' section left blank.") (emphasis omitted); *Id.* at 19 ("On or about May 31, 2017, DAVID RIVERA forwarded to ESTHER NUHFER an email he received from a CITGO attorney asking for RIVERA's consent to assign the consulting contract from PDV USA to PDVSA, stating: 'Call me. I don't think there's any way we can do this.'") (emphasis omitted). Though Rivera contends that these documents should not be produced because they were produced to him in a criminal matter, "if the document is relevant and not privileged, the Court can discern no reason for prohibiting its production through the discovery process [for] a related civil litigation." *United States v. Fiorentino*, No. 14-20025-CR, 2014 WL 1877411, at *3 (S.D. Fla. May 9, 2014).[2]

Respondent does not advance any argument that the documents sought are not responsive, beyond a vague challenge to Petitioner's ability to demonstrate that the entirety of the Government's production is responsive to the subpoena.

### B.     Protective Order in the Criminal Matter

Respondent asserts that he is not permitted to produce the requested documents because of a protective order entered in the criminal matter (the "Protective Order"). *See USA v. Rivera, et al.*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 95. The Government moved for the Protective Order, noting that its necessity stems from the fact that the Government's production contains "sensitive private financial information of individuals and entities, as well as personal identifying information of the defendants and other non-party individuals," including for example "bank account numbers, social security numbers, birthdates, phone numbers, signatures, and residential addresses of various entities and individuals." *Rivera*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 94. The Government sought the protective order "to ensure the protection of this information

---

[2] Respondent does not assert the documents are privileged.

and to avoid the disclosure of this information to other individuals." *Id.* Rivera did not oppose its entry.

The Protective Order permits the Government to disclose to defendants "material in its possession that the government believes contains sensitive information in order to expedite pre-trial forfeiture litigation." *Rivera, et al.*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 95. The Protective Order provides that defense counsel "shall hold the discovery materials in strict confidence, disclosing the discovery to counsel's client, office staff, investigators, consultants, and anticipated fact or expert witnesses only to the extent counsel believes is necessary to assist in the defense of their respective clients in this matter." *Id.* The restriction in disclosure is not limited to documents marked as "confidential," but rather, applies as an umbrella protection over all materials disclosed by the Government in the criminal matter. The restriction in disclosure is not reciprocal, but rather, applies by its terms only to limit defense counsel's disclosure.

The documents sought by Petitioner originated with Respondent, but, it is proffered, were destroyed at some point; Petitioner seeks them pursuant to the present subpoena on the belief that copies of the documents have been reproduced to Respondent by the Government. Rivera's reliance on the Protective Order ignores this reality. Respondent's reliance on the Protective Order would assume "that once a document is deemed confidential in one litigation, it may never be sought through discovery procedures for use in another litigation." *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 15-CIV-24363, 2018 WL 1456614, at \*6 (S.D. Fla. Mar. 23, 2018) (compelling compliance with subpoena over objection that another court's protective order prohibited its production). "Just because a document was produced in a prior litigation does not mean it never can be used again in any later similar litigation. That document continues to exist independently, and if it relates to a different case, it should be produced in that different case."

*Mauermann v. Cooper Tire & Rubber Co.*, No. 15-14183-CIV, 2015 WL 12516630, at *5 (S.D. Fla. Sept. 3, 2015).

Alternatively, Rivera's reliance on the Protective Order here would be misplaced even to the extent responsive documents have come into his possession for the first time via the Government's production because the Government, as the proponent of the confidential treatment of the production, does not now oppose their disclosure pursuant to the subpoena. The burden of maintaining their confidential treatment resides with the Government: "where a third party seeks access to material disclosed during discovery and covered by a protective order, the constitutional right of access, like Rule 26, requires a showing of good cause by the party seeking protection." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001).

Petitioner was ordered to supplement its Expedited Motion (ECF No. 20) with a certificate of conferral with the Government, indicating its position on the Motion. (ECF No. 22). The Government has now thrice indicated that disclosure of the contested information does not implicate any grand jury secrecy concerns or other privilege; to the extent the contested documents reveal personal identifying and financial information, the Government takes the position that a protective order in the underlying litigation is adequate to safeguard its concerns. The Government has reiterated its position in writing in the criminal matter, *USA v. Rivera*, No. 1:22-cr-20552-MD (S.D. Fla.), ECF No. 162, and orally at the hearing before the undersigned, *see* (ECF No. 37).

