Exhibit 25

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

May 29, 2024

**VIA EMAIL AND FEDEX**

United States Attorney's Office
Southern District of Florida
Custodian of Records
99 NE 4 Street
Miami, FL 33132

Re:    Second *Touhy* Request Related to *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No:
       1:20-cv-03699-JGK-RWL

Dear Custodian of Records:

We represent Plaintiff PDV USA, Inc. ("PDV USA") in the above-captioned case, *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 1:20-cv-3699 (S.D.N.Y.) (the "S.D.N.Y. Litigation"). On February 26, 2024, PDV USA sent you a *Touhy* request and subpoena in connection with the S.D.N.Y. Litigation (the "First *Touhy* Request," attached here as Exhibit A). Unless otherwise noted, all defined terms have the same meaning as set forth in the First *Touhy* Request.

In the First *Touhy* Request and subpoena, PDV USA requested all "Indictment Documents" to the extent they had been produced to Mr. Rivera in criminal discovery. Indictment Documents were defined as the dozens of text and WhatsApp messages and email communications to or from Mr. Rivera cited and quoted in the indictment of Mr. Rivera and Esther Nuhfer. As explained further in the First *Touhy* Request, PDV USA had been unable to obtain many of the Indictment Documents from Interamerican or Mr. Rivera, or from other third parties who appear on the documents, such as Ms. Nuhfer and Hugo Pereira.

On May 10, 2024, the government produced a number of documents to PDV USA in response to the First *Touhy* Request. Separately, on May 8, 2024, Mr. Rivera produced a number of documents to PDV USA. Mr. Rivera represented to PDV USA that his document production consisted of the "complete" production to Mr. Rivera by the government in criminal discovery.

As a result of these productions, PDV USA now has some, but not all of the Indictment Documents. Specifically, PDV USA still does not have the following communications to or from Mr. Rivera quoted in the indictment:

United States Attorney's Office Southern District of Florida Custodian of Records
May 29, 2024

    a.  All messages in the "MIA Chat Group."

    b.  March 7, 2017 email from David Rivera to Foreign Individual 1 and Esther Nuhfer, Indictment ¶ 2.[1]

    c.  March 20, 2017 email from David Rivera to Foreign Individual 2, Indictment ¶ 4.

    d.  March 20, 2017 email from Esther Nuhfer to David Rivera, Indictment ¶ 5.

    e.  March 20, 2017 email from David Rivera to Esther Nuhfer, Indictment ¶ 6.

    f.  March 20, 2017 email from David Rivera to Foreign Individual 2, Indictment ¶ 7.

    g.  March 21, 2017 email from David Rivera to Esther Nuhfer, Foreign Individual 1, and Individual 1, Indictment ¶ 8.

    h.  March 30, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 14.

    i.  March 31, 2017 email from David Rivera to the Esther Nuhfer, Indictment ¶ 15.

    j.  June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 49.

    k.  June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 50.

    l.  June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 51.

    m.  June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 52.

    n.  June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 53.

    o.  July 10, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 56.

    p.  July 11, 2017 text message from David Rivera to U.S. Senator 1, Indictment ¶ 57.

    q.  July 11, 2017 text message from David Rivera to the U.S. Senator 1, Indictment ¶ 58.

    r.  July 11, 2017 text message from David Rivera to the MIA Group Chat, Indictment ¶ 59.

    s.  July 14, 2017 text message from Esther Nuhfer to the David Rivera, Indictment ¶ 61.

    t.  July 14, 2017 text message from Esther Nuhfer to the David Rivera, Indictment ¶ 62.

    u.  July 14, 2017 text message from David Rivera to the Esther Nuhfer, Indictment ¶ 63.

    v.  July 18, 2017 text message from Individual 1 to the David Rivera, Indictment ¶ 64.

---

[1] All paragraph citations refer to the Overt Acts section of the indictment.

United States Attorney's Office Southern District of Florida Custodian of Records
May 29, 2024

    w.  July 18, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 65.

    x.  August 30, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 66.

    y.  August 30, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 67.

    z.  September 7, 2017 text message from Esther Nuhfer to the MIA Chat Group, Indictment ¶ 68.

    aa. September 25, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 70.

    bb. October 16, 2017 text message from Esther Nuhfer to David Rivera, Indictment ¶ 75.

    cc. October 18, 2017 text message from Esther Nuhfer to David Rivera, Indictment ¶ 76.

    dd. March 23, 2018 email from Esther Nuhfer to David Rivera, Indictment ¶ 82.

    ee. March 29, 2018 email from David Rivera to Foreign Individual 1, Indictment ¶ 83.

    ff. April 5, 2018 email from David Rivera to Foreign Individual 1, Indictment ¶ 87.

    gg. April 5, 2018 email from David Rivera to Foreign Individual 1, Indictment ¶ 88.

We hereby request these communications in accordance with 28 C.F.R. §§ 16.21–16.29. We request these documents irrespective of whether they have been produced to Mr. Rivera in criminal discovery. The relevance of these documents to the S.D.N.Y. Litigation is set forth in the First *Touhy* Request.

PDV USA does not request documents that would reveal any confidential information held by the Department of Justice. To the contrary, the Indictment Documents are, exclusively, emails and mobile messages to and from Mr. Rivera that are quoted at length in a publicly filed indictment. Nevertheless, the documents may be produced and provisionally designated as Confidential pursuant to the Stipulation and Order for the Production and Exchange of Confidential Information in the S.D.N.Y. Litigation (Ex. F to the First *Touhy* Request).

We are happy to accept the production in whatever form preferred by the Department of Justice.

The United States and the Department of Justice are not parties to the S.D.N.Y. Litigation.

Please let us know if you have any questions or would like to discuss this matter further.

United States Attorney's Office Southern District of Florida Custodian of Records
May 29, 2024

Respectfully submitted,


WILLKIE FARR & GALLAGHER LLP
By: */s/ Brady M. Sullivan*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for PDV USA, Inc.*

cc:

Harold E. Schimkat
Joshua Paster
Nalina Sombuntham
United States Attorney's Office
Southern District of Florida
99 NE 4 Street, 4th Floor
Miami, FL 33132
Harold.Schimkat@usdoj.gov
joshua.paster@usdoj.gov
nalina.sombuntham2@usdoj.gov

Evan N. Turgeon
U.S. Department of Justice
National Security Division
Counterintelligence and Export
Control Section
950 Pennsylvania Avenue, NW,
Suite 7700
Washington, DC 20530
evan.turgeon@usdoj.gov

# EXHIBIT A

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

February 26, 2024

**VIA EMAIL AND FEDEX**

United States Attorney's Office
Southern District of Florida
Custodian of Records
99 NE 4 Street
Miami, FL 33132

Re:    *Touhy* Request Related to *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No: 1:20-cv-03699-JGK-RWL

Dear Custodian of Records:

We represent Plaintiff PDV USA, Inc. ("PDV USA") in the above-captioned case, *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 1:20-cv-3699 (S.D.N.Y.) (the "S.D.N.Y. Litigation"). The S.D.N.Y. Litigation concerns a March 2017 consulting agreement between PDV USA and Interamerican Consulting, Inc. ("Interamerican"), a one-person consulting firm solely owned and operated by David Rivera. Mr. Rivera and co-defendant Esther Nuhfer were indicted by a grand jury in the Southern District of Florida for conduct related to the consulting agreement. *See generally United States v. Rivera, et. al.*, 1:22-cr-20552 (S.D. Fla.), ECF No. 3 (the "Indictment," Ex. A).[1] We hereby request, in accordance with 28 C.F.R. §§ 16.21–16.29, all documents referenced in the Indictment that have been produced by the government to Mr. Rivera and/or Ms. Nuhfer in the criminal proceeding against them. Pursuant to 28 C.F.R. § 16.22(a) and (d), the documents requested and their relevance to the S.D.N.Y. Litigation are explained below. PDV USA is also serving a subpoena on the Custodian of Records requesting the same documents.

PDV USA is an indirect subsidiary of the Venezuelan oil company Petróleos de Venezuela ("PDVSA"). ¶ 11.[2] In 2017, PDV USA existed to provide shareholder support services in the United States to PDVSA. *Id.* The S.D.N.Y. Litigation concerns a March 2017 consulting agreement, pursuant to which PDV USA agreed to pay $50 million to Interamerican in six installments over a three-month period and in exchange Interamerican agreed to provide purported "strategic consulting services" for the benefit of PDVSA (the "Agreement"). ¶¶ 1, 3, 16, 22. Among other things, Interamerican agreed to: (1) provide PDV USA with seven bi-weekly reports and a final report detailing the consulting activities it carried out, (2) supply adequate supporting

---

[1] Citations to exhibits ("Ex. __") refer to the exhibits attached to this letter.
[2] Citations to ¶ __, unless otherwise noted, refer to the Second Amended Complaint in the S.D.N.Y. Litigation. *See PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 104 (Ex. B).

United States Attorney's Office Southern District of Florida Custodian of Records
February 26, 2024

details on all invoices submitted to PDV USA, (3) not subcontract its services without prior written consent of PDV USA's authorized representative, and (4) not use the money received from PDV USA for illegal purposes or to otherwise violate the law.  ¶¶ 25, 30–31.

PDV USA alleges that Interamerican failed to deliver any consulting services and breached numerous provisions of the Agreement.  For example, Interamerican failed to provide the seven bi-weekly reports.  ¶ 38.  None of its invoices, which totaled $50 million, had any supporting documentation or explanation of services rendered.  ¶ 44.  Third party discovery has revealed that Mr. Rivera breached the no-subcontracting warranty as well.  Without prior written consent by PDV USA, Interamerican entered into written "subcontract" agreements, signed by Mr. Rivera and (i) indicted fugitive Raul Gorrín, (ii) Esther Nuhfer (who is now Mr. Rivera's co-defendant in the criminal proceeding), and (iii) convicted drug trafficker Hugo Perera.  ¶¶ 4–7, 46–57, 86.  Pursuant to those subcontracts, most of the $15 million paid by PDV USA to Interamerican under the Agreement was funneled by Mr. Rivera to those three individuals, including to a yacht company that serviced yachts for Mr. Gorrín.  *Id.*  In addition, Interamerican breached its warranty and covenant to not use any of the payments from PDV USA for illegal purposes.  ¶ 58.

PDV USA sued Interamerican for breach of contract or, in the alternative, unjust enrichment, on the grounds that the Agreement is a void instrument of illegality, which PDV USA entered into at the direction of PDVSA when it was controlled by the Maduro regime.  ¶¶ 7, 76–81.  Interamerican maintains a $30 million counterclaim.

In discovery PDV USA served (i) document requests on Interamerican (Ex. C), (ii) a document subpoena on Mr. Rivera (Ex. D), and (iii) a document subpoena on Ms. Nuhfer (Ex. E).  The document requests and subpoenas call for, among other things, all documents related to the Agreement.

In December 2022, at the close of fact discovery in the S.D.N.Y. Litigation, the Indictment was unsealed in the Southern District of Florida.  The Indictment alleges Mr. Rivera and Ms. Nuhfer conspired to "enrich themselves by engaging in political activities in the United States on behalf of the Government of Venezuela" without registering under FARA.  Indictment at p. 5, ¶ 3.  The Indictment goes to the heart of the S.D.N.Y. Litigation: the government alleges that, in order to conceal their illegal lobbying and money laundering, Mr. Rivera and Ms. Nuhfer used the Agreement to *"creat[e] the false appearance that they were providing consulting services to PDV USA."  Id.* (emphasis added).

The Indictment cites and quotes from dozens of text and WhatsApp messages and email communications to or from Mr. Rivera concerning the Agreement, the vast majority of which have never been produced to PDV USA by Interamerican, Mr. Rivera, or Ms. Nuhfer in the S.D.N.Y Litigation (the "Indictment Documents").  The Indictment Documents are directly relevant to PDV USA's claims and defenses.  They provide a near day-by-day roadmap of Interamerican's schemes in connection with the Agreement.  For example, they include:

- drafts of the Agreement itself (Indictment, Overt Acts, ¶¶ 6, 73);

United States Attorney's Office Southern District of Florida Custodian of Records
February 26, 2024

- communications about the tens of millions of dollars paid by PDV USA to Interamerican pursuant to the Agreement (*id.* at ¶¶ 24, 41, 44–45);

- communications about the bi-weekly progress reports that Interamerican was supposed to submit to PDV USA pursuant to the Agreement (*id.* ¶ 74);

- communications about the subcontracting agreements signed by Mr. Rivera that prove Interamerican breached the Agreement (*id.* ¶¶ 15, 19, 20–22, 24, 32, 41, 44–45, 48–53, 74);

- communications with and concerning U.S. public officials that are central to Interamerican's counterclaims (*id.* ¶¶ 14–15, 23–24, 26, 38).

When PDV USA inquired why the Indictment Documents had not been produced, Mr. Rivera claimed he did not have any of them in his possession. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 158 at 2. The record strongly suggests that Mr. Rivera intentionally deleted them. *See PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 160 at 3.

The government has now produced some or all of the Indictment Documents back to Mr. Rivera in criminal discovery. *See* United States' Reply In Support of Ex Parte Application at 19, *United States v. Rivera et al.*, 1:22-cr-20552 (S.D. Fla.), ECF No. 116; *see also PDV USA, Inc. v. Rivera*, No. 24-mc-20456 (S.D. Fla.), ECF No. 17 at 6. However, Mr. Rivera maintains that he does not have any Indictment Documents in his possession, and that even if he did, he is unable to produce them to PDV USA in the S.D.N.Y. Litigation because the documents were produced by the government subject to a protective order in the criminal proceeding. *Rivera*, No. 24-mc-20456 (S.D. Fla.), ECF No. 17.

When PDV USA initially sought relief in the S.D.N.Y. Litigation, the court directed PDV USA to seek relief by, among other things, "ask[ing] the US attorney" for the Indictment Documents. Proceedings Before the Honorable Robert W. Lehrburger United States Magistrate Judge Tr., Jan. 16, 2024, *PDV USA, Inc.*, No. 1:20-cv-03699 at 8:17–18. Accordingly, PDV USA is submitting this request in accordance with 28 C.F.R. §§ 16.21–16.29. PDV USA requests all documents referenced in the Indictment that have been produced to Mr. Rivera and/or Ms. Nuhfer in the criminal proceeding against them.

As part of these efforts to obtain the Indictment Documents, on February 14, 2024, PDV USA also wrote a letter to the prosecutors of record in the criminal proceeding, requesting that they confirm (1) that some or all of the Indictment Documents have been produced to Mr. Rivera and/or Ms. Nuhfer (2) that the government has no objection to Mr. Rivera and/or Ms. Nuhfer producing the Indictment Documents to PDV USA. PDV USA also initiated an action in Florida to enforce the document subpoena served on Mr. Rivera pertaining to the Indictment Documents. *See Rivera*, No. 1:24-mc-20456 (S.D. Fla.).

PDV USA does not request documents that would reveal any confidential information held by the Department of Justice. To the contrary, the Indictment Documents are, exclusively, emails and

- 3 -

United States Attorney's Office Southern District of Florida Custodian of Records
February 26, 2024

mobile messages to and from Mr. Rivera that are quoted at length in a publicly filed indictment. Nevertheless, the documents may be produced and provisionally designated as Confidential pursuant to the Stipulation and Order for the Production and Exchange of Confidential Information in the S.D.N.Y. Litigation (Ex. F), subject to Interamerican and Mr. Rivera's review and designation.

We are happy to accept the production in whatever form preferred by the Department of Justice.

The United States and the Department of Justice are not parties to the S.D.N.Y. Litigation.

We request a response to this request as soon as possible. Please let us know if you have any questions or would like to discuss this matter further.

United States Attorney's Office Southern District of Florida Custodian of Records
February 26, 2024

Respectfully submitted,


WILLKIE FARR & GALLAGHER LLP
By: */s/ Jeffrey B. Korn*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for PDV USA, Inc.*


  cc:

Jason Ward Johnson                 Philip Louis Reizenstein
Tucker Harrison Byrd               3191 Coral Way
Byrd Campbell, P.A.                Miami, FL 33145
180 Park Avenue North              Philip@miamicriminallaw.net
Suite 2A                           PhilReizenstein@protonmail.com
Winter Park, FL 32789
jjohnson@byrdcampbell.com
TByrd@ByrdCampbell.com

Edward Robert Shohat               Adriana Collado-Hudak
Jones Walker, LLP                  David Michael Kubiliun
Miami Center                       Greenspoon Marder, LLP
201 S. Biscayne Blvd.              200 E. Broward Blvd.
Ste 3000                           Suite 1800
Miami, FL 33131                    Fort Lauderdale, FL 33301
eshohat@joneswalker.com            adriana.collado-hudak@gmlaw.com
                                   dklawyer@gmail.com

United States Attorney's Office Southern District of Florida Custodian of Records
February 26, 2024

Jeffrey David Feldman
Jeffrey D. Feldman, P.A.
8910 SW 108th Street
Miami, FL 33176
jfeldman@jeffreydfeldmanpa.com

Anita Margot Moss
David Oscar Markus
Markus/Moss PLLC
40 NW Third Street
Penthouse One
Miami, FL 33128
mmoss@markuslaw.com
dmarkus@markuslaw.com

Richard Carroll Klugh , Jr.
25 SE 2nd Avenue
Suite 1100
Miami, FL 33131
rickklu@aol.com

Harold E. Schimkat
Joshua Paster
Nalina Sombuntham
United States Attorney's Office
Southern District of Florida
99 NE 4 Street, 4th Floor
Miami, FL 33132
Harold.Schimkat@usdoj.gov
joshua.paster@usdoj.gov
nalina.sombuntham2@usdoj.gov

Evan N. Turgeon
U.S. Department of Justice
National Security Division
Counterintelligence and Export
Control Section
950 Pennsylvania Avenue, NW,
Suite 7700
Washington, DC 20530
evan.turgeon@usdoj.gov

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| PDV USA, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    20-cv-3699 |
| Interamerican Consulting Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  U.S. Attorney's Office, Southern District of Florida, Custodian of Records, 99 N.E. 4th Street, Miami, Fl. 33132

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Eliot Pedrosa, Jones Day, 600 Brickell Avenue, Suite 3300, Miami, FL 33131 | Date and Time:<br><br>06/19/2024 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/29/2024

*CLERK OF COURT*

OR

_____          /s/ Brady M. Sullivan
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
PDV USA, Inc. _____ , who issues or requests this subpoena, are:

Brady M. Sullivan, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, bsullivan@willkie.com, 212-728-8949

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20-cv-3699

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## **INSTRUCTIONS**

1.      In responding to these document requests (the "Requests" and each individually a "Request"), You are required to produce all Documents described below that are in Your possession, custody or control.  A Document is within Your control, for example, if You have the right to obtain the Document or a copy of the Document from another person having possession or custody of the Document.

2.      Each Request requires You to produce all responsive Documents in their entirety, including all attachments and Documents affixed thereto, without abbreviation or expurgation.  If no Documents responsive to a particular Request exist or are within Your control, the response should so state.   In the event that You are able to provide only a portion of the Document(s) called for in any particular Request, provide all Document(s) that You are able to provide, and (i) identify the remaining Documents and (ii) state the reason why You are unable to produce the remaining Documents.

3.      To the extent You refuse to respond to any Request, in whole or in part, on grounds of privilege or attorney work-product, You shall comply with and provide the information required by Local Civil Rule 26.2.

4.      You should produce Documents, including e-mail, in single-page tagged image file format ("TIFF").  Each image shall have a unique production number.  Full text files, if any, should be delivered as document-level text files named for the first production number of that document.  Spreadsheets, video and audio recordings, presentation files (such as PowerPoint files), and database files shall be provided in native format, with an accompanying placeholder production-numbered TIFF file. Each Document produced in native format shall be clearly labeled to indicate the placeholder production number that corresponds to the placeholder production-

numbered TIFF file for that Document. PDV USA is willing to meet and confer concerning specific production format.

5.     Database information for Your production shall be provided in a ".dat" file, which contains the metadata fields as a delimited database load file.   The data load file should contain the field headers indicating the contents of each field.   Required fields of data are, but are not limited to:

- Beg Bates
- End Bates
- Begin Attachment
- End Attachment
- Native File Path (for native file productions)
- Page Count
- Custodian
- Duplicate Custodian(s)
- Time Sent (hh:mm:ss)
- Date Sent (mm/dd/yyyy)
- Date Received (mm/dd/yyyy)
- Time Received (hh:mm:ss)
- Last Modified (mm/dd/yyyy)
- Email Subject
- From
- To
- CC
- BCC
- Email Item Type (Email or Attachment)
- File Source Path
- File Name
- File Type
- File Source Extension
- Modified By, or in the alternative, Author or Last Author
- Hash Value (MD5 or SHA1/2 algorithm)
- Email Conversation/Thread ID

6.     If, in responding to these Requests, You claim any ambiguity in interpreting a Request or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Request the

language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

7.     In the event that You claim that a Request is overly broad or unduly burdensome, You are requested to respond to that portion of the Request that is unobjectionable and specifically identify the respect in which You believe the Request is overly broad or unduly burdensome.  If Your objection relates only to part of the Request, produce all Documents that do not fall within the scope of Your objection.

8.     Plaintiff expressly reserves the right to supplement these requests and to propound new requests, to the extent permitted by applicable law and rules.

9.     These Requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, nor shall they be construed as any admission of fact.

## DEFINITIONS

1.       The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York shall apply to these Requests. All terms not otherwise defined shall have their ordinary and common meanings.

2.       "Action" means the above-captioned litigation.

3.       "You," or "Your" shall mean and refer to the United States Attorney's Office Southern District of Florida Custodian of Records.

4.       "Indictment" refers to the November 16, 2022 Southern District of Florida criminal indictment as to David Rivera and Esther Nuhfer. *United States v. Rivera, et al.*, 22-cr-20552 (S.D. Fla.), ECF No. 3.

## REQUESTS FOR PRODUCTION

1. The following communications referenced in the Indictment:

   a. All communications in the "MIA Group Chat," as that term is defined in the Indictment.

   b. March 7, 2017 email from David Rivera to Foreign Individual 1 and Esther Nuhfer, Indictment ¶ 2.[1]

   c. March 20, 2017 email from David Rivera to Foreign Individual 2, Indictment ¶ 4.

   d. March 20, 2017 email from Esther Nuhfer to David Rivera, Indictment ¶ 5.

   e. March 20, 2017 email from David Rivera to Esther Nuhfer, Indictment ¶ 6.

   f. March 20, 2017 email from David Rivera to Foreign Individual 2, Indictment ¶ 7.

   g. March 21, 2017 email from David Rivera to Esther Nuhfer, Foreign Individual 1, and Individual 1, Indictment ¶ 8.

   h. March 30, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 14.

   i. March 31, 2017 email from David Rivera to the Esther Nuhfer, Indictment ¶ 15.

   j. June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 49.

   k. June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 50.

   l. June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 51.

   m. June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 52.

   n. June 22, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 53.

   o. July 10, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 56.

---

[1] All paragraph citations refer to the "Overt Acts" section of the Indictment.

8

p.  July 11, 2017 text message from David Rivera to U.S. Senator 1, Indictment ¶ 57.

q.  July 11, 2017 text message from David Rivera to the U.S. Senator 1, Indictment ¶ 58.

r.  July 11, 2017 text message from David Rivera to the MIA Group Chat, Indictment ¶ 59.

s.  July 14, 2017 text message from Esther Nuhfer to the David Rivera, Indictment ¶ 61.

t.  July 14, 2017 text message from Esther Nuhfer to the David Rivera, Indictment ¶ 62.

u.  July 14, 2017 text message from David Rivera to the Esther Nuhfer, Indictment ¶ 63.

v.  July 18, 2017 text message from Individual 1 to the David Rivera, Indictment ¶ 64.

w.  July 18, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 65.

x.  August 30, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 66.

y.  August 30, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 67.

z.  September 7, 2017 text message from Esther Nuhfer to the MIA Chat Group, Indictment ¶ 68.

aa.  September 25, 2017 text message from David Rivera to the MIA Chat Group, Indictment ¶ 70.

bb.  October 16, 2017 text message from Esther Nuhfer to David Rivera, Indictment ¶ 75.

cc.  October 18, 2017 text message from Esther Nuhfer to David Rivera, Indictment ¶ 76.

dd.  March 23, 2018 email from Esther Nuhfer to David Rivera, Indictment ¶ 82.

ee.  March 29, 2018 email from David Rivera to Foreign Individual 1, Indictment ¶ 83.

ff.  April 5, 2018 email from David Rivera to Foreign Individual 1, Indictment

¶ 87.

gg.  April 5, 2018 email from David Rivera to Foreign Individual 1, Indictment ¶ 88.

Dated: New York, New York
         May 29, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Brady M. Sullivan*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for PDV USA, Inc.*

11