Exhibit 40

| | |
|---|---|
| PDV USA, Inc. | No. 20-cv-03699-JGK |
| | |
| Plaintiff, | |
| | **DEFENDANT'S AMENDED** |
| v. | **RESPONSE TO PLAINTIFF'S** |
| | **CONTENTION** |
| | **INTERROGATORIES** |
| Interamerican Consulting, Inc. | |
| | |
| Defendant. | |

**DEFENDANT INTERAMERICAN CONSULTING, INC.'S OBJECTIONS
AND AMENDED ANSWERS TO PLAINTIFF'S CONTENTION INTERROGATORIES**

Defendant, Interamerican Consulting, Inc. ("Defendant"), responds to the First Set of Interrogatories (the "Interrogatories") served by Plaintiff, PDV USA, Inc. ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

1.      Defendant objects to each of PDV USA's Interrogatories as impermissible to the extent they are inconsistent with Local Rule 33.3.

2.      Defendant objects to each of Plaintiff's Interrogatories to the extent that Defendant seeks the production of materials, or the disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable protections.

3.      The following responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds which objections would require the exclusion of any writing produced herein at trial, all of which objections and grounds are reserved and may be interposed at the time of trial.

4.      Defendant has not completed its investigation and discovery in this action and has not completed its preparation for trial that may be held thereon. Any response herein is based upon information presently known to Defendant.

## DEFINITIONS AND INSTRUCTIONS

5.      The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York ("Local Rules") shall apply to these requests. All terms not otherwise defined shall have then ordinary and common meanings.

6.      The term "Action" refers to the lawsuit filed by Plaintiff against Defendants titled *PDV USA, Inc. v. Interamerican, Inc.* in the United States District Court for the Southern District of New York, Case No. 20-cv-03699-JGK.

7.      The term "PDV USA" refers to PDV USA, Inc.

8.      The term "Interamerican" refers to Interamerican Consulting Inc.

9.      The term "Citgo" refers to Citgo Petroleum Corporation and any of its affiliates, including, their assignors, merged, consolidated or acquired predecessors or successors; divisions, units, and subsidiaries, whether or not wholly-owned; including present and former officers, directors, agents, or employees of any of the foregoing, and including all other persons acting or purporting to act on their behalf; experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, and unless privileged, the party's attorney.

10.     The term "Contract" refers to the Consulting Agreement dated March 21, 2017, which was entered by PDV USA, Inc. and Interamerican Consulting, Inc

2

## SPECIFIC RESPONSES

19.     With respect to Paragraph 14 of the Counterclaim, identify the complete factual

basis for Your contention that "Interamerican provided all the consulting services contemplated

under the Agreement, including setting up, facilitating, and participating in critical business

communications, as well as providing all required reports discussing the activities that

Interamerican performed during each reporting period to achieve the goals and purposes of the

Agreement," including sufficient documents or testimony that You believe support that contention.

**Response: Objection. Defendant objects to the extent that this is a Request for Production. Subject to the foregoing objections, Interamerican responds as follows:**

**Interamerican was hired to transform Citgo's image in the United States. Although not an exhaustive list of Interamerican's services provided under the Contract, Interamerican facilitated many high level and critical business communications between PDV USA and officials in the public and private sectors. This included efforts to arrange a meeting between PDV USA executives and ExxonMobil to create a strategic partnership in the United States.**

**Interamerican also engaged public sector actors and facilitated critical business communications between these actors as well as private sector actors to strategize on how PDV USA could disengage from its ultimate parent and assume a more independent identity. PDV USA also sought Interamerican's advice and counsel as it retained the services of key government relations consultants such as Avenue Strategies.**

**Verbal reports of Interamerican's actions were given to Edoardo Orsoni and Arnaldo Arcay weekly and often daily. Written reports, including text messages and emails, were also provided, but not as detailed, in conformance with Mr. Orsoni and Mr. Arcay's specific instructions.**

**All of this was in furtherance of a strategic five-point plan, which was developed in consultation with PDV USA, that included: (1) corporate constituent services, (2) facilitating de facto independence from PDVSA; (3) facilitating de jure independence from PDVSA; (4) developing strategies for**

3

**engaging with regulatory entities; (5) PDV USA's long-term advancement in the petroleum marketing industry.** *See* **Krome00054, Interamerican_004346, Interamerican_004351.**

20.    With respect to Paragraph 1 of the Counterclaim, identify the complete factual basis for Your contention that "Citgo Petroleum Corporation ('Citgo') was interested in hiring Interamerican as a consultant to develop a strategic plan to create a separate and distinct identity and to disengage from its ultimate parent, Petroleos de Venezuela, S.A." and that "Citgo specially sought out Interamerican and its principal, former U.S. Congressman David Rivera, because of his exceptional experience, expertise, and skills in the U.S. public and private sectors," including sufficient documents or testimony that You believe support those contentions.

> **Response:** **Objection. Defendant objects to the extent that this is a Request for Production. Subject to the foregoing, Interamerican responds as follows:**
>
> **Rafael Gomez, Citgo's Senior Consultant in Government and Public Affairs, contacted Interamerican and solicited its services on behalf of PDV USA. PDV USA drafted the entirety of the Contract, including the compensation, scope, duration, and termination requirements of the Contract.** *See* **PDV USA_000015-PDVUSA_000023, PDVUSA_00003962, PDVUSA_00004775, PDVUSA_00002457, PDVUSA_00003412, PDVUSA_00000746, Interamerican_4364, Krome_00024, Krome_00041. Indeed, the Contract itself reflects that PDV USA was interested in hiring Interamerican, providing: "PDV USA desires the 'Services,' as hereinafter defined, of [Interamerican] and [Interamerican] has all the experience, expertise, and skills to perform the same and has expressed its interest in entering into this [Consulting Agreement]."**

21.    With respect to Paragraph 22 of the Counterclaim, identify the complete factual basis for Your contention that "[a]s a direct and proximate result of PDV USA's breach, Interamerican has incurred direct and consequential damages," including sufficient documents or testimony that You believe support that contention.

4

**Response:** **Objection. Defendant objects to the extent that this is a Request for Production. Subject to the foregoing objections, Interamerican responds as follows.**

**Interamerican and PDV USA entered into the Contract in which PDV USA contracted to pay Interamerican $50 million in exchange for consulting services. Interamerican has only received $20 million, and $30 million plus statutory interest remains outstanding on the Contract.** *See* **unpaid invoices and e-mails with demand for payments sent to Citgo and PDV USA personnel previously produced on February 7, 2022.** *See also* **PDV USA's communications regarding assignment of the contract, redirection of funds, and e-mail correspondence from Gustavo Cardenas, Jose Pereira and Arnaldo Arcay. These documents were previously produced by Plaintiff and readily available to same.** *See also* **documents cited in response to Interrogatories #20 and #22.**

22.    With respect to Paragraph 2 of the Counterclaim, identify the complete factual basis for Your contention that "Interamerican was offered to be paid the balance of the agreement—then totaling $35 Million—in advance of the contractually mandated payment schedule if Interamerican simply consented to the assignment of the agreement from PDV USA to PDVSA," including sufficient documents or testimony that You believe support that contention.

**Response:** **Objection. Defendant objects to the extent that this is a Request for Production.**

**On May 30, 2017, Eduardo Orsoni emailed Interamerican asking for the contract to be assigned so that all outstanding invoices would be paid in full.** *See* **Interamerican_4364, Interamerican_4366.**

**On May 31, 2017, Arnaldo Arcay emailed Interamerican asking to sign the contract assignment in order to be paid in full.** *See* **Interamerican_4368.**

**On June 2, 2017, PDV USA's email demonstrated intent to fully pay Interamerican for its services.** *See* **e-mail correspondence of Gustavo Cardenas, Arnaldo Arcay, Jose Pereira and Edoardo Orsoni (A.K.A "Angel Gomez") produced by Plaintiff on December 15, 2021 (PDVUSA_00000746).**

On October 5, 2017, Arnaldo Arcay emailed Interamerican again asking that Interamerican sign the contract assignment in order to be paid in full. *See* Interamerican_4369. Interamerican refused to assign the contract.

On October 27, 2017, Interamerican received a $5 million payment to induce Interamerican to consent to the assignment of the Contract. *See* Interamerican_004340, October 2017 Interamerican Chase bank statement. Interamerican never consented to the assignment of the Contract.

Since 2017, PDV USA never expressed any dissatisfaction with the Contract (or invoked its termination clause) until the filing of this action. In fact, PDV USA expressed its intention to fully pay Interamerican for its services until well after the Contract expired. Internal documents from PDV USA cited above confirm this to be accurate. *See also* PDVUSA_0002264, PDVUSA_00000746, PDVUSA_3050, PDVUSA_3077, PDVUSA_00003412.

**<u>&lt;SIGNATURE ON FOLLOWING PAGE&gt;</u>**

6

## **Verification of Interrogatory Answers**

David Rivera declares pursuant to 28 U.S.C. § 1746 as follows:

I, David Rivera, President of Interamerican Consulting, Inc., am authorized to execute this verification on behalf of Interamerican Consulting, Inc. I am informed and believe that the information set forth in these responses was obtained and assembled from appropriate sources of information and, on those grounds, I am informed and believe that the information contained in these responses is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7-5-22

David Rivera

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2022, a copy of the foregoing has been furnished via electronic mail to all counsel of record.

> /s/ Jason Johnson
> **Tucker H. Byrd**
> Florida Bar No. 381632
> **Jason Johnson**
> Florida Bar No. 186538
> **BYRD CAMPBELL, P.A**.
> 180 Park Avenue North, Suite 2A
> Winter Park, Florida 32789
> Telephone: (407) 392-2285
> Facsimile: (407) 392-2286
> Primary Email: TByrd@ByrdCampbell.com
> Primary Email: JJohnson@ByrdCampbell.com
> *Counsel for Defendant/Counter-Plaintiff*
>
> Henry L. Saurborn, Jr.
> Kaiser, Saurborn & Mair
> 30 Broad St., 37th Floor
> New York, New York 10001
> Telephone: (212) 338-9100
> saurborn@ksmlaw.com
> *Counsel for Defendant/Counter-Plaintiff*