

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

August 15, 2024

**BY ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *PDV USA, Inc. v. Interamerican Consulting Inc.*, No. 20 Civ. 3699(JGK)(RWL)

Dear Judge Lehrburger:

  Pursuant to the Court's order of July 29, 2014, ECF No. 218, the United States of America (the "Government") respectfully submits this letter in support of its request to maintain under seal certain documents filed by plaintiff PDV USA, Inc. ("PDV USA"), as exhibits to the Declaration of Brady M. Sullivan in support of a motion for sanctions against defendant Interamerican Consulting, Inc. ("Interamerican"), ECF No. 210, 212. For the reasons explained herein, this Court should maintain the documents under seal in their entirety.

*The Criminal Case*

  The documents at issue derive from a related criminal case pending in the U.S. District Court for the Southern District of Florida. *See United States v. Rivera et al.*, No. 22 Cr. 20552 (S.D. Fla.) (the "Criminal Case"). The Criminal Case was commenced in November 2022 with an indictment charging David Rivera and a co-defendant with various federal offenses, including violations of the Foreign Agents Registration Act and money-laundering statutes, in relation to funds they received through a consulting contract between PDV USA and Rivera's company, Interamerican. Criminal Case, ECF No. 3. A superseding indictment, returned in December 2023, added tax fraud charges against Rivera for his failure to pay taxes on income he and Interamerican earned from the consulting contract with PDV USA. Criminal Case, ECF No. 122.

  Although the defendants have not yet been arraigned (and a formal discovery order has not been entered) in the Criminal Case, there has been litigation concerning the Government's pre-trial restraint of certain assets in connection with the indictments' forfeiture allegations. Criminal Case. ECF No. 94, ¶ 3. The defendants requested, and the Government ultimately provided, discovery relevant to the forfeiture proceedings, including emails and text messages it obtained during the criminal investigation. *Id.* ¶ 4. Because this discovery included "sensitive private financial information of individuals and entities, as well as personal identifying information of the defendants and other non-party individuals," the Government proposed a protective order. *Id.* ¶ 5. The Florida district court entered a Protective Order in August 2023 requiring defendants' counsel to hold the "discovery materials in strict confidence" and

permitting them to disclose the material to others only to the extent necessary to assist in the defense. Criminal Case, ECF No. 95 at 1. The order does not, however, preclude "the parties from presenting redacted versions of the documents to witnesses and/or offering such documents as exhibits at trial." *Id.* at 2.

### *The Touhy Requests*

After the criminal defendants received the discovery materials in the Criminal Case, PDV USA issued two subpoenas to the U.S. Attorney's Office for the Southern District of Florida. PDV USA's first subpoena, issued in February 2024, requested documents the Government had produced to the criminal defendants. Before responding to this subpoena, to which Rivera and his co-defendant initially objected, the Government sought leave from the Florida district court to produce the requested materials. Criminal Case, ECF No. 162. The Government argued that the requested production would not violate the Protective Order in the Criminal Case, in part because the Government would designate its subpoena response as subject to a Confidentiality Order this Court had entered in this case. *Id.* at 16-17. The Florida court granted the Government's application on May 9, 2024. Criminal Case, ECF No. 168. The Government thus produced the requested documents to PDV USA (with copies to the defendants' criminal counsel) and designated its production as "Confidential Information" pursuant to the Confidentiality Order in this case.

In May 2024, PDV USA issued a second subpoena to the Government requesting additional documents that were referenced in the indictments but that the Government had not yet produced to the defendants in the Criminal Case. The Government produced these documents to PDV USA in June 2024 (again, with copies to defendants' criminal counsel), again designating the materials as "Confidential Information" pursuant to the Confidentiality Order.

### *The Sanctions Motion*

On July 17, 2024, PDV USA moved for sanctions against Interamerican in this case, asserting that Interamerican had failed to preserve certain documents relevant to the case. ECF No. 209. Accompanying its motion was a declaration from PDV USA's counsel attaching copies of various documents—including certain documents the Government had provided in response to the subpoenas, which were filed under seal. ECF Nos. 210, 212. On July 19, 2024, Interamerican asked this Court to maintain these documents under seal as they contain Rivera's confidential business information and because they were produced to PDV USA by the Government subject to the Confidentiality Order in this case. ECF No. 213. PDV USA indicated in a letter to the Court dated July 24, 2024, that it took no position on whether the documents should remain under seal, but that it had conferred with the Government, which requested that the materials remain under seal. ECF No. 216. The Court directed the Government to justify its sealing request by August 19, 2013. ECF No. 218.

### *The Materials Should Remain Under Seal*

The Government respectfully submits that the documents at issue should remain under seal. As explained herein, neither the common law right of access nor the First Amendment require the public filing of these documents. For the common law inquiry, a court must first

consider whether the documents at issue are "judicial documents," given that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access," and that the right of access applies only to documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted). For documents that are found to be judicial, a court then determines the "weight" of the common law presumption of access by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts . . . on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (internal quotation marks omitted). Finally, a court must "balance competing considerations against" the weight of presumption of access, including by considering factors such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).

The related First Amendment inquiry considers whether the type of documents at issue "have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular [judicial] process in question," as well as whether access to the documents is a "necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation marks omitted). These considerations may be overridden if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

Significantly, because "a court's authority to oversee discovery . . . is ancillary to the court's core role in adjudicating a case," the "presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The Government recognizes that there may be a minimal common law presumption of access to the documents at issue. PDV USA's sanctions motion accuses Interamerican (in relevant part) of failing to produce documents that Rivera received from the Government in the Criminal Case, in alleged violation of Interamerican's discovery obligations in this case. ECF No. 209; *see also* ECF No. 220 (Interamerican's response). The documents at issue are essentially just examples of the materials that form the basis of this accusation. They are thus only marginally "relevant to the [Court's] performance of the judicial function" in deciding the sanctions motion, *Lugosch*, 435 F.3d at 119, unlike documents submitted to a court in connection with a case-dispositive summary judgment motion, *see id.* at 121-23, or a civil complaint that sets forth the claims to be adjudicated in a case, *see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016). For similar reasons, the weight of the common law presumption of access to these materials is particularly low, as the specific contents of the documents that Interamerican allegedly failed to turn over in discovery are relatively unimportant to deciding whether Interamerican violated its discovery obligations—so long as they are responsive at all.

  In any event, the common law presumption is easily outweighed by strong countervailing factors here. The documents were collected in connection with the Government's criminal investigation and were produced to Rivera in the pending Criminal Case subject to a Protective Order. They have not been filed publicly in the Criminal Case. The Government produced these records to PDV USA only after the Florida district court authorized the Government to do so, based in part on the Government's representation that their confidentiality would be maintained by being designated as "Confidential Information" under the Confidentiality Order in this case. Moreover, the documents are maintained under the Protective Order in the Criminal Case for valid reasons. As the Government represented to the Florida district court, these materials contain "sensitive private financial information of individuals and entities, as well as personal identifying information of the defendants and other non-party individuals." Criminal Case, ECF No. 94, ¶ 5. For example, the documents contain the names and other identifying information (such as personal telephone numbers and email addresses) of individuals who have not been charged with any crime and are identified in the indictments only as U.S. Congressman 1, Individual 1, and the like, but have not been publicly named. Unsealing the exhibits would improperly undermine these individuals' privacy interests in order to resolve a discovery dispute in a civil case to which they are not parties.

  The First Amendment inquiry similarly indicates that the materials should remain under seal. Even assuming the documents here are of the type that "have historically been open to the press and general public," they are hardly a "necessary corollary of the capacity to attend the relevant proceedings" as the resolution of PDV USA's sanctions motion is unlikely to depend on the contents of these documents. *Lugosch*, 435 F.3d at 120. In any event, the "higher values" discussed above justify continued sealing of the documents: preserving the integrity of the discovery exchanged in the pending Criminal Case and protecting against the disclosure of "sensitive private financial information of individuals and entities, as well as personal identifying information of the defendants and other non-party individuals." Criminal Case, ECF No. 94, ¶ 5.

* * *

  The Government thus respectfully requests that the Court maintain the documents at issue under seal unless and until they are made public in the Criminal Case. I thank the Court for its consideration of this matter.

              Respectfully,

              DAMIAN WILLIAMS
              United States Attorney

          By:  s/Jean-David Barnea
              JEAN-DAVID BARNEA
              Assistant United States Attorney
              Telephone: (212) 637-2679
              Email: Jean-David.Barnea@usdoj.gov

cc: Counsel for all parties (by ECF)