

July 19, 2024

**VIA ECF**

Honorable Judge Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/15/2024

Re: <u>PDV USA, Inc. v. Interamerican Consulting Inc.</u>, Case No.: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

    We represent Interamerican Consulting, Inc. ("<u>Interamerican</u>") in the above-referenced case. Pursuant to paragraph 3 of the *Stipulation and Order for the Production and Exchange of Confidential Information* ("<u>Protective Order</u>") (Doc. 55) and Your Honor's Rules for Redactions and Filing Under Seal, Interamerican writes to request leave to maintain under seal Exhibits 1, 2, 3, 4, 26, 27, 28, 30, 31, 32, 34, 35, 36, 37, and 39 to the *Declaration of Brady M. Sullivan in Support re: Motion for Sanctions* (the "<u>Declaration</u>") (Doc. 210).

    Although the right to inspect judicial documents is well-established, it is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (footnote omitted). "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quotation omitted). After determining the weight of the presumption of public access, "the court must balance competing considerations against it." *Id.* (quotations omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* (quotations omitted).

    The documents Interamerican seeks to maintain under seal reveal the confidential business information of David Rivera. *Kewazinga Corp. v. Google LLC*, No. 20 CIV. 1106 (LGS), 2020 WL 8224932, at *1 (S.D.N.Y. July 22, 2020) ("Filing the above-referenced documents under seal or in redacted form is necessary to prevent the unauthorized dissemination of the parties' confidential business information and legal strategies, and third-party confidential business information and personal information."). Moreover, the confidential information at issue was produced by the

| BOSTON | DALLAS | **ORLANDO** | NATCHEZ | PENSACOLA |
|---|---|---|---|---|
| 100 State Street | 3838 Oak Lawn | **180 Park Avenue North** | 423 Main Street | 3298 Summit Boulevard |
| 3rd Floor | Suite 300 | **Suite 2A** | Suite 8 | Suite 27 |
| Boston, MA 02109 | Dallas, TX 75255 | **Winter Park, FL 32789** | Natchez, MS 39120 | Pensacola, FL 32503 |
| Phone (617) 250-8880 | Phone (214) 764-4106 | **Phone (407) 392-2285** | Phone (407) 392-2285 | Phone (850) 308-7440 |
| | | **Fax (407) 392-2286** | | By Appointment Only |

Government—either indirectly through Rivera or directly from the Government. The Government's agreement to produce to documents in this litigation was contingent in part on the existence of the Protective Order in this case.[1]

Therefore, Interamerican respectfully requests that the above documents be kept under seal.

Respectfully submitted,

/s/ Jason Johnson
**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: JJohnson@ByrdCampbell.com
*Counsel for Defendant/Counter-Plaintiff*

Henry L. Saurborn, Jr.
Kaiser, Saurborn & Mair
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com
*Counsel for Defendant/Counter-Plaintiff*

Request to seal granted in light of information provided at Dkt. 216, 217, and 222.

SO ORDERED:
08/15/2024
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

---

[1] More specifically, in connection with litigation regarding the so-called Missing Documents in the Southern District of Florida, the Government stated: "The government notes that the discovery material produced by the government does contain sensitive personal identifying and financial information that the government believes could be addressed sufficiently through asserting confidentiality as to the materials being produced consistent with the protective orders issued in both the SDFL and SDNY matters, subject to court supervision, or other means that the court may deem appropriate." *See Petitioner PDV USA's Second Amended Certificate of Conferral in Compliance with Court's Order*, a true and copy of which is attached as **Exhibit "A"**.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Misc. Case No. 24-20456 (DPG) (LFL)

| | |
|---|---|
| PDV USA, INC.,<br><br>        *Petitioner*,<br><br>v.<br><br>DAVID RIVERA,<br><br>        *Respondent*. | **Related Cases:**<br><br>No. 20-cv-3699 (S.D.N.Y.);<br>No. 22-mc-23786 (S.D. Fla.);<br>No. 22-cr-20552 (S.D. Fla.) |

**PETITIONER PDV USA'S SECOND AMENDED CERTIFICATE OF CONFERRAL
IN COMPLIANCE WITH COURT'S ORDER**

In accordance with the Court's April 1, 2024 Order (ECF No. 22), Petitioner PDV USA, Inc. ("PDV USA") submits this second amended Rule 7.1(a)(3) certificate of conferral indicating the government's position on PDV USA's motions to compel. Earlier today, the government stated as follows:

> The government understands PDV USA's motion to compel seeks two forms of relief. First, that Rivera be ordered to produce all responsive, non-privileged documents in his possession, custody, or control, including documents from the government' discovery production in the pending criminal proceeding. Second, that Rivera be required to demonstrate to the court that he has exhausted all best efforts to do so.
>
> As to the first request, the government has no objection to Rivera being required to produce documents pursuant to the subpoena. The government does not believe that Rivera's production of documents received in discovery in the criminal case would impact any matters relating to grand jury secrecy concerns or otherwise compromise any applicable privilege or other concerns. The government notes that the discovery material produced by the government does contain sensitive personal identifying and financial information that the government believes could be addressed sufficiently through asserting confidentiality as to the materials being produced consistent with the protective orders issued in both the SDFL and SDNY matters, subject to court supervision, or other means that the court may deem appropriate.
>
> The government acknowledges that the protective order currently in place in the

criminal case does not expressly address situations where either Rivera or the government receives a subpoena or court order requiring the production of documents exchanged in discovery. To the extent Rivera or his counsel are concerned that producing responsive records would technically violate the protective order even if done pursuant to court order, the government has no objection to a modification of the protective order to allow Rivera and his counsel to comply with the subpoena served by PDV USA.

As to PDV USA's second request for relief, the government takes no position. The government believes it is for the courts in the SDFL and/or SDNY to decide whether Rivera must demonstrate that he has exhausted his best efforts to comply with the subpoena and what if any remedies against either Rivera or Interamerican Consulting are available for a failure by Rivera to do so.

Dated: April 19, 2024

Respectfully submitted,

/s/ Eliot Pedrosa
Eliot Pedrosa (FBN 0182443)
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 714-9726
epedrosa@jonesday.com

*Attorney for Petitioner PDV USA, Inc.*

Jeffrey B. Korn (admitted *pro hac vice*)
Brady M. Sullivan (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
jkorn@willkie.com
bsullivan@willkie.com

Michael J. Gottlieb (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mgottlieb@willkie.com

*Attorneys for Petitioner PDV USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

Dated: April 19, 2024

By: */s/ Eliot Pedrosa*
    Eliot Pedrosa

- 4 -