# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 19, 2024

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/29/2024**

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent plaintiff PDV USA, Inc. ("PDV USA") in the above-captioned matter. On August 7, 2024, Interamerican Consulting, Inc. ("Interamerican") filed its Response in Opposition to PDV USA's Motion for Sanctions ("Opposition," ECF Nos. 219-20). Pursuant to Rule B.3 of the Rules for Redactions and Filing Under Seal of Your Honor's Individual Practices in Civil Cases, we submit this letter motion to file under seal Exhibit 5 to Interamerican's Opposition, ECF No. 220-5 ("Exhibit 5" or "Ex. 5").

The Opposition appended seven documents that PDV USA produced to Interamerican in discovery in this matter and designated "Confidential" pursuant to the protective order in this case (ECF No. 55). After conferring with opposing counsel, PDV USA agreed to de-designate six of the seven exhibits. PDV USA brings this letter motion to maintain under seal only Exhibit 5 itself. PDV USA has no objection to unsealing the redacted sentence in the Opposition that quotes from and references Exhibit 5.

Exhibit 5 is a confidential internal audit memorandum summarizing an investigation by Citgo Audit Services ("CAS") into the payments PDV USA made to Interamerican under the consulting agreement at issue in this case. Interamerican cites Exhibit 5 once in the Opposition for a narrow factual proposition. Opp. at 3; Ex. 5 at p.2.

In the Second Circuit a judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Thus, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* Although PDV USA's motion for sanctions is potentially a dispositive motion, it is not clear how Exhibit 5 is "relevant to the performance of the judicial function" of determining potential sanctions for spoliation.

Even if Exhibit 5 is a judicial document, the court must then weigh the presumption of public access that attaches. *Lugosch*, 435 F.3d 110 at 119 (explaining that the information will fall "somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance"). When a document is being used to determine a "litigant's substantive legal rights," there is a strong presumption of legal access. *Id*. at 123. On the other hand, documents that play only a "negligible role in the performance of Article III duties" carry a low presumption of public access. *Id.* "[D]ocuments such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016).

Given that the Opposition contains only a passing reference to Exhibit 5, Exhibit 5 plays no role in the performance of the Court's Article III functions, in this case, adjudication of a sanctions motion. And insofar as the factual proposition for which Exhibit 5 is cited plays some marginal role, PDV USA does not object to unsealing the sentence in the Opposition that quotes from and references Exhibit 5.

In the final step after weighing the presumption of public access, the court will balance "competing considerations against it," including the "private interests of those resisting disclosure." *Lugosch,* 435 F.3d 110 at 120. Here, although the audit memorandum does not contain "trade secrets" per se, courts "recognize the confidentiality of a litigant's business information as a 'competing consideration' that can merit sealing." *Conservation L. Found., Inc. v. Shell Oil Co.*, 2023 WL 5567614, at *3 (D. Conn. May 16, 2023). Indeed, the court in *Shell Oil* found that a similar document—the "terms of reference for an internal confidential audit"—should be filed under seal. *Id.* at *5. As in *Shell Oil*, Exhibit 5 "details internal audit processes and procedures that are unique" to PDV USA. *Id.* It also contains no "indicia of external circulation." *Id.*

For the foregoing reasons, PDV USA respectfully requests that the Court order Exhibit 5 remain under seal.

PDV USA met and conferred with counsel for Interamerican, who informed PDV USA that they oppose this motion.

Having considered the instant application and response at Dkt. 227, and having reviewed the material in question, the Court finds that the requirements for sealing are met only with respect to the four bulleted items under "Recommendations" on page ending -4759. Accordingly, Defendant shall refile Dkt. 219 Ex. 5 with redactions removed to conform with the foregoing.

SO ORDERED:

08/29/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: /s/ *Brady M. Sullivan*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)