# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 15, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc.,
      No: 1:20-cv-03699-JGK-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Plaintiff PDV USA, Inc. ("PDV USA") submits this letter notice of supplemental authority in further support of its motion for sanctions (ECF No. 208), filed on July 17, 2024, and fully briefed as of August 21, 2024. Defendant Interamerican Consulting, Inc.'s ("Interamerican") owner David Rivera recently submitted an affidavit in a related proceeding in Florida that has significant implications for PDV USA's motion for sanctions.

By way of brief background, PDV USA contends that Interamerican had an obligation to preserve documents for this matter no later than December 2017, as evidenced (in part) by the fact that a prior affidavit from Mr. Rivera (the "May 2024 Affidavit," attached hereto as Exhibit A) stated that in December 2017, Mr. Rivera "retained the law firm of Cozen O'Conner to address potential future litigation with the government" concerning the PDV USA-Interamerican consulting agreement. Ex. A at ¶ 1; ECF No. 211 at 13–14. In opposition to the motion for sanctions, Interamerican argued that "retention of Cozen O'Conner had nothing to do with litigation with PDV USA and concerned possible future litigation with the Government." ECF No. 220 at 15.[1]

---

[1] In reply, PDV USA cited authority for the proposition that "the question" in evaluating whether a litigant has a duty to preserve is not whether the evidence "would be relevant to this litigation," but rather, "whether defendants knew or should have known that the evidence they destroyed may

Earlier this month, in connection with a related action in the United States District Court for the Southern District of Florida concerning the "Cozen Memorandum"—a February 2018 legal memorandum previously the subject of motion practice before this Court, *see generally* ECF No. 203—Mr. Rivera filed another affidavit concerning his retention of Cozen O'Connor (the "October 2024 Affidavit," attached hereto as Exhibit B). In the October 2024 Affidavit, Mr. Rivera now acknowledges that he "retained the law firm of Cozen O'Connor to review and provide advice as to **any possible legal exposure** resulting from" the PDV USA-Interamerican consulting agreement. Ex. B at ¶ 3 (emphasis added). "Any possible legal exposure" is *much* broader than "litigation with the government." Accordingly, the October 2024 Affidavit contradicts the May 2024 Affidavit, contradicts Interamerican arguments in its opposition, and further supports PDV USA's claim that Mr. Rivera's obligation to preserve documents arose no later than December 2017.

The October 2024 Affidavit also reveals yet another instance of intentional spoliation by Interamerican and dubious claims designed to cover up its spoliation, both of which further support PDV USA's motion for sanctions under Rule 37(e) and the Court's inherent authorities.

In May 2024, after PDV USA pointed out that the February 2018 Cozen Memorandum appears nowhere on Interamerican's privilege logs, Interamerican told this Court that that was because Mr. Rivera "simply didn't have" the Cozen Memorandum "as of the time this case was initiated" in May 2020.[2] Mr. Rivera also represented in the May 2024 Affidavit that the Cozen Memorandum is "no longer in my possession." Ex. A at ¶ 5. In the Court's ruling holding PDV USA's motion to compel the Cozen Memorandum in abeyance, the Court observed: "in the event information comes to light that Rivera had custody, possession, or control of the Cozen Memo at a time when he had an obligation preserve it, appropriate sanctions could be sought in that regard." ECF No. 203 at 2. Now, such information has come to light. In the October 2024 Affidavit, Mr. Rivera states that in "late 2021" he "provide[d] a copy of the memorandum" to Esther Nuhfer. Ex. B at ¶ 7. If that is true, then Mr. Rivera must have possessed the Cozen Memorandum over a year *after* this lawsuit was filed, when he indisputably had an obligation to preserve it. And the fact that Mr. Rivera possessed the Cozen Memorandum in September 2021 likewise vitiates Interamerican's excuse for its failure to log the document.[3]

---

be relevant to future litigation." *See* ECF No. 226 at 1.

[2] Ex. C at 12:11–20 ("My recollection from the beginning of this case is that while [the Cozen Memorandum] may have been produced to Mr. Rivera in electronic form when it was originally received, [Mr. Rivera] no longer had it as of the time this case was initiated. And when we went to do our document production and did our searches of everything, he simply didn't have it."); *id.* at 15:1–9 ("I think that I can't, you know, make this representation to the Court, but my recollection is from my client that he had physical possession of it at the time it was produced and then lost possession of it and never reobtained possession of it, which I think was well before any threat or institution of the lawsuit.").

[3] Although the date-range cutoff for document discovery agreed upon by the parties (and Mr. Rivera) in this action was September 15, 2021, Interamerican and Mr. Rivera agreed to produce "all Documents or Communications exchanged between You and Esther Nuhfer concerning this

For these reasons, and those stated in PDV USA's motion for sanctions, PDV USA requests that the Court grant its motion for sanctions.

                          **WILLKIE FARR & GALLAGHER LLP**

                          */s/ Jeffrey B. Korn*
                          Jeffrey B. Korn
                          Brady M. Sullivan
                          787 Seventh Avenue
                          New York, New York 10019
                          (212) 728-8000
                          jkorn@willkie.com
                          bsullivan@willkie.com

                          Michael J. Gottlieb
                          1875 K Street, N.W.
                          Washington, D.C. 20006
                          (202) 303-1000
                          mgottlieb@willkie.com

                          *Attorneys for Plaintiff*

cc: All counsel of record (via ECF)

---

Action or the Agreement" through April 26, 2022.