# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 16, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   PDV USA, Inc. v. Interamerican Consulting, Inc.,
      No: 1:20-cv-03699-JGK-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Yesterday, Plaintiff PDV USA, Inc. ("PDV USA") filed a letter notice of supplemental authority in further support of its motion for sanctions. *See* ECF No. 233.[1] Shortly thereafter, counsel for Interamerican notified PDV USA of its view that PDV USA's letter submission had misrepresented the content of Mr. Rivera's October 2024 Affidavit. Counsel's email is attached hereto as Exhibit 1. Counsel claims that the October 2024 Affidavit—attached in full as Exhibit B to PDV USA's letter—does not fairly "say—nor reasonably imply—that Mr. Rivera actually provided Ms. N[u]fer a copy of the [M]emorandum when she requested it in late 2021." *See* Ex. 1. To ensure that the Court has the full context regarding the October 2024 Affidavit, PDV USA respectfully submits this update to its letter submission.[2] In sum, that context demonstrates why PDV USA's interpretation of Mr. Rivera's October 2024 Affidavit—namely, that Mr. Rivera provided a copy of the disputed Memorandum to Ms. Nuhfer when she requested it in September 2021—is not only plausible, but the *only* plausible interpretation of the October 2024 Affidavit.

---

[1] All defined terms used herein have the same meaning set forth in PDV USA's letter.

[2] While PDV USA endeavored to keep its notice of supplemental authority concise, the correspondence from Interamerican's counsel has required this further context.

**First**, it is not in dispute that Mr. Rivera provided the Memorandum to Ms. Nuhfer—indeed, as described in Paragraph 6 of the October 2024 Affidavit (Ex. B to ECF No. 233 at ¶ 6): "Other than lawyers who were representing me, at no time have I provided the Cozen Memorandum to anyone other than Hugo Perera and Esther Nuhfer." Immediately thereafter, Paragraph 7 explains that Mr. Rivera did *not* provide Ms. Nuhfer with a copy of the Memorandum in February 2018 (*i.e.*, at the time the Memorandum was completed and disclosed to Hugo Perera), because Ms. Nuhfer did not ask for a copy of the Memorandum until late 2021. *Id.* at ¶ 7 ("For the reasons stated herein, after requested by Perera, and given that he had paid one third of the Cozen retainer fee, I provided Perera with a copy of the Cozen Memorandum shortly after it was completed by Cozen and provided to me in February, 2018. I did not provide a copy of the memorandum to Nuhfer, since she never requested one until late 2021 in connection with grand jury matters."). The most natural reading of these two paragraphs in succession, on their own, is that Mr. Rivera provided the Memorandum to Ms. Nuhfer in late 2021 when she requested it.

**Second**, PDV USA was not relying on the October 2024 Affidavit by itself for the conclusion described above—instead, Mr. Rivera himself confirmed this interpretation in the Memorandum of Law he submitted in the related Florida proceeding, to which the October 2024 Affidavit was attached. *See* Ex. 2 at 10 ("Mr. Reizenstein [counsel for Ms. Nuhfer] was provided a copy of the confidential memorandum by Ms. Nuhfer, who **obtained it from Mr. Rivera for the first and only time in September, 2021**.") (emphasis added). Mr. Rivera even cited his October 2024 Affidavit for the proposition that "[t]he only other non-lawyer, **besides Ms. Nuhfer**, to whom the confidential Cozen Memorandum was ever **disclosed by Mr. Rivera** was Hugo Perera ('Mr. Perera'). (Affidavit of David Rivera, Exhibit 'N')." Ex. 2 at 15 (emphasis added).

**Third**, to the extent the above was insufficient, Ms. Nuhfer's attorneys stated the same thing (twice) under penalty of perjury in connection with the same Florida proceeding. *See* Ex. 3 at ¶ 3 (affidavit of counsel for Ms. Nuhfer describing a "September 16, 2021" phone conversation with counsel for Mr. Rivera concerning the Memorandum); ¶ 4 (further affirming: "Ms. Nuhfer **subsequently obtained** a copy of the Cozen O'Connor legal memorandum **from Mr. Rivera** so that we could review it in connection with our joint defense litigation effort. **Ms. Nuhfer obtained a copy from Mr. Rivera in late-September 2021**.") (emphasis added).

**Fourth**, counsel for Interamerican himself has previously represented to this Court that Mr. Rivera disclosed the contents of the Memorandum to Ms. Nuhfer, although, notably, counsel was then silent as to *when* that disclosure occurred. *See* Ex. 4 at 3 (arguing that "**Mr. Rivera's disclosure of [the Memorandum's] contents to Nuhfer** does not waive privilege") (emphasis added).

Accordingly, and contrary to the hyperbole in the correspondence from Interamerican's counsel, there is no ambiguity as to the meaning of Mr. Rivera's October 2024 Affidavit. PDV USA respectfully requests that the Court grant its motion for sanctions against Interamerican.

- 3 -

Respectfully submitted,

                                          **WILLKIE FARR & GALLAGHER LLP**

*/s/ Jeffrey B. Korn*
Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
jkorn@willkie.com
bsullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mgottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (via ECF)