**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 20, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL</u>

Dear Judge Lehrburger:

We represent plaintiff PDV USA, Inc. ("PDV USA") in the above-captioned matter. We write to apprise the Court of recent developments in discovery and in further support of PDV USA's pending motion for sanctions. ECF No. 208. PDV USA recently learned that Interamerican has for months been violating this Court's March 25, 2024 discovery order (ECF No. 166), which requires Interamerican to produce documents from the related criminal matter pending in the Southern District of Florida.

On March 25, 2024, the Court ordered Interamerican to produce:

> all non-privileged documents that (i) are responsive to PDV's document requests, (ii) have not already been produced, (iii) are in Interamerican's possession, custody, and control – including documents produced by the Government to Mr. Rivera in the criminal proceeding against Mr. Rivera, and (iv) consist of email, texts, or other electronic communications to which Mr. Rivera was an author or recipient in his capacity as an employee, officer, director, representative, or agent of Interamerican.

ECF No. 166 ("March 25 Order"). In September 2024, this Court extended the case schedule to afford time for the government to complete its document productions in the criminal matter, so that PDV USA could obtain, review (and translate) any additional responsive documents in advance of Mr. Rivera's (second) deposition. ECF Nos. 230, 231. The deadline to complete Mr. Rivera's deposition is currently set for January 17, 2025. ECF No. 231. At the same time, Interamerican urged the Court to defer ruling on PDV USA's motion for sanctions until the government makes additional productions. *See* ECF No. 237 (arguing that sanctions would be "premature").

Recently, PDV USA learned that subsequent government productions were in fact made to Mr. Rivera in the criminal matter months ago, but Interamerican has failed to produce those documents to PDV USA in violation of the March 25 Order. Specifically, PDV USA recently obtained the

Hon. Robert W. Lehrburger

transcript of an October 11, 2024 status conference in the criminal matter, which revealed that the government, as early as August 30, 2024, produced to Mr. Rivera and Ms. Nuhfer "thousands of e-mails and text messages." Ex. A at 4:14–23. The government also indicated that it would produce another 200 gigabytes of additional data including "the entirety" of the "various e-mail accounts of both Mr. Rivera and various third parties" to Mr. Rivera and Ms. Nuhfer by the week of October 11, 2024. *Id.* at 6:7–23; 4:24–5:4.

Notwithstanding these productions, PDV USA has not received *any* additional discovery from Interamerican or Mr. Rivera. Rather than comply with its discovery obligations, Interamerican has raised a series of baseless excuses that have either previously been rejected by this Court (such as Interamerican's supposed lack of access to these documents)[1] or that make no sense. Interamerican also claims that it intends now—years into this case—to search an image of Mr. Rivera's phone from 2017, Ex. B, but that should have happened long ago.[2]

This latest instance in a longstanding pattern of willful discovery misconduct only reinforces the need for terminating sanctions. *See* ECF No. 208. PDV USA will also need time to review and translate additional responsive documents from the government's production, which are likely to be voluminous, before the January 17, 2025 deadline for Mr. Rivera's deposition.

---

[1] *Compare* Ex. B (Interamerican November 11, 2024 letter to PDV USA) at 1 ("we are not in possession of—and cannot access—any of the documents produced by the Government in the Criminal Proceeding . . . . As I believe you are aware, there is a protective order governing the disclosure of such documents in that case") *with* ECF No. 168 at 7–8 (arguing for reconsideration of the March 25 Order: "Interamerican is unsure which documents produced by the Government are considered to be in its possession, custody, and control"; "Interamerican understands the [criminal] Protective Order to prohibit Mr. Rivera and his counsel in the Criminal Proceeding from disseminating any documents produced by the Government.").

[2] PDV USA recently obtained evidence suggesting that Mr. Rivera regained possession of this phone in November 2017, notwithstanding his previous false representations to the Court that the phone was "never returned" to Mr. Rivera. *See* ECF No. 240.

Hon. Robert W. Lehrburger

        Respectfully submitted,

        WILLKIE FARR & GALLAGHER LLP
        By: */s/ Jeffrey B. Korn*

        Jeffrey B. Korn
        Brady M. Sullivan
        787 Seventh Avenue
        New York, NY 10019
        (212) 728-8000
        JKorn@willkie.com
        BSullivan@willkie.com

        Michael J. Gottlieb
        1875 K Street, N.W.
        Washington, D.C. 20006
        (202) 303-1000
        MGottlieb@willkie.com

        *Attorneys for Plaintiff*

cc: All counsel of record (by ECF)