# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 19, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  PDV USA, Inc. v. Interamerican Consulting, Inc., No: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent plaintiff PDV USA, Inc. ("PDV USA") in the above-captioned matter.  Pursuant to Rule II.D of Your Honor's Individual Practices in Civil Cases, we submit this letter requesting that the Court hold defendant Interamerican Consulting ("Interamerican") in contempt of Court and issue related sanctions for refusing to comply with the Court's March 25, 2024 discovery order.[1] While Interamerican has been telling this Court that it is "premature" to rule on PDV USA's motion for spoliation sanctions until PDV USA receives additional documents from the criminal matter, it has simultaneously been withholding those very documents from PDV USA.

On March 25, 2024—following extensive motion practice concerning the "Missing Documents"— this Court ordered Interamerican to produce to PDV USA certain documents produced to Mr. Rivera by the government in the related criminal proceeding pending in the Southern District of Florida.  ECF No. 166 (the "March 25 Order").  Specifically, the Court ordered Interamerican to produce:

> all non-privileged documents that (i) are responsive to PDV's document requests, (ii) have not already been produced, (iii) are in Interamerican's possession, custody, and control – **including documents produced by the Government to Mr. Rivera in the criminal proceeding against Mr. Rivera**, and (iv) consist of **email**, texts, or **other electronic communications** to which Mr. Rivera was an author or recipient in his capacity as an employee, officer, director, representative, or agent of Interamerican.

---

[1] Prior to filing this letter, counsel for PDV USA met and conferred telephonically with counsel for Interamerican and was unable to resolve this dispute.

BRUSSELS   CHICAGO   FRANKFURT   HOUSTON   LONDON   LOS ANGELES   MILAN
NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

*Id.* (emphasis added). In doing so, the Court rejected Interamerican's two primary objections: (1) that documents produced to Mr. Rivera in the criminal matter were not in Interamerican's (or Mr. Rivera's) possession, custody, or control and (2) that the protective order in the criminal matter somehow prohibited Mr. Rivera from disclosing his own communications outside of the criminal proceeding. *See* ECF No. 164. Interamerican moved for reconsideration, raising the same two arguments, and the Court summarily denied its motion. ECF Nos. 168, 170. PDV USA also obtained a similar (though more expansive) order against Mr. Rivera in the Southern District of Florida. Ex. 1.

On May 8, 2024, Mr. Rivera produced to PDV USA what was at the time the entirety of the government productions in the criminal matter.

The government has since made additional voluminous productions to Mr. Rivera in the criminal matter. PDV USA understands that these productions include a forensic clone of Mr. Rivera's cell phone, as well as "the entirety" of the "various e-mail accounts of both Mr. Rivera and various third parties." Ex. 2 at 6:7–23; 4:16–5:4. Notwithstanding these productions (some of which occurred as early as August), PDV USA has not received a single document from Interamerican. Although Interamerican has now (belatedly) agreed to review the forensic image of Mr. Rivera's phone, it is refusing to review the emails or any other forms of electronic communication contained in the government productions, and is therefore violating the March 25 Order. Ex. 3. Emails are, of course, a critical source of ESI. Indeed, PDV USA demonstrated in its motion for sanctions that Mr. Rivera failed to preserve responsive emails from at least two separate Comcast email accounts belonging to Mr. Rivera. ECF No. 209 at 15–16.

As far as PDV USA can understand, Interamerican's justification for non-compliance with the March 25 Order is as follows: Counsel for Interamerican—a one person company run exclusively by Mr. Rivera—cannot obtain Mr. Rivera's emails and other electronic communications from the criminal matter because Mr. Rivera's criminal attorney is not willing to share them. Mr. Rivera's criminal attorney, in turn, claims that it would be overly burdensome to isolate emails and other electronic communication of which Mr. Rivera was an author or recipient.[2] Thus, Interamerican says, its hands are tied, and the only source of ESI from the government productions that it can review is the clone phone because that is the only source of ESI from the government production that Mr. Rivera's criminal counsel decided to share with counsel for Interamerican. In other words, Mr. Rivera is instructing his own attorneys to obstruct compliance with the March 25 Order.

Interamerican also suggests that PDV USA should look to the government to do Interamerican's job for it and produce documents in accordance with the March 25 Order. This does not make any sense. It is axiomatic that a party has an obligation to produce responsive documents in its possession, custody, or control, whether or not a third party also possess the documents. Moreover,

---

[2] This purported burden is a fiction. Mr. Rivera's criminal counsel has acknowledged that they loaded the government productions onto a Relativity database. Mr. Rivera's criminal counsel can easily isolate emails and other sources of electronic communications of which Mr. Rivera was an author or recipient by running basic forensic searches, and then send those documents to counsel for Interamerican, who could then review them and produce them to PDV USA.

Hon. Robert W. Lehrburger

Rule 45 obligates PDV USA to "take reasonable steps to avoid imposing undue burden or expense" when serving a subpoena on a third party. Fed. R. Civ. P. 45(d)(1). Interamerican, as a party to this action, is clearly in a better position than the government to determine which emails or other electronic communications are responsive to PDV USA's Requests for Production.

Finally, Interamerican has stated that PDV USA should "seek[] clarity" from the government as to what documents have been produced to Mr. Rivera. Ex. 3. However, as set forth above, the government has already stated in the Florida proceeding that its productions include "the entirety" of the "various e-mail accounts of both Mr. Rivera and various third parties." Interamerican does not dispute as much.

For these reasons, PDV USA seeks assistance from the Court in compelling Interamerican to comply with the March 25 Order. At a minimum, the Court should hold Interamerican in contempt, *see* Rule 37(b)(2)(A)(vii), order it to pay PDV USA's attorneys' fees and cost incurred in litigating this dispute, *see* Rule 37(b)(2)(C), and direct that Mr. Rivera's/Interamerican's deposition—currently scheduled to occur on or before January 17—be deferred until Interamerican fully complies with the March 25 Order.

PDV USA requests that the Court schedule a hearing to address these matters.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
By: */s/ Brady M. Sullivan*

Jeffrey B. Korn
Brady M. Sullivan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
JKorn@willkie.com
BSullivan@willkie.com

Michael J. Gottlieb
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
MGottlieb@willkie.com

*Attorneys for Plaintiff*

cc: All counsel of record (by ECF)