Indeed, there is a protective order in place in the underlying litigation sufficient to protect any confidentiality of the material produced. *Attached as* (ECF No. 1-7) ("Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes."). Thus, the undersigned concludes that the Petitioner's production of the documents produced to Rivera in the criminal matter for use in the underlying

7

litigation does not violate the Protective Order in the criminal matter. *See Marjam Supply Co. of Fla., LLC*, 2018 WL 1456614, at *7 ("There is a Confidentiality and Stipulated Protective Order in this case that serves to offer the same protection to those documents in this case as the Protective Order did in the Pennsylvania Litigation. Thus, the undersigned concludes that the Defendants' attempt to seek production of those documents through discovery for use in this case does not violate the Pennsylvania Protective Order.") (citations omitted).

### C.    Possession, Custody, and Control

Rivera contends that he cannot produce the requested documents because they are not in his possession. Rather, beyond a small set of documents, Respondent asserts that the Government's production was solely in the possession of Respondent's defense attorneys.[3]

Rule 45 provides that a party may serve a subpoena commanding the production of documents in the responding person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii); *Cherestal v. Sears Roebuck & Co.*, No. 6:12-CV-1681-ORL-28, 2013 WL 5305671, at *3 (M.D. Fla. Sept. 20, 2013); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 165 n.6 (1980) (Stevens J., concurring in part) (noting that Rule 34's standard requiring a party to produce documents if they are within his "possession, custody or control" applies to subpoenas *duces tecum* under Rule 45). "Control is defined as a 'party's legal right, authority, or practical ability to obtain the materials sought on demand.'" *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins.*, No. 2:09-CV-599-FTM-99S, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010).

---

[3] Respondent's counsel in this matter represented at the hearing that he does not have possession of the documents. The Government represented that the documents were produced to Respondent through defense counsel in the criminal matter by uploading these documents through an uploading service.

8

Respondent's contention that the documents are not in his possession is not a well-placed objection to production. As Respondent can easily request the responsive documents to be exchanged between Respondent's counsel, the Court finds that the materials are within his control. *See Cherestal*, 2013 WL 5305671, at *3 (M.D. Fla. Sept. 20, 2013) ("Because Plaintiff can easily acquire the documents from her attorney, who has represented her in both cases, the Court finds that the materials are within her control.").

Moreover, Petitioner included in the instructions of the subject subpoena that Respondent was required "to produce all Documents described below that are in Your possession, custody or control, including, for the purposes of illustration only, those Documents in the possession, custody or control of **Your counsel (in this matter or any other action)** or former attorneys, employees or other agents, regardless of location." (ECF No. 1-2 at 7) (emphasis added). Respondent did not object to this instruction. Any objections not timely asserted are deemed waived. *See Trujillo v. USAA Cas. Ins.*, No. 11-80320-CIV, 2012 WL 12855428, at *2 (S.D. Fla. May 2, 2012) ("A non-party waives any objections if [he] does not timely object to the subpoena.").[4]

### D. Timeliness

Respondent asserts that Petitioner's Motions are untimely because Petitioner did not bring forth the dispute within 28 days as required by the Local Rules. Southern District of Florida Local Rule 26.1(g)(2)(B) permits the Court, in its discretion and absent a showing of good cause by the moving party, to deny a discovery motion as untimely. S.D. Fla. L.R. 26.1(g)(2)(B). However, the Court declines to deny the instant Motions on the basis that they are untimely and instead the

---

[4] Respondent further objects summarily based on the possibility that the documents are "likely" grand jury documents. Respondent provides no basis for this assertion. "To the extent any documents were subpoenaed and considered by the grand jury, the documents are sought here in this [lawsuit] for their own sake, to obtain the information in the documents, not to determine what, if anything, occurred before the grand jury. There is thus a strong argument that the documents [Petitioner] seeks are not covered by [Federal Rule of Criminal Procedure 6(e)] . . . ." *Fed. Election Comm'n v. Rivera*, 333 F.R.D. 282, 288 (S.D. Fla. 2019).

9

Court will assess the Motions on their merits. Petitioner represents it was not until late 2023 that Petitioner learned that Rivera received document productions in the criminal matter; a fact that Rivera failed to alert Petitioner of. Subsequently, Petitioner moved to compel production of these documents in the underlying litigation. When that motion was originally denied on January 16, 2024, Petitioners initiated the instant action on February 5, 2024. Appreciating the procedural history among the Parties and the importance of the instant dispute, the Court finds good cause to adjudicate the dispute on the merits.

### III.   CONCLUSION

Based on the foregoing, Petitioner's Motions to Compel Respondent's Compliance with Subpoena to Produce Documents (ECF Nos. 1, 20) are **GRANTED**. Respondent was ordered to produce documents responsive to the subpoena within fourteen days of the discovery hearing held in this matter, which was conducted on April 19, 2024.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of May, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